

# Law Office of Charles Weiner

Cambria Corporate Center  
501 Cambria Avenue  
Bensalem, PA 19020

267-685-6311  
215-604-1507 (fax)  
www.CharlesWeinerLaw.com

April 7, 2015

**VIA E-MAIL/tlazo@pa.gov**

Teresa Lazo, Esquire  
Counsel, State Board of Medicine  
2601 North 3rd Street  
Harrisburg, PA 17106

      Re: Richard Katz – Request for Waiver of Six-Attempt Limit on USMLE Step 1

Dear Ms. Lazo:

Please be advised that this office represents Mr. Katz in connection with his request for accommodations on the USMLE Step 1 exam. It is my understanding that he has requested from the Pennsylvania State Board of Medicine a request for a Waiver of the six-attempt limit and that this issue will be considered at the next meeting of the State Board.

The purpose of this letter is advise that Mr. Katz has a meritorious case to present to the NBME supporting a need for testing accommodations, including extended time. In 2005, Mr. Katz applied for accommodations and provided the NBME with considerable documentation including various psychological and psychoeducational evaluations supporting the need for accommodations. The records reflect that Mr. Katz has a long history of executive functioning and processing speed disorders that substantially impaired various major life activities including reading, thinking, and concentrating. He has experience difficulties throughout his education and particularly on timed standardized tests. Despite this documentation, the NBME rejected Mr. Katz's request for accommodations primarily because he was not diagnosed with an impairment until he was an adult. We submit that NBME's determination and denial of accommodations was discriminatory then and that in light of the 2008 Americans with Disability Act Amendment Act (ADAAA), NBME would not continue its denial.

Pursuant to the ADAAA, Mr. Katz would be entitled to the accommodations of extended time on the USMLE Step 1. In amending the ADA in 2008, Congress mandated that the Equal Employment Opportunity Commission (EEOC) issue regulations restoring the broad scope of the ADA as Congress originally intended. 42 U.S.C. §12010(b)(6). The promulgated EEOC regulations provide in pertinent part: "[t]he primary purpose of the ADAAA is to make it easier for people with disabilities to obtain protection under the ADA. Consistent with the Amendments Act's purpose of reinstating a broad scope of protection under the ADA, the definition of "disability" in this part shall be construed broadly in favor of expansive coverage to the maximum extent permitted..." 29 C.F.R §1630.1(c)(4). Prior to the ADAAA, the NBME and other similar testing entities had a penchant for denying accommodations for students in higher

Ms. Teresa Lazo, Esquire
Re: Richard Katz
April 17, 2015
Page 2 of 2

education on the basis that they were not diagnosed at an earlier age or that they performed well academically. In passing the ADAAA, Congress targeted these testing entities noting in the Congressional Record:

> Historically, certain individuals with learning disabilities seeking accommodations in higher education – including high stakes exams-have seen their access to testing accommodations severely undercut by testing companies not willing to consider and support that learning disabilities are neurologically based, lifelong disabilities that may exist in students with high academic achievement because the individual has been able to cope and mitigate the negative impact while simultaneously being substantially limited in one or more life activities.

2 Cong.Rec. 8296 (Sept. 17, 2008).

Pursuant to the ADAAA and it regulatory guidance, the NBME is mandated to give considerable deference to Mr. Katz's evaluators and their recommendation to provide accommodations. The guidelines to the regulations promulgated under the ADA, provide that testing entities should accept without further inquiry, "documentation provided by a qualified professional who has made an individualized assessment of an applicant that supports the need for the modifications, accommodation, or aid requested." See 28 C.F.R. pt. 36, app. A, at 795. The guidance further explains that, "[r]eports from experts who have personal familiarity with the candidates **should take precedence over those from, for example, reviewers for testing agencies, who have never personally met the candidate or conducted the requisite assessments for diagnosis and treatment.**" 28 C.F.R. pt. 36, app. A, at 796. (emphasis added). Accordingly, NBME is precluded from second-guessing and rejecting Mr. Katz's evaluators' recommendations.

Furthermore, the State Board of Medicine should consider that the request for this waiver is itself an accommodation under the ADA. Mr. Katz's request to modify six attempt policy, is a reasonable accommodation and does not substantially modify the State Board's or the USMLE's standards. See e.g. Doe v. Samuel Merritt University, 921 F.Supp. 2d. 958 (N.D. Cal. 2013) (Preliminary Injunction granted allowing student with a disability to take a podiatric licensing examination unlimited times as an accommodation to University's policy providing for a three exam limit).

Based on the foregoing, along with the documentation furnished by Mr. Katz, we urge the State Board of Medicine to waive the six-attempt limit. Thank you for your courtesy and consideration.

Very truly yours,

/s/

Charles Weiner