SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES AND NATIONAL BOARD OF MEDICAL EXAMINERS

## NT AGREEMENT

Case Number: 3:15-cv-01187

TWEEN

TES OF AMERICA

AND

OF MEDICAL EXAMINERS

202-16-181

Settlement Agreement Between USA Department of Justice and National Board Of Medical Examiners
Dated: 02/23/2011

ess Release

he United States of America, acting through the United ion, Disability Rights Section (the "United States"), and ME").

**ND APPLICABLE LAW**

n. Its offices and principal place of business are located

dical Boards, NBME sponsors the United States Medical Licensing Examination ("USMLE"), an examination related to licensing for professional purposes. NBME administers the USMLE. Thus, NBME is subject to the requirements of Section 309 of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12189, and the implementing regulations, 28 C.F.R. § 36.309.

3. The USMLE is a standardized examination used to evaluate applicants' competence for purposes of medical licensure in the U.S. and its territories. The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care. The USMLE is administered at locations around the world to individuals who are attending, or have attended, medical schools in the United States and abroad. State medical boards rely upon successful completion of the three USMLE component exams, or "Steps," as an important element in the process for licensing physicians.

4. The United States Department of Justice (the "Department") is the federal agency responsible for administering and enforcing Title III of the ADA, 42 U.S.C. §§ 12181-12189.

5. Pursuant to Title III of the ADA, private entities that administer examinations related to professional licensing must offer the examinations in a place and manner accessible to persons with disabilities. 42 U.S.C. § 12189 and 28 C.F.R. § 36.309.

6. Pursuant to 28 C.F.R. § 36.309, private entities that administer such examinations are required to provide reasonable modifications to the examination and appropriate auxiliary aids and services (i.e., testing accommodations) for persons with disabilities. The purpose of testing accommodations is to ensure, in a reasonable manner, that the "examination results accurately

*Handwritten note in margin: "Please include with my file. Thanks, Richard Katz"*

# SETTLEMENT AGREEMENT

Case Number: 3:15-cv-01187

# BETWEEN

# UNITED STATES OF AMERICA

# AND

# NATIONAL BOARD OF MEDICAL EXAMINERS

DJ# 202-16-181

Settlement Agreement Between USA Department of Justice and National Board Of Medical Examiners
Dated: 02/23/2011

Press Release

This Agreement is entered into by and between the United States of America, acting through the United States Department of Justice, Civil Rights Division, Disability Rights Section (the "United States"), and the National Board of Medical Examiners ("NBME").

## BACKGROUND AND APPLICABLE LAW

1. NBME is a private, non-profit organization. Its offices and principal place of business are located in Philadelphia, Pennsylvania.

2. Together with the Federation of State Medical Boards, NBME sponsors the United States Medical Licensing Examination ("USMLE"), an examination related to licensing for professional purposes. NBME administers the USMLE. Thus, NBME is subject to the requirements of Section 309 of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12189, and the implementing regulations, 28 C.F.R. § 36.309.

3. The USMLE is a standardized examination used to evaluate applicants' competence for purposes of medical licensure in the U.S. and its territories. The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care. The USMLE is administered at locations around the world to individuals who are attending, or have attended, medical schools in the United States and abroad. State medical boards rely upon successful completion of the three USMLE component exams, or "Steps," as an important element in the process for licensing physicians.

4. The United States Department of Justice (the "Department") is the federal agency responsible for administering and enforcing Title III of the ADA, 42 U.S.C. §§ 12181-12189.

5. Pursuant to Title III of the ADA, private entities that administer examinations related to professional licensing must offer the examinations in a place and manner accessible to persons with disabilities. 42 U.S.C. §12189 and 28 C.F.R. § 36.309.

6. Pursuant to 28 C.F.R. § 36.309, private entities that administer such examinations are required to provide reasonable modifications to the examination and appropriate auxiliary aids and services (i.e., testing accommodations) for persons with disabilities. The purpose of testing accommodations is to ensure, in a reasonable manner, that the "examination results accurately

reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual or speaking skills (except where those skills are the factors that the examination purports to measure)." 28 C.F.R. § 36.309(b)(1)(i). "Required modifications to an examination may include changes in the length of time permitted for completion of the examination." 28 C.F.R. § 36.309(b)(2).

7. The auxiliary aid requirement is a flexible one. A testing entity can choose among various alternatives as long as the result is effective communication. Use of the most advanced technology is not required so long as effective communication is ensured. See 28 C.F.R. Part 36, App. B, at 727-728 (2010).

8. Pursuant to the Attorney General's authority under 42 U.S.C. § 12188(b)(1)(A)(i) to conduct investigations of alleged violations of Title III of the ADA, the Department investigated a complaint from Frederick Romberg, alleging that the NBME had failed to grant him reasonable testing accommodations on the basis of a disability (dyslexia) for administrations of the USMLE Step 1 examination in 2008 and 2010. Among other things, the NBME had found that the supporting documentation submitted to NBME by Romberg did not demonstrate that he is currently substantially limited in a major life activity as compared to most people, so as to be disabled within the meaning of the ADA, as amended.

9. The Department concluded that Romberg had submitted sufficient documentation to demonstrate that he is a person with a disability within the meaning of the ADA, and that he was entitled to reasonable testing accommodations to take the USMLE. NBME disputes the Department's conclusions and denies that it has violated the ADA in any way in its handling of Mr. Romberg's request for accommodations.

10. Romberg has recently provided additional documentation to the NBME in support of his request for accommodations on the USMLE Step 1 examination relating to accommodations he received in undergraduate school, graduate school, and medical school.

11. NBME and the Department have reached agreement that it is in the parties' best interests, and the Department believes it is in the public interest, to resolve this matter on mutually agreeable terms and have, therefore, agreed to enter into this Agreement.

WHEREFORE, the Department and NBME hereby agree and stipulate as follows:

## AGREEMENT TERMS

### A. General Obligations

12. NBME shall provide reasonable testing accommodations to persons with disabilities who seek to take the USMLE, in accordance with the requirements of 42 U.S.C. § 12189 and the implementing regulations, 28 C.F.R. § 36.309.

13. NBME's requests for documentation shall be reasonable and limited to documentation that establishes (a) the existence of a physical or mental impairment; (b) whether the applicant's impairment substantially limits one or more major life activities within the meaning of the ADA; and (c) whether and how the impairment limits the applicant's ability to take the USMLE under standard conditions. See 28 C.F.R. Part 36, App. B, at 737 (2010).

14. NBME will carefully consider the recommendation of qualified professionals who have personally observed the applicant in a clinical setting and have determined -- in their clinical judgment and in accordance with generally accepted diagnostic criteria, as supported by reasonable documentation -- that the individual is substantially limited in one or more major life activities within the meaning of the ADA and needs the requested test accommodations in order to demonstrate his or her ability and achievement level.

15. NBME will carefully consider all evidence indicating whether an individual's ability to read is substantially limited within the meaning of the ADA, including the extent to which it is restricted as to the conditions, manner, or duration as compared to the reading ability of most people.

16. In determining whether to grant a request for testing modifications or accommodations for an individual who did not receive a diagnosis of a reading disability until later in his or her life, NBME shall consider bona fide, reasonably supported reasons for the late diagnosis as well as academic records and other objective evidence relating to the individual's reading ability.

17. NBME has a right to make a timely request for supplemental information if the information submitted by an applicant does not clearly establish the nature of the disability or the need for reasonable testing accommodations, and the request is consistent with the requirements of Paragraph 13. NBME also has the right to have the information submitted by or on behalf of an applicant reviewed by one or more qualified professionals of NBME's choosing at NBME's request and expense. NBME is not required to defer to the conclusions or recommendations of an applicant's supporting professional but it must provide an explanation for declining to accept those conclusions or recommendations.

18. NBME is not required to provide testing accommodations that would fundamentally alter what the USMLE is intended to test, jeopardize exam security, or in the case of auxiliary aids and services, result in an undue burden.

19. If it is not doing so already, NBME will comply with the following requirements of the implementing regulations set forth at 28 C.F.R. § 36.309(b)(1) once they become effective on March 15, 2011:

    (iv) Any request for documentation, if such documentation is required, [will be] reasonable and limited to the need for the modification, accommodation, or auxiliary aid or service requested.

    (v) When considering requests for modifications, accommodations, or auxiliary aids or services, the entity [will] give[] considerable weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations, as well as such modifications, accommodations, or related aids and services provided in response to an Individualized Education Program (IEP) provided under the Individuals with Disabilities Education Act or a plan describing services provided pursuant to section 504 of the Rehabilitation Act of 1973, as amended (often referred as a Section 504 Plan).

    (vi) The entity [will] respond[] in a timely manner to requests for modifications, accommodations, or aids to ensure equal opportunity for individuals with disabilities.

B. **Testing Accommodations for Frederick Romberg**

20. NBME will grant Frederick Romberg the accommodation of double the standard testing time and a separate testing area when he takes the Step 1 and Step 2 CK examinations. The testing for Step 1 and Step 2 CK shall be accomplished in accordance with a reasonable schedule. Actual testing time shall not exceed eight (8) hours per day.

21. Romberg will be subject to all standard requirements for registering to take the Step 1 and Step 2 CK examinations and scheduling his examinations.

22. Except for the accommodations provided herein, the USMLE Step 1 and Step 2 CK examinations will be administered to Romberg under the same conditions as those afforded examinees who do not receive accommodations. Romberg's scores on the Step 1 and Step 2 CK examinations will be reported in the same manner as are scores of other examinees who receive accommodations on the USMLE.

C. **Miscellaneous**

23. <u>Compliance Review and Enforcement</u>. Throughout the term of this Agreement the Department may, at any time, review compliance with Paragraphs 20-22 of this Agreement by, among other things, arranging for meetings and discussions with NBME personnel, requesting copies of any documents related to compliance with this Agreement, or both. The United States may enforce this Agreement. If the Department believes that this Agreement or any portion of it has been violated, it will raise its concern(s) with the NBME and will attempt to resolve the concerns(s) in good faith. The Department will give the NBME thirty calendar days from the date it notifies the NBME of any breach of this Agreement to cure that breach, prior to instituting any court action.

24. <u>Disputes</u>. If the Department and NBME are unable to reach a resolution of any issues covered by this Agreement, the Department may seek appropriate relief. Failure by the Department to enforce any provision or deadline of this Agreement shall not be construed as a waiver of its right to enforce other provisions or deadlines of this Agreement.

25. <u>Entire Agreement</u>. This Agreement constitutes the entire Agreement between the Department and NBME on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by the Department or NBME or their agents, that is not contained in this written Agreement shall be enforceable regarding the matters raised herein.

26. <u>Agreement Binding on NBME</u>. This Agreement shall be binding on the NBME, as well as the NBME's officers, agents, and employees, and their successors in interest. The NBME shall have a duty to so notify all such successors in interest of the existence and terms of this Agreement.

27. <u>No Admission</u>. This Agreement is not an admission by NBME of any violation of the ADA or its implementing regulations.

28. <u>Term of the Agreement</u>. This Agreement shall remain in effect for three years from the effective date.

29. <u>Severability</u>. If any term of this Agreement is determined by any court to be unenforceable, the other terms of this Agreement shall nonetheless remain in full force and effect.

30. <u>Public Document</u>. This Agreement is a public document. A copy of this document, or any information contained herein, may be made available to any person. The Department and NBME shall provide a copy of this Agreement to any person or entity upon request.

31. Release. The Department will obtain a Release from Frederick Romberg in the form attached as Exhibit A to this Agreement.

32. No Retaliation. The NBME agrees that it will not discriminate or retaliate against any person within the meaning of the requirements of 28 C.F.R. § 36.206.

33. Authorization of Signatories. The individuals signing this Agreement represent that they are authorized to bind the Department and NBME to this Agreement.

34. Effective Date. This Agreement shall be effective on the date it is signed by the last signatory.

FOR NBME:                               FOR THE UNITED STATES OF AMERICA:

By:                                     By:

                                        _____
                                        THOMAS E. PEREZ
Dated: _____           Assistant Attorney General
                                        SAMUEL R. BAGENSTOS
                                        Principal Deputy Assistant Attorney General
                                        JOHN L. WODATCH
                                        Deputy Assistant Attorney General


                                        _____
                                        RENEE M. WOHLENHAUS, Acting Chief
                                        KATHLEEN P. WOLFE, Acting Special Legal Counsel
                                        SHEILA K. DELANEY, Trial Attorney
                                        Disability Rights Section – NYAV
                                        Civil Rights Division
                                        U.S. Department of Justice
                                        950 Pennsylvania Avenue, NW
                                        Washington, D.C. 20530
                                        Telephone: (202) 307-6309
                                        Facsimile: (202) 305-9775

                                        Dated: _____02/23/2011_____

Cases & Matters by ADA Title Coverage | Legal Documents by Type & Date | ADA Home Page

February 23, 2011

file:///C:/Users/ltebird82/Desktop/DOJ/SETTLEMENT%20AGREEMENT%20BETWEEN%20THE%20UNITED%20STATES%20AND%20NATIONAL%20B... 5/5

# SIX Attempt Limit Rule USMLE Step I

RICHARD KATZ

Mon 6/8/2015 1:30 PM

Sent Items

wrish@pa.gov <wrish@pa.gov>;

tlazo@pa.gov <tlazo@pa.gov>; dparker@pahousegop.com <dparker@pahousegop.com>;

2 attachments (167 KB)
Katz, Richard 06314751 Response.pdf; Richard Katz%2c MD (1).pdf;

Email Dated 06/08/2015 @ 1:30 PM
Sent To: Mr. Rish
State of PA Board Of Medicine
Mr. Rish has not responded to date

Case Number: 3:15-cv-01187

Dear Mr. Rish:

My Attorney Charles Weiner sent me the attached copy of your letter dated June 4th 2015. Please note Attorney Weiner is only reviewing the NBME request for
accommodations on the USMLE Step 1 exam as he stated in his April 7th 2015 letter to the Pennsylvania State Medical Board. This is outside of the parameters of the USMLE Six Attempt Limit Rule for which Attorney Weiner can do nothing to help my current situation. This was the reason for contacting Rep David Parker's Office in Stroudsburg. Rep David Parker is copied in this email.
I was seeking relief at the State level from Rep. David Parker's Office who has jurisdiction in matters such as this. This was at the suggestion of Senator Toomey's Office who helped facilitate the Justice Department Federal Component of this problem under the ADA that is within their jurisdiction.

I have just reviewed your letter with Attorney Weiner and there is currently an issue at hand that goes back to to an email that was sent to NBME Disability Services on April 20th 2014 that I am Forwarding to your attention below. This email was also in the packet that I sent to your attention by US mail. I am not sure if this email was discussed at your May 19th 2015 meeting.

Currently I am NOT able to apply for exam accommodations due to my disability through NBME Disability Services because I am NOT able to actively register for USMLE Step I based on the Six Attempt Limit Rule. I have essentially been locked out of their computer system for USMLE Step I. I can however still apply for Step II CS and CK as I still have attempts left for these steps. The reason for contacting you was to justify a waiver from the State Board so I may actively apply for the Step I exam and would subsequently then be permitted to apply for Exam Accommodations with Attorney Weiner's help. At this point we are not able to apply for Exam Accomodations because I am unable to apply for the exam on the ECFMG website.

This is really a Catch22 situation that I am currently subject to. Would it suffice the PA Medical Board, if I apply for Step II CK, attempt to obtain Exam Accommodations through NBME Disability Services with Attorney Weiner's help? Would the State Medical Board then consider the waiver for Step I? Please advise accordingly. I am quite perplexed at this point.

Please contact me at (570) 517-9314 to discuss this matter further, or if you prefer I would be willing

to make an appointment to come see you personally so we may discuss this in person.

Thanks for your time,

Richard Katz


**From:** RICHARD KATZ
**Sent:** Sunday, April 20, 2014 5:21 PM
**To:** disabilityservices@nbme.org
**Subject:** RE: Test Accommodations

Dear Disability Services:

The issue at hand is the fact that the Office of the USMLE Secretariat is NOT granting me another attempt at USMLE Step I. Because of this, a written formal request for test accommodations is not possible at this time (albeit I still have attempts left for USMLE Step 2 CK as well USMLE Step 2 CS). It would prove to be futile if I am not eligible to sit for USMLE Step I as I will never be granted the opportunity to be licensed in the United States without USMLE Step I (even if I were successful at Step 2 CS & CK).

You state in your email the following; "The United States Medical Licensing Examination (USMLE) Program provides reasonable and appropriate accommodations in accordance with the Americans with Disabilities Act for individuals with documented disabilities who demonstrate a need for accommodation."

I don't fully agree with the above statement as I am currently subject to a catch22 situation. I provided reasonable and appropriate documentation warranting accommodations for my disability for USMLE Step I as well as USMLE Step 2 CS and CK, however it appears to be pointless from a medical licensing perspective if I am no longer able to sit for USMLE Step I. You see even if I were to be granted accommodations for Step 2 CS and Step 2 CK due to my disability and happen to get a passing score on these exams I am still no longer eligible to sit for USMLE Step I based on the Six Attempt Limit Rule. My interpretation based on The Office of USMLE Secretariat letter dated April 17th 2014 (see attached) is that the Office of the USMLE Secretariat is focusing on the *policy* of The Six Attempt Limit Rule outside the parameters of any documented disability. Because of the way the policy is structured, it puts an individual in my current situation in a quagmire because NBME Disability Services can not process a request for Test accommodations for USMLE Step I without the formal request. And a formal request can not be submitted without successfully registering for USMLE Step I.

So, because the Office of The USMLE Secretariat is not granting me another attempt at Step I due to the Six Attempt Limit Rule NBME Disability Services will have my file for Test Accommodations for Step I on perpetual hold as the ECFMG website currently is restricting me from registering for USMLE Step I.

I am aware that the Six Attempt Limit Rule is a rule that was instituted by the USMLE Organization and was not instituted by NBME nor ECFMG, if this is the case than maybe Disability Services should be a function of the Office of USMLE Secretariat, because my disability was never acknowledged as a factor in their April 17, 2014 letter. Moreover, the only acknowledgement that I received from NBME regarding the detailed documentation of my disability is that my file will be kept on hold until NBME disability services receives a formal request for a Step I exam that I am no longer able to register for. I believe that there is currently a flaw somewhere in the USMLE policy since instituting the Six Attempt Limit Rule for an

individual such as myself and this policy may warrant revision at this time.

Best regards,


Richard Katz
USMLE ID 0-631-475-1




> From: disabilityservices@nbme.org
> Subject: Test Accommodations
> To: cat2400@msn.com
> Date: Tue, 8 Apr 2014 09:49:42 -0400
>
> Dear Mr. Katz,
>
> We have received material on your behalf pertaining to test accommodations for the USMLE; however, we have not yet received your formal request. Since we have not received a written request for test accommodations directly from you, we cannot take any action based on the information you have submitted. Your paperwork will remain in a pending status until a request is received.
>
> The United States Medical Licensing Examination (USMLE) Program provides reasonable and appropriate accommodations in accordance with the Americans with Disabilities Act for individuals with documented disabilities who demonstrate a need for accommodation. If you would like to request test accommodations for your Step exam please submit a request for testing accommodations.
>
> Guidelines to request test accommodations and all appropriate forms may be accessed on the USMLE website at www.usmle.org. If you have any questions, please contact the office of Disability Services at 215-590-9700.
>
> Sincerely,
>
> Disability Services
> National Board of Medical Examiners
> 3750 Market Street
> Philadelphia, PA 19104
>
> Phone: 215-590-9700
> Fax: 215-590-9422
> Email: disabilityservices@nbme.org <mailto:malbrecht@nbme.org>
>
>
> This email message and any attachments may contain privileged and/or confidential business

information and are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender immediately by reply email and destroy all copies of the original message and any attachments.

\* To date Pennsylvania State Medical Board Has Not Responded to inquiry.

