## RE: Richard Katz ADA Complaint NBME

 RICHARD KATZ
To: Solomon Yilma MD <yilma016@umn.edu>;

 Reply
Wed 2/18/2015 9:48 AM

Sent Items

I understand Solomon.

Thank You

---

Date: Wed, 18 Feb 2015 11:28:57 -0600
Subject: Re: Richard Katz ADA Complaint NBME
From: yilma016@umn.edu
To: cat2400@msn.com

Richard,

Charles weiner has good instincts about the NBME since he has been dealing with them for a long time and knows all of their dirty tricks. I retained him after my 2nd appeal.

As for the letter he wrote on my behalf, I am sorry but I can not send it to you since it contains lots of priviliged personal information about me, personal identifiers, confidential communications from my physicians about my medical condition, neuropsych testing results, imaging and prognosis information that are protected under HIPPA duidelines and ADA guidelines.

I hope that you understand my need for privacy as I am approaching the end of my residency.

Solomon
-------------------------------

Date: Wed, 18 Feb 2015 08:01:08 -0600
Subject: Re: Richard Katz ADA Complaint NBME
From: yilma016@umn.edu
To: cat2400@msn.com

Hello Rachard,

I am dirry thst you had such a miserabke wcperience with the NBME, alrhough I can't say that I am surprised.

The attorney that I used was Charles Weiner located in PA, although I suspect that you May have already communicated with him. I was not aware that the NBME has a 6 attempts rule. Eitherway, the trick that I learned when dealing with the NBME is to get an attorney involved as early as possible since the system is not fair and rigged against you.  The NBME  has nothing but time on their hands and they will wait until you use up your appeals or run out of money or simply give up.

I hope that helps.

Solomon Yilma

University of Iowa Carver College of Medicine  
Volume Forty Five, Issue Two

Medical Student Newspaper - 1



# How to Win a Battle against the NBME

By Solomon Yilma

As some of you may be aware, I was involved in a 13-month long fight against the National Board of Medical Examiners (NBME) trying to get testing accommodations for USMLE step 2 after undergoing major brain surgery in January 2009. The process involved submitting various documents such as neuropsychological testing results and letters/evaluations by various physicians. In fact, over the 13 month period I submitted the initial request for accommodation followed by appeals that encompassed letters and/or evaluations from three neurologists, one psychiatrist, three separate neuropsychological testing results, letters from clinical faculty that had observed me during my clinical clerkships, my entire medical record since being diagnosed with a brain tumor, my entire medical school academic record and the recommendations of the Carver College of Medicine Accommodation Committee.

I am happy to say that in early November of 2010, I finally prevailed in the fight against the NBME after hiring an educational attorney who had previously argued cases against the NBME on behalf of medical students who were requesting testing accommodations for USMLE. In addition to submitting an overwhelming amount of documentation with the appeal that finally prevailed, the attorney also wrote a seven page cover letter that outlined the relevant Americans with Disabilities Act (ADA) guidelines that the NBME is required to abide by and listed previous rulings that established precedent on how the guidelines are supposed to be interpreted. The attorney gave the NBME only 1 week (instead of the customary 6 to 8 weeks they ask of applicants who file an appeal) to respond to his letter and demands. It was all amazing! It took just a few days for the NBME house counsel and their ADA compliance officer, who had been rejecting all of my previous appeals, to respond with a statement that they have agreed to all of the demands and will follow the recommendations of the Carver College of Medicine Accommodations Committee.

This was a major victory that happened almost too quickly against a group that is notorious for not conceding so readily. The main differences between this appeal and previous appeals was the involvement of the attorney and the fact that my attorney submitted copies of the appeal directly to the NBME house counsel instead of submitting them only to their ADA compliance officer (like I had been doing while filing previous appeals). That left me with the impression that I could have saved myself 13 months of hassle and delays if I had the foresight to hire an educational attorney right off the bat.

I guess the moral of this story is that you should always consult an attorney if you are requesting testing accommodations for USMLE under the current ADA guidelines because you will likely get the runaround if someone very familiar with the guidelines is not looking out for your interest.

> *This Issue:*
> 
> *Solomon Yilma*
> 
> *Poetry by Gregory Larrieux*
> 
> *Chelsy Kemmet*