IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**Richard Katz**
Plaintiff

       v.

**NATIONAL BOARD OF MEDICAL EXAMINERS**
3750 Market Street
Philadelphia, Pennsylvania 19104,

and

**FEDERATION OF STATE MEDICAL BOARDS**
400 Fuller Wiser Road, Suite 300 Euless, Texas 76039-3855

 Defendants

Civil Action No. 3:15-cv-01187

## I. AMENDED COMPLAINT

COMES NOW the plaintiff, Richard Katz appearing Pro Se for an amended complaint against the defendants above named, states, alleges, and avers as follows:

## II. JURISDICTION & VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

2. This action is commenced pursuant to 2201 and 2202 and 42 U.S.C., section 1983.

3. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and Rule 65 of the Federal Rules of Civil Procedure.

## III. GENERAL ALLEGATIONS

4. The plaintiff, Richard Katz is a citizen of the State of Pennsylvania, United States of America.

5. Defendants, National Board of Medical Examiners (NBME) and Federation Of State Medical Boards (FSMB) own and sponsor the United States Medical Licensing Examination® ("USMLE"), which is a standardized examination that is used in evaluating applicants for medical licensure in the United States.*

---

*See NBME and FSMB v. Optima University, LLC Case 1:09-cv-01043-JDB-cgc (¶ 4)  Document 1 Filed  02/23/09

6. The United States Medical Licensing Exam (USMLE) is a standardized examination used to evaluate applicants' competence for purposes of medical licensure in the U.S. and its territories. The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care. The USMLE is administered at locations around the world to individuals who are attending, or have attended, medical schools in the United States and abroad. State medical boards rely upon successful completion of the three USMLE component exams, or "Steps," as an important element in the process for licensing physicians.

7. NBME is a private, non-profit organization. Its principal place of business is located in Philadelphia, Pennsylvania. It is registered as a *Professional Society and/or Association* by Guidestar database of Non-profit organizations. http://www.guidestar.org

8. NBME and the FSMB together own and sponsor the United States Medical Licensing Examination ("USMLE"), an examination that is a prerequisite for medical licensing in the United States and its territories. NBME administers the USMLE.

9. FSMB is a private non-profit organization that is incorporated under the laws of Nebraska but located in Euless, Texas. FSMB is registered as a *Research Institute and/or Public Policy Analysis Organization* by Guidestar database. Dr. David Watt former Senior Vice President of Professional Services for FSMB provides an informative PowerPoint presentation on the role of FSMB with respect to the USMLE Organization. This presentation is on file at The University of Texas Health Science Center at San Antonio (please refer to link below). FSMB role in USMLE Organization is as follows:

- Participate in governance (composite committee, step committees)
- Register and verify eligibility of physicians applying to take USMLE Step 3
- Maintain score history for physicians completing the USMLE
  *Transcript annotations (indeterminate, irregular behavior, special testing accommodations)

http://uthscsa.edu/gme/documents/fedstatemedbds.pdf

10. The USMLE Composite Committee, appointed by the FSMB and NBME, establishes policies for the USMLE program. There is a Program Administrator for the USMLE Office of the Secretariat. The Office of the USMLE Secretariat is the central Point of contact for the USMLE program located in Philadelphia, PA and operates on behalf of **NBME** and **FSMB** for the **USMLE Organization**. *One of the primary roles of the Program Administrator is to participate in review of exam candidate policy exception requests; and to prepare responses to these requests* (please refer to Program Administrator job description at: http://nbme.iapplicants.com/ViewJob-684107.html).

11. In 2011 USMLE Organization announced that they will place an exam limit to the number of times examinees can take to pass a USMLE Step Component. *The previous policy allowed the examinee to take the exam as many times as they needed until passing.*

Defendant posted the following announcement on their website June 12, 2012: "http://www.usmle.org/announcements/?ContentId=99

*"...the following Examinees who have made six or more attempts to pass a Step or Step component, including incomplete attempts, should be aware that all applications to register for additional attempts will not be processed unless they are submitted on or before December 31, 2012. This limit was first announced in August of 2011"*

12. The Announcement refers the reader to the USMLE Bulletin (USMLE Bulletin includes information on all aspects of USMLE, such as eligibility requirements, scheduling test dates, testing, and score reporting) for more information about the Six Attempt Limit Policy and states the following: http://www.usmle.org/bulletin/eligibility/#TimeLimit

*"The USMLE program limits to six the total number of times an examinee can take the same Step or Step Component. An examinee is ineligible to take a Step or Step Component if the examinee has made six or more prior attempts to pass that Step or Step Component, including incomplete attempts. All attempts at a Step or Step Component are counted toward the limit, regardless of when the examinations were taken."*

13. If the six attempts have been exceeded and the examinee attempts to register for the Step component the NBME website will inform the examinee that the exam limit has been exhausted and they are no longer eligible to register locking the examinee out from registering for that given Step. *The Bulletin does not discuss exceptions to this rule or matters involving ADA,* **Americans with Disability Act Amendment (***ADAAA) and Rehabilitation Acts policies.*

14. NBME and FSMB are subject to the requirements of Section 309 of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12189, and the implementing regulations, 28 C.F.R. § 36.309.

15. The United States Department of Justice (DOJ) is the federal agency responsible for administering and enforcing Title III of the ADA, 42 U.S.C. §§ 12181-12189. **The DOJ has been investigating plaintiffs' case since November of 2014, and is ongoing** (please refer to court docket document 1-6 filed 06/17/15 Page 4- 7).

16. Pursuant to Title III of the ADA, private entities that administer examinations related to professional licensing must offer the examinations in a place and manner accessible to persons with disabilities. 42 U.S.C. §12189 and 28 C.F.R. § 36.309.

17. Pursuant to 28 C.F.R. § 36.309, private entities that administer such examinations are required to provide reasonable modifications to the examination and appropriate auxiliary aids and services (i.e., testing accommodations) for persons with disabilities. The purpose of testing accommodations is to ensure, in a reasonable manner, that the "examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual or speaking skills (except where those skills are the factors that the examination purports to measure)." 28 C.F.R. § 36.309(b)(1)(i). "Required modifications to an examination may include changes in the length of time permitted for completion of the examination." 28 C.F.R. § 36.309(b)(2).

18. The Attorney General's Office under 42 U.S.C. § 12188(b)(1)(A)(i) conducts investigations of alleged violations of Title III of the ADA, DOJ is currently investigating plaintiffs' case that the NBME had failed to grant him reasonable testing accommodations on the basis of a disability for administrations of the USMLE Exams beginning in 2005. Additionally, the *Six Attempt Limit* has been exhausted by Plaintiff for the USMLE Step I exam. **Plaintiffs' request to modify six attempt policy, is a reasonable accommodation and does not substantially modify the the USMLE's standards.** *See e.g. Doe v. Samuel Merritt University,* **921 F.Supp. 2d. 958 (N.D. Cal. 2013) (Preliminary Injunction granted allowing student with a disability to take a podiatric licensing examination unlimited times as an accommodation to University's policy providing for a three exam limit).**

19. NBME had found that the supporting documentation submitted by plaintiff did not demonstrate that he is currently substantially limited in a major life activity as compared to most people, so as to be disabled within the meaning of the ADA, as amended. *It must be noted that the plaintiff was treated for a seizure disorder, speech disorder and had neurological problems during childhood.*

20. Plaintiff had submitted sufficient documentation to demonstrate that he is a person with a disability within the meaning of the ADA, and that he was entitled to reasonable testing accommodations to take the USMLE.

21. Plaintiff provided additional documentation to the NBME on April 1st 2014 (Please refer to Document 1-2 Filed 06/17/15 Page 1 of 29.) in support of his request for accommodations on the USMLE Step 1 examination documenting accommodations he received in undergraduate school, graduate school, and medical school.

22. The Defendants determination and denial of accommodations is discriminatory, in light of the 2008 ADAAA defendant would not continue their denial. ADAAA purpose is to restore the intent and protections of the Americans with Disabilities Act of 1990. Pursuant to the ADAAA, plaintiff would be entitled to the accommodations of extended time on the USMLE Step 1 Exam.

23. In amending the ADA in 2008, Congress mandated that the Equal Employment Opportunity Commission (EEOC) issue regulations restoring the broad scope of the ADA as Congress originally intended. 42 U.S.C. §12010(b)(6). The promulgated EEOC regulations provide in pertinent part:

"the primary purpose of the ADAAA is to make it easier for people with disabilities to obtain protection under the ADA. Consistent with the Amendments Act's purpose of reinstating a broad scope of protection under the ADA, the definition of disability" in this part shall be construed broadly in favor of expansive coverage to the maximum extent permitted…" 29 C.F.R §1630.1(c)(4).

24. The NBME accommodation process should of been simplified as the result of a settlement announced by the U.S. Department Of Justice (DOJ) on February 22, 2011.[1] The case arose under Title III of the ADA and involved the extensive documentation required by the NBME from applicants seeking testing accommodations. Under the terms of the settlement, a Yale Medical School student with dyslexia received the accommodations of **double testing time** and a separate testing area to take the USMLE.  (*Please note that beginning November 28th 2014, plaintiffs' case against defendants has been under investigation by DOJ Disability Rights Section based on the above precedent.*)

The defendant is currently required to:

a. Only request documentation about (a) the existence of a physical or mental impairment; (b) whether the applicant's impairment substantially limits one or more major life activities within the meaning of the ADA; and (c) whether and how the impairment limits the applicant's ability to take the USMLE under standard conditions

b. Carefully consider the recommendations of qualified professionals who have personally observed the applicant in a clinical setting and recommended accommodations; an

c. Carefully consider all evidence indicating whether an individual's ability to read is substantially limited within the meaning of the ADA.

25. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., establishing the most important civil rights law for persons with disabilities in our country's history.  The Congressional statutory findings include:

    a. "some 43,000,000 Americans have one of more physical or mental disabilities . . .;

    b. "historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c. "One "purpose of the ADA is to guarantee that those with disabilities are not disadvantaged and to 'place those with disabilities on an equal footing' with others."[2] That purpose often is overlooked in the context of accommodating persons with disabilities in higher education and professional licensing.

---

[1]  The settlement can be found at: <http://www.ada.gov/nbme.htm>.
[2]  *Rothberg v. Law Sch. Admission Council, Inc.*, 300 F.Supp. 2d 1093, 1105 (D. Colo. 2004).

    d. "individuals with disabilities continually encounter various forms of discrimination, including the discriminatory effects The Americans with Disabilities Act ("ADA") provides far-reaching protections for people with disabilities. Colleges and universities, as well as professional licensing entities like NBME, covered by Titles II and III of the ADA. . Individuals who are applying for Exam Accommodations to or enrolled in post-secondary educational institutions (schools attended after high school) may encounter ADA issues involving reasonable accommodations, required disclosure of medical information on applications, and suspension or expulsion due to the effects of a disability.

26. One "purpose of the ADA is to guarantee that those with disabilities are not disadvantaged and to 'place those with disabilities on an equal footing' with others."[3] That purpose often is overlooked in the context of accommodating persons with disabilities in higher education and professional licensing. Many private and public colleges, universities, and graduate schools are included in this mandate, as are private professional licensing entities.[4]

27. Nonetheless, these entities do not always grant reasonable modification or accommodation requests, and the implications may be that people with disabilities are denied equal opportunities to pursue degrees in higher education and professionally licensed careers.
    a. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . . to pursue those opportunities for which our free society is justifiably famous . . ."42 U.S.C. section l2101(a).

    b. Private entities, in the context of higher education and when providing licensing, must comply with the general prohibition against discrimination in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" under Section 12182 of Title III.[5]

## IV. EXHAUSTION OF LEGAL REMEDIES

Plaintiff filed an appeal with defendant on April 1st 2014. In the appeal plaintiff presented the facts related to this complaint. On April 17th 2014 plaintiff was given a response by the defendants stating that the appeal had been denied. On April 20th plaintiff contacted defendants to appeal this denial and to address a *Catch 22* situation, the fact that defendant was requesting a *"formal request"* for exam accommodations on April 8th 2014. It was explained to defendant that a formal request would not be possible to submit as long as plaintiff was locked out from registering for USMLE Step I because of The Six Attempt Limit Rule that was imposed by the defendant. *The notion plaintiff was addressing was you can not submit a formal complaint for an exam that you can not register for, hence a Catch 22 situation.* A form of psychological manipulation and bureaucratic entanglement. **Defendants never responded to plaintiffs' second appeal.**

## V. LEGAL CLAIMS

Plaintiff reallege and incorporated by reference paragraphs 1- 27.
There is clear violation of discrimination pursuant to Title III of the ADA,
The plaintiff has no plain. adequate or complete remedy at law to redress the wrongs described

---

[3] *Rothberg v. Law Sch. Admission Council, Inc.*, 300 F.Supp. 2d 1093, 1105 (D. Colo. 2004).
[4] *Id.*
[5] 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. 35.130(b)(7).

herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this courts grants the declaratory and injunctive relief which plaintiff seeks.

**VI. PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectively prays that this court enter judgment granting plaintiff:

A declaration that the acts and omissions described herein violated plaintiffs' right under the Constitution and laws of the United States of America.

A preliminary and permanent injunction ordering defendants to overturn Six Attempt Limit Rule and allow plaintiff to register for USMLE Step 1, Step 2 (CK and CS) and Step 3 with accommodations (double exam time) on all USMLE exams under the ADA ADAAA and Rehabilitation Act programs.

Plaintiff requests that all of his previous attempts on USMLE Step 1, Step 2 CS and CK be wiped clean from the ECFMG record. These attempts occurred without any form of exam accommodations, during regular exam conditions, and as a result the playing field was not leveled based on plaintiffs' disability pursuant to Title III of the ADA.

Compensatory damages in the amount of $70,000 against defendant, jointly and severely

Punitive damages in the amount of $230,000 against Defendants.
$230,000 which, when added to the compensatory damages of $70,000, is the maximum of $300,000 permitted by the ADA.

A jury Trial on all issues triable by Jury

Plaintiff's Costs for registering for all USMLE Steps without the proper exam accommodations required for his disability since February 1st 2006 totaling $8,660,00.

Any additional relief this court deems, just, proper, and equitable.

Plaintiff prays that the Court issue an injunction enjoining the defendant from continuing its discrimination and that the Court award plaintiffs such additional or alternative relief as may be just, proper, and equitable, including costs.

Respectfully submitted,

Richard Katz
3364 Parker Lane
East Stroudsburg, PA
18301

PRO SE