IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

RICHARD KATZ                          :

            Plaintiff                 :        CIVIL ACTION

                                      :

      v.                              :

                                      :

NATIONAL BOARD OF MEDICAL             :        NO. 3:15-cv-1187
EXAMINERS                             :

                                      :

      and                             :

                                      :

FEDERATION OF STATE MEDICAL BOARDS    :
            Defendants                :

---

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS NATIONAL BOARD
OF MEDICAL EXAMINERS AND FEDERATION OF STATE MEDICAL BOARDS**

The National Board of Medical Examiners ("NBME"), and the
Federation of State Medical Boards ("FSMB"), for their answer
and affirmative defenses to the amended complaint:

**ANSWER TO AVERMENTS REGARDING JURISDICTION:**

1-3. Deny each and every averment of paragraphs 1-3 of the
amended complaint, deny the need to respond to the averments to
the extent they are conclusions of law, except admit that
plaintiff purports to invoke the jurisdiction of this court
based on the statutes cited.

**ANSWER TO GENERAL ALLEGATIONS**

4. Lack knowledge and information sufficient to form a
belief as to the truth of the averments of paragraph 4 of the
amended complaint and, therefore, deny them.

5.   Admit in part and deny in part the averments of paragraph 5 of the amended complaint; admit that the NBME and the FSMB jointly own and sponsor the USMLE, which is a standardized examination used in evaluating applicants for medical licensure in the United States, deny the remaining averments of paragraph 5, and deny the need to respond to the averments to the extent they are conclusions of law.

6.   Admit the averments of paragraph 6 of the amended complaint.

7.   Deny each and every averment of paragraph 7 of the amended complaint, except admit that the NBME is a private non-profit corporation with its principal place of business in Philadelphia, Pennsylvania.

8.   Admit in part and deny in part the averments of paragraph 8 of the amended complaint; admit that the NBME and the FSMB jointly own and sponsor the USMLE, which is a standardized examination that is a prerequisite for medical licensure in the United States and its territories, admit that the NBME and FSMB provide for the administration of USMLE through a vendor, Prometric, Inc., deny the remaining averments of paragraph 8 and deny the need to respond to the averments to the extent they are conclusions of law.

9.   Deny each and every averment of paragraph 9 of the amended complaint, except admit that FSMB is a private non-profit corporation with its principal place of business in Euless, Texas, admit that Dr. David Watt is a former Senior Vice President of the FSMB and that a power point by Dr. Watt can be found online at the link provided, and admit that the FSMB's role in the USMLE program includes participation in governance, registration and verification of eligibility of physicians applying to take USMLE Step 3, and maintenance of score history for physicians completing the USMLE.

10.   Admit the averments of paragraph 10 of the amended complaint, and clarify that the Office of the USMLE Secretariat is staffed with two full time employees, a Program Officer and an Assistant Program Administrator.

11.   Deny the averments of paragraph 11 of the amended complaint as stated, refer to the announcement regarding the six-attempt policy in its totality, which speaks for itself, except admit that before the change in the policy, the USMLE program did not limit the number of times an examinee could attempt to pass a Step or Step component of the USMLE.  By way of further answer, the defendants attach as Exhibit 1 a portion of the 2015 USMLE Bulletin of Information ("Bulletin") describing the six attempt limit; attach as Exhibit 2 a portion of the "Frequently Asked Questions" pertaining to the six

3

attempt limit; and attach as Exhibit 3 an announcement posted on June 20, 2012, regarding the six attempt limit.

12.  Deny each and every averment of paragraph 12 of the amended complaint, and refer to the statement in the Bulletin of the six-attempt limit in its totality, which speaks for itself.

13.  Admit in part and deny in part the averments of paragraph 13 of the amended complaint, admit that if an examinee has exceeded the six attempt limit on a Step or Step component of the USMLE and nevertheless tries to register for that Step or Step component, the designated registration entity will not permit the examinee to register; admit that, among other things that are not addressed in the Bulletin, the Bulletin does not address exceptions to the six-attempt limit policy based upon the ADA or related laws, deny the remaining averments of paragraph 13, and deny the need to respond to the averments to the extent they are conclusions of law.

14.  Deny the need to respond to the averments of paragraph 14 because they are conclusions of law.

15.  Lack knowledge and information sufficient to form a belief as to the truth of the averments of paragraph 15 of the amended complaint, and deny the need to respond to the averments to the extent they contain conclusions of law.

16-17.  Deny the need to respond to the averments of paragraphs 16-17 because they are conclusions of law.

18.   Lack  knowledge  and  information  sufficient  to  form  a
belief  as  to  the  truth  of  the  averments  of  paragraph  18  of  the
amended  complaint  concerning  an  alleged  investigation  by  the
Attorney  General  of  "plaintiff's  case  that  the  NBME  had  failed
to  grant  him  reasonable  testing  accommodations  ...  beginning  in
2005,"  admit  that  plaintiff  failed  Step  1  of  the  USMLE  nine
times,  state  by  way  of  further  answer  that  plaintiff  never
requested  accommodations  on  Step  1  of  the  USMLE,  the  exam  for
which  he  has  exceeded  the  maximum  number  of  attempts,  but  rather
he  requested  accommodations  on  Step  2  CS  and  Step  2  CK  of  the
USMLE,  and  deny  the  need  to  respond  to  the  averments  to  the
extent  they  contain  conclusions  of  law.

19.   Admit  in  part  and  deny  in  part  the  averments  of
paragraph  19  of  the  amended  complaint,  admit  that,  after  a
thorough  review,  in  March  2006  the  NBME  denied  plaintiff's
request  for  testing  accommodations  on  Step  2  CS  and  Step  2  CK  of
the  USMLE  because  the  information  presented  by  the  plaintiff  at
that  time  did  not  support  a  finding  that  plaintiff  suffered  from
a  disability  for  which  testing  accommodations  were  warranted  to
access  USMLE,  and  lack  knowledge  and  information  sufficient  to
form  a  belief  as  to  the  truth  of  the  remaining  averments  of
paragraph  19.

20.  Deny each and every averment of paragraph 20 of the amended complaint, deny that (in 2005-2006) plaintiff submitted information sufficient to demonstrate that he suffered from a disability for which testing accommodations on Step 2 CS and Step 2 CK of the USMLE were warranted, and deny the need to respond to the averments to the extent they contain conclusions of law.  By way of further answer, the defendants attach as Exhibit 4 portions of plaintiff's "Disabilities Services" file including the NBME's reasons for denying plaintiff's 2005 request for accommodations on USMLE Step 2 CS and CK.

21.  Deny each and every averment of paragraph 21 of the amended complaint, deny that plaintiff submitted "additional documentation" regarding a request for accommodations on Step 1 of the USMLE because plaintiff had never previously submitted a request for accommodations on Step 1 of the USMLE, deny that material submitted in 2014 should reasonably be considered "additional documentation" to material submitted in 2005-2006, except admit that plaintiff submitted a letter and documents to the NBME on or about April 1, 2014, requesting accommodations on Step 1 of the USMLE based on a diagnosis he received in March 2013 and a request to "overturn" the six-attempt limit for taking Step 1 of the USMLE.  By way of further answer, the defendants attach as Exhibit 5 some of the materials submitted by plaintiff to the NBME in 2014 and/or 2015.

22.   Deny each and every averment of paragraph 22 of the amended complaint, deny all averments of discrimination, and deny the need to respond to the averments to the extent they contain conclusions of law.

23.   Deny the need to respond to the averments of paragraph 23 because they are conclusions of law, or purport to quote sources that speak for themselves.

24.   Deny each and every averment of paragraph 24 of the amended complaint, and deny the need to respond to the averments to the extent they contain conclusions of law or purport to quote sources that speak for themselves.

25-27.   Deny the need to respond to the averments of paragraphs 25-27 because they are conclusions of law or purport to quote sources that speak for themselves.

## ANSWER TO "EXHAUSTION OF LEGAL REMEDIES"

Deny each and every averment of paragraph IV of the amended complaint titled "Exhaustion of Legal Remedies," deny the characterization of the April 1, 2014, letter as an "appeal" or the April 20, 2014, contact as a second "appeal," deny plaintiff's characterization of the documents referenced, refer to the referenced documents in their totality which speak for themselves, deny the characterization of any policy or policies as "a form of psychological manipulation and bureaucratic

entanglement," and deny the need to respond to the averments to the extent they contain conclusions of law.

## ANSWER TO "LEGAL CLAIMS"

Incorporate their answers to all preceding paragraphs, deny all averments of discrimination and/or wrongful conduct, and deny the need to respond to the averments to the extent they contain conclusions of law.

## ANSWER TO PRAYER FOR RELIEF

The NBME and the FSMB respectfully request that the Court:

(a) deny plaintiff's request for a declaration that the defendants' actions violated any legal or Constitutional right of plaintiff;

(b) deny plaintiff's request for a preliminary and/or permanent injunction ordering defendants to "overturn" the six attempt limit and allow plaintiff to register for Step 1, Step 2 CK, Step 2 CS and Step 3 with the accommodation of double time;

(c) deny plaintiff's request to "wipe clean" his previous attempts to pass the USMLE Step 1 and Step 2;

(d) deny plaintiff's request for compensatory damages;

(e) deny plaintiff's request for punitive damages;

(f) deny the award of damages to plaintiff for his previous USMLE registration fees;

(g) deny any other relief to plaintiff; and

(h)   deny   plaintiff's   request   for   an   injunction   enjoining defendant   from   "continuing   its   discrimination."

WHEREFORE,   the   NBME   and   the   FSMB   respectfully   request   that the   Court   deny   every   aspect   of   the   relief   requested   by plaintiff,   and   award   judgment   in   favor   of   the   NBME   and   the   FSMB, together   with   costs   of   suit   and   such   other   relief   as   the   Court deems   appropriate.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's   complaint   fails   to   state   a   claim   upon   which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The   defendants   at   all   times   acted   for   legitimate   non-discriminatory reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's   claim   for   monetary   relief   is   barred   by   law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's   claim   for   relief   is   barred   to   the   extent   he   has failed   to   mitigate   his   damages   or   suffered   no   damages   as   a result of the defendants' actions.

### FIFTH AFFIRMATIVE DEFENSE

At   all   relevant   times,   the   defendants   made   good   faith efforts   to   comply   with   the   Americans   with   Disabilities   Act.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the defendants' actions were privileged and undertaken in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, unclean hands and/or an adequate remedy at law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial under Title III of the ADA as a matter of law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under 42 U.S. Code § 1983 because the defendants are neither state actors nor acted under color of state law.

## TWELFTH AFFIRMATIVE DEFENSE

The defendants reserve their right to amend their affirmative defenses to incorporate after-acquired evidence that may be obtained through discovery.

Dated:  August 28, 2015           /s/ Michael E. Sacks
                                    NEIL J. HAMBURG
                                    MICHAEL E. SACKS
                                    ID. NO. 32175, 39774
                                    HAMBURG & GOLDEN, P.C.
                                    1601 Market Street, Suite 3310
                                    Philadelphia, PA  19103-1443
                                    (215) 255-8590

                                    Attorneys for Defendants
                                    National Board of Medical
                                    Examiners and Federation of
                                    State Medical Boards

## CERTIFICATE OF SERVICE

I certify that the foregoing Answer to the Amended Complaint has been filed electronically pursuant to Local Rule 5.7 upon the below registered users and is now available for viewing and downloading from the Court's Electronic Case Filing System.  I am also serving a copy of the foregoing by regular mail upon:


Richard Katz
3364 Parker Lane
East Stroudsburg, PA  18301

*Pro se*


Date:  August 28, 2015               /s/ Michael E. Sacks
                                     MICHAEL E. SACKS