## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD KATZ,

      Plaintiff,

      v.

NATIONAL BOARD OF MEDICAL
EXAMINERS, et al.,

      Defendants.

CIVIL ACTION NO. 3:15-cv-01187

(MARIANI, J.)
(SAPORITO, M.J.)

**FILED**
**WILKES BARRE**

SEP 0 3 2015

Per _mb_

## ORDER

This matter comes before the Court on *pro se* plaintiff Richard Katz's motion to seal the entire record of this case. (Doc. 28).

It is well established that there is a common law presumption of public access to judicial records. *See generally In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001); *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). In ordinary civil litigation, "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller*, 16 F.3d at 551 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "Broad allegations of harm, bereft of specific

examples or articulated reasoning, are insufficient." *Cendant*, 260 F.3d at 194. "A party who seeks to seal an *entire* record faces an even heavier burden." *Miller*, 16 F.3d at 551.

Katz contends that all papers presently filed in this litigation, as well as any future filings, should be sealed and kept from public inspection because the litigation of his claims will necessarily involve the filing of the plaintiff's "mental health records, . . . documents containing medical/psychiatric reports and other personal identifiers." (Doc. 28, at 1). Katz argues that these documents involve sensitive personal information protected by doctor-patient privilege and federal privacy laws, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of titles 29 and 42 U.S.C.).

Although Katz himself has put his health and his medical records at issue in this lawsuit, he is nonetheless entitled to the Court's protection of sensitive medical information, the confidentiality of which is recognized by federal law. *See Karpenski v. Am. Gen. Life Cos., LLC*, No. 2:12-cv-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013). But the generalized prospect of such harm is insufficient to justify the preemptive

sealing of the entire case record and all future filings regardless of whether they reference any protected health information. *See Rovner v. Keyston Human Servs. Corp.*, Civil Action No. 1:11-CV-2335, 2012 WL 1899654, at *3 (M.D. Pa. May 24, 2012). To the extent it is necessary for documents containing such protected health information to be filed in this case, a motion to seal particular documents is appropriate, but a blanket order sealing the entire case from public inspection is not. *See id.*

With respect to personal identifiers, the federal and local civil rules provide the necessary guidance. Under the federal rules, any filing that contains "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number," must be redacted so that the filing includes only:

> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a); *see also* L.R. 5.2(d) (echoing the federal rule). There is no need to file an unredacted, sealed version of a paper containing such

information unless ordered by the Court. *See* Fed. R. Civ. P. 5.2(d); *see also* Fed. R. Civ. P. 5.2(f) (permitting, but not requiring, the filing of an unredacted sealed version of a redacted document); L.R. 5.2(e) (same).

Accordingly, the plaintiff's motion to seal the entire record of this case (Doc. 28) is **DENIED without prejudice** to the filing of a future motion to seal any particular document or documents.

Dated: September ___3___, 2015

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge