IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**Richard Katz**

Plaintiff

Case No.: **3:15-cv-01187**

v.

**NATIONAL BOARD OF MEDICAL EXAMINERS (NBME)**
3750 Market Street
Philadelphia, PA 19104

and

**FEDERATION OF STATE MEDICAL BOARDS (FSMB)**
400 Fuller Wiser Road, Suite 300
Euless, Texas 76039-3855


Defendants

# PLAINTIFF'S ADDENDUM TO JOINT CASE MANAGEMENT PLAN

Plaintiff submits this *Addendum* to the Joint Case Management Conference filed herewith pursuant to the September 9, 2015 Order with regards to the Case Management Conference scheduled on September 16, 2015.

Plaintiff would like to make the following clarifications in the current Joint Case Management Conference Plan submitted by defendants on September 11, 2015:

## 1.2 The facts that the parties dispute are as follows:

Whether Plaintiff actually received an extra year and an additional attempt before the six attempt limit became effective for him. Defendants say
yes, since Plaintiff used the opportunity to make an additional attempt to pass Step 1, which he failed;

Plaintiff says no, because the six attempt limit "Does not address problem of Mental Disability under ADA. "Plaintiff could have been given an infinite amount of time and chances and would still be pointless if the proper accommodations <u>in the way of extended exam time</u> are not in place." **Plaintiff also states that he was still experiencing mood swings despite receiving the proper medication regimen for his Bipolar Disorder and was not in a position to make rational decisions during this time.**

### The facts that the parties agree upon are as follows:

Plaintiff did not request accommodations on USMLE Step 1 in 2005-2006; he requested accommodations on Step 2 CK and Step 2 CS on the basis of a diagnosis of ADHD.

**Plaintiff did request accommodations in the way of extended exam time for Step I in his April 1st Appeal to the USMLE Organization.**

By a letter, which plaintiff characterized as an "appeal [of} the six attempt rule," dated April 1, 2014, Plaintiff requested that the six attempt limit be overturned for him and exam accommodations granted on Step 1 and all future USMLE Steps thereafter.

Plaintiff is not in agreement with the following wording "Plaintiff requested that the six attempt limit be overturned <u>**for him**</u> and exam accommodations granted on step I and all future USMLE Steps thereafter.

Plaintiff called for policy of "Six Attempt Limit" to be overturned in the interest of all meeting the criteria of a disability under the ADA/ADAAA.  <u>**NOT**</u> just "for him" as a preferred accommodation.

### 1.3 The legal issues that the parties dispute are as follows:

Whether Plaintiff waived the right to ask the Court to "overturn" the six attempt limit.

**Plaintiff was not in the proper frame of mind due to mental illness to be cognizant of "waivers" during this time.**

DATED this  12th   day of  September,   2015.

Respectfully submitted,

_____

Richard Katz
*pro se*