# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD KATZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-cv-01187 |
| v. | (MARIANI, J.) |
| | (SAPORITO, M.J.) |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al., | |
| Defendants. | |

*FILED WILKES-BARRE SEP 16 2015 PER___ MS*

## ORDER

This civil action was commenced upon the filing of a *pro se* complaint by the plaintiff, Richard Katz. (Doc. 1). On August 12, 2015, Katz filed an amended complaint, which was filed as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. (Doc. 23). In his amended complaint, Katz appears to seek declaratory and injunctive relief, as well as compensatory and punitive damages, for the alleged violation of his federal civil rights under 42 U.S.C. § 1983, for alleged discrimination by a licensing examination provider under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12189, and for alleged discrimination by the provider of a federally financed program or activity under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. *See generally Mala v. Crown Bay*

*Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants). On August 28, 2015, the defendants filed their answer and affirmative defenses to the complaint. (Doc. 33).

Before the Court is Katz's motion requesting the appointment of counsel to represent him in this matter. (Doc. 2). Although the motion itself does not explicitly reference the statutory basis for this application, the Court liberally construes the motion as one for appointment of counsel pursuant to 42 U.S.C. § 12188(a)(1) (authorizing appointment of counsel for claims under Title III of the ADA) and 29 U.S.C. § 794a(a)(2) (authorizing appointment of counsel for claims under Section 504 of the Rehabilitation Act).

Both of these statutes, § 12188(a)(1) and § 794a(a)(2), explicitly incorporate by reference the remedies and procedures set forth in 42 U.S.C. § 2000a-3(a), which provides that:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the civil action without the payment of fees, costs, or security.

42 U.S.C. § 2000a-3(a); *see also* 28 C.F.R. § 36.501(a) (Justice Department

regulations implementing Title III of the ADA).

Although neither the Third Circuit nor this Court has set out the applicable legal standard for this exercise of discretion in a reported decision considering the appointment of counsel under § 12188(a)(1) or § 794a(a)(2), the Third Circuit has considered the identical statutory language of 42 U.S.C. § 2000e-5(f)(1), which authorizes the appointment of counsel in cases involving claims under Title VII of the Civil Rights Act of 1964. *See Mentor v. Hillside Bd. of Educ.*, 428 Fed. App'x 221, 223–24 (3d Cir. 2011); *see also* 42 U.S.C. § 2000e-5(f)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."). In *Mentor*, the Third Circuit adopted the test set forth in *Ficken v. Alvarez*, 146 F.3d 978, 979–80 (D.C. Cir. 1998), and *Poindexter v. F.B.I.*, 737 F.2d 1173, 1185 (D.C. Cir. 1984).[1] *Mentor*, 428 Fed. App'x at 223–24 (citing *Ficken*); *Ficken*, 146 F.3d at 979–80 (quoting *Poindexter*);

---

[1] The Third Circuit also explicitly rejected application of the standard set forth in *Tabron v. Grace*, 6 F.3d 147, 155–58 (3d Cir. 1993), which pertains to the appointment of counsel under 28 U.S.C. § 1915(e)(1). *See Mentor*, 428 Fed. App'x at 223 (characterizing the district court's analysis under *Tabron* as "error").

*see also Spurio v. Choice Sec. Sys., Inc.*, 880 F. Supp. 402, 403 (E.D. Pa. 1995) (applying the *Poindexter* factors to an application for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1)).

Under *Ficken* and *Poindexter*, a court must consider the following factors: "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." *Ficken*, 146 F.3d at 979–80; *Poindexter*, 737 F.2d at 1185; *Spurio*, 880 F. Supp. at 403. "While these factors ordinarily should be considered by the trial court, this list is not necessarily exclusive." *Poindexter*, 737 F.2d at 1185 (footnote omitted).

Katz has satisfied the first factor, the Court having previously found him to be indigent and having granted him leave to proceed *in forma pauperis*. *See Poindexter*, 737 F.2d at 1186. He also appears to have satisfied the second factor, articulating an arguably colorable claim under Title III of the ADA.[2] *See id.* at 1187. But he has clearly failed to

---

[2] His federal civil rights and Rehabilitation Act claims, however, are of questionable merit, at best. *See, e.g., Opoku v. Educ. Comm'n for Foreign Med. Graduates*, 574 Fed App'x 197, 201 (3d Cir. 2014) (per curiam) (affirming dismissal of § 1983 claims against private not-for-profit
*(continued on next page)*

demonstrate diligence in searching for counsel. Although Katz "need not 'exhaust the legal directory before a court could appoint him an attorney,'" his motion papers indicate that he has contacted only one attorney—Charles Weiner, Esq., of Bensalem, Pennsylvania—in his efforts to secure pro bono, contingent-fee, or otherwise affordable representation, and he does not appear to have sought the assistance of a legal services organization or a bar association lawyer referral service.[3] *See id.* at 1188 & n.38; *see also McIntyre v. Michelin Tire Corp.*, 464 F. Supp. 1005, 1009–10

---

licensing examination organization); *Phillips v. Goldsteins', Rosenberg's, Raphael-Sachs, Inc.*, Civil Action No. 12-3833, 2013 WL 6506170, at *3–*5 (E.D. Pa. Dec. 10, 2013) (dismissing Rehabilitation Act claim against private company that did not receive federal subsidies); *Bloom v. N.Y. State Comm'r of Health*, 573 F. Supp. 2d 732, 737–38 (E.D.N.Y. 2004) (dismissing § 1983 claims against private licensing organization); *Gilliam v. Nat'l Comm'n for Certification of Physician Assistants, Inc.*, 727 F. Supp. 1512, 1514 (E.D. Pa. 1989) (dismissing federal civil rights claims against private licensing organization); *Bachman v. Am. Soc'y of Clinical Pathologists*, 577 F. Supp. 1257, 1264–65 (D.N.J. 1983) (granting summary judgment on Rehabilitation Act claim to licensing organization that did not receive federal subsidies).

[3] One such legal services organization is North Penn Legal Services, which maintains an office in Stroudsburg, Pennsylvania, and both the Monroe County Bar Association and the Pennsylvania Bar Association provide lawyer referral services. "Legal services organizations exist to pursue cases for low-income clients, and, because [Title III of the ADA] allows for recovery of attorney's fees under [42 U.S.C. § 12205], this case may hold added attraction for such an organization or for private counsel." *Spurio*, 880 F. Supp. at 403.

(D.S.C. 1978) (declining to appoint counsel where plaintiff claimed to have sought representation from only two attorneys).

Accordingly, **IT IS HEREBY ORDERED** that the plaintiff's motion to appoint counsel (Doc. 2) is **DENIED WITHOUT PREJUDICE** to the filing of a subsequent motion to appoint counsel after the plaintiff has undertaken a more diligent effort to obtain counsel on his own.

Dated: September __16__, 2015

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge