FILED
WILKES BARRE
SEP 1 8 2015
Per ___ MS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Plaintiff, Richard Katz

v.

Defendants,

National Board Of Medical Examiners, et al

Case No.: 3:15-cv-01187

FILED
SCRANTON
SEP 17 2015
PER ___

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF RECONSIDERATION OF MOTION TO SEAL

### I. Relief Requested.

COMES NOW the plaintiff Richard Katz, appearing pro se, respectfully requests the Court for reconsideration to seal the following records in this proceeding document entitled: **Sealed Data.**

### II. Statement of Facts.

Confidentiality is one of the basic principles of mental health treatment. In the course of therapy plaintiff has revealed personal, highly sensitive information about himself that have not been revealed to anyone else. This information in the course of treatment is subject to the patient-doctor privilege.

**Confidentiality of Mental health records is cited under §5100.31** scope and policy applies to records of persons seeking, receiving or having received mental health services from any facility as defined in section 103 of the act (50 P. S. § 7103)

### § 5100.35. Release to courts.

If a present or former patient sues a person or organization providing services subject to the act in connection with said patient's care, custody, evaluation or treatment, or in connection with an incident related thereto, defense counsel for said service provider shall have such access to the present or former patient's records as such counsel deems necessary in preparing a defense. Counsel receiving such records shall maintain their confidentiality and shall limit the disclosure of the contents thereof to those items they deem necessary to allow counsel to prepare and present a proper defense.

### Confidentiality of Medical, Health and Hospital Records.

A party's release form or court order is needed to access records. HIPPA Health providers may only release personal health information if the release signed by a party complies with the provisions of the federal law. Even if no statutory privilege applies to the information sought, the provider or keeper of other records may also request a written release from their client. Mental health examinations and

commitments.

Plaintiff respectfully requests that all Medical records and all documents in court docket containing personal identifiers be sealed.

Records containing "confidential personal identification numbers," including "home, cellular or personal telephone numbers" are exempt from disclosure under Section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).

**Compelling reasons support sealing these materials because they contain** information that would cause serious harm if disclosed, sealing mental health records would remove the barriers that would prevent a psychiatric patient from participating fully in society without fear of stigma or discrimination. The sealing will ensure that plaintiff's privacy and dignity are respected.

---

**Cross References**
55 Pa. Code § 3800.20 (relating to confidentiality of records); 55 Pa. Code § 5100.4 (relating to scope); 55 Pa. Code § 5100.33 (relating to patient's access to records and control over release of records); 55 Pa. Code § 5200.47 (relating to other applicable regulations); 55 Pa. Code § 5210.26 (relating to records); 55 Pa. Code § 5210.56 (relating to other applicable regulations); 55 Pa. Code § 5221.52 (relating to notice of confidentiality and nondiscrimination); 55 Pa. Code § 5230.17 (relating to confidentiality); and 55 Pa. Code § 5320.26 (relating to confidentiality)

### III. Statement of Issues.

Whether Sealing of the Sealed Data is justified by compelling privacy concerns that outweigh the public interest in access to the court?

In response plaintiff cites P.S. § 67.708(b)(5). Section 708(b)(5) exempts from release:

1. [a] record of an individual's medical, psychiatric or psychological history or disability status, including an evaluation, consultation, prescription, diagnosis or treatment; results of tests, including drug tests; enrollment in a health care program or program designed for participation by persons with disabilities, including vocation rehabilitation, workers' compensation and unemployment compensation; or related information that would disclose individually identifiable health information

2. A record containing all or part of a person's social security number; drivers license number, personal financial information home cellular or personal telephone numbers personal email addresses; employee number or other personal confidential personal identification numbers.

### IV. Evidence Relied Upon.

This Motion is based upon the records and documents contained in this file.

### V. Authority.

After a hearing on the motion to seal, the court may order court files and records to be sealed if the court makes and enters written findings that the specific sealing or redaction is justified by compelling privacy or safety concerns that outweigh the public interest in access to the court record. GR 15(c). Here compelling circumstances exist that require sealing the Sealed Data; failure to do so would result in the disclosure of protected health care information. Nor would redaction of the Sealed Data suffice to protect the information

"Health care information is personal and sensitive information that if improperly used or released may do significant harm to a patient's interests in privacy, health care, or other interests." RCW 70.02.005(1). Health care providers are generally prohibited from disclosing health care information without the patient's written authorization. Further, the federal Privacy Rule implementing the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Public Law 104-191, defines and limits the circumstances in which protected health information may be disclosed. 45 C.F.R. § 164.502(a). Health information generally may be disclosed if it is de-identified so "there is no reasonable basis to believe that the information can be used to identify an individual". 45 C.F.R.§ 164.514(a).

Indeed, local health departments are required to establish procedures to ensure the confidentiality of health care information concerning a notifiable condition. WAC 246-101-515(1) provides:

Local health officers or local health departments shall establish and maintain confidentiality procedures related to employee handling of all reports of cases and suspected cases, prohibiting disclosure of report information identifying an individual case or suspected cases except:

> (a) To employees of the local health department, or other official agencies needing to know for the purpose of administering public health laws and these regulations;
>
> (b) To health care providers, specific designees of health care facilities, laboratory directors, and others for the purpose of collecting additional information about a case or suspected case as required for disease prevention and control....

Sealing of the document entitled Sealed Data is consistent with state law. RCW 70.02.050(1) provides, in part, that a health care provider may disclose health care information if the disclosure is:

> (d) To any person if the health care provider... reasonably believes that disclosure will avoid or minimize an imminent danger to the health or safety of the patient or any other individual, *however, there is no obligation under this chapter on the part of the provider... to so disclose.*

Further, 45 C.F.R. § 164.512(j)(1) permits disclosure of protected

health care information if the provider in good faith believes that the use or disclosure:

> (A) Is necessary to prevent or lessen a serious and imminent threat to the health or safety of a person or the public; and
>
> (B) Is to a person or persons reasonably able to prevent or lessen the threat....

DATED this 14th day of September, 2015.

Respectfully submitted,

*Richard Katz*
Richard Katz

# SEALED DATA

**1.** Document 1-2 filed 06/17/15 pages 1 through 29 contains private medical record information as well as personal identifiers under 45 C.F.R. § 160, 162, and 164 and section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).

**1a.** Document 1-3 filed 06/17/15 pages 1 through 4 contains private medical record information as well as personal identifiers under 45 C.F.R. § 160, 162, and 164 and section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).

**1b.** Document 1-4 filed 06/17/15 pages 1 through 5 contains private medical record information as well as personal identifiers under 45 C.F.R. § 160, 162, and 164 and section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).

**1c.** Document 1-5 filed 06/17/15 pages 1 through 2 as personal identifiers under Section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).

**1d.** Document 1-6 filed 06/17/15 pages 1 through 7 contains private medical record information under 45 C.F.R. § 160, 162, and 164 as well as personal identifiers under Section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).

**1e.** Document 1-7 filed 06/17/15 pages 1 through 5 contains private medical record information under 45 C.F.R. § 160, 162, and 164. as well as personal identifiers under under Section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).

**2.** Document 2 Motion To Appoint Counsel contains personal identifiers under Section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).

**3.** Document 3 Motion for Leave to Proceed in forma pauperis contains personal identifiers under Section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A) and 7 C.F.R. § 272.1.

**4.** Document 11 Filed 07/13/15 Pages 1 through 3 personal identifiers under Section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).

**5.** Document 14 Filed 07/19/15 Page 1 of 3 personal identifiers under Section 708(b)(6)(i)(A). 65 P.S. § 67.708(b)(6)(i)(A).