IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

Richard Katz,

Plaintiff,


v.

                                                 **ADDENDUM TO THE MOTION TO FILE SECOND AMENDED COMPLAINT**

                                                     Case No.: **3:15-cv-01187**

National Board of Medical Examiners (NBME),

and

Federation of State Medical Boards (FSMB)

Defendants.

_____

Pursuant to 40 C.P.R. §§ 22.14(c), 22.16, and 22.4(c), Complainant moved on October 1, 2015 for an Order to file a Second Amended Complaint in this case.

This Addendum to the Motion contains additional information under: **THIRD CAUSE OF ACTION [MISLEADING CONDUCT]** contained in the following paragraphs 25a through 25f.


25a. Upon review of Mr. Doane's **LinkedIn** Profile (see Exhibit 6 attached to Second Amended Complaint), he states he was:

- "Manager of Disability/ADA Compliance for NBME from July 2003 through July 2006."

- He then became a *Consultant* for NBME Office of General Counsel on July 2006 until ultimately leaving the NBME organization in July 2008.

25b. Mr. Doane states in the Education section of his profile that he has a:

- "**Ph.D. (ABD)** in *Communication Sciences and Disorders/Learning Disabilities* from Northwestern University from 1996-2012."

- **ABD stands for "All But Dissertation."** "All But Dissertation" (ABD) is a mostly unofficial term identifying a stage in the process of obtaining a research doctorate in the United States. At this stage, the student has completed the preparatory coursework, qualifying examinations, comprehensive examinations, and *may have* defended his or her dissertation proposal.

- **To complete the degree, the student must carry out the proposed research and write the dissertation that defines a Ph.D. or equivalent research doctorate. "All but dissertation" attrition ranges from 43% to 51% depending on the field.**

25c. Mr. Doane's states in his LinkedIn profile that his role was:

"Reviewed documentation and reports in support of student requests for services, and was:

- **Decision-maker for accommodations for NBME testing programs and state medical licensing boards."**

- Richard Katz applied to NBME Disability Services for exam accommodations in 2005 upon receiving a denial from Mr. Doane on March 13, 2006.

25d. Mr. Doane states in his profile that he was: "Manager of Disability Services/ADA Compliance Officer at (NBME) from July 2003 through July 2006."

- This was within the time period that Katz applied to NBME Disability Services for exam accommodations (2005-2006).  Mr. Doane was **NOT** a Ph.D. during this period.

**25e. Complainant respectfully brings to this Courts attention, that Mr. Doane:**

- did **NOT** have a Ph.D. at the time Katz applied for exam accommodations in 2005-2006;

- was **NOT** qualified to make any determination on Katz's disability application in 2005-2006;

- was **NOT** qualified to disagree with Katz's caregivers (Ph.D.'s, M.D.'s etc.) in 2005-2006.

25f. Did NBME realize that Mr. Doane did not have the credentials to hold the position of Compliance Officer for Disability Services and was in fact a liability because of his Ph.D./ABD status?  It would seem logical that the position would call for a full-fledged Ph.D. candidate.

Schuman, Rebecca (1 August 2014). "ABD Company - What's worse than getting a Ph.D. in today's job market? Not finishing one.". Slate. Retrieved 17 October 2014.

Sowell, Robert (31 March 2008). "Ph. D. Completion and Attrition: Analysis of Baseline Data" (PDF). Council of Graduate Schools. Retrieved 17 October 2014.

**The Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) 73 P. S. §§ 201-1 –201-9.2**

### The "Catchall" Provision

•The Act's twenty-first unfair trade practice definition, its "catchall," is "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

• Before the 1996 amendments, the catchall provision addressed only "fraudulent conduct," requiring a plaintiff to prove the elements of common law fraud, including proof that a misrepresentation was made intentionally or with reckless disregard of its truth. Rodriguez v. Mellon Bank, N.A., 218 B.R. 764 (Bankr. E.D. Pa. 1998).

• **However the 1996 amendments expanded the catchall provision to include a wider variety of unsavory conduct within the reach of the UTPCPL**

In Fazio, the Superior Court reviews a series of cases, mostly in the federal courts, that recently held that proof of common law fraud was NOT required and concludes:

"Notwithstanding prior case law on the catchall provision, our review of decisions from the Commonwealth Court, the federal courts interpreting Pennsylvania law, as well as the statutory language of the post-amendment catchall provision leads us to conclude the court's jury instruction regarding 'misleading' conduct accurately set forth the standard of liability under the amended catchall provision."

The courts that have actually examined the issue closely have concluded, rightfully, that the legislative change is intended to broaden that catchall so that common law fraud is not required. Grimm v. Washington Mutual Bank, 2008 U.S. Dist. LEXIS 55628, 2008 WL 2858377 (W.D.

Pa. July 22, 2008), Hansford v. Bank of America, 2008 WL 4078460, 2008 U.S. Dist. LEXIS 65502 (E.D. Pa. Aug. 22, 2008); Wilson v. Parisi, 549 F.Supp.2d 637 (M.D. Pa. 2008).

http://www.pittsburghlegalbacktalk.com/archives/7336#sthash.GlBfYf3T.dpuf

Respectfully submitted,

Richard Katz
3364 Parker Lane
East Stroudsburg, PA
18301
pro se

/s/ Richard Katz_____

Richard Katz

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Addendum has been served upon:

Michael Sacks
Hamburg & Golden, P.C.
1601 Market Street Suite 3310
Philadelphia PA 19103-1443

Date: October 10, 2015

/s/ Richard Katz_____
Richard Katz