IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RICHARD KATZ | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | NO. 3:15-cv-1187 |
| EXAMINERS | : | |
| | : | |
| and | : | |
| | : | |
| FEDERATION OF STATE MEDICAL BOARDS | : | |
| | : | |

**DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

For the reasons set forth below, the defendants, the National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards ("FSMB"), oppose Plaintiff Richard Katz's Motion for Leave to File Second Amended Complaint.

**I.    BACKGROUND**

On June 17, 2015, plaintiff Richard Katz filed a pro se complaint against the NBME, and on September 3, 2015, moved to amend the complaint to add the FSMB as a defendant.  The Court denied as moot Mr. Katz's motion for leave to amend, and Mr. Katz filed his amended complaint on August 12, 2015.  The defendants answered the amended complaint on August 28, 2015.

On October 1, 2015, Mr. Katz moved for leave to file a second amended complaint, then filed "Addendum 1" to his motion on October 10, 2015, and "Addendum 2" on October 12, 2015.  Mr.

Katz's filings failed to conform to Local Rule 15.1, which
requires the party seeking to amend a pleading to provide, as a
separate document or attachment to the motion, the proposed
amended pleading "complete in itself including exhibits."   LR
15.1(a).  The rule states:

> **LR 15.1 Amended Pleadings.**
>    **(a) Proposed amendment to accompany the motion.**
>    When a party files a motion requesting leave
> to file an amended pleading, the proposed amended
> pleading must be retyped or reprinted so that it
> will be complete in itself including exhibits and
> shall be filed on paper as a separate document or,
> in the Electronic Filing System, as an attachment
> to the motion.  If the motion is granted, the clerk
> shall forthwith file the amended pleading.  Unless
> otherwise ordered, an amended pleading that does
> not add a new defendant shall be deemed to have
> been served for the purpose of determining the time
> for response under Fed. R. Civ. P. 15(a), on the
> date the court grants leave for its filing. A party
> granted leave to amend its pleading, when the
> amended pleading would add a new defendant, shall
> file and effect service of the amended pleading
> within thirty (30) days after the date of the Order
> granting leave for its filing.
>    **(b) Highlighting of amendments.**
>    The party filing the motion requesting leave
> to file an amended pleading shall provide: (1) the
> proposed   amended   pleading   as   set   forth   in
> subsection (a) of this rule, and (2) a copy of the
> original pleading in which stricken material has
> been lined through and any new material has been
> inserted and underlined or set forth in bold-faced
> type.

Mr. Katz's filings — the motion for leave and two addenda
without a separate and fully inclusive proposed second amended
complaint — created confusion as to what Mr. Katz intended the

second amended complaint to consist of.   Accordingly, on October

30, 2015, the Court issued an Order stating the following:

> The plaintiff failed to attach a complete copy of
> the proposed second amended complaint as required
> by Local Rule 15.1(a).  Therefore, the plaintiff is
> directed to file his proposed second amended
> complaint retyped or reprinted **so that it will be
> complete in itself including exhibits** and shall be
> filed on paper as a separate document or, in the
> Electronic Filing System, as an attachment to the
> motion.  In addition, the plaintiff shall file a
> supporting brief separately.   The plaintiff is
> required to comply herewith within twenty one (21)
> days from the date of this order.

Order dated October 30, 2015, emphasis added.

On November 17, 2015, Mr. Katz filed several documents, one

of which appears to be his proposed second amended complaint

(notwithstanding that it is still titled "Plaintiff's Motion for

Leave to File Second Amended Complaint …").   Assuming that

document (Document 63 on the docket) is, in fact, Mr. Katz's

proposed second amended complaint, it still fails to conform to

Local Rule 15.1(a) or the Court's October 30, 2015, Order.

## II.  Mr. Katz's Proposed Second Amended Complaint is Not "Complete in Itself Including Exhibits."

Leaving aside the content of Mr. Katz's proposed second

amended complaint, with which the defendants strongly disagree and

to which they will respond in due course, the proposed second

amended complaint is not "complete in itself including exhibits."[1]

To the contrary, at numerous points in the proposed second amended

---

[1]    The proposed second amended complaint does include some exhibits
which, curiously, begin with Exhibit 6.

complaint, Mr. Katz refers to documents outside the proposed second amended complaint, once again creating confusion as to whether such documents are intended to be part of the proposed second amended complaint or not.

For example, on page four of the proposed second amended complaint, at the end of paragraph 17, Mr. Katz includes the following parenthetical:

> (Please see defendant's Exhibit 4 page 0077 and plaintiff's Complaint Document 1-2 Filed 6/17/15 Page 17 of 29)

Proposed Second Amended Complaint, p. 4.  On page 5 of the of the proposed second amended complaint, at the end of paragraph 22, Mr. Katz states:

> (See Document 1-2 Filed 6/17/15 Page 19 of 29)

Mr. Katz follows this pattern throughout the proposed second amended complaint, with references to pages of documents that he filed in June 2015 that, even then, created confusion as to whether they were intended to be exhibits to his original complaint or something else.  See proposed second amended complaint, paragraphs 26, 28, 51, 52, 53 and 65.

Mr. Katz's failure to follow the Court's instruction and failure to follow Local Rule 15.1 again leaves defendants at a loss to determine what is and what is not intended to be part of the second amended complaint.  The confusion created by Mr. Katz's pleading will, if left alone, require speculation by the

4

defendants as to what is and is not part of the second amended complaint, will make more work for defendants and the Court when defendants file a dispositive motion, and will undoubtedly confuse any appellate court that has occasion to look at the case in the future.

## III. CONCLUSION

For all the foregoing reasons, the defendants, the NBME and the FSMB, respectfully request that the Court deny Mr. Katz's motion for leave to file a second amended complaint, and require him to conform to the relevant rules of pleading so the case can proceed with clarity.

Dated:  November 24, 2015      /s/ Michael E. Sacks
<br>
NEIL J. HAMBURG
MICHAEL E. SACKS
ID. NO. 39774
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590

Attorneys for Defendants
National Board of Medical
Examiners and Federation of
State Medical Boards

## CERTIFICATE OF SERVICE

I certify that the foregoing Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint has been filed electronically pursuant to Local Rule 5.7 and is now available for viewing and downloading from the Court's Electronic Case Filing System. I am also serving a copy of the foregoing by regular mail upon:

> Richard Katz
> 3364 Parker Lane
> East Stroudsburg, PA  18301
>
> *Pro se*

November 24, 2015

/s/ Michael E. Sacks
MICHAEL E. SACKS