UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

**Richard Katz**
Plaintiff                                                               Case No.: **3:15-cv-01187**

v.

**NATIONAL BOARD OF MEDICAL EXAMINERS (NBME)**

3750 Market Street

Philadelphia, PA 19104

and

**FEDERATION OF STATE MEDICAL BOARDS (FSMB)**

400 Fuller Wiser Road, Suite 300

Euless, Texas 76039-3855

Defendants

___

# Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint

COME NOW Plaintiff Richard Katz appearing pro se and file his Reply to defendants National Board of Medical Examiners (NBME) and Federation of State Medical Boards (FSMB) Opposition to Plaintiffs' Motion for Leave to File this Second Amended Complaint and set forth as follows:

I. INTRODUCTION & SUMMARY

Defendants oppose Plaintiffs' Motion for Leave to File Second Amended Complaint based on the following reasons:

1. **The Second Amended Complaint does not conform to Local Rule 15.1(a) or the Court's October 30, 2015 Order.**

    The defendants offer no explanation of how Second Amended Complaint fails to conform to Local Rule 15.1 (a), other than providing a recitation of LR 15.1 under Amended Pleadings, and reiterating The Honorable Joseph F. Saporitos' point number 2 of the October 30th Order. The revised Second Amended Complaint per Judge Saporito's Order is currently in compliance with Local Rule 15.1 (a).

2. **The proposed Second Amended Complaint is not complete in itself including exhibits. Katz refers to documents outside the proposed amended complaint** like the defendants own Exhibit 4 and other pertinent documents that have been filed and categorized by the Court.

    This apparently creates confusion for the Defendants. Mr. Sacks Attorney for the defense emailed Katz on November 4th 2015 at 6:27 AM stating:

    *"As you know, the Court issued an order on October 30 that required the defendants to either concur with your motion for reconsideration of motion to seal (and motion to seal), or oppose it. We are going to concur with your motion, and I will file that today. However, I do not think that you sent to me the documents that you proposed filing under seal. If I am mistaken, please advise. If I am correct, please send them to me. In the future, if you are asking the court for permission to file something under seal, and you provide those documents to the court, you should also provide to us."*

    Katz responded on November 4th 2015 at 7:58 AM:

    *"Yes you are mistaken. You have at this point everything the Court has. Please check DKT for my communications with court and certified mail receipts everything is documented."*

    The point is that the defendants appear to be having some organization issues. All documentation in this case to date have been well organized and categorized in the Court Docket by the very competent Scranton Clerk of Court. Katz has been diligent in providing detailed letters to the Clerk of Court with receipt of service stating exactly what has been mailed to the defendants. This information is readily available to the defendants as are the "parentheticals" that Katz cites in the Second Amended Complaint. Such

"parentheticals" refers back to the docket so there is cohesion in the case. The defendants taking issue with such references is obviously a strategy to hinder linear substantiation.

On September 16, 2015 counsel for the defendants and Katz met and conferred via telephone with Judge Saporito. Plaintiffs' motion for leave to file Second Amended Complaint was discussed. Counsel for defendants, Michael E. Sacks and Neil J. Hamburg were present and made no objection to Katz amending complaint for second time when topic was discussed with Judge Saporito. Katz's intention to amend was also included in the Joint Case Management Plan presented to the Court prior to the conference and was agreed upon by the defendants. The defendants *Motion for Judgement on the Pleadings* was also discussed with a deadline of October 15th according to the Joint Case Management Plan, subsequently did not occur and never showed up on the Court Docket. Obviously, the developed Second Amended Complaint hindered the defendant's dispositive motion.

As stated to the Clerk of Court in Katz's letter (dkt. Doc 60) dated November 13th 2015 the Second Amended Complaint is currently complete in itself per Judge Saporito's Order and under the requirements of Local Rule 15.1 (a). The Clerk of Court quickly expedited the uploading of the COMPLETE Second Amended Complaint, Brief and Exhibits to the ECF system per Katz's request with NO CONFUSION on November 17th 2015.

## II. ARGUMENT & AUTHORITIES

**Amendments to pleadings should be freely allowed.**

"Motions to amend under Rule 15(a) may be filed to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action." Wausau Underwriters Ins. Co. v. Schifler, 190 F.R.D. 341, 343. (E.D. Pa. 1999) (citing CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1474 (1990)); see also Goodman v. Mead Johnson & Co., 534 F.2d 566, 569 (3d Cir. 1976) (district court improperly denied amendment to add claims and substitute parties), cert. denied, 429 U.S. 1038(1977); Martin Herend Imports, Inc. v. Diamond and Gem Trading, 195 F.3d 765, 777 (5th Cir. 1999) (absent substantial reason, discretion of trial court not broad enough to support denial of motion to amend).

The decision on a motion to amend is within the sound discretion of the district court. Nonetheless, "the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the moving party should be allowed to test his claim on the merits. Id. Courts have interpreted Rule 15(a) "liberally, in line with the Federal Rules= overall goal of resolving disputes, insofar as possible, on the merits and in a single judicial proceeding." Spartan Grain &

Mill Co. v. Ayers, 517 F.2d 214, 220 (5th Cir. 1975); see also Hurn v. Retirement Fund Trust, 648 F.2d 1252, 1254 (9th Cir. 1981) (leave to amend should be freely given since "the purpose of pleadings is to facilitate a proper disposition on the merits"); Shipner v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir.) (The policy of Rule 15 "circumscribes the exercise of the district court's discretion; unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial").

**CONCLUSION**

The Court should grant Plaintiffs' Motion for Leave to File Second Amended Complaint for the foregoing reasons.  **The defendants attempt to capitalize on procedural events that have already been corrected by plaintiff** in an attempt to hinder a Second Amended Complaint that has evolved, that amplifies and builds upon previously stated claims while providing new theories since plaintiff received crucial information contained in the defendants' Exhibit 4. Plaintiff Richard Katz welcomes the defendants' response to the Second Amended Complaint as they state will be submitted "in due course."  Plaintiff awaits to see if defendants' affirmative defenses will plead sufficient facts and evidentiary support.

**PRAYER**

WHEREFORE, Plaintiff respectfully pray that the Court grant his Motion for Leave to File this Second Amended Complaint.

Respectfully submitted,

Richard Katz

3364 Parker Lane
East Stroudsburg, PA
18301
Pro se


/s/ Richard Katz_____

Richard Katz

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served upon:

**Michael Sacks**

Hamburg & Golden, P.C.

1601 Market Street Suite 3310

Philadelphia PA 19103-1443

Date: November 25, 2015

/s/ Richard Katz_____

Richard Katz