# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

**Richard Katz**

Plaintiff                                                                                     Case No.: **3:15-cv-01187**

v.

**NATIONAL BOARD OF MEDICAL EXAMINERS (NBME)**

3750 Market Street

Philadelphia, PA 19104

and

**FEDERATION OF STATE MEDICAL BOARDS (FSMB)**

400 Fuller Wiser Road, Suite 300

Euless, Texas 76039-3855

Defendants

_____

## SECOND MOTION FOR APPOINTMENT OF COUNSEL

NOW COMES plaintiff Richard Katz appearing pro se in the above captioned matter moves for an Order of this Court to grant Second Motion for Appointment of Counsel.

1. In this action, pro se plaintiff Richard Katz has alleged discrimination in testing accommodations by defendants the National Board of Medical Examiners (NBME) and the Federation of State Medical Boards (FSMB). Katz has alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 and § 504 OF THE REHABILITATION ACT OF 1973, [AS AMENDED, 29 U.S.C. § 794]. Section 504 of the Rehabilitation Act specifically

prohibits discrimination against individuals with disabilities in programs receiving federal funds. NBME and FSMB are both recipients of federal funds.

2. In considering a motion for appointment of counsel the court must first "determine that the plaintiff's claim has some merit." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). To determine the appropriateness of appointing counsel, courts in the Third Circuit consider the framework established in Tabron. See 6 F.3d at 156-57. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." If the applicant's claim has some merit, the Court then considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf."

   Katz satisfies all of the Tabron Criteria as stated above.

   (1) Plaintiff has struggled to defend his own case and his mental resources have been exhausted and taxed in so doing.
   (2) The issues in this case have been proven to be complex at best and will require guidance from a trained attorney.
   (3) Plaintiff will be limited in his ability to pursue an investigation due to his lack of knowledge in the legal process.
   (4) An attorney will be better able to gauge the credibility of defendants;
   "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination."Abulkhair v. U.S. Postal Serv., No. 13-7796, 2014 WL 1607379, at *4 (D.N.J. Apr. 22, 2014).

   (5) This case will certainly require the testimony of expert witnesses.
   (6) It has already been determined by the Court in the September 16, 2015 Order that plaintiff is indigent.

3. It bears noting that the current motion represents Katz's second application to this court for appointment of counsel—his other attempt was denied in the September 16, 2015 Order because if was deemed by the Court that Katz had not made a diligent enough effort to secure counsel. Katz had consulted a total of five attorneys between December 2013 and December 2014 as documented in the attached log entitled 'Attorney Contacted.' This should have been sufficient preliminary attempt to secure counsel while the logistics of this lawsuit were being explored.

4. Katz has made an exhaustive effort to secure representation that his finances would accommodate. He has contacted virtually all advocacy groups in the United States for people with disabilities, limited financial resources and violation of Civil Rights including the, NAACP, The

Disability Rights Network, North Penn Legal, The Arc, and many other groups.  All declined to provide support as they do not have the available resources or the case was too complex for them and was outside their focus or areas of practice.  In addition he has emailed a total of thirty or more attorneys specializing in Civil Rights and Education Law.  While many showed interest, none of these attorneys agreed to take on a case of this complexity on a contingency or pro bono basis.

WHEREFORE the Movant Prays for the following relief:

That plaintiff's claims have merit, and appointment of Counsel is warranted meeting the Tabron factors thereby granting Motion for Appointment of Counsel.

Respectfully submitted,

Richard Katz

3364 Parker Lane

East Stroudsburg, PA

18301

Pro se

/s/ Richard Katz_____

Richard Katz

CERTIFICATE OF SERVICE

I Richard Katz certify that a true and correct copy of the foregoing Motion to Appoint Counsel has been electronically delivered to:

**Michael Sacks**

Hamburg & Golden, P.C.

1601 Market Street Suite 3310

Philadelphia PA 19103-1443

Date: December 1st, 2015

/s/ Richard Katz_____

Richard Katz

| ATTORNEY CONTACTED | Law Firm | Decision Yes/No/N/A | Date |
|---|---|---|---|
| 1. Sasha Samberg-Champion | Relman, Dane & Colfax PLLC | No | 11/30/2015 |
| 2. **Marielle Macher*** | Community Justice Project | No - Referred | 11/02/2015 |
| 3. James P. DeAngelo | McNees Wallace & Nurick LLC | No | 10/19/2015 |
| 4. Ira A. Burnim | Bazelon Center | No | 10/19/2015 |
| 5. Maricela Rosales | Disability Rights Legal Center | No | 10/28/2015 |
| 6. Jasmin Bailey | American Association of People with Disabilities | No | 10/28/2015 |
| 7. Richard J. Landau | RJ Landau Partners PLLC | No | 10/27/2015 |
| 8. Bruce Goldstein | Goldstein, Ackerhalt & Pletcher, LLP | No | 10/27/2015 |
| 9. Robert M. Winter | RSP CHICAGO | No | 10/26/2015 |
| 10. Brendan Lupetin | Meyers, Evans & Associates | No | 10/26/2015 |
| 11. Shelley Wint | Folkman Law Offices, P.C. | No | 10/26/2015 |
| 12. Amy Allbright | Commission on Disability Rights (CDR) | No | 10/25/2015 |
| 13. Nicholas Kelley | Kotin Crabtree & Strong | No | 10/23/2015 |
| 14. **Julie Foster*** | Public Interest Law Center | No - Referred | 10/23/2015 |
| 15. David Ferleger | David Ferleger, Esq. | No | 10/23/2015 |
| 16. David F. Goldstein | Brown Goldstein Levy | No | 10/22/2015 |
| 17. Bruce Seidel | The Arc | No | 10/22/2015 |
| 18. Warren A. Usatine | Cole Schotz P.C. | No | 10/22/2015 |
| 19. Sandy Ballard | Dauphin County Bar Association | No | 10/22/2015 |
| 20. Danna Rodrigues Casserly, | Pennsylvania Health Law Project | No | 10/22/2015 |
| 21. Rahul Munshi, Esquire | CONSOLE LAW OFFICES LLC | No | 10/21/2015 |
| 22. Barbara Kern | Neighborhood Legal services | No | 10/21/2015 |
| 23. Mary Gay | PA Protection & Advocacy | No | 10/21/2015 |
| 24. David Lewis | U.S. Government Accountability Office | No | 10/19/2015 |
| 25. Sarah B. Dragotta | The Law Office of Sarah B. Dragotta | No | 10/19/2015 |
| 26. David Millstein | MILLSTEIN & ASSOCIATES | No | 10/16/2015 |
| 27. Nina T. Pirotti | Garrison, Levin-Epstein, Richardson, Fitzgerald & Pirrotti, P.C. | No | 10/15/2015 |
| 28. Jack Londen | Morrison & Foerster LLP | No | 10/14/2015 |
| 29. Ronece Martinez | Disability Rights Network | No | 10/13/2015 |
| • Note: Attorneys in **ATTORNEYS CONTACTED PRIOR** | **Bold acted as Advocates and disseminated** **TO FILING  INITIAL MOTION FOR** | **Plaintiff's Case To Other** **APPOINTMENT OF** | **Attorneys** **COUNSEL** |

| | | | | |
|---|---|---|---|---|
| 1. | Jonathan James | James, Schwartz & Associates, P.C. | No | 12/11/2014 |
| 2. | Faye Riva Cohen | Law Office of Faye Riva Cohen, P.C. | No | 05/21/2014 |
| 3. | Charles Weiner | Law Offices of Charles Weiner | No | 04/21/2015 |
| 4. | Ronece Martinez | Disability Rights Network | No | 05/08/2014 |
| 5. | Max S. Kennerly | *The Beasley Firm* | No | 12/18/2013 |



ACLU Foundation of Pennsylvania
P.O. Box 60173
Philadelphia, PA 19102
(215) 592-1513 ext 1

November 20, 2015

Richard Katz
3364 Parker Lane
East Stroudsburg, PA 18301

Dear Mr. Katz:

The American Civil Liberties Union of Pennsylvania's legal department has reviewed your complaint. Unfortunately we are unable to offer you legal counsel at this time.

The ACLU of Pennsylvania is a privately funded non-profit organization that seeks to preserve and extend certain constitutional principles, most of which are found in the Bill of Rights. ACLU carries out its mission through political lobbying and public education, and also by undertaking a limited number of legal cases in which a person's or persons' civil liberties have been violated. Our office, however, we have a small legal department, making it impossible to accommodate every individual seeking our assistance.

We recommend that you contact the following organizations:

PA Human Relations Commission (PHRC), Philadelphia
110 N. 8th Street,
Suite 501
Philadelphia, PA 19107
Phone: 215-560-2496
Website: http://www.phrc.state.pa.us/
Contact Person: Communications: 717-783-8266

Equal Employment Opportunity Commission (EEOC), Philadelphia
801 Market Street
Suite 1300
Philadelphia, PA 19107
Phone: 1-800-669-4000
Fax: 215-440-2606
Email: info@eeoc.gov
Website: www.eeoc.gov

Disability Rights Network of PA, Philadelphia Office
The Philadelphia Building
1315 Walnut Street, Suite 500
Philadelphia, PA 19107-4798
Phone: 215-238-8070
Fax: 215-732-3126
Email: drnpa@drnpa.org
Website: http://www.drnpa.org

Toll-Free Americans with Disabilities ACT (ADA) Information Line
Phone: 1-800-514-0301
Website: http://www.ada.gov

Although we cannot guarantee their assistance, they may be better able to help you with your complaint. We are sorry our office cannot do more for you.

Sincerely,

THE AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA