UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


**Richard Katz**
Plaintiff                                                                                       Case No.: **3:15-cv-01187**


v.

**NATIONAL BOARD OF MEDICAL EXAMINERS (NBME)**

3750 Market Street

Philadelphia, PA 19104


and


**FEDERATION OF STATE MEDICAL BOARDS (FSMB)**

400 Fuller Wiser Road, Suite 300

Euless, Texas 76039-3855

Defendants


_____


**PLAINTIFF'S INTERROGATORIES**


Plaintiff, Richard Katz appearing pro se requests that the defendants National Board of Medical Examiners (NBME) and Federation of State Medical Boards (FSMB) respond to the following interrogatories. You are required to answer these interrogatories separately and fully in writing, under oath. You are required to respond to these interrogatories no later than thirty (30) calendar days after receipt of these interrogatories.

## INSTRUCTIONS

A. Each Interrogatory is to be answered fully on the basis of information which is in your possession.

B. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

C. If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D. Every Interrogatory herein shall be deemed a continuing interrogatory and information in addition to or in any way inconsistent with your initial answer to such Interrogatory.

## DEFINITIONS

A. "Plaintiff" means Richard Katz.

B. "Defendants" means NBME and FSMB

C. "you," "your," or "yourself," means the defendants NBME and FSMB and any and all of its current and previous agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on their behalf.

D. "Person", "persons," "people", and "individual" means any natural person, firms, companies, corporations, partnerships, proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

E. "Document," "documents," and "writing" means all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda

(including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

F. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

G. "Produce" and "provide" mean to provide either a legible true copy of the original or any document and/or communication.

H. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

I. "Identify," "identifying," and "identification" when referring to a person mean to provide an identification sufficient notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the defendants.

J. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to teach such document:

1. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

2. The identity or descriptive code number, file number, title or label of such document;

3. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

4. The names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

5. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

6. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

K. In answering these interrogatories, the defendants are requested to furnish not only such information as is available to them but also such information as is known to any of the agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other person or entity past or present acting or purporting to act on behalf of the defendants. In any matter responsive to any of the interrogatories the defendants shall set forth completely the grounds for the asserted privilege, along with copies of the Privacy Act provisions or other written materials upon which such assertion is made. The defendants shall identify as to each privileged communication or document:

1. its date;

2. its author(s);

3. the business title or position of its author(s);

4. its recipient(s);

5. the business title or position of its recipient(s);

6. its number of pages;

7. its stated subject matter;

8. the legal basis upon which the agency claims privilege;

9. the specific portion of the interrogatory or document to which the communication or document is responsive.


Documents are to be labeled to indicate the interrogatory to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you. When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate. If documents once in your possession or under your control are requested or are the subject of an interrogatory, and such documents are no longer in your possession or under your control, state when such documents were most recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction. All of the following interrogatories shall be continuing in nature until the date of the hearing, and you must supplement your answers as additional information becomes known or available to you.

## PLAINTIFF'S INTERROGATORIES

1. **IDENTIFY** all **PERSONS** answering or supplying information used in answering these Interrogatories.

2. State the name, address, and business telephone number of each **PERSON** with personal knowledge regarding the facts and circumstances surrounding the happenings of the occurrences referred to in plaintiffs' complaint.

3. **DESCRIBE** in detail all evidence including documents, affidavits and/or Statements upon which **YOU** intend to rely, or submit at the hearing.

4. **IDENTIFY** all **INDIVIDUALS** who had input into the decision to deny plaintiff exam accommodations for his disability for USMLE Step 1, Step 2 CK and Step 2 CS in 2005 through 2006 and in 2014.

5. **DESCRIBE** the selection process in step by step detail as to how disability applicants were evaluated in 2005 through 2006 and in 2014 for exam accommodations by NBME Disability Services, also state the percentage of disability applicants that were granted accommodations represented by an Attorney vs. those disability applicants that were granted accommodations without an Attorney for these time periods.

6. **EXPLAIN** fully the safeguards used, if any, employed by defendants in the selection process of disability applicants receiving exam accommodations for the USMLE and how this is/was communicated to supervisors/managers involved in order to protect against possible or potential bias or discriminatory actions prohibited by law in the selection process.

7. **EXPLAIN** any changes that occurred within the last ten years to the duties and responsibilities of the role of Compliance Officer of NBME Office of Disability Services and how those changes affected/affects the previous (2005-2006) and current (2014 - 2015) selection process.

8. Please state each reason that **YOU** denied plaintiff exam accommodations for the USMLE Step 1, Step 2 CK and Step 2 CS Exams in 2005 through 2006 and in 2014.

9. For each reason identified in your answer to interrogatory number 8, please **IDENTIFY** each **PERSON** who has knowledge of any fact relating to the reason that **YOU** denied plaintiff exam accommodations for the USMLE Step 1, Step 2 CK and Step 2 CS Exams in 2005 through 2006 and in 2014.

10. Please **IDENTIFY** each **WRITING** relating to denial of plaintiff's exam accommodations requested for the USMLE Step 1, Step 2 CK and Step 2 CS Exams in 2005 through 2006 and in 2014.

11. Do **YOU** contend that denying plaintiff exam accommodations for his disability for the USMLE Step 1, Step 2 CK and Step 2 CS Exams in 2005 through 2006 and in 2014 did not impact plaintiff in a disparate manner?

12. Do **YOU** contend that any reasonable accommodation otherwise available to eliminate the necessity for denying plaintiff exam accommodations for the USMLE Step 1, Step 2 CK and Step 2 CS Exams in 2005 through 2006 and in 2014 could not be accomplished without undue hardship?

13. If **YOU** contend that any reasonable accommodation available to obviate the need for denying plaintiff Exam Accommodations for the USMLE Step 1, Step 2 CK and Step 2 CS Exams in 2005 through 2006 and in 2014 could not be accomplished without undue hardship, please set forth the financial cost of such accommodations.

14. If **YOU** contend that any reasonable accommodation available to obviate the need for denying plaintiff Exam Accommodations for the USMLE Step 1, Step 2 CK and Step 2 CS Exams in 2005 through 2006 and in 2014 could not be accomplished without undue hardship, please set forth any non-financial impact of such reasonable accommodations.

15. Please state whether **YOU** barred plaintiff from taking USMLE Step I after his last attempt in November of 2013 based upon plaintiff's reported disability?

16. Do **YOU** contend that the plaintiff does not suffer from a mental impairment?

17. Do **YOU** contend that plaintiff's mental impairment of Bipolar Disorder, Anxiety Disorder and Specific Phobia did not/does not substantially limit a major life activity?

18. Have **YOU** conducted any investigation to determine whether plaintiff's mental impairment substantially impairs a major life activity?

19. If your answer to interrogatory number 18 was yes, please **IDENTIFY** each **WRITING** relating to such investigation.

20. Do **YOU** contend that plaintiff's mental impairment is insufficiently severe to substantially limit a major life activity?

21. Have **YOU** conducted any investigation to determine whether plaintiff's mental impairment is insufficiently severe to substantially limit a major life activity?

22. If your answer to interrogatory number 21 was yes, please **IDENTIFY** each **PERSON** who participated in such investigation.

23. If your answer to interrogatory number 21 was yes, please **IDENTIFY** each **WRITING** relating to such investigation.

24. Do **YOU** contend that plaintiff's claim is barred by any failure on plaintiff's part to participate in any administrative process?

25. Do **YOU** contend that plaintiff did not suffer emotional distress as a result of the **INCIDENT**?

26. Do **YOU** contend that any treatment plaintiff received for emotional distress was unnecessary?

27. Do **YOU** contend that any treatment plaintiff received for emotional distress was necessitated by a condition that existed prior to the **INCIDENT**?

28. Do **YOU** contend that plaintiff did not suffer damage to plaintiff's reputation as a result of the **INCIDENT?**

29. Please state whether **YOU** considered the risk of denying plaintiff' exam accommodations for the USMLE Step 1, Step 2 CK and Step 2 CS Exams (in 2005 through 2006 and in 2014), that plaintiff could suffer mental health problems and require hospitalization for the excessive stress that he was exposed to under regular exam conditions, repeated studying, repeated subsequent failures due to his disability needs not being met by defendants?

30. If your answer to interrogatory number 29 was yes, please set forth each factor **YOU** considered in determining the likelihood that the harm would occur.

31. If your answer to interrogatory number 29 was yes, please describe the factors **YOU** proceeded notwithstanding your awareness of such risk.

32. If your answer to interrogatory number 29 was yes, please describe the factors **YOU** considered in determining whether the risk could be avoided,

33. Please state whether prior to the time **YOU** denied plaintiff exam accommodations for the USMLE Step 1, Step 2 CK and Step 2 CS Exams in 2005 through 2006 and in 2014, **YOU** considered whether that conduct would impose hardship upon the plaintiff.

34. If your answer to interrogatory 33 was yes, please set forth each factor **YOU** considered in your determination that your conduct posed a risk of hardship to the plaintiff.

35. If your answer to interrogatory number 33 was yes, please set forth each reason **YOU** proceeded notwithstanding the risk of hardship to the plaintiff.

36. If your answer to interrogatory number 33 was yes, please set forth whether **YOU** determined that any benefit **YOU** derived from denying plaintiff accommodations for the USMLE Step 1, Step 2 CK and Step 2 CS Exams in 2005 through 2006 and in 2014 outweighed the risk of hardship to the plaintiff.

37. If **YOU** did not consider the risk that denying plaintiff accommodations for the USMLE Step 1, Step 2 CK and Step 2 CS Exams in 2005 through 2006 and in 2014 posed a risk of hardship to the plaintiff, please state each and every reason why **YOU** did not do so.

38. Please state whether during the last five years whether **YOU** have been made aware of any claim that **YOU** discriminated against any **PERSON** on the basis of disability in evaluating candidates for any of the USMLE Step Exams?

39. If your answer to interrogatory number 38 was yes, please **IDENTIFY** the **PERSON/PERSONS** who advanced the claim(s).

40. If your answer to interrogatory number 38 was yes, please describe the disposition of the claim(s).

41. If **YOU** believed that waiving "The Six Attempt Limit Rule" was not readily achievable did **YOU** consider any alternative to administer the USMLE Exam to persons with documented disabilities who have exceeded their attempt limit on any Step of the USMLE because they were improperly denied accommodations by defendants in the past?

42. If your answer to interrogatory number 41 was yes, please **IDENTIFY** each alternative method of administering the USMLE **YOU** considered.

43. If your answer to interrogatory number 41 was yes, please **IDENTIFY** each **PERSON** who participated in such consideration.

44. If your answer to interrogatory number 41 was yes, please **IDENTIFY** each **WRITING** relating to such consideration.

45. If your answer to interrogatory number 41 was no, please set forth each reason **YOU** did not do so.

46. Do **YOU** contend that plaintiff's claim is barred by any failure on the part of plaintiff to exhaust any administrative remedy?

47. Do **YOU** contend that plaintiff's claim is barred by any failure on the part of plaintiff to render any requisite notice to defendants?

48. Do **YOU** contend that the court in the instant action should not enter its order requiring removal/modification of "The SIX Attempt Limit Rule" and appropriate accommodations under the guidelines of the ADA as promulgated by the Department of Justice?

    Respectfully submitted,

    Richard Katz
    3364 Parker Lane
    East Stroudsburg, PA
    18301
    Pro se

    /s/ Richard Katz_____
    Richard Katz

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served upon:

**Michael Sacks**
Hamburg & Golden, P.C.
1601 Market Street Suite 3310
Philadelphia PA 19103-1443


Date: December 22, 2015

/s/ Richard Katz_____
Richard Katz