UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

**Richard Katz**

Plaintiff                                                                                   Case No.: **3:15-cv-01187**

v.

**NATIONAL BOARD OF MEDICAL EXAMINERS (NBME)**
3750 Market Street
Philadelphia, PA 19104

and

**FEDERATION OF STATE MEDICAL BOARDS (FSMB)**
400 Fuller Wiser Road, Suite 300
Euless, Texas 76039-3855

Defendants

**MOTION TO WAIVE COSTS OF DEPOSITION - FOR LAY AND EXPERT WITNESS FEES, AND COURT REPORTER FEES**

    COMES NOW, plaintiff Richard Katz proceeding pro se and in forma pauperis respectfully moves this Honorable Court to waive costs of deposition – including fees associated with lay and expert witnesses and court reporter.

    Civil litigants in federal courts are generally required to pay their own expenses and certain court costs. **Inherent in a system that conditions access to justice on an ability to pay is the risk that the poor will not be able to protect their rights as effectively as the majority of citizens.** To remedy this systemic defect, Congress enacted an in forma pauperis statute: section 1915 of title 28 of the United States Code, which allows a federal district court to waive various costs and fees that would otherwise create financial obstacles to an indigent civil litigant, and to provide the litigant with an attorney.[1]

---

[1] Kenneth R. Levine, In Forma Pauperis Litigants: Witness Fees and Expenses in Civil Actions, 53 Fordham L. Rev. 1461 (1985).

The United States Court of Appeals for the Eighth Circuit found authorization for prepayment of witness fees in Federal Rules of Evidence 61417 (Rule 614) and 70618 (Rule 706), which authorize a court to call, respectively, lay and expert witnesses. Subdivision (c) of section 1915, states that "witnesses shall attend as in other cases," allows courts to seek authorization for the prepayment of witness fees and expenses from other federal statutes.  Although section 1915 does not itself provide for the prepayment of witness fees by the court in a civil suit, subdivision (c) of the statute leaves the door open for collateral authorization.  Rules 706 and 614 provide such authorization, a court should therefore have the discretion to tax witness fees to a party immediately or to advance the fees itself and later charge them to the parties in proportions it deems appropriate.[2]

The courts should therefore, be encouraged to exercise their discretion in aid of indigent litigants who cannot afford to advance expenses to their witnesses.

A pro se litigant in forma pauperis status is not able to hire a court reporter to cover a hearing because of the associated costs, however, attorneys who represent corporations can hire a court reporter for hearings and trial. When a person is indigent one can file a poverty affidavit and all costs filing fees, fees for service upon defendants and all other costs that might be associated with proceedings for hearings and the eventual trial of a case are waived

In December of 2014 the Supreme Court, through the Judicial Council of Pennsylvania and the AOPC under the Rules of Judicial Administration 4001 through 4016 established an ad hoc advisory committee on **court reporting and transcripts** to develop the new rules.  Some of the benefits of the new rules include:

- Establishing uniform maximum fees for transcripts.
- **Reducing — or waiving — fees for litigants who are unable to pay for them.**
- Encouraging the use of electronic transcripts. This step is designed to reduce transcript costs and enhance the quality and timeliness of the transcripts.
- Directing transcript payments directly to the court rather than to the court reporter.  The counties will have the discretion to determine the amount of transcript fees to be paid to court reporting personnel.
- Creating comprehensive formats for transcription that mirror federal court standards.
- Establishing standardized qualifications and responsibilities for court reporters, recorders and transcriptionists, including their duties as officers of the court.
- Authorizing the redaction of personal identifying information from transcripts to preserve privacy and security.
- Expediting cases requiring priority (e.g., Children's Fast Track appeals).
- Clarifying ownership of the transcripts as property of the court, rather than individual court reporters, and designating a place for filing and storage.

---

[2] Ibid.

In further support of his Motion, plaintiff states as follows:

1. Plaintiff filed his initial complaint on June 17th, 2015 in this Court. Plaintiff petitioned the Court on June 17th to file in forma pauperis. The Court granted plaintiff's request.

2. This is a disability access and discrimination suit alleging that there is an administrative barrier and discriminatory policies in place at the National Board of Medical Examiners (hereinafter NBME) and the Federation of State Medical Boards (hereinafter FSMB) together constituting the USMLE Organization.

3. Plaintiff is an individual with a disability. In 2011 the USMLE Organization (NBME/FSMB) announced that they will place an exam limit to the number of times examinees can take to pass a USMLE Step Exam. The previous policy allowed examinees to take the exam as many times as they needed until passing. In creating this "Six Attempt Limit Rule" the defendants did not make any consideration in their policy development for people with documented disabilities under the ADA program.

The deposition of the following witnesses are necessary for plaintiff to properly represent himself and to prepare for the upcoming hearing:

**Abram Doane, MA, MHA, JD \***
Coordinator, Office for Academic Success
Salus University
8360 Old York Road
Room W-326-C
Elkins Park, PA 19027

Email: oas@salus.edu
Phone: 215-780-1314
Fax: 215-780-1523

\*Pending submission of AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

**Catherine Farmer, Psy.D.**
Director, Disability Services and
ADA Compliance Officer, Testing Programs

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3190
Telephone: (215) 590-9700
Facsimile: (215) 590-9422
E-mail: disabilityservices@nbme.org


**Gerard F. Dillon, Ph.D.**
Vice President, Licensure Program
National Board of Medical Examiners

3750 Market Street
Philadelphia, PA 19104-3190

Email: gdillon@nbme.org
Phone: 215.590.9500


4. The plaintiff is indigent and financially unable to pay the costs of deposition including court reporter fees, lay and expert witness fees.


WHEREFORE, plaintiff respectfully prays that this Honorable Court allow plaintiff the costs and fees of deposition in accordance with Federal Rules of Evidence 61417 (Rule 614) and 70618 (Rule 706), and the procedures of Rules of Judicial Administration 4001 through 4016.

This is the _____8th_____ day of _____January_____, _2016_____


/s/ Richard Katz
_____
Richard Katz
Pro se Litigant

CERTIFICATE OF SERVICE

I Richard Katz certify that a true and correct copy of the foregoing Motion to WAIVE COSTS OF DEPOSITION - FOR LAY AND EXPERT WITNESS FEES, AND COURT REPORTER FEES has been electronically delivered to:

**Michael Sacks**

Hamburg & Golden, P.C.

1601 Market Street Suite 3310

Philadelphia PA 19103-1443

Date: January 8, 2016

/s/ Richard Katz

Richard Katz