

ADMINISTRATIVE OFFICE of PENNSYLVANIA COURTS

**News for Immediate Release**
Dec. 4, 2014

## New rules adopted to enhance court reporting services

**HARRISBURG** — The Supreme Court of Pennsylvania has adopted a comprehensive set of new rules governing court reporting operations to standardize services provided to judges, lawyers and citizens in each of the Commonwealth's 60 judicial districts.

The move to replace an existing set of standards that were in place since 1981 was driven as much by technological advancements as a desire to unify a sometimes confusing mix of court reporting processes in districts across the state. The new rules bring greater clarity to the uniform production, ownership and fees for official transcripts of court hearings and other proceedings.

"These rules were carefully crafted in a partnership among the state's trial judges, court administrators and court reporting professionals to reflect significant changes in technology," Chief Justice of Pennsylvania Ronald D. Castille said. "Implementing these new rules will provide numerous benefits to Pennsylvania's citizens while helping to ensure a unified and efficient system of court reporting."

The Supreme Court, through the Judicial Council of Pennsylvania and the AOPC, established an ad hoc advisory committee on court reporting and transcripts to develop the new rules.

Some of the benefits of the new rules include:

- Establishing uniform maximum fees for transcripts.
  The committee found a wide disparity in the fees charged for transcripts. Higher fees often adversely affected a litigant's ability to obtain transcripts.

- Reducing — or waiving — fees for litigants who are unable to pay for them.

- Encouraging the use of electronic transcripts.
  This step is designed to reduce transcript costs and enhance the quality and timeliness of the transcripts. District court administrators will monitor how promptly transcripts are produced.

- Directing transcript payments directly to the court rather than to the court reporter.
  The counties will have the discretion to determine the amount of transcript fees to be paid to court reporting personnel.

- Creating comprehensive formats for transcription that mirror federal court standards. The committee found discrepancies in margins, indents and lines per page that resulted in more pages and higher costs in some counties.

- Establishing standardized qualifications and responsibilities for court reporters, recorders and transcriptionists, including their duties as officers of the court.

- Authorizing the redaction of personal identifying information from transcripts to preserve privacy and security.

- Expediting cases requiring priority (e.g., Children's Fast Track appeals).

- Clarifying ownership of the transcripts as property of the court, rather than individual court reporters, and designating a place for filing and storage.

> *(A complete copy of the new rules can found on the Pennsylvania Judiciary's website )*
>
> *order - http://www.pacourts.us/assets/opinions/Supreme/out/436jad.pdf?cb=1*
>
> *rules - http://www.pacourts.us/assets/opinions/Supreme/out/436jad-attach.pdf?cb=1*

**Media contact: Art Heinz,** 717-231-3317

   **www.PACourts.us**

###

# IN THE SUPREME COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | NO. 436 |
| | : | |
| ADOPTION OF NEW RULES 4000-4016 AND RESCISSION OF RULES 5000.1-5000.13 OF THE PENNSYLVANIA RULES OF JUDICIAL ADMINISTRATION | : : : : : : : : | JUDICIAL ADMINISTRATION DOCKET |

## ORDER

**PER CURIAM**

    **AND NOW,** this 4th day of December, 2014, it is **ORDERED** pursuant to Article V, Section 10 of the Constitution of Pennsylvania that Rules 4000-4016 of the Pennsylvania Rules of Judicial Administration are adopted in the attached form. It is furthered **ORDERED** that Rules 5000.1-5000.13 of the Pennsylvania Rules of Judicial Administration are rescinded.

    This **ORDER** shall be processed in accordance with Pa.R.J.A. No. 103(b), and shall be effective June 1, 2015.

# Rules of Judicial Administration 4001 through 4016

**Rule 4001.   Scope of Rules**.  Policy

(A)     These rules shall govern the making, preserving and transcribing of the record of proceedings before any trial court of record within the Unified Judicial System.

(B)     Because complete and verbatim notes of testimony and transcripts are integral to the official record of court proceedings, it is the policy of the Unified Judicial System to ensure that (1) qualified court reporting services are available in each judicial district and that court reporters are fairly compensated, (2) transcripts are timely produced and are affordable to all litigants, and (3) efficient technologies are employed to reduce litigation costs and conserve public resources.

*Comment*: These rules are promulgated pursuant to the administrative and supervisory authority granted to the Supreme Court by Article V, § 10 of the Pennsylvania Constitution.  *See also* 42 Pa.C.S.A. §1724(a)(10).

**Rule 4002.   Definitions**

*Condensed transcript* means a miniaturized copy of the original transcript printed in such a way as to place more than one page of transcript on a single sheet of paper.

*Court recorder* means an individual employed, contracted or utilized by a court to record testimony by electronic means (audio or audio-visual).

*Court reporter* means an individual employed, contracted or utilized by a court to record testimony whether through use of a stenotype machine, stenomask equipment, written symbols, or otherwise.

*Court reporter's dictionary* is a computer file that matches a court reporter's steno strokes with English text.  A court reporter's personal dictionary is an essential part of a computer aided transcription (CAT) system.

*Court reporting personnel* includes court reporters, court recorders, transcriptionists and any other personnel whether employed or contracted who make the court record for use in any Pennsylvania court.

*Daily transcript* means a transcript delivered within eighteen (18) hours of an official request, not including weekends or official court holidays. For the purposes of additional payment, a transcript is a daily transcript only if it is in fact delivered within the above time limit.

*Digital audio files* are those files created by digital recording systems and saved in a format that allows storage and playback through computer applications.

*Electronic transcript* means an official transcript delivered in an electronic, non-paper medium.

*Expedited transcript* means a transcript delivered within seventy-two (72) hours of an official request, not including weekends or official court holidays.  For the purposes of additional payment, a transcript is an expedited transcript only if it is in fact delivered within the above time limit.

*Filing office* refers to an office without regard to title that has the responsibility and function in each judicial district to maintain the official dockets and case files of the court.

*Financial institution account identifiers* means financial institution account numbers, credit card numbers, debit card numbers, PINS or passwords to secure accounts, and other account identifying information.

*Notes of testimony* means the official recording of an oral proceeding made whether through use of an electronic device, stenomask equipment, stenotype machine, written symbols, or otherwise; and includes the dictionary, media storage files, and other documentation needed to prepare a transcript.

*Ordinary transcript* means a transcript ordered for delivery within the time limits set forth in Rule 4011.

*Rough draft transcript* (computer diskette, hard paper copy, or electronically distributed) is an unedited and uncertified transcript that may contain untranslated or mistranslated stenotype symbols. This also includes notes that appear on paper, unedited electronic data, tapes or other media in the original state in which they existed when they were taken at the time of testimony.

*Transcript* means a certified, written, verbatim record of a proceeding.

*Transcriptionist* means any person employed, contracted or utilized by a court to prepare a transcript of a proceeding from an electronic or other recording. A court recorder and a court reporter may also serve as a transcriptionist.


**Rule 4003.   Committee on Court Reporting and Transcripts**

(A)   The Committee on Court Reporting and Transcripts shall consist of the following members appointed by the Supreme Court of Pennsylvania, one of whom shall be designated as Chair and one of whom shall be designated as Vice-Chair:

   (1)   One representative of the Superior Court of Pennsylvania;

   (2)   One representative of the Commonwealth Court of Pennsylvania;

2

      (3)    Two president judges of the courts of common pleas chosen from among the judicial districts of the Commonwealth;

      (4)    The district court administrator of the Philadelphia County Court of Common Pleas;

      (5)    The district court administrator of the Allegheny County Court of Common Pleas;

      (6)    Two district court administrators chosen from among the judicial districts of the Commonwealth other than Philadelphia and Allegheny;

      (7)    Two providers of court reporting services representing the various methods currently in usage within Pennsylvania; and

      (8)    Two members of the Pennsylvania Bar.

(B)    Initial appointments shall be for one-, two- or three-year terms, and these members may serve one additional three-year term. Thereafter appointments shall be for three years and members shall serve no more than two consecutive three-year terms. A replacement appointee shall serve for the balance of the unexpired term.

(C)    The Committee shall review current rules and practices, and, upon concurrence of the Court Administrator, recommend revisions to the Uniform Rules Governing Court Reporting and Transcripts as may be necessary to effectuate the policy of these rules.

(D)    The Administrative Office shall provide staff support to the Committee.

**Rule 4004. Qualifications and Certification of Court Reporters and Court Recorders**

(A)    No person shall be employed or utilized by a court as a court reporter or court recorder unless certified by the president judge or his or her designee as meeting the minimum criteria set forth in subdivision (B)(1), (B)(2), or (C) except

      (1)    those persons already employed or utilized by a court at the time of the adoption of these rules or

      (2)    those court reporters who hold and maintain a professional certification.

(B)    The minimum criteria for certification of a court reporter are the following**:**

3

  (1) stenographic requirements: the court reporter is capable of recording proceedings at a 95% accuracy level at the following speeds:

    (a) literary at 180 w.p.m.

    (b) jury charge at 200 w.p.m.

    (c) testimony and question and answer at 225 w.p.m.

  (2) voice writing requirements: the court reporter is capable of recording proceedings at a 95% accuracy level at the following speeds:

    (a) literary at 200 w.p.m.

    (b) jury charge at 225 w.p.m.

    (c) two-voice question and answer at 250 w.p.m.

(C) The minimum criteria for certification of a court recorder are the following:

  (1) full familiarity with the controls of the electronic audio or audio-visual equipment;

  (2) adequate hearing acuity to assure a high quality recording;

  (3) insistence on clarity of the recording;

  (4) ability to quickly diagnose and correct routine malfunctions;

  (5) proficiency in note taking; and

  (6) understanding of courtroom procedures and vocabulary.

(D) All persons employed or utilized by a court as a court reporter or court recorder, including those employed or utilized prior to the adoption of these rules, shall be recertified as meeting the above criteria at least every three (3) years.

  (1) Court reporters shall be recertified upon completion of thirty (30) hours of continuing professional education every three (3) years. Proof of attendance shall be submitted to the president judge or his or her designee.

  (2) Court recorders shall be recertified every three (3) years. The president judge may rely upon reports of the district court administrator and the judicial district's judges and quasi-judicial officers to determine whether the requirements set forth in subdivision (C) are satisfactorily met. Those reports must be based on recent courtroom experience and a review of

4

              work products (e.g., lists, log notes, CD recordings) for accuracy, timeliness and quality.

(E)      Any person who fails to meet the minimum criteria at the time of recertification shall be given six months to comply. Anyone who fails to comply with this subdivision shall be prohibited from serving as a court reporter or court recorder.

(F)      The president judge shall verify annually to the Court Administrator compliance with this rule on forms developed by the Administrative Office.

**Rule 4005.   Approval of Transcriptionists**

No person or organization shall be employed or utilized by a court as a transcriptionist unless approved by the president judge.

*Comment*: The American Association of Electronic Reporters and Transcribers (AAERT) recommends the following criteria for transcriptionists: (a) scores at least 70% on an examination with a timed, 100-question, written examination on technical aspects of electronic reporting, courtroom procedures, and vocabulary; and (b) scores at least 98% accuracy on at least ten text pages produced during a half-hour AAERT-prepared audiotape in ASCII, Word, WordPerfect, or WordStar.

**Rule 4006.   Employment and Duties of Court Reporting Personnel**

(A)      The president judge or his or her designee shall select, appoint, and supervise court reporting personnel for the district. The number of court reporting personnel in any district shall be adequate to support the full and unrestricted operation of the courts.

(B)      The president judge or his or her designee shall assign court reporting personnel in a manner as to

        (1)      cover all proceedings and timely produce all transcripts; and

        (2)      substantially equalize the workload of recording testimony, and of transcript production and generating fees.

(C)      All court reporting personnel are officers of the court with a duty to comply with all court regulations and orders and to maintain the highest standards of professional and ethical conduct.

(D)      No court reporting personnel shall work outside his or her official duties unless in full compliance with all rules regarding timeliness of transcripts.

(E)      All court reporters using computer-aided transcription are required to submit to

5

       the president judge or his or her designee a copy of the reporter's dictionary upon employment or contractual engagement. An updated dictionary must be provided to the president judge or his or her designee at least quarterly.

(F)    Court reporters, court recorders and transcriptionists shall file a monthly report with the district court administrator of all ordered or requested transcripts in chronological order indicating the date of each order or request, the case name and number, whether the transcript requires rapid completion (e.g., a Children's Fast Track appeal), the approximate length of the record to be transcribed, the status of the transcription, and the expected date of the filing of the transcript. A court reporter, court recorder or transcriptionist must coordinate the district court administrator or his or her designee whenever courtroom coverage must be arranged in order to timely deliver the transcript.

(G)    The district court administrator shall prepare a summary statistical report of the number of transcripts requested, delivered and pending, as well as the age of all pending transcripts, which shall be forwarded to the Administrative Office quarterly on forms designed by the Court Administrator.

(H)    All court reporting personnel and county administrative personnel are required to comply with all standing and special requests of the Administrative Office for information, including information on transcript cost and fee payments and data relative to transcript production, delivery, and delay.

**Rule 4007. Requests for Transcripts**

(A)    All requests for transcripts shall be set forth on a standardized form provided by the Court Administrator. The form shall indicate the current rates authorized to be charged for transcripts under these rules.

(B)    For an ordinary transcript, the party requesting a full or partial transcript of a trial or other proceeding shall file the original request with the appropriate filing office of the court. Copies of the formal request shall be delivered to:

        (1)    the judge presiding over the matter;

        (2)    the court reporter, court recorder or transcriptionist;

        (3)    the district court administrator or his or her designee; and

        (4)    opposing counsel, but if not represented, the opposing party.

(C)    In courts where daily, expedited or rough draft transcripts are available, requests for these transcripts shall be filed in writing in the appropriate filing office at least 10 days prior to the proceeding. Copies of the written request shall be delivered

       as required by subsection (B). In the event of an emergency, a party may request by oral motion a daily, expedited or rough draft transcript.

(D)    When a private litigant who is responsible for the costs requests a transcript,

     (1)    the litigant ordering a transcript shall make partial payment of the estimated cost of the transcript to the court's designee. Deposit checks are to be made payable to the judicial district or county.

     (2)    the court reporter or transcriptionist shall prepare the transcript upon direction of the court's designee.

     (3)    the court reporter, court recorder or transcriptionist shall notify the ordering party and the court's designee of the completion of the transcript and deliver a copy of the transcript to the judge presiding over the matter. Checks for the final balance are to be made payable to the judicial district or county.

     (4)    upon payment of any balance owed, the court reporter, court recorder or transcriptionist shall deliver the original transcript to the appropriate filing office and copies to the parties.

(E)    When a transcript is requested for which the court or county is responsible for the cost, the court reporter, court recorder or transcriptionist shall prepare the transcript upon receipt of the request.

*Comment*: Nothing in this rule prevents a local court from adopting an electronic filing request procedure provided the request is effectively communicated to the listed persons.

Within the framework of these rules, the particular methods and logistics for receiving and accounting for costs is left to the discretion of the president judge and district court administration. Note, however, that deposit checks and final payment checks are to be made payable to the judicial district or county, not to the individual court reporter or transcriptionist preparing the transcript.

### Rule 4008.  Transcript Costs Payable by a Requesting Party Other Than the Commonwealth or a Subdivision Thereof

(A)    Costs

     (1)    The costs payable by a requesting party, other than the Commonwealth or a subdivision thereof, for an electronic transcript shall not exceed:

          (a)    for an ordinary transcript, $2.25 per page;

          (b)    for an expedited transcript, $3.25 per page; and

    (c)  for a daily transcript, $4.25 per page.

  (2) When the transcript is prepared in bound paper format, the costs shall be in accordance with paragraph (1) relating to electronic format plus a surcharge of $0.25 per page.

***Comment:***  The rules encourage the use of electronic transcripts which will result in reduced costs for preparing and distributing transcripts.  No-cost, user-friendly software is available for converting text files into PDF format (see Rule 4010(B)).  Unlike paper transcripts, electronic transcripts can offer features such as keyword searches, copy and paste functions, and speedy transmission.  Moreover, the ability to store transcripts and reporters' notes on disks and networks should greatly reduce the courts' storage costs.  Electronic systems support the business trend of moving toward paperless operations and also respond to ecological concerns by reducing paper waste.

Many judges prefer to read paper transcripts, including condensed transcripts, and these rules do not inhibit the practice.  However, when a condensed paper transcript is ordered by a party, the surcharge of $0.25 per page in Rule 4008(A)(2) shall refer to $0.25 per sheet of paper, regardless of the number of pages of transcript on the sheet.

(B) Economic hardship – minimum standards

  (1) Transcript costs for ordinary transcripts shall be waived for a litigant who has been permitted by the court to proceed *in forma pauperis* or whose income is below the poverty line as defined by the U.S. Department of Health and Human Services (HHS) poverty guidelines for the current year.

  (2) Transcript costs for ordinary transcripts shall be reduced by one-half for a litigant whose income is less than 200 percent of poverty as defined by the HHS poverty guidelines for the current year.

  (3) The court shall advise litigants of the procedure for requesting a waiver or reduction of costs.

***Comment****:* Transcript costs can be quite expensive.  By establishing minimum standards, subdivision (B) is intended to ensure that costs do not effectively deny access to the court system to impoverished persons and persons of limited financial means when further proceedings necessitate a transcript.  Procedures for waiving or reducing transcripts costs must be published by the court and clearly communicated to litigants.

(C) Assignment and allocation of transcript costs

  (1) *Assignment of costs.*  The requesting party, or party required by general rule to file a transcript, shall be responsible for the cost of the transcript.  Costs shall not be assessed against any party for transcripts prepared at the initiation of the court.

(2) *Allocation of costs.* When more than one party requests the transcript, or are required by general rule to file the transcript, the cost shall be divided equally among the parties.

(D) Copies of transcript

(1) An electronic copy of the transcript shall be provided without charge to all parties other than the requesting party. A paper copy may be purchased at the surcharge rate specified in Rule 4008(A)(2).

(2) The cost of copies prepared for the court or filing office are included in the costs set forth in Rule 4008(A) and shall not be charged to any party.

(3) The cost charged to the public for a copy of a transcript that has been filed of record shall not exceed $0.25 per page.

*Comment*: As no additional effort is needed to produce a copy of an electronic transcript, no copy charges may be levied upon the parties. With respect to a non-party (i.e., general public) request for a photocopy of a transcript, Rule 4007(D)(4) anticipates that the filing offices of the judicial district are the proper custodians of court case records and transcripts. Rule 4008(D)(3) provides that the cost charged to the public for a transcript copy that has been filed of record shall not exceed $0.25 per page, regardless of the form or location in which the transcript is filed or stored. At this time, the rules do not require the sale of electronic transcripts to the public.

(E) Additional Costs

No transcript or related costs may be charged to the parties or the public other than those listed in subdivisions (A), (B) and (D) without the written approval of the Court Administrator.

(F) Requests for Rate Increases

The president judge of a judicial district may request an increase in the rates prescribed in subdivision (A) by submitting a written request to the Committee on Court Reporting and Transcripts. The request shall only be approved where it is established that the judicial district faces an economic hardship caused by the current rates and that the requested rates are reasonable. If the Committee approves the request by majority vote, it shall be forwarded to the Court Administrator for review. If the Court Administrator determines that the increase is necessary, the request shall be forwarded to the Supreme Court.

**Rule 4009.   Fees Payable to the Court Reporter or Transcriptionist by the Judicial District.   Local Rule**

Each judicial district shall promulgate and publish a local rule establishing the fees to be

paid to court reporters and transcriptionists for all court reporting products.

>NOTE: For rules governing the promulgation of local rules, see Pa.R.J.A. No. 103(c).

*Comment:* By local rule, each judicial district shall set forth a comprehensive schedule of fees to be paid to court reporting personnel for all transcript products. While the maximum costs that may be charged to litigants or the public is fixed by Rule 4008, and may not be exceeded, a judicial district has the discretion to pay court reporters and transcriptionists a differing amount. In sum, these rules provide that litigants pay the transcript costs to the court according to the statewide schedule set forth in Rule 4008. The court, in turn, pays transcript fees to the court reporting personnel according to the fee schedule set by the judicial district.

The fee schedule of a judicial district must specify the fees that court reporters and transcriptionists are paid for both transcripts requested by litigants and transcripts requested by the Commonwealth or a subdivision thereof. Therefore, at a minimum, the local rule required in Rule 4009 must include the fees payable to court reporters and transcriptionists for (1) private-party transcripts, (2) transcripts ordered by governmental entities, (3) indigency and economic hardship cases, and (4) accelerated delivery surcharges.

**Rule 4010.  Format of Transcript**

(A)    The format of paper transcripts shall be as follows:

   (1)    *Size.* Paper size shall be 8 1/2 x 11 inches.

   (2)    *Paper*. Paper shall be opaque, white, archival quality paper, at least 13 pounds for both originals and copies.

   (3)    *Preprinted Marginal Lines.* Pages shall contain preprinted solid left and right marginal lines.  Preprinted top and bottom marginal lines are optional.

   (4)    *Line Numbers*. Each page shall bear numbers indicating each line of transcription on the page.

   (5)    *Number of Lines per Page*. Each page shall contain 25 lines of text. The last page may contain fewer lines if it is less than a full page of transcription. Page numbers or notations (e.g., page headers) shall not be considered part of the 25 lines of text.

   (6)    *Margins.* Typing shall begin on each page at the 1 3/4 inch left margin and continue to the 3/8 inch right margin.

(7) *Type Size.* The letter character size is to be 12 point with 10 letters to the inch. This type size provides for approximately 63 characters to each line. Courier 12 point type is recommended.

(8) *Spacing.* Lines of text shall be double spaced.

(9) *Indentations.*

    (a) *Q and A.* All "Q" and "A" designations shall begin at the left margin. The statement following the "Q" and "A" shall begin on the fifth space from the left margin. Subsequent lines shall begin at the left margin. Since depositions read at a trial have the same effect as oral testimony, the indentations for "Q" and "A" should be the same as described above. In the transcript, each question and answer read should be preceded by a quotation mark. At the conclusion of the reading, a closing quotation mark should be used.

    (b) *Colloquy.* Speaker identification shall begin on the tenth space from the left margin followed directly by a colon. The statement shall begin on the third space after the colon. Subsequent lines shall begin at the left margin.

    (c) *Quotations.* Quoted material other than depositions shall begin on the tenth space from the left margin, with additional quoted lines beginning at the tenth space from the left margin, with appropriate quotation marks used.

    (d) *Interruptions of Speech and Simultaneous Discussions.* Interruptions of speech shall be denoted by the use of a dash at the point of interruption, and again at the point the speaker resumes speaking.

    (e) *Page Heading (also known as "Headers").* A page heading is brief descriptive information noted to aid in locating a person and/or event in a transcript. Page headings shall appear above line 1 on the same line as the page number. This information shall not to be counted as a line of transcript.

    (f) *Parentheses.* Parenthetical notations shall be marked by parentheses. They shall begin with an open parenthesis on the fifth space from the left margin, with the remark beginning on the sixth space from the left margin. Parentheses are used for customary introductory statements such as call to order of court or swearing in a witness. Parentheses are also used for indicating non-verbal behavior, pauses, and readback/playback.

(B) Electronic transcripts shall comply with the format standards set forth in Rule 4010(A)(3) through (9) for paper transcripts and, in addition, shall be in PDF format with the following settings:

    (1) *functions disabled*: content changes

    *(2)* *functions enabled*: search, select, copy, paste and print.

**Comment:** Rule 4010 standards for both paper and electronic transcripts, which closely follow federal court standards, assure that all transcripts of proceedings before the Pennsylvania courts are formatted in the same way, whether prepared by official court reporters or transcriptionists, contract or per diem personnel, or by transcription companies.

**Rule 4011. Deadline for Delivery of Transcript**

(A) The court reporter or transcriptionist shall deliver the transcript within 30 calendar days of receiving notice to prepare the transcript as provided by Rule 4007, unless an accelerated timeframe is mandated by law. The court reporter or transcriptionist, upon a showing of good cause to the president judge or his or her designee, may request an extension of the deadline for a period of time not to exceed an additional 30 days. In no case shall more than one extension be granted.

(B) Transcripts prepared pursuant to the Children's Fast Track Appeal program shall be given priority.

    NOTE: For rules governing children's fast track appeals, see Pa.R.A.P. 102 *et seq*.

**Rule 4012. Sanctions for Delayed Transcript**

(A) The president judge may take disciplinary action, including reassignment, reduction of fees, contempt of court, or decertification against any court reporter, court recorder, or transcriptionist who impedes the prompt administration of justice, whether by protracted delinquency in a single case or by engaging in a pattern of delinquency in a number of cases.

(B) The failure of a court reporter or transcriptionist to complete the notes within the time imposed by these rules or by court order, which delays transmission of the complete record to the appellate court, interferes with the reviewing court's proceedings. The appellate court may enter an order to compel the preparation, filing and transmission of the notes and may take disciplinary action including contempt of court or reduction of fees.

(C) A district court administrator or his or her designee may cause a transcript to be

        prepared by another court reporter or transcriptionist from notes in the event of the inability, unavailability, or unwillingness of the individual who took the notes to do so within the time ordered by the court.

(D)      The Court Administrator shall notify the Supreme Court of Pennsylvania of instances of unreasonable delay in preparing transcripts. The Court Administrator may recommend imposition of sanctions, including decertification of individual court reporters or transcriptionists.

(E)      The president judge shall ensure that the number, proficiency and organization of court reporting personnel in any district are adequate to support the full and unrestricted operation of the courts. When transcript delay is caused by an insufficient supply of qualified court reporters or other staff resources, or inefficient management of the court reporting operation, the Supreme Court may direct the president judge to take immediate corrective actions.

**Rule 4013.   Certification of Transcript**

Court reporting personnel who take the notes, record or transcribe a proceeding shall certify that the transcript of proceedings is true and correct and meets the format specifications established by the Supreme Court of Pennsylvania in Rule 4010. When more than one person was engaged in the production of the transcript, each shall certify as to his or her contribution.

**Rule 4014.   Redaction of Personal Data Identifiers**

(A)      On its own motion, or upon motion of any party, the court may order the court reporter or transcriptionist preparing the transcript to redact the following personal data identifiers:

        (1)    Social Security numbers;

        (2)    financial institution account identifiers;

        (3)    dates of birth;

        (4)    names of minor children;

        (5)    home addresses and telephone numbers; and

        (6)    other identifiers as privacy and security may require.

(B)      Information that is redacted shall, unless otherwise directed by the court, appear in transcripts that are provided to the court and to the parties, but not in any

13

> transcript filed in the appropriate filing office or provided to any other requestor.

### Rule 4015.   Ownership of Notes

Notes of testimony of court proceedings, stenographic notes, tapes, rough draft transcripts or other media used by court reporting personnel to record or monitor a proceeding in or for a court as well as any transcriptions thereof, are the exclusive property of the judicial district.

*Comment:* Nothing in these rules prohibits someone who has lawfully obtained a transcript from making a copy.

### Rule 4016.   Storage and Retention

(A)   Each judicial district shall make provision for the archiving, storage and retention of transcribed and untranscribed notes of testimony, rough draft transcripts, reporter and recorder log notes, tapes, other electronic or digital audio files, and any hardware, software, tools or dictionaries necessary for proper transcription.

(B)   Notes of testimony and other materials specified in subdivision (A) shall be retained in compliance with the *Record Retention and Disposition Schedule with Guidelines* adopted by the Supreme Court.

*Comment:* Each judicial district is responsible for the preservation of the transcript production materials listed in Rule 4016(A) in a form that guarantees their accuracy, authenticity, and accessibility.  These materials must be protected from loss arising from personnel turnover in the court, environmental hazards, or unsecured access.

Exhibits admitted into evidence are part of the court record and must be maintained with the official court record in the appropriate filing office.  Excluded here are drugs, weapons, and other dangerous materials kept in secure locations by law enforcement for production on appeal or for a new trial, or pending forfeiture or destruction order of the court.  Original materials shall not be maintained in the personal files of court reporting personnel.