IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 3:15-cv-1187 |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | (MARIANI, J.) |
| EXAMINERS, et al. | : | (SAPORITO, M.J.) |
| | : | |
| Defendants | : | |

**DEFENDANTS' MOTION TO OVERRULE PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED SUBPOENAS, TO REQUIRE PLAINTIFF TO SIGN AUTHORIZATIONS, AND FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S REQUEST FOR PERSONNEL FILES OF DEFENDANT NBME'S EMPLOYEES**

Defendants, the National Board of Medical Examiners (NBME) and the Federation of State Medical Boards (FSMB), respectfully seek an Order resolving several related discovery disputes that will permit defendants to obtain pertinent records from plaintiff's medical providers and schools. Discovery is scheduled to be completed by February 15, 2016.

1. Plaintiff Richard Katz, pro se, filed this civil action against the NBME on June 17, 2015. Plaintiff filed an amended complaint naming the FSMB as a defendant on August 12, 2015. Defendants filed their answer and affirmative defenses on August 28, 2015.

2. Plaintiff sought leave to file a second amended complaint on October 1, 2015, followed by various "addenda." Plaintiff re-filed the motion on November 17, 2015. On November 24, 2015, defendants opposed the motion to file a second amended complaint because the proposed amended complaint failed to comply with Local Rule 15.1, which requires a proposed amendment to be "complete in itself including exhibits." That motion is pending.[1]

---

[1] At the present time, there are multiple motions pending, all of which were filed by the plaintiff, including a second motion to appoint counsel, a motion to waive costs for depositions and expert witnesses, and a motion to modify preliminary pretrial order.

3. On September 16, 2015, the Court issued a Scheduling Order which, among other things, requires the completion of discovery on or before February 15, 2016. Katz served interrogatories and a request for documents to which answers are due on February 3 and February 10, 2016, respectively. Defendants have already provided plaintiff with documents numbered NBME/Katz 0001-0217. Defendants served a request for documents to which an answer is due February 8, 2016. Plaintiff's deposition is scheduled on February 4, 2016.

4. On January 7, 2016, defendants served its request for documents on plaintiff, together with authorizations for the release of medical/psychiatric records, educational records, and work records, and requested that plaintiff sign the authorizations and return them to defendants so defendants could send for relevant and discoverable records pertaining to him. Exhibit 1, authorizations, redacted pursuant to Local Rule 5.2(d).[2] Plaintiff did not respond to the request for the authorizations.

5. On January 19, 2016, in accordance with Fed. R. Civ. P. 45(a)(4), defendants sent plaintiff 14 proposed subpoenas for medical/psychiatric and educational records from providers and schools of which defendants were aware. The subpoenas seek records that are reasonably likely to contain or lead to admissible evidence bearing on plaintiff's request for damages, and on certain of his legal claims. Exhibit 2, defendants' proposed subpoenas, redacted pursuant to LR 5.2(d).

6. Later on January 19, 2016, plaintiff sent three proposed subpoenas to defendants seeking the "confidential personnel files" of three current or former NBME employees. Plaintiff later sent proposed subpoenas for the personnel files of two additional current or former NBME employees. Exhibit 3.

---

[2] So there is no confusion, defendants seek an Order requiring plaintiff to sign **unredacted** authorizations.

7.   Also on January 19, 2016, plaintiff filed an objection with the Court to defendants' proposed subpoenas for his medical/psychiatric and educational records.  Document 74 on the Court Docket.

8.   On January 22, 2015, in accordance with LR 26.3 governing the requirement that parties confer and attempt in good faith to resolve discovery disputes, undersigned counsel for defendants wrote a detailed letter to plaintiff explaining (a) why defendants object to plaintiff's proposed subpoenas for the confidential personnel files of the NBME's current and former employees, (b) why defendants' proposed subpoenas for plaintiff's records are not objectionable, and (c) why plaintiff should sign the authorizations that defendants provided to him.  Exhibit 4.

9.   On January 25, 2016, undersigned counsel for defendants and plaintiff conferred by telephone regarding the discovery issues, and on January 26, 2016, plaintiff confirmed that he would neither withdraw his objections to defendants' proposed subpoenas, nor voluntarily sign the authorizations.

10.   Also on January 26, 2016, plaintiff filed with the Court an "addendum" to his "objection" filed on January 19, 2016.  Document 77 on the Court Docket.

11.   Because of plaintiff's objections, defendants have refrained from serving the subpoenas for records until the Court resolves this discovery dispute.

12.   On January 27, 2016, plaintiff filed a "Motion for Issuance of Subpoena Duces Tecum" pertaining to his request for the personnel files of the NBME employees.  Document 78 on the Court Docket.

13.   For the reasons more fully set forth in the accompanying memorandum of law, defendants now move this Court to:

(a)   overrule plaintiff's objections to defendants' subpoenas;

(b)     require plaintiff to sign the authorizations that defendants provided to him; and

(c)     grant a protective order stating that defendants need not produce the confidential personnel files of the five current or former NBME employees.

RESPECTFULLY SUBMITTED,

/s/ Michael E. Sacks
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States