IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 3:15-cv-1187 |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | (MARIANI, J.) |
| EXAMINERS, et al., | : | (SAPORITO, M.J.) |
| | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO OVERRULE PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED
SUBPOENAS, TO REQUIRE PLAINTIFF TO SIGN AUTHORIZATIONS,
AND FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S REQUEST
FOR PERSONNEL FILES OF DEFENDANT NBME'S EMPLOYEES**

**I.      Introduction**

Plaintiff Richard Katz, a 2004 medical school graduate who has taken and failed Step 1 of the United States Medical Licensing Exam on nine occasions, sued defendants, the National Board of Medical Examiners (NBME) and the Federation of State Medical Boards (FSMB), alleging that the defendants violated the Americans with Disabilities Act when they denied his request for accommodations in 2006.  He further alleges, among other things, that defendants violated the ADA in 2014 when they declined to make an exception and allow him to register to take Step 1 again despite the six attempt limit on taking any step of the USMLE, which became effective for plaintiff in 2012.

In this motion, defendants respectfully seek an Order resolving several related discovery disputes that will permit defendants to obtain pertinent records from plaintiff's medical providers and schools.

As set forth below, defendants request that the Court overrule plaintiff's objections to defendants' proposed subpoenas seeking complete records concerning plaintiff's psychiatric and academic history. Defendants contend that such records are discoverable as bearing on, among other things, plaintiff's claim for damages, his claim that defendants negligently or intentionally caused him emotional distress, and his claim that defendants have impaired his economic opportunities by causing his medical career to be in a state of "perpetual limbo." Defendants also request that the Court order plaintiff to sign the authorizations provided to him so that the mental health providers and academic institutions to which the subpoenas are directed will comply without further need to return to the Court.

Further, defendants object to producing, and seek a protective order related to, plaintiff's request for the confidential personnel files of five current and former NBME employees. Unlike plaintiff, who has opened himself up to scrutiny by filing this lawsuit and seeking damages, those employees have not done anything that should subject them to such an invasion. While their work pertaining to plaintiff's request for accommodations is open to review and scrutiny, their private employment files are not.

## II.     Procedural History

Plaintiff Richard Katz, *pro se*, filed this civil action against the NBME on June 17, 2015. Plaintiff filed an amended complaint naming the FSMB as a defendant on August 12, 2015. Defendants filed their answer and affirmative defenses on August 28, 2015. On October 1, 2015, plaintiff filed a motion for leave to file a second amended complaint, followed by various "addenda." Plaintiff re-filed the motion on November 17, 2015. On November 24, 2015, defendants opposed the motion to file a second amended complaint because the proposed amended complaint that plaintiff filed with the Court failed to comply with Local Rule 15.1,

2

which requires a proposed amendment to be "complete in itself including exhibits." That motion, and several others, remain outstanding.

On September 16, 2015, the Court issued a Scheduling Order which, among other things, requires the completion of discovery on or before February 15, 2016. Katz served interrogatories and a request for documents to which answers are due on February 3 and February 10, 2016, respectively. Defendants have already provided plaintiff with documents numbered NBME/Katz 0001-0217. Defendants served a request for documents to which an answer is due February 8, 2016. Plaintiff's deposition is scheduled on February 4, 2016.

### III. Statement of Facts Pertaining to this Discovery Motion

On January 7, 2016, defendants sent a request for documents to plaintiff, together with authorizations for the release of his medical/psychiatric records, educational records, and work records, and requested that plaintiff sign the authorizations and return them to defendants so defendants could send for relevant and discoverable records pertaining to him. Exhibit 1.[1] Plaintiff did not respond to the request for the authorizations.

On January 19, 2016, in accordance with Fed. R. Civ. P. 45(a)(4), defendants sent to plaintiff 14 proposed subpoenas directed to plaintiff's medical/psychiatric providers and schools of which defendants were aware.[2] The subpoenas seek records that are reasonably likely to contain or lead to the discovery of admissible evidence bearing on plaintiff's request for damages and on certain of his legal claims. Exhibit 2.

As if in response to defendants' proposed subpoenas, plaintiff sent three proposed subpoenas to defendants the same day, seeking the "confidential personnel files" of three current

---

[1] So there is no confusion, defendants seek an Order requiring plaintiff to sign **unredacted** authorizations.
[2] After plaintiff responds to defendants' document request, and his deposition is completed, defendants may prepare additional subpoenas for plaintiff's records.

3

or former NBME employees.  Plaintiff later sent two additional proposed subpoenas.  Exhibit 3.[3] Also on January 19, 2016, plaintiff filed an objection with the Court to defendants' proposed subpoenas for his medical/psychiatric and educational records.  Document 74 on the Court Docket.

In accordance with LR 26.3, the parties conferred and attempted in good faith to resolve the discovery disputes, which included plaintiff's objections to defendants' proposed subpoenas, plaintiff's objection to signing the authorizations, and defendants' objection to plaintiff's subpoenas/document requests seeking personnel files of present and former NBME employees. See Exhibit 4.  The parties have been unable to resolve the discovery disputes, and on January 26, 2016, plaintiff filed with the Court an "addendum" to the "objection" he filed on January 19, 2016.  Document 77 on the Court Docket.  On January 27, 2016, plaintiff filed a "Motion for Issuance of Subpoena Duces Tecum."  Document 78 on the Court Docket.

IV.   **Argument**

    A.   **The Court Should Grant Defendants' Motion to Overrule Plaintiff's Objections to Defendants' Proposed Subpoenas, and Require Plaintiff to Sign the Authorizations for the Release of His Records.[4]**

Plaintiff's proposed second amended complaint contains eight purported causes of action: Discrimination under the ADA; Breach of Contract; "Misleading Conduct"; Negligent or Intentional Infliction of Emotional Distress; "Impairment of Economic Opportunity"; Fraudulent Misrepresentation; Preliminary Injunction; and Discrimination Pursuant to § 504 of the Rehabilitation Act of 1973.  In his prayer for relief, he seeks, among other things, "general and

---

[3] Plaintiff used the format of subpoenas to seek the personnel files of defendant NBME employees, rather than a request for documents.  In the parties pre-motion conference, defendant explained that subpoenas were not necessary, and stated that defendants would treat the subpoenas as document requests.

[4] Defendants address these issues together because they are closely related and the same case law supports both aspects of the relief sought by defendants.

special damages according to proof," "compensatory damages," punitive damages, and "any other relief this court deems, just, proper, and equitable." (sic). Plaintiff's proposed second amended complaint, Document 63 on the Court Docket.

While plaintiff's prayer for relief does not use the words "emotional distress," his request for "general damages" and "compensatory damages," coupled with his cause of action for negligent or intentional infliction of emotional distress, leaves no doubt that he seeks damages for emotional distress.

It is well settled that when a plaintiff seeks damages for emotional distress, he has placed his mental health at issue and the defendants have the right to obtain his medical and psychological records to explore other potential sources of the emotional distress. Hall v. Berdanier, 2013 WL 818603, *2 (M.D.Pa. 2013), Exhibit 5; Furey v. Wolfe, 2012 WL 877115, *2 (E.D.Pa. 2012), Exhibit 6; McKinney v. Delaware County Memorial Hospital, 2009 WL 750181, *3 (E.D.Pa. 2009), Exhibit 7; Topol v. Trustees of the Univ. of Pennsylvania, 160 F.R.D. 476, 477 (E.D. Pa. 1995).

In Hall v. Berdanier, supra, this Court held that when a plaintiff seeks damages for emotional distress, his mental health records are discoverable by the defendant, and he must sign appropriate authorizations for the release of such records:

> As relief in this action, Hall seeks monetary compensation for "pain and suffering" he endured after he was allegedly assaulted on June 4, 2007. ... He also seeks monetary compensation for "the intentional infliction of emotional distress." (*Id.,* ECF p. 13). Based on the allegations of the Complaint, Hall is clearly placing his physical and emotional state following the June 4, 2007, incident at issue in this case. As such, his medical and psychiatric records are relevant and therefore discoverable by Defendants. If Hall wishes to seek damages for these alleged injuries, he must allow Defendants access to his medical and mental health records.

> Defendants' efforts to obtain Hall's medical records have been thwarted by his failure to sign the appropriate Health Insurance Portability and Accountability Act (HIPPA) authorizations which would allow his various health-care providers to release his personal information to defense counsel. Accordingly, Defendants are to provide Hall with the appropriate HIPPA authorizations for the release of his medical and mental-health records. Hall shall promptly sign the release forms and return them to defense counsel. ...

Exhibit 5, 2013 WL 818603 at *2.[5] Accord, Furey, 2012 WL 877115, *2 ("Therefore, in seeking [emotional distress] damages, Plaintiff has put his mental condition at issue and has waived the psychotherapist-patient privilege"); Topol, supra (same).

Moreover, where a plaintiff's mental condition, or material that is reasonably likely to be contained in his psychiatric records, is directly relevant to his legal claims or to the defendants' defenses to those claims, discovery of the plaintiff's psychiatric records is appropriate and permissible. In McKinney, supra, a former nurse who resigned amid suspicions that she diverted prescription drugs for her own use, which she denied, sought damages for emotional distress and loss of earnings. The defendant hospital sought discovery of her mental health records for two reasons: first, because she claimed damages for emotional distress, and second, because an issue in the case involved her denial of drug use, and defendants asserted that her mental health records might shed light on whether she did, in fact, have a documented history of drug abuse. The Court permitted discovery of the plaintiff's mental health records for both reasons:

> Defendant has argued that both Plaintiff's past and current medical records are relevant because they may disclose whether she actually suffered from emotional distress attributable to her resignation, or whether she suffered from some other unrelated emotional stress, which would mitigate Plaintiff's emotional distress claim against Defendants. Furthermore, Defendant has argued that the past and current records are both necessary to fully flesh out the extent, if any, of Plaintiff's drug use and with it any possible defense Defendants might have against this action. It is axiomatic that, at the discovery stage of litigation, the

---

[5] Defendants note that while plaintiff's "Motion to Waive Costs for Depositions and Expert Witnesses" is not at issue here, the Berdanier decision addresses the precise issue raised by plaintiff in that motion: "There is no authority to appoint and pay an expert to assist an indigent litigant in the preparation for a civil suit for damages. ..." 2013 WL 818603 at *3-4.

> evidence sought to be obtained need only be relevant and "need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Fed.R.Civ.P. 26(b)(1)*. Thus, the Court finds that Plaintiffs past and present records are relevant to this case and could lead to the discovery of admissible evidence.

Exhibit 7, 2009 WL 75081, *3.

In this case, plaintiff not only asserts a claim for negligent or intentional emotional distress and seeks damages for emotional distress that he claims defendants caused, which by itself makes his mental health and academic records relevant under the standards of Rule 26(b)(1)[6], he also asserts that defendants' actions have impaired his economic opportunities by causing his medical career to remain in "limbo." Plaintiff's proposed second amended complaint, Document 63, Fifth Cause of Action, page 11. Defendants, therefore, are entitled to discover information in plaintiff's psychiatric and academic records that may shed light on what other factors have caused plaintiff's medical career to be in a state of limbo, including academic and psychiatric factors.

In his "objection" to defendants' proposed subpoenas, plaintiff argues that the information sought is not relevant, that it is overbroad, that it would "invade Katz's privacy and safety," and that defendants should not be permitted to "sniff[] through or attempt[] to defile Katz's medical and/or educational records." Document 74, page 2. Those objections are clearly put to rest by the case law discussed above because the discovery is relevant to the issues in the case. Further, in his "addendum" to his objection, Document 77, plaintiff asserts that matters contained in his psychiatric records "are extremely sensitive and confidential in nature and may be a source of *embarrassment* to him if revealed." (Italics in the original.) Potential

---

[6] Defendants note that Rule 26(b)(1) was amended effective December 1, 2015, to add a "proportionality" consideration to the scope of discovery, particularly as it impacts discovery of electronic records. That change has no impact on the present discussion.

embarrassment, however, is not a basis for objection where the plaintiff has opened himself up to the discovery as discussed above.

Plaintiff further argues in his "addendum" that he offered to compromise by allowing defendants' counsel to "interview" the medical providers. Document 77, page 2. That offer, however, is both unorthodox and impractical. Defendants are not seeking to depose the health care providers, yet the providers would likely see such an "interview" as akin to a deposition, leading to questions about payment for their preparation and interview time, whether they should be represented by attorneys, and the scope of the questioning, just to name a few issues that would arise. Moreover, without seeing the records, defendants might never discover pertinent information about which they don't know to ask.

For all the above reasons, defendants respectfully request that the Court overrule plaintiff's objections to defendants' proposed subpoenas, and order plaintiff to sign the authorizations for the release of his medical/psychiatric, educational and work records.

Plaintiff also raises two ancillary issues that require a brief discussion. First, plaintiff expressed concern that the records in question, once obtained by defendants, might be used for some purpose other than this litigation, such as in a later medical licensure proceeding. Document 77, p. 2. Defendants responded to plaintiff's concern by offering to mark any records received by subpoena "Confidential," and agreeing that they would be used only in this litigation. Defendants have no objection to the Court including such a limitation in its Order.

Second, plaintiff argues that the subpoenas (and presumably the authorizations) should not contain plaintiff's social security number or date of birth, citing privacy concerns. Document 77, p. 2. Based upon counsel's experience, however, medical and academic records are generally maintained by reference to social security numbers and dates of birth. Leaving them

out will likely lead to added work and delay when the providers say they cannot locate pertinent files. Since the subpoenas and authorizations will only go to the entity to whom they are directed, and will not be made public, defendants respectfully request that the Court overrule plaintiff's objection seeking such redaction.

> **B.    The Court Should Grant Defendants' Motion for Protective Order Regarding Plaintiff's Requests for NBME Employee Personnel Files.**

Defendants have objected on relevancy grounds to plaintiff's requests for the confidential personnel files of five current or former employees of the NBME who had involvement with his 2005-2006 request for accommodations on Step 2 of the USMLE.[7]  Plaintiff later modified his request to seek "only" seven portions of such files, which essentially constitute the entire file except for salary or benefit information.  Simply put, the proposed subpoenas for the NBME employees' personnel files seek information that is not relevant to any issue in the case.

Unlike a plaintiff who seeks damages for emotional distress or the loss of a career opportunity, none of the individuals whose personnel files plaintiff seeks brought a lawsuit or seeks damages, and therefore they have not opened themselves up to the same kind of scrutiny that plaintiff has.  While the decisions made by NBME are at issue, the private facts contained in the employees' personnel files are not.

In his "Addendum" filed on January 26, 2016 (Document 77), plaintiff argues that the personnel files are relevant because among the documents defendants have produced in discovery is a 2005 note of a telephone contact by one of the NBME employees in question, Gregory Baker, referring to a ten minute telephone conversation with plaintiff's then psychiatrist

---

[7]     Plaintiff sent proposed subpoenas for the personnel files of the NBME employees, and authorizations to be signed by the employees/ex-employees.  Defendants informed plaintiff that subpoenas and authorizations are unnecessary, and that defendants will treat the proposed subpoenas as requests for documents to which they object on relevancy grounds.  For reasons unknown to defendants, plaintiff subsequently filed a "Motion to Issue Subpoena Duces Tecum" covering the same personnel files.

concerning a request to provide additional information. Based on that note, plaintiff states the following:

> Katz therefore feels that Mr. Baker's credentials and prior casework experience are of the utmost importance to pretrial discovery. Mr. Baker's job description is also very relevant. For instance does Mr. Baker's primary NBME job function consist of calling the disability applicant caregiver, giving the same spiel that he gave Dr. Kreditor in order to defensively document the record for potential litigation purposes? Is Mr. Baker still employed by NBME? If not, why did he leave? How was his performance while employed by NBME (if no longer employed)? Was Mr. Baker recognized with any special accolades by the NBME? Did he receive any specialized training by NBME for this job? Who was Mr. Baker's previous employer? Was Mr. Baker ever reprimanded by NBME? If so, why? Etc.
>
> \*       \*       \*       \*
>
> The answers to the questions posed above are relevant to this case because they will help delineate the mechanics of NBME Disability Services as they relate to Katz's disability accommodation request in 2005-2006. Katz will also get a better understanding of the players that had involvement in the denial of Katz's accommodations for his disability in 2005 through 2006.
>
> Additionally, information obtained by this inquiry may shed light on the more recent 2014 issues that Katz experienced, namely involving the six attempt limit rule and the lack of policy on the part of NBME Disability services in accommodating disability applicants under the Americans with Disability Act (ADA).

Document 77, p. 7-8.

Contrary to plaintiff's argument, the personnel files of the individual employees are not likely to lead to relevant information bearing on the questions plaintiff raises above. Leaving aside curricula vitae and job descriptions contained in such files, which defendants have agreed to produce, information in the files is not likely to lead to admissible evidence on "the mechanics of NBME Disability Services as they relate to Katz's disability accommodation request in 2005-2006," or on "the more recent 2014 issues that Katz experienced, namely involving the six attempt limit rule," nor does he need "a better understanding of the players that had involvement

in the denial of Katz's accommodations for his disability in 2005 through 2006." Simply put, the personnel files are not relevant to any issues in the case.

Plaintiff has served interrogatories and document requests, which are more appropriate vehicles for discovering information on the questions he raises in his "Addendum," quoted above. Defendants are gathering the information to provide timely answers to plaintiff's interrogatories and document requests. However, in the absence of any convincing argument as to the relevance of the NBME employees' personnel files, the NBME objects to producing those files and requests that the Court issue an appropriate protective order.

### V. Conclusion

For all the foregoing reasons, the defendants, the NBME and the FSMB, respectfully request that the Court overrule plaintiff's objections to defendants' proposed subpoenas; require plaintiff to sign and return the authorizations defendants provided to him, without redaction of his social security number or date of birth; and grant defendants' motion for protective order concerning plaintiff's request for the personnel files of five current or former NBME employees.

RESPECTFULLY SUBMITTED,

/s/ Michael E. Sacks
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

## CERTIFICATE OF SERVICE

    I certify that the foregoing Discovery Motion of Defendants, the National Board of Medical Examiners and the Federation of State Medical Boards, is being filed electronically with the Clerk of the Court on January 28, 2016, using the electronic case filing system, which will automatically send email notifications of such filing to registered parties. This motion is also being served by electronic mail and regular mail upon:

    Richard Katz
    3364 Parker Lane
    East Stroudsburg, PA  18301
    cat2400@msn.com

    *Pro se*

/s/ Michael E. Sacks
NEIL J. HAMBURG
MICHAEL E. SACKS
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

January 28, 2016