# EXHIBIT 4

# HAMBURG & GOLDEN, P.C.
Attorneys

1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
Facsimile: (215) 255-8583
sacksme@hamburg-golden.com

James P. Golden
Neil J. Hamburg
Michael E. Sacks
Jane C. Silver
Maureen P. Holland
Catherine Berryman

Writer's Direct Dial:
215-255-8596

January 22, 2016

Richard Katz
3364 Parker Lane
East Stroudsburg, PA  18301

> Re:  Richard Katz v. NBME and FSMB
>      U.S.D.C. for the M.D.Pa., Civ. Action No. 3:15-cv-1187

Dear Richard:

I received your letter dated January 20, 2016, which accompanied two additional proposed subpoenas for the personnel files of current or former NBME employees.  You have now sent proposed subpoenas for the personnel files of Catherine Farmer, Gerard Dillon, Abram Doane, Gregory Baker and Maria Fuentes.  For the reasons discussed below, the NBME objects to producing the records covered in your five proposed subpoenas.

Your January 20, 2016, letter also addresses your objections to the defendants' proposed subpoenas, which you detailed in a filing with the Court on January 19, 2016, titled "Plaintiff's Objection to Defendant's Proposed Subpoena for Production of Medical Records."  You followed that filing with an "attachment" on January 21, 2016, containing one of defendants' proposed subpoenas, together with Local Rule 5.2 which addresses redaction of personal identifiers in court filings.

Middle District of Pennsylvania Local Rule 26.3 requires that the parties confer and make a good faith effort to resolve differences regarding discovery before filing a discovery motion with the court.  In that spirit, I want to review these issues with you in the hope that we can avoid burdening the Court with a discovery motion.

**A.  Discussion Concerning Your Objections to Defendants' Proposed Subpoenas.**

We have requested that you sign authorizations for, and we propose issuing subpoenas seeking, various records in the

Richard Katz
January 22, 2016
Page 2 of 4


possession of mental health providers who have treated you (or provided psychological testing), and schools that you attended. The question, as you touched on in your "Objection," is whether the records sought are relevant to any issue in the case.

There are several reasons that the records sought by the defendants are potentially relevant.  One reason is that you filed this lawsuit seeking damages from the defendants, and any information that bears on your claims for damages is relevant.

Many courts have addressed objections by plaintiffs who request damages, including damages for emotional distress, but object to allowing the defendant to "discover" records that may impact a judge or jury's assessment of what caused or contributed to the plaintiff's emotional distress or other damages claimed.  In my experience, courts generally allow a defendant to obtain any records that may bear on the plaintiff's claim for damages because the plaintiff has placed his health (or mental health) at issue by filing the lawsuit, and has therefore opened himself up to such discovery.  I am providing you with an opinion in <u>Hall v. Berdanier</u>, 2013 WL 818603 (M.D.Pa. 2013), as an example of one such court ruling.

In your proposed second amended complaint, you demand "general and special damages," "any other damages arising from Defendants' actions," and "compensatory damages."  Therefore, it is our position that the defendants are entitled to obtain records from your current and former mental health providers, as well as academic institutions, because the contents of those records may shed light on your claim for damages.

Leaving aside your claim for damages, you have asserted claims for Negligent or Intentional Infliction of Emotional Distress.  That claim justifies discovery by defendants about other issues in your life that may have caused or contributed to your emotional distress, and the records of your mental health care providers and schools may shed light on that issue.

Similarly, you assert a claim for "Impairment of Economic Opportunity" in which you assert that the defendants have caused your medical career to be in a "state of perpetual limbo" for which you seek damages.  Your mental health and academic records are reasonably likely to lead to admissible evidence on the question of other factors that may have contributed to your medical career being in "perpetual limbo."

Richard Katz
January 22, 2016
Page 3 of 4


These are just a few of the reasons that the defendants' proposed subpoenas are appropriate in seeking information that is reasonably calculated to lead to admissible evidence in this case. These reasons rebut your objection that the defendants' subpoenas seek irrelevant or privileged information.

In your "Objection" filed with the Court you also assert that the defendants do not need to issue subpoenas to your medical providers because you have put certain of your medical records on the court docket. I understand your point, but the plaintiff does not get to determine the universe of records that the defendant may review by unilaterally deciding what is and is not relevant. For the reasons discussed above, the defendants have the right to review <u>all</u> potentially relevant records and decide for themselves what they will use as evidence at trial.

You further assert in your Objection that I "overreached" by contacting your providers to ask if they would accept a subpoena by mail. I disagree. It is common practice to request that a business, hospital or school accept service of a subpoena by mail to avoid the cost and imposition of having a process server deliver the subpoena personally. Given your pro se status, I was especially careful to avoid any substantive discussion regarding you or the case, and explicitly limited the very short discussions to whether service by mail would be acceptable. In my view, that is the opposite of "overreaching."

Finally, you said in your Objection that the defendants "advertised" your name, social security number and date of birth on the subpoenas, and thereby "careless[ly] disregard[ed]" your personal information. I'm sure you understand that to date, the proposed subpoenas have been shown only to you. Moreover, assuming you either agree that the subpoenas may be served, or the Court issues an order permitting them to be served, they will not be "advertised," but rather will go only to the specific recipient. Since health care institutions and schools typically maintain records by name, date of birth and social security number, my experience is that seeking documents without those identifiers is not likely to yield any results. Moreover, contrary to the assertion in your "attachment" to the Objection filed with the Court on January 21, 2016, Local Rule 5.2 does not require redaction of personal information in a subpoena. That rule applies to documents filed with the Court clerk because such information would be publicly available to anyone reviewing a court file. That is not the case with a subpoena.

Richard Katz
January 22, 2016
Page 4 of 4

**B.    Discussion of the Defendants' Objections to Your Proposed Subpoenas.**

As noted at the beginning of this letter, the defendants object to your proposed subpoenas seeking the personnel files of five present or former employees of the NBME.[1]  The defendants object on the grounds that the personnel files are not relevant to any issue in the case.  Unlike a plaintiff who seeks damages for emotional distress or loss of a career opportunity, none of the individuals whose personnel files you seek brought a lawsuit or seeks damages from you, and therefore they have not opened themselves up to the same kind of scrutiny that you have.  While the decisions made by individuals in the course of their work are at issue, the private facts that are contained in their personnel files are not.  Therefore, unless you present me with a convincing argument as to the relevance of the individuals' personnel files, the NBME objects to producing those files and will not do so unless ordered by the Court.

Please let me know if, after reviewing this letter, you will withdraw your objections to the defendants' proposed subpoenas.  If not, I will file a motion with the Court.

On a related matter, I have asked you whether you will voluntarily sign and return the authorizations for the release of medical/psychiatric, educational and vocational records that I provided to you on January 7, 2016.  If you decline to sign and return the authorizations, or if you do not respond, I will ask the Court to order you to provide the authorizations so I can provide them along with the subpoenas.

I look forward to your response to this letter.

Sincerely,

*Michael E. Sacks*

Michael Sacks

MES/clf
Enclosure
By regular mail and email to cat2400@msn.com (w/ encl.)
cc:  Neil J. Hamburg, Esquire

---

[1]    Since you are seeking records from the NBME, rather than from a third party, using a subpoena is unnecessary.  We will treat your proposed subpoenas as part of your Request for Documents.