# EXHIBIT 6

2012 WL 877115
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

Kevin FUREY
v.
Police Officer Travis WOLFE, et al.

Civil Action No. 10–1820. | March 15, 2012.

**Attorneys and Law Firms**

Margaret Boyce Furey, West Conshohocken, PA, Patricia A. Heenan, Blue Bell, PA, for Plaintiff.

Jeffrey M. Kolansky, Linda D. Perkins, Jeffrey M. Scott, Archer & Greiner, Philadelphia, PA, Jeffrey S. Simons, City of Philadelphia Law Department, Philadelphia, PA, for Defendants.

**Opinion**

### MEMORANDUM AND ORDER[1]

[1] The Honorable Mary A. McLaughlin has referred all discovery-related issues in this case to the undersigned.

ELIZABETH T. HEY, United States Magistrate Judge.

**\*1** In this action, Plaintiff Kevin Furey ("Plaintiff") alleges that his civil rights were violated by Police Officer Travis Wolfe ("Officer Wolfe"), the City of Philadelphia ("the City"), and Philadelphia Police Commissioner Charles Ramsey ("Commissioner Ramsey") (collectively, "Defendants"), as a result of Officer Wolfe making an off-duty arrest of Plaintiff in the early morning hours of April 5, 2008, and that he suffered physical and emotional damages as a result. Presently before the court are Plaintiff's Motion to Quash Defendants' Subpoenas to Norristown Hospital and Vicki Morrow, M.D. (Doc. 85), Defendants' response thereto filed under seal (Doc. 97), and Plaintiff's reply (Doc. 123). For the reasons that follow, the motion will be denied.

### I. RELEVANT PROCEDURAL HISTORY

On March 10, 2010, Plaintiff commenced this action in the Philadelphia Court of Common Pleas, and on April 23, 2010, Defendants removed it to this Court. *See* Doc. 1. Plaintiff alleges that his civil rights were violated pursuant to 42 U.S.C. § 1983. *See* Compl. at First Cause of Action. Plaintiff also alleges various state law claims against Officer Wolfe. *Id.* at Second Cause of Action. Among other things, Plaintiff alleges that Officer Wolfe unlawfully used force against him without probable cause to believe he had committed a crime, assaulted Plaintiff, subjected him to an unlawful arrest, and committed perjury. *See id.* ¶¶ 9–16. Plaintiff further alleges that Officer Wolfe's conduct was the result of policies, practices and customs and deliberate indifference on the part of the City and Commissioner Ramsey. *See id.* at First Cause of Action.

Most relevant for purposes of the present motion, Plaintiff alleges that he "suffered and continues to suffer ... psychological harms, pain and suffering ... which may be permanent." *See* Compl. ¶ 28. In addition, Plaintiff testified at his deposition that as a result of his arrest, his dormant Lyme disease was exacerbated and he suffered memory problems, cognitive dysfunction and severe emotional distress. *See* Doc. 97 Exh. D ("Pl.'s Dep.") at 27–28, 34–35, 38, 55–56, 61–62, 75, 107–09. Plaintiff received psychiatric treatment at Norristown Hospital and from Dr. Morrow.

On June 30, 2011, Plaintiff's counsel received copies of subpoenas addressed to Norristown Hospital and Dr. Morrow, requesting medical and billing records for Plaintiff. On July 11, Plaintiff filed a motion to quash Defendants' subpoenas, arguing that the subpoenas seek information protected from disclosure by the Federal Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 29 U.S.C. § 1181 et seq., the psychotherapist-patient privilege, and state law regarding the release of treatment records from treating psychotherapists. *See* Doc. 85. On July 19, 2011, Defendants filed a response to the motion under seal, arguing that Plaintiff waived any assertion of privilege by pursuing damages for emotional injury. *See* Doc. 97. Following a court-ordered stay of discovery, which was lifted by Order dated January 11, 2012 (*see* Doc. 118), Plaintiff filed a reply in support of his motion to quash or, in the alternative, seeking in camera review of the records sought. *See* Doc. 123.

### II. DISCUSSION

**\*2** Plaintiff's motion to quash implicates both his psychiatrist's records and psychiatric hospital records. I will consider each in turn, followed by Plaintiff's request for in camera review of the documents sought.

Furey v. Wolfe, Not Reported in F.Supp.2d (2012)

**A. Psychiatrist's Records**
Plaintiff first seeks to quash Defendants' subpoena for his psychiatric medical records. Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Relevance, in turn, is "construed broadly so as to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Furthermore, evidence does not need to be admissible at trial in order to be discoverable, but rather it needs to be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Rule 26(b) (1) further provides that privileged matter is not discoverable. Privilege, in turn, is governed by the Federal Rules of Evidence. Rule 501 provides that, generally, the common law governs a claim of privilege. See Fed.R.Evid. 501. In Jaffee v. Redmond, 518 U.S. 1, 9–10, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the United States Supreme Court recognized the psychotherapist-patient privilege. The Court stated:

> Because we agree with the judgment of the state legislatures and the Advisory Committee that a psychotherapist-patient privilege will serve a "public good transcending the normally predominant principle of utilizing all rational means for truth," we hold that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence.

Id. at 15 (quoting Trammel v. United States, 445 U.S. 40, 50, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980)). The privilege, however, can be waived by the patient. Id. at 15 n. 14.

One way that the patient waives the privilege is by putting his mental condition into issue in the case. See, e.g., Sarko v. Penn–Del Directory Co., 170 F.R.D. 127, 130 (E.D.Pa.1997) ("Lastly, we agree that allowing a plaintiff 'to hide ... behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice.' ") (quoting Premack v. J.C.J. Ogar, Inc. ., 148 F.R.D. 140, 145 (E.D.Pa.1993)); Topol v. Trs. of Univ. of Pa., 160 F.R.D. 476, 477 (E.D.Pa.1995) ("The privilege fails to shield information relevant to a patient's mental state where the patient's mental state is in issue."). When a plaintiff seeks emotional distress damages, the plaintiff is placing his/her mental condition directly at issue, thereby waiving the psychotherapist-patient privilege. See e.g., McKinney v. Del. Cnty. Mem'l Hosp., No. 08–1054, 2009 WL 750181, at *4–5 (E.D.Pa. March 20, 2009) (Tucker, J.) (plaintiff put her mental condition directly at issue by seeking emotional distress damages and consequently waived psychotherapist-patient privilege); Lanning v. Se. Pa. Transp. Auth., Nos. 97–593, 97–1161, 1997 WL 597905, at *2 (E.D.Pa. Sept.17, 1997) (Scuderi, M.J.) (plaintiffs placed their mental condition at issue by seeking emotional distress damages). Among other damages, Plaintiff in this case is seeking emotional distress damages. See Compl. ¶ 28. Therefore, in seeking such damages, Plaintiff has put his mental condition at issue and has waived the psychotherapist-patient privilege. Plaintiff concedes as much in his Reply. See Doc. 123 at 5.

**\*3** Plaintiff also argues that disclosure of his psychiatrist records would violate HIPPA and various Pennsylvania statues. I disagree. Regulations issued pursuant to HIPAA allow medical records to be produced in response to a non-court issued subpoena provided that certain notice and objection requirements have been met. See 45 C.F.R. § 164.512(e)(1)(ii)-(iii). Here, there does not appear to be any issue concerning HIPPA compliance. As for the Pennsylvania statutory provisions, Plaintiff relies on 50 P.S. § 7111 relating to confidentiality of mental health records, 42 Pa.C.S. § 5944 relating to the psychotherapist-patient privilege, and 71 P.S. § 1690.108 relating to confidentiality of records under the Pennsylvania Drug and Alcohol Abuse Control Act. Id.

In Kraus v. Taylor, 710 A.2d 1142, 1144 (Pa.Super.1998), the Pennsylvania Superior Court considered a similar situation in which the plaintiff invoked the same statutory provisions in order to prevent disclosure of his mental health records in response to a subpoena. The court recognized that under both federal and Pennsylvania state law, the patient waives the psychotherapist-patient privilege when he/she places the confidential information at issue. Id. at 1145. Consequently, the court held that, despite the statutes invoked, it would be unfair and prejudicial to prevent the defendant from gaining access to the plaintiff's mental health records. Id. In so holding, the court stated:

> We cannot believe that the Pennsylvania General Assembly intended to allow a plaintiff to file a lawsuit and then deny a defendant relevant evidence, at plaintiff's ready disposal, which mitigates defendant's liability.... Rather, the General Assembly must have intended the privileges to yield before the state's compelling interest "in seeing that truth is ascertained

in legal proceedings and fairness in the adversary process."

Id. (quoting *Thorne v. Universal Props.,* No. 86–0333, 1987 WL 7683, at *2 (E.D.Pa. March 10, 1987)). I find the reasoning of *Kraus* to be persuasive. Therefore, I will deny Plaintiff's motion to quash the subpoena directed to his treating psychiatrist.

**B. Psychiatric Hospital Records**
Plaintiff also seeks to quash Defendants' subpoena for his psychiatric hospital records, namely his admission to Norristown State Hospital in approximately August 2009. Although the same privilege waiver arguments apply to these records as to Plaintiff's psychiatrist's records discussed in the previous section, Plaintiff makes the further argument that he did not receive psychological treatment from the hospital but rather sought treatment there only for a prescription drug reaction with his Lyme disease. *See* Doc. 123 at 3.[2] Additionally, Plaintiff states that he does not intend "to use the Norristown Hospital records in this lawsuit or as an item of damages." *Id.* at 4. Therefore, Plaintiff argues that the hospital records are privileged and not discoverable, and that he has not waived the psychotherapist-patient privilege with respect to those records. *Id.* Furthermore, Plaintiff suggests that the Court may preclude Plaintiff from using the records at trial and preclude testimony relating to Plaintiff's hospital admission in order to be fair to Defendant. *Id.*

[2] Plaintiff testified at his deposition that he was hospitalized because he "was having an adverse reaction to a psychiatric medication," and that "I wasn't taking medication before this incident so I kind of attribute all of that to being assaulted on April 5th ...." *See* Pl.'s Dep. at 107–08.

**\*4** In *McKinney,* Judge Tucker of this court was faced with a similar argument. 2009 WL 750181, at *4. In that case, the plaintiff relied on cases that took a "narrow view" of waiver of the psychotherapist-patient privilege, which requires that plaintiff "make affirmative use of the privileged material in connection with the case" in order to waive the privilege. *Id.* (internal citations omitted). Under the so-called narrow view, the psychotherapist-patient privilege is only waived when the plaintiff/patient makes affirmative use of the privileged material by doing such things as calling the therapist as a witness and introducing communications made to the therapist into evidence. *Id.*

The court, however, held that the narrow view is inconsistent with the approach taken by other courts in the Third Circuit, meaning there is no "affirmative use" requirement and such use is not dispositive. *McKinney,* 2009 WL 750181, at *4–5. In so holding, the court stated: "Similarly, while Plaintiff's assertion that she can and will establish emotional stress damages without resort to expert testimony is technically sound, it misses the point .... The issue ... is ... Defendants' right to defend themselves fully against Plaintiff's claims." *Id.* at *5 (citing *Sanchez v. U.S. Airways, Inc.,* 202 F.R.D. 131, 136 n. 7 (E.D.Pa.2001) ("[N]one of the cases stated ... stand for the idea that just because Plaintiffs do not intend to use expert testimony, the records related to their use of a mental health professional is inviolable.")); *see also Thorne,* 1987 WL 7683, at *2 ("If a plaintiff seeks damages for alleged emotional or psychological injuries, the defendant's case ought not be limited by the plaintiff's decision not to introduce available medical or psychological testimony that bears directly on the truth of the claim."). Consequently, in light of the above discussion, Plaintiff's argument in support of his motion to quash the subpoena directed to the psychiatric hospital on the grounds that he does not intend to rely on those records at trial is unavailing. According to Plaintiff's own deposition testimony the hospitalization related to his psychiatric treatment and the records are therefore relevant and should be produced.

**C. Plaintiff's Request for In Camera Review and/or that the Records be Kept Confidential and Destroyed**
In the alternative, Plaintiff requests that the Court conduct in camera review of Plaintiff's psychiatric records and/or, should the records be disclosed, that they be made subject to an order requiring that they be kept confidential and verifiably destroyed. *See* Doc. 123 at 6. As previously explained, Plaintiff attributes his need for mental health treatment to the incident in question and has placed his mental condition directly at issue by seeking emotional distress damages. As a result, I do not find it necessary to review the psychiatric records in camera.

**\*5** Nevertheless, Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford–El v. Britton,* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Specifically, a court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). In entering a protective order, the court may forbid "inquiry into certain matters" or limit "the scope of disclosure or discovery to certain matters." *Id.*

In *Mines v. City of Philadelphia,* 158 F.R.D. 337, 338–39 (E.D.Pa.1994), the defendant's psychiatric records were

subpoenaed, and the defendant asserted the psychotherapist-patient privilege. The court denied defendant's motion to quash but entered a protective order pursuant to Rule26(c). *Id.* Specifically, the protective order required the plaintiff to maintain confidentiality of the disclosed material by not disclosing the items themselves or their contents to anyone other than the court, the attorneys (and their staff) involved in the matter, and expert witnesses; not releasing the information to third-parties; requiring the plaintiff to return the documents to the defendant after seven days; and preventing the plaintiff from using the information contained in the records for purposes other than prosecuting the lawsuit. *Id.* at 339.

Although Plaintiff's motion to quash will be denied, I conclude that the psychiatric records at issue should be disclosed subject to a protective order. Specifically, Defendants shall maintain confidentiality of the records by not disclosing any portion of the contents to anyone other than the court, the attorneys (and their staff) involved in the matter, and expert witnesses; by not releasing any portion of the records to third-parties; by destroying the records at the conclusion of the litigation and certifying in writing that they have done so; and by not using the information contained in the records for purposes other than prosecuting this lawsuit.

### III. *CONCLUSION*

Plaintiff attributes his need for mental health treatment to the incident in question and has placed his mental condition directly at issue by seeking emotional distress damages. Therefore, I will deny his motion to quash subpoenas directed to both Norristown Hospital and Dr. Morrow. However, given the sensitive nature of psychiatric records, I will make disclosure of the records subject to a protective order whereby Defendants shall maintain the confidentiality of the records by not disclosing any portion of the contents to anyone other than the court, the attorneys (and their staff) involved in the matter, and expert witnesses; by not releasing any portion of the records to third-parties; by destroying the records at the conclusion of the litigation and certifying in writing that they have done so; and by not using the information contained in the records for purposes other than prosecuting this lawsuit. An appropriate order follows.

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2014 Thomson Reuters. No claim to original U.S. Government Works.        4