# EXHIBIT A

Case 3:15-cv-01187-RDM-JFS Document 81-79 Filed 01/29/16 Page 2 of 68

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD KATZ                                :
                                            :
                        Plaintiff           :         CIVIL ACTION
                                            :         NO. 3:15-cv-1187
            v.                              :
                                            :
NATIONAL BOARD OF MEDICAL                   :         (MARIANI, J.)
EXAMINERS, et al.,                          :         (SAPORITO, M.J.)
                                            :
                        Defendants          :

**ORDER**

        AND NOW, this _____ day of _____, 2016, upon consideration of the
Motion of the Defendants to Overrule Plaintiff's Objections to Defendants' Proposed Subpoenas,
to Require Plaintiff to Sign Authorizations, and for a Protective Order Regarding Plaintiff's
Request For Personnel Files Of Defendant NBME's Employees, it is hereby ORDERED that
defendants' motion is Granted, as follows:

        (1)     Defendants may serve the 14 subpoenas to which plaintiff objected;

        (2)     Plaintiff shall sign the authorizations that defendants provided to plaintiff,
without redactions, and shall return both the original signed authorizations and an electronic
copy of each authorization to defendants within three (3) days of this Order, or suffer sanctions
upon further application to the Court;

        (3)     Defendants' motion for protective order is granted, and defendants need
not provide the personnel files of the NBME's current or future employees, or the seven
components of such files enumerated by plaintiff, but shall provide any curricula vitae of the five
employee(s) in the defendants' possession, and shall provide job descriptions for the positions
held by such employees.

                        BY THE COURT:


                        _____
                        JOSEPH F. SAPORITO, JR.
                        United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD KATZ                          :
                                      :
                    Plaintiff         :         CIVIL ACTION
                                      :         NO. 3:15-cv-1187
            v.                        :
                                      :
NATIONAL BOARD OF MEDICAL             :         (MARIANI, J.)
EXAMINERS, et al.                     :         (SAPORITO, M.J.)
                                      :
                    Defendants        :

**DEFENDANTS' MOTION TO OVERRULE PLAINTIFF'S OBJECTIONS TO
DEFENDANTS' PROPOSED SUBPOENAS, TO REQUIRE PLAINTIFF TO SIGN
AUTHORIZATIONS, AND FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S
REQUEST FOR PERSONNEL FILES OF DEFENDANT NBME'S EMPLOYEES**

Defendants, the National Board of Medical Examiners (NBME) and the Federation of

State Medical Boards (FSMB), respectfully seek an Order resolving several related discovery

disputes that will permit defendants to obtain pertinent records from plaintiff's medical providers

and schools. Discovery is scheduled to be completed by February 15, 2016.

1.      Plaintiff Richard Katz, pro se, filed this civil action against the NBME on June 17,

2015. Plaintiff filed an amended complaint naming the FSMB as a defendant on August 12,

2015. Defendants filed their answer and affirmative defenses on August 28, 2015.

2.      Plaintiff sought leave to file a second amended complaint on October 1, 2015,

followed by various "addenda." Plaintiff re-filed the motion on November 17, 2015. On

November 24, 2015, defendants opposed the motion to file a second amended complaint because

the proposed amended complaint failed to comply with Local Rule 15.1, which requires a

proposed amendment to be "complete in itself including exhibits." That motion is pending.[1]

---

[1]     At the present time, there are multiple motions pending, all of which were filed by the plaintiff,
including a second motion to appoint counsel, a motion to waive costs for depositions and expert
witnesses, and a motion to modify preliminary pretrial order.

3.      On September 16, 2015, the Court issued a Scheduling Order which, among other things, requires the completion of discovery on or before February 15, 2016.  Katz served interrogatories and a request for documents to which answers are due on February 3 and February 10, 2016, respectively.  Defendants have already provided plaintiff with documents numbered NBME/Katz 0001-0217.  Defendants served a request for documents to which an answer is due February 8, 2016.  Plaintiff's deposition is scheduled on February 4, 2016.

4.      On January 7, 2016, defendants served its request for documents on plaintiff, together with authorizations for the release of medical/psychiatric records, educational records, and work records, and requested that plaintiff sign the authorizations and return them to defendants so defendants could send for relevant and discoverable records pertaining to him.  Exhibit 1, authorizations, redacted pursuant to Local Rule 5.2(d).[2]  Plaintiff did not respond to the request for the authorizations.

5.      On January 19, 2016, in accordance with Fed. R. Civ. P. 45(a)(4), defendants sent plaintiff 14 proposed subpoenas for medical/psychiatric and educational records from providers and schools of which defendants were aware.  The subpoenas seek records that are reasonably likely to contain or lead to admissible evidence bearing on plaintiff's request for damages, and on certain of his legal claims.  Exhibit 2, defendants' proposed subpoenas, redacted pursuant to LR 5.2(d).

6.      Later on January 19, 2016, plaintiff sent three proposed subpoenas to defendants seeking the "confidential personnel files" of three current or former NBME employees.  Plaintiff later sent proposed subpoenas for the personnel files of two additional current or former NBME employees.  Exhibit 3.

---

[2]      So there is no confusion, defendants seek an Order requiring plaintiff to sign **unredacted** authorizations.

2

7.     Also on January 19, 2016, plaintiff filed an objection with the Court to defendants' proposed subpoenas for his medical/psychiatric and educational records.  Document 74 on the Court Docket.

8.     On January 22, 2015, in accordance with LR 26.3 governing the requirement that parties confer and attempt in good faith to resolve discovery disputes, undersigned counsel for defendants wrote a detailed letter to plaintiff explaining (a) why defendants object to plaintiff's proposed subpoenas for the confidential personnel files of the NBME's current and former employees, (b) why defendants' proposed subpoenas for plaintiff's records are not objectionable, and (c) why plaintiff should sign the authorizations that defendants provided to him.  Exhibit 4.

9.     On January 25, 2016, undersigned counsel for defendants and plaintiff conferred by telephone regarding the discovery issues, and on January 26, 2016, plaintiff confirmed that he would neither withdraw his objections to defendants' proposed subpoenas, nor voluntarily sign the authorizations.

10.     Also on January 26, 2016, plaintiff filed with the Court an "addendum" to his "objection" filed on January 19, 2016.  Document 77 on the Court Docket.

11.     Because of plaintiff's objections, defendants have refrained from serving the subpoenas for records until the Court resolves this discovery dispute.

12.     On January 27, 2016, plaintiff filed a "Motion for Issuance of Subpoena Duces Tecum" pertaining to his request for the personnel files of the NBME employees.  Document 78 on the Court Docket.

13.     For the reasons more fully set forth in the accompanying memorandum of law, defendants now move this Court to:

(a)     overrule plaintiff's objections to defendants' subpoenas;

3

Case 3:15-cv-01187-RDM-JFS Document 81-179 Filed 01/29/16 Page 6 of 68

(b)    require plaintiff to sign the authorizations that defendants provided to him; and

(c)    grant a protective order stating that defendants need not produce the confidential personnel files of the five current or former NBME employees.

RESPECTFULLY SUBMITTED,

/s/ Michael E. Sacks
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the
Federation of State Medical Boards of the United
States

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 3:15-cv-1187 |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | (MARIANI, J.) |
| EXAMINERS, et al., | : | (SAPORITO, M.J.) |
| | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO OVERRULE PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED
SUBPOENAS, TO REQUIRE PLAINTIFF TO SIGN AUTHORIZATIONS,
AND FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S REQUEST
FOR PERSONNEL FILES OF DEFENDANT NBME'S EMPLOYEES**

## I.    <u>Introduction</u>

Plaintiff Richard Katz, a 2004 medical school graduate who has taken and failed Step 1 of the United States Medical Licensing Exam on nine occasions, sued defendants, the National Board of Medical Examiners (NBME) and the Federation of State Medical Boards (FSMB), alleging that the defendants violated the Americans with Disabilities Act when they denied his request for accommodations in 2006.  He further alleges, among other things, that defendants violated the ADA in 2014 when they declined to make an exception and allow him to register to take Step 1 again despite the six attempt limit on taking any step of the USMLE, which became effective for plaintiff in 2012.

In this motion, defendants respectfully seek an Order resolving several related discovery disputes that will permit defendants to obtain pertinent records from plaintiff's medical providers and schools.

As set forth below, defendants request that the Court overrule plaintiff's objections to defendants' proposed subpoenas seeking complete records concerning plaintiff's psychiatric and academic history.  Defendants contend that such records are discoverable as bearing on, among other things, plaintiff's claim for damages, his claim that defendants negligently or intentionally caused him emotional distress, and his claim that defendants have impaired his economic opportunities by causing his medical career to be in a state of "perpetual limbo."  Defendants also request that the Court order plaintiff to sign the authorizations provided to him so that the mental health providers and academic institutions to which the subpoenas are directed will comply without further need to return to the Court.

Further, defendants object to producing, and seek a protective order related to, plaintiff's request for the confidential personnel files of five current and former NBME employees.  Unlike plaintiff, who has opened himself up to scrutiny by filing this lawsuit and seeking damages, those employees have not done anything that should subject them to such an invasion.  While their work pertaining to plaintiff's request for accommodations is open to review and scrutiny, their private employment files are not.

## II.  **Procedural History**

Plaintiff Richard Katz, *pro se*, filed this civil action against the NBME on June 17, 2015.  Plaintiff filed an amended complaint naming the FSMB as a defendant on August 12, 2015.  Defendants filed their answer and affirmative defenses on August 28, 2015.  On October 1, 2015, plaintiff filed a motion for leave to file a second amended complaint, followed by various "addenda."  Plaintiff re-filed the motion on November 17, 2015.  On November 24, 2015, defendants opposed the motion to file a second amended complaint because the proposed amended complaint that plaintiff filed with the Court failed to comply with Local Rule 15.1,

which requires a proposed amendment to be "complete in itself including exhibits." That motion, and several others, remain outstanding.

On September 16, 2015, the Court issued a Scheduling Order which, among other things, requires the completion of discovery on or before February 15, 2016. Katz served interrogatories and a request for documents to which answers are due on February 3 and February 10, 2016, respectively. Defendants have already provided plaintiff with documents numbered NBME/Katz 0001-0217. Defendants served a request for documents to which an answer is due February 8, 2016. Plaintiff's deposition is scheduled on February 4, 2016.

### III.   Statement of Facts Pertaining to this Discovery Motion

On January 7, 2016, defendants sent a request for documents to plaintiff, together with authorizations for the release of his medical/psychiatric records, educational records, and work records, and requested that plaintiff sign the authorizations and return them to defendants so defendants could send for relevant and discoverable records pertaining to him. Exhibit 1.[1] Plaintiff did not respond to the request for the authorizations.

On January 19, 2016, in accordance with Fed. R. Civ. P. 45(a)(4), defendants sent to plaintiff 14 proposed subpoenas directed to plaintiff's medical/psychiatric providers and schools of which defendants were aware.[2] The subpoenas seek records that are reasonably likely to contain or lead to the discovery of admissible evidence bearing on plaintiff's request for damages and on certain of his legal claims. Exhibit 2.

As if in response to defendants' proposed subpoenas, plaintiff sent three proposed subpoenas to defendants the same day, seeking the "confidential personnel files" of three current

---

[1]      So there is no confusion, defendants seek an Order requiring plaintiff to sign **unredacted** authorizations.

[2]      After plaintiff responds to defendants' document request, and his deposition is completed, defendants may prepare additional subpoenas for plaintiff's records.

or former NBME employees.  Plaintiff later sent two additional proposed subpoenas.  Exhibit 3.[3]

Also on January 19, 2016, plaintiff filed an objection with the Court to defendants' proposed

subpoenas for his medical/psychiatric and educational records.  Document 74 on the Court

Docket.

In accordance with LR 26.3, the parties conferred and attempted in good faith to resolve

the discovery disputes, which included plaintiff's objections to defendants' proposed subpoenas,

plaintiff's objection to signing the authorizations, and defendants' objection to plaintiff's

subpoenas/document requests seeking personnel files of present and former NBME employees.

See Exhibit 4.  The parties have been unable to resolve the discovery disputes, and on January

26, 2016, plaintiff filed with the Court an "addendum" to the "objection" he filed on January 19,

2016.  Document 77 on the Court Docket.  On January 27, 2016, plaintiff filed a "Motion for

Issuance of Subpoena Duces Tecum."  Document 78 on the Court Docket.

## IV.    Argument

### A.    The Court Should Grant Defendants' Motion to Overrule Plaintiff's Objections to Defendants' Proposed Subpoenas, and Require Plaintiff to Sign the Authorizations for the Release of His Records.[4]

Plaintiff's proposed second amended complaint contains eight purported causes of action:

Discrimination under the ADA; Breach of Contract; "Misleading Conduct"; Negligent or

Intentional Infliction of Emotional Distress; "Impairment of Economic Opportunity"; Fraudulent

Misrepresentation; Preliminary Injunction; and Discrimination Pursuant to § 504 of the

Rehabilitation Act of 1973.  In his prayer for relief, he seeks, among other things, "general and

---

[3]     Plaintiff used the format of subpoenas to seek the personnel files of defendant NBME employees, rather than a request for documents.  In the parties pre-motion conference, defendant explained that subpoenas were not necessary, and stated that defendants would treat the subpoenas as document requests.

[4]     Defendants address these issues together because they are closely related and the same case law supports both aspects of the relief sought by defendants.

special damages according to proof," "compensatory damages," punitive damages, and "any other relief this court deems, just, proper, and equitable." (sic). Plaintiff's proposed second amended complaint, Document 63 on the Court Docket.

While plaintiff's prayer for relief does not use the words "emotional distress," his request for "general damages" and "compensatory damages," coupled with his cause of action for negligent or intentional infliction of emotional distress, leaves no doubt that he seeks damages for emotional distress.

It is well settled that when a plaintiff seeks damages for emotional distress, he has placed his mental health at issue and the defendants have the right to obtain his medical and psychological records to explore other potential sources of the emotional distress. Hall v. Berdanier, 2013 WL 818603, *2 (M.D.Pa. 2013), Exhibit 5; Furey v. Wolfe, 2012 WL 877115, *2 (E.D.Pa. 2012), Exhibit 6; McKinney v. Delaware County Memorial Hospital, 2009 WL 750181, *3 (E.D.Pa. 2009), Exhibit 7; Topol v. Trustees of the Univ. of Pennsylvania, 160 F.R.D. 476, 477 (E.D. Pa. 1995).

In Hall v. Berdanier, supra, this Court held that when a plaintiff seeks damages for emotional distress, his mental health records are discoverable by the defendant, and he must sign appropriate authorizations for the release of such records:

> As relief in this action, Hall seeks monetary compensation for "pain and suffering" he endured after he was allegedly assaulted on June 4, 2007. ... He also seeks monetary compensation for "the intentional infliction of emotional distress." (*Id.,* ECF p. 13). Based on the allegations of the Complaint, Hall is clearly placing his physical and emotional state following the June 4, 2007, incident at issue in this case. As such, his medical and psychiatric records are relevant and therefore discoverable by Defendants. If Hall wishes to seek damages for these alleged injuries, he must allow Defendants access to his medical and mental health records.

Case 3:15-cv-01187-RDM-JFS Document 91-1 Filed 01/09/16 Page 12 of 68

> Defendants' efforts to obtain Hall's medical records have been thwarted by his
> failure to sign the appropriate Health Insurance Portability and Accountability Act
> (HIPPA) authorizations which would allow his various health-care providers to
> release his personal information to defense counsel. Accordingly, Defendants are
> to provide Hall with the appropriate HIPPA authorizations for the release of his
> medical and mental-health records. Hall shall promptly sign the release forms and
> return them to defense counsel. ...

Exhibit 5, 2013 WL 818603 at *2.[5]  Accord, <u>Furey</u>, 2012 WL 877115, *2 ("Therefore, in seeking

[emotional distress] damages, Plaintiff has put his mental condition at issue and has waived the

psychotherapist-patient privilege");  <u>Topol</u>, supra (same).

Moreover, where a plaintiff's mental condition, or material that is reasonably likely to be

contained in his psychiatric records, is directly relevant to his legal claims or to the defendants'

defenses to those claims, discovery of the plaintiff's psychiatric records is appropriate and

permissible.  In <u>McKinney</u>, <u>supra</u>, a former nurse who resigned amid suspicions that she diverted

prescription drugs for her own use, which she denied, sought damages for emotional distress and

loss of earnings.  The defendant hospital sought discovery of her mental health records for two

reasons: first, because she claimed damages for emotional distress, and second, because an issue

in the case involved her denial of drug use, and defendants asserted that her mental health

records might shed light on whether she did, in fact, have a documented history of drug abuse.

The Court permitted discovery of the plaintiff's mental health records for both reasons:

> Defendant has argued that both Plaintiff's past and current medical records are
> relevant because they may disclose whether she actually suffered from emotional
> distress attributable to her resignation, or whether she suffered from some other
> unrelated emotional stress, which would mitigate Plaintiff's emotional distress
> claim against Defendants. Furthermore, Defendant has argued that the past and
> current records are both necessary to fully flesh out the extent, if any, of
> Plaintiff's drug use and with it any possible defense Defendants might have
> against this action. It is axiomatic that, at the discovery stage of litigation, the

---

[5]    Defendants note that while plaintiff's "Motion to Waive Costs for Depositions and Expert
Witnesses" is not at issue here, the <u>Berdanier</u> decision addresses the precise issue raised by plaintiff in
that motion: "There is no authority to appoint and pay an expert to assist an indigent litigant in the
preparation for a civil suit for damages. …"  2013 WL 818603 at *3-4.

evidence sought to be obtained need only be relevant and "need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Fed.R.Civ.P. 26(b)(1)*. Thus, the Court finds that Plaintiffs past and present records are relevant to this case and could lead to the discovery of admissible evidence.

Exhibit 7, 2009 WL 75081, *3.

In this case, plaintiff not only asserts a claim for negligent or intentional emotional distress and seeks damages for emotional distress that he claims defendants caused, which by itself makes his mental health and academic records relevant under the standards of Rule 26(b)(1)[6], he also asserts that defendants' actions have impaired his economic opportunities by causing his medical career to remain in "limbo." Plaintiff's proposed second amended complaint, Document 63, Fifth Cause of Action, page 11. Defendants, therefore, are entitled to discover information in plaintiff's psychiatric and academic records that may shed light on what other factors have caused plaintiff's medical career to be in a state of limbo, including academic and psychiatric factors.

In his "objection" to defendants' proposed subpoenas, plaintiff argues that the information sought is not relevant, that it is overbroad, that it would "invade Katz's privacy and safety," and that defendants should not be permitted to "sniff[] through or attempt[] to defile Katz's medical and/or educational records." Document 74, page 2. Those objections are clearly put to rest by the case law discussed above because the discovery is relevant to the issues in the case. Further, in his "addendum" to his objection, Document 77, plaintiff asserts that matters contained in his psychiatric records "are extremely sensitive and confidential in nature and may be a source of *embarrassment* to him if revealed." (Italics in the original.) Potential

---

[6] Defendants note that Rule 26(b)(1) was amended effective December 1, 2015, to add a "proportionality" consideration to the scope of discovery, particularly as it impacts discovery of electronic records. That change has no impact on the present discussion.

Case 3:15-cv-01187-RDM-JFS Document 91-1 Filed 01/29/16 Page 14 of 68

embarrassment, however, is not a basis for objection where the plaintiff has opened himself up to the discovery as discussed above.

Plaintiff further argues in his "addendum" that he offered to compromise by allowing defendants' counsel to "interview" the medical providers. Document 77, page 2. That offer, however, is both unorthodox and impractical. Defendants are not seeking to depose the health care providers, yet the providers would likely see such an "interview" as akin to a deposition, leading to questions about payment for their preparation and interview time, whether they should be represented by attorneys, and the scope of the questioning, just to name a few issues that would arise. Moreover, without seeing the records, defendants might never discover pertinent information about which they don't know to ask.

For all the above reasons, defendants respectfully request that the Court overrule plaintiff's objections to defendants' proposed subpoenas, and order plaintiff to sign the authorizations for the release of his medical/psychiatric, educational and work records.

Plaintiff also raises two ancillary issues that require a brief discussion. First, plaintiff expressed concern that the records in question, once obtained by defendants, might be used for some purpose other than this litigation, such as in a later medical licensure proceeding. Document 77, p. 2. Defendants responded to plaintiff's concern by offering to mark any records received by subpoena "Confidential," and agreeing that they would be used only in this litigation. Defendants have no objection to the Court including such a limitation in its Order.

Second, plaintiff argues that the subpoenas (and presumably the authorizations) should not contain plaintiff's social security number or date of birth, citing privacy concerns. Document 77, p. 2. Based upon counsel's experience, however, medical and academic records are generally maintained by reference to social security numbers and dates of birth. Leaving them

out will likely lead to added work and delay when the providers say they cannot locate pertinent files. Since the subpoenas and authorizations will only go to the entity to whom they are directed, and will not be made public, defendants respectfully request that the Court overrule plaintiff's objection seeking such redaction.

B. **The Court Should Grant Defendants' Motion for Protective Order Regarding Plaintiff's Requests for NBME Employee Personnel Files.**

Defendants have objected on relevancy grounds to plaintiff's requests for the confidential personnel files of five current or former employees of the NBME who had involvement with his 2005-2006 request for accommodations on Step 2 of the USMLE.[7] Plaintiff later modified his request to seek "only" seven portions of such files, which essentially constitute the entire file except for salary or benefit information. Simply put, the proposed subpoenas for the NBME employees' personnel files seek information that is not relevant to any issue in the case.

Unlike a plaintiff who seeks damages for emotional distress or the loss of a career opportunity, none of the individuals whose personnel files plaintiff seeks brought a lawsuit or seeks damages, and therefore they have not opened themselves up to the same kind of scrutiny that plaintiff has. While the decisions made by NBME are at issue, the private facts contained in the employees' personnel files are not.

In his "Addendum" filed on January 26, 2016 (Document 77), plaintiff argues that the personnel files are relevant because among the documents defendants have produced in discovery is a 2005 note of a telephone contact by one of the NBME employees in question, Gregory Baker, referring to a ten minute telephone conversation with plaintiff's then psychiatrist

---

[7] Plaintiff sent proposed subpoenas for the personnel files of the NBME employees, and authorizations to be signed by the employees/ex-employees. Defendants informed plaintiff that subpoenas and authorizations are unnecessary, and that defendants will treat the proposed subpoenas as requests for documents to which they object on relevancy grounds. For reasons unknown to defendants, plaintiff subsequently filed a "Motion to Issue Subpoena Duces Tecum" covering the same personnel files.

Case 3:15-cv-01187-RDM-JFS   Document 77   Filed 01/29/16   Page 10 of 12

concerning a request to provide additional information.  Based on that note, plaintiff states the

following:

> Katz therefore feels that Mr. Baker's credentials and prior casework experience
> are of the utmost importance to pretrial discovery.  Mr. Baker's job description is
> also very relevant.  For instance does Mr. Baker's primary NBME job function
> consist of calling the disability applicant caregiver, giving the same spiel that he
> gave Dr. Kreditor in order to defensively document the record for potential
> litigation purposes?  Is Mr. Baker still employed by NBME?  If not, why did he
> leave?  How was his performance while employed by NBME (if no longer
> employed)?  Was Mr. Baker recognized with any special accolades by the
> NBME?  Did he receive any specialized training by NBME for this job?  Who
> was Mr. Baker's previous employer?  Was Mr. Baker ever reprimanded  by
> NBME?  If so, why?  Etc.
>
> \*      \*      \*      \*
>
> The answers to the questions posed above are relevant to this case because they
> will help delineate the mechanics of NBME Disability Services as they relate to
> Katz's disability accommodation request in 2005-2006.  Katz will also get a better
> understanding of the players that had involvement in the denial of Katz's
> accommodations for his disability in 2005 through 2006.
>
> Additionally, information obtained by this inquiry may shed light on the more
> recent 2014 issues that Katz experienced, namely involving the six attempt limit
> rule and the lack of policy on the part of NBME Disability services in
> accommodating disability applicants under the Americans with Disability Act
> (ADA).

Document 77, p. 7-8.

Contrary to plaintiff's argument, the personnel files of the individual employees are not

likely to lead to relevant information bearing on the questions plaintiff raises above.  Leaving

aside curricula vitae and job descriptions contained in such files, which defendants have agreed

to produce, information in the files is not likely to lead to admissible evidence on "the mechanics

of NBME Disability Services as they relate to Katz's disability accommodation request in 2005-

2006," or on "the more recent 2014 issues that Katz experienced, namely involving the six

attempt limit rule," nor does he need "a better understanding of the players that had involvement

in the denial of Katz's accommodations for his disability in 2005 through 2006." Simply put, the personnel files are not relevant to any issues in the case.

Plaintiff has served interrogatories and document requests, which are more appropriate vehicles for discovering information on the questions he raises in his "Addendum," quoted above. Defendants are gathering the information to provide timely answers to plaintiff's interrogatories and document requests. However, in the absence of any convincing argument as to the relevance of the NBME employees' personnel files, the NBME objects to producing those files and requests that the Court issue an appropriate protective order.

## V. Conclusion

For all the foregoing reasons, the defendants, the NBME and the FSMB, respectfully request that the Court overrule plaintiff's objections to defendants' proposed subpoenas; require plaintiff to sign and return the authorizations defendants provided to him, without redaction of his social security number or date of birth; and grant defendants' motion for protective order concerning plaintiff's request for the personnel files of five current or former NBME employees.

RESPECTFULLY SUBMITTED,

/s/ Michael E. Sacks
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the
Federation of State Medical Boards of the United
States

11

Case 3:15-cv-01187-RDM Document 81-1 Filed 01/29/16 Page 18 of 68

## CERTIFICATE OF SERVICE

I certify that the foregoing Discovery Motion of Defendants, the National Board of Medical Examiners and the Federation of State Medical Boards, is being filed electronically with the Clerk of the Court on January 28, 2016, using the electronic case filing system, which will automatically send email notifications of such filing to registered parties. This motion is also being served by electronic mail and regular mail upon:

Richard Katz
3364 Parker Lane
East Stroudsburg, PA 18301
cat2400@msn.com

*Pro se*

/s/ Michael E. Sacks
NEIL J. HAMBURG
MICHAEL E. SACKS
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

January 28, 2016

## CERTIFICATE OF NONCONCURRENCE

I, Michael E. Sacks, Esquire, attorney for the defendants in the foregoing action, the National Board of Medical Examiners and the Federation of State Medical Boards, hereby certify in accordance with Local Rule 7.1 that pro se plaintiff Richard Katz does not concur in the relief requested in this motion.

/s/ Michael E. Sacks
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendant
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

January 28, 2016

## CERTIFICATE PURSUANT TO LOCAL RULE 26.3

I, Michael E. Sacks, Esquire, attorney for the defendants in the foregoing action, the National Board of Medical Examiners and the Federation of State Medical Boards, hereby certify, in accordance with Local Rule 26.3, that I conferred with pro se plaintiff Richard Katz in a good faith effort to resolve by agreement, and without intervention by the Court, the issues raised in this Motion to Overrule Objections and Motion for Protective Order. Such efforts included providing a written explanation of defendants' position, followed by a detailed telephone discussion with plaintiff. Despite such efforts, the parties could not agree.

/s/ Michael E. Sacks
NEIL J. HAMBURG
MICHAEL E. SACKS
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendant
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

January 28, 2016

# EXHIBIT 1

## AUTHORIZATION FOR THE RELEASE OF EMPLOYMENT RECORDS

TO:


RE:  Richard D. Katz
     Social security No.
     Date of Birth:


      I, **RICHARD D. KATZ**, Social Security Number
d/o/b           , hereby authorize and direct the
Custodian of Record or employee(s) of the above named company or
workplace to furnish to Neil J. Hamburg, Esquire, and/or Michael
E. Sacks, Esquire, Hamburg & Golden, P.C., 1601 Market Street,
Suite 3310, Philadelphia, PA   19103-1443, at any time, upon
their request, copies of any and all employment records,
personnel files, performance evaluations, dates of employment,
awards, honors earned, disciplinary violations or other
disciplinary actions or complaints, relating to me, with the
further privilege of personal examination of such records, and
to answer questions about and/or testify regarding me.

    **A COPY OF THIS AUTHORIZATION IS VALID AS THE ORIGINAL.**


_____
RICHARD D. KATZ

Dated: _____

## AUTHORIZATION FOR THE RELEASE OF EDUCATIONAL RECORDS

TO:


RE:  Richard D. Katz
     Social security No.
     Date of Birth:


       I, **RICHARD D. KATZ**, Social Security Number

d/o/b                         hereby authorize and direct the

Custodian of Record or employee(s) of the above named

educational institution to furnish to Neil J. Hamburg, Esquire,

and/or Michael E. Sacks, Esquire, Hamburg & Golden, P.C., 1601

Market Street, Suite 3310, Philadelphia, PA 19103-1443, at any

time, upon their request, copies of any and all educational

records, transcripts, records of academic performance, dates of

attendance, courses of study, disability accommodations, awards,

honors earned, disciplinary violations, and any academic

integrity or other disciplinary actions or complaints, relating

to me, with the further privilege of personal examination of

such records, and to answer questions about and/or testify

regarding me.

       **A COPY OF THIS AUTHORIZATION IS VALID AS THE ORIGINAL.**


                              _____
                              RICHARD D. KATZ

                              Dated: _____

## AUTHORIZATION FOR THE RELEASE OF
## MEDICAL/PSYCHIATRIC/PSYCHOLOGICAL RECORDS

TO:


RE:  Richard D. Katz
     Social security No.
     Date of Birth:


          Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR §164.508, the above-named healthcare provider is hereby authorized to release to Neil J. Hamburg, Esquire and/or Michael E. Sacks, Esquire, of Hamburg & Golden, P.C., 1601 Market Street, Suite 3310, Philadelphia, PA 19103-1443, or any of their representatives, all medical, psychological and/or psychiatric records, including but not limited to diagnoses, test results, intake notes, progress notes, discharge summaries, inpatient and out-patient records, mental health, psychiatric and psychotherapy notes concerning any treatment that **RICHARD D. KATZ**, Social Security Number        , d/o/b has received from you or at your institution, for the testing for or treatment of any psychological or psychiatric condition. **A photostatic copy hereof shall be as valid as the original authorization.** The cost of producing the requested records is to be charged to Hamburg & Golden, P.C.

          The purpose of this authorization and request is to obtain medical/psychiatric/psychological records pertaining to Richard D. Katz's mental and/or psychological condition, which may be relevant as it pertains to certain litigation. Disclosure would be only to the judge, attorneys, parties and witnesses in a civil action brought by Mr. Katz, and will not be divulged to other persons. **This authorization expires December 31, 2016.** The aforementioned expiration date has not passed.

          Richard D. Katz has the right to revoke this authorization in writing by providing a signed, written notice of revocation to the above-named healthcare provider and to Hamburg & Golden, P.C.

          The above-named healthcare provider may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant

2

to this authorization may be subject to re-disclosure and no
longer protected by the privacy regulations promulgated pursuant
to the Health Insurance Portability and Accountability Act
(HIPAA).

   **A COPY OF THIS AUTHORIZATION IS VALID AS THE ORIGINAL.**


_____     Date: _____
RICHARD D. KATZ


Social Security Number:   _____


Date of Birth:            _____

# EXHIBIT 2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | Case Number: 3:15-CV-1187 |
| NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | |

TO:   Holtz Psychological Services
       400 South Oyster Bay Road, Suite 1204
       Hicksville, NY 11801

|  | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | |
|---|---|---|
| PLACE OF TESTIMONY | | COURTROOM |
| | | DATE AND TIME |

| _ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|---|
| PLACE OF DEPOSITION | | DATE AND TIME |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): |
|---|---|

**Your complete file of medical, psychiatric and/or psychological records pertaining to Richard Katz, d/o/b      s.s. no.      including intake forms, assessments, psychological testing, diagnoses, consultations, evaluations, treatment notes, referrals, prescriptions, correspondence, and all other inpatient or outpatient records.**

| PLACE  Gonzalez Saggio & Harlan, LLP | DATE AND TIME |
|---|---|
|       155 Willowbrook Boulevard | February 10, 2016 |
|       Suite 300 | 10:00 a.m. |
|       Wayne, New Jersey 07470 | |

|  | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|---|
| PREMISES | | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)
¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ<br>v.<br>NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | **SUBPOENA IN A CIVIL CASE**<br>Case Number: 3:15-CV-1187 |
| --- | --- |

TO:     William Lupardo
          Director, Sunrise Career Institute, Inc.
          1445 New York Avenue
          Huntington Station, NY 11746

| | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | |
| --- | --- | --- |
| PLACE OF TESTIMONY | | COURTROOM |
| | | DATE AND TIME |

| _ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| --- | --- | --- |
| PLACE OF DEPOSITION | | DATE AND TIME |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): | |
| --- | --- | --- |

**Your complete file pertaining to Richard Katz, d/o/b            , s.s. no.            whether from SUNY Old Westbury or elsewhere, including intake forms, assessments, psychological testing, diagnoses, consultations, evaluations, treatment notes, referrals, recommendations for and/or records of academic or other accommodations, prescriptions, correspondence, and all other records.**

| PLACE   Gonzalez Saggio & Harlan, LLP<br>155 Willowbrook Boulevard<br>Suite 300<br>Wayne, New Jersey 07470 | DATE AND TIME<br>February 10, 2016<br>10:00 a.m. |
| --- | --- |

| | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| --- | --- | --- |
| PREMISES | | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| AO88 (Rev. 1/94) Subpoena in a Civil Case |
|---|

<table>
<tr><td colspan="2" align="center"><b>Issued by the</b></td></tr>
<tr><td colspan="2" align="center"><h1>UNITED STATES DISTRICT COURT</h1></td></tr>
<tr><td colspan="2" align="center"><h2>FOR THE MIDDLE DISTRICT OF PENNSYLVANIA</h2></td></tr>
</table>

| RICHARD KATZ | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | Case Number: 3:15-CV-1187 |
| NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | |

TO:    David Kreditor, MD, PhD.
          380 2nd Ave
          New York, NY 10010

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

— YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**Your complete file of medical, psychiatric and/or psychological records pertaining to Richard Katz, d/o/b          s.s. no.                    including intake forms, assessments, psychological testing, diagnoses, consultations, evaluations, treatment notes, referrals, prescriptions, correspondence, and all other inpatient or outpatient records.**

| PLACE   Hamburg & Golden, P.C. | DATE AND TIME |
|---|---|
| 1601 Market Street, Suite 3310 | February 10, 2016 |
| Phila, PA 19103 | 10:00 a.m. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| AO88  (Rev. 1/94) Subpoena in a Civil Case |
|---|

Case 3:15-cv-01187-RDM Document 91-1 Filed 01/29/16 Page 30 of 68

| AO88 (Rev. 1/94) Subpoena in a Civil Case |
|---|

## Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | Case Number: 3:15-CV-1187 |
| NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | |

TO:    William Lupardo
        Director, Sunrise Career Institute, Inc.
        1445 New York Avenue
        Huntington Station, NY 11746

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**Your complete file pertaining to Richard Katz, d/o/b    , s.s. no.    , whether from SUNY Old Westbury or elsewhere, including intake forms, assessments, psychological testing, diagnoses, consultations, evaluations, treatment notes, referrals, recommendations for and/or records of academic or other accommodations, prescriptions, correspondence, and all other records.**

| PLACE  Gonzalez Saggio & Harlan, LLP | DATE AND TIME |
|---|---|
| 155 Willowbrook Boulevard | February 10, 2016 |
| Suite 300 | 10:00 a.m. |
| Wayne, New Jersey 07470 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| AO88 (Rev. 1/94) Subpoena in a Civil Case |
|---|

| AO88 (Rev. 1/94) Subpoena in a Civil Case |
|---|

**Issued by the**

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ<br>v.<br>NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | **SUBPOENA IN A CIVIL CASE**<br>Case Number: 3:15-CV-1187 |
|---|---|

TO:    Pocono Medical Center
       206 East Brown Street
       East Stroudsburg, PA 18301

| | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | |
|---|---|---|
| PLACE OF TESTIMONY | | COURTROOM |
| | | DATE AND TIME |

| _ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|---|
| PLACE OF DEPOSITION | | DATE AND TIME |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): |
|---|---|

**Your complete file of medical, psychiatric and/or psychological records pertaining to Richard Katz, d/o/b     , s.s. no.     , including intake forms, assessments, psychological testing, diagnoses, consultations, evaluations, treatment notes, referrals, prescriptions, correspondence, and all other inpatient or outpatient records.**

| PLACE   Hamburg & Golden, P.C.<br>      1601 Market Street, Suite 3310<br>      Phila, PA 19103 | DATE AND TIME<br>February 10, 2016<br>10:00 a.m. |
|---|---|

| | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|---|
| PREMISES | | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|                   Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | Case Number: 3:15-CV-1187 |
| NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | |

TO:  The ReDCo Group (Samuel J. Garloff, D.O.; Juanita M. Taylor, M.A.)
16 South Centre Street
Pottsville, PA 17901

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

_ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**Your complete file of medical, psychiatric and/or psychological records pertaining to Richard Katz, d/o/b        , s.s. no.              including intake forms, assessments, psychological testing, diagnoses, consultations, evaluations, treatment notes, referrals, prescriptions, correspondence, and all other inpatient or outpatient records.**

| PLACE   Hamburg & Golden, P.C. | DATE AND TIME |
|---|---|
| 1601 Market Street, Suite 3310 | February 10, 2016 |
| Phila, PA 19103 | 10:00 a.m. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD KATZ<br>v.<br>NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | **SUBPOENA IN A CIVIL CASE**<br>Case Number: 3:15-CV-1187 |

TO:    The Aaron Center
       851 Commerce Blvd., Suite 107
       Dickson City, PA 18519

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**Your complete file of medical, psychiatric and/or psychological records pertaining to Richard Katz, d/o/b    , s.s. no.    , including intake forms, assessments, psychological testing, diagnoses, consultations, evaluations, treatment notes, referrals, prescriptions, correspondence, and all other inpatient or outpatient records.**

| PLACE  Hamburg & Golden, P.C.<br>       1601 Market Street, Suite 3310<br>       Phila, PA 19103 | DATE AND TIME<br>February 10, 2016<br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Defendant | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ<br>v.<br>NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | **SUBPOENA IN A CIVIL CASE**<br>Case Number: 3:15-CV-1187 |
| --- | --- |

TO: St. John's University
     Center for Psychological Services
     15211 Union Turnpike
     Queens, NY 11439

  ☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

  ☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

  ☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**Your complete file of medical, psychiatric and/or psychological records pertaining to Richard Katz, d/o/b     , s.s. no.     , including intake forms, assessments, psychological testing, diagnoses, consultations, evaluations, treatment notes, referrals, prescriptions, correspondence, and all other inpatient or outpatient records.**

| PLACE  Gonzalez Saggio & Harlan, LLP<br>     155 Willowbrook Boulevard<br>     Suite 300<br>     Wayne, New Jersey 07470 | DATE AND TIME<br>February 10, 2016<br>10:00 a.m. |
| --- | --- |

  ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Defendant | DATE |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ | SUBPOENA IN A CIVIL CASE |
|---|---|
| v. | Case Number: 3:15-CV-1187 |
| NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | |

TO: St. Joseph's College – Attention Registrar
278 Whites Bridge Road
Standish, ME 04084

| | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | |
|---|---|---|
| PLACE OF TESTIMONY | | COURTROOM |
| | | DATE AND TIME |

| | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|---|
| PLACE OF DEPOSITION | | DATE AND TIME |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): |
|---|---|

**Your complete file of academic records pertaining to Richard Katz, d/o/b** . **, s.s. no.**
**including but not limited to transcripts, academic advising files, records of the Office of Services for**
**Students with Disabilities, application for admission, honors or awards, and disciplinary files.**

| PLACE   (not determined yet) | DATE AND TIME |
|---|---|
| | February 10, 2016 |
| | 10:00 a.m. |

| | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|---|
| PREMISES | | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ | **SUBPOENA IN A CIVIL CASE** |
| v. | Case Number: 3:15-CV-1187 |
| NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | |

TO:   Saint Joseph's College – Attention Counseling Center
      Saint Joseph's Hall – First Floor
      c/o Saint Joseph's College
      278 Whites Bridge Road
      Standish, ME 04084

| ☐ | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | |
|---|---|---|
| PLACE OF TESTIMONY | | COURTROOM |
| | | DATE AND TIME |

| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|---|
| PLACE OF DEPOSITION | | DATE AND TIME |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): |
|---|---|

**Your complete file of medical, psychiatric and/or psychological records pertaining to Richard Katz, d/o/b     , s.s. no.     , including intake forms, assessments, psychological testing, diagnoses, consultations, evaluations, treatment notes, referrals, prescriptions, correspondence, and all other inpatient or outpatient records.**

| PLACE<br>(not determined yet) | DATE AND TIME<br>February 10, 2016<br>10:00 a.m. |
|---|---|

| | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|---|
| PREMISES | | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ | |
|---|---|
| v. | **SUBPOENA IN A CIVIL CASE** |
| NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | Case Number: 3:15-CV-1187 |

TO:    The Center for Emotional Care
       400 East Burwell Street
       Salem, VA 24153

|  | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | | |
|---|---|---|---|
| | PLACE OF TESTIMONY | COURTROOM | |
| | | DATE AND TIME | |

| _ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|---|
| | PLACE OF DEPOSITION | DATE AND TIME |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): |
|---|---|

**Your complete file of medical, psychiatric and/or psychological records pertaining to Richard Katz, d/o/b          s.s. no.                including intake forms, assessments, psychological testing, diagnoses, consultations, evaluations, treatment notes, referrals, prescriptions, correspondence, and all other inpatient or outpatient records.**

| PLACE    (not determined yet) | DATE AND TIME |
|---|---|
| | February 10, 2016 |
| | 10:00 a.m. |

| _ | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|---|
| | PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| AO88 (Rev. 1/94) Subpoena in a Civil Case |
|---|

## Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ<br>v.<br>NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | **SUBPOENA IN A CIVIL CASE**<br>Case Number: 3:15-CV-1187 |
|---|---|

TO:  St. John's University – Attention Registrar
8000 Utopia Parkway
Queens, NY 11439

| | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. |
|---|---|
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| _ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |
|---|---|
| PLACE OF DEPOSITION | DATE AND TIME |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): |
|---|---|

**Your complete file of academic records pertaining to Richard Katz, d/o/b                 s.s. no.
including but not limited to transcripts, academic advising files, records of the Office of Services for
Students with Disabilities, application for admission, honors or awards, and disciplinary files.**

| PLACE   Gonzalez Saggio & Harlan, LLP<br>155 Willowbrook Boulevard<br>Suite 300<br>Wayne, New Jersey 07470 | DATE AND TIME<br>February 10, 2016<br>10:00 a.m. |
|---|---|

| | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |
|---|---|
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)       Attorney for Defendant | DATE |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| AO88 (Rev. 1/94) Subpoena in a Civil Case |
|---|

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| v. | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | Case Number: 3:15-CV-1187 |

TO:     The New School – Attention Registrar
        79 5th Avenue, 5th Floor
        New York, NY 10003

| _ | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. | |
|---|---|---|
| PLACE OF TESTIMONY | | COURTROOM |
| | | DATE AND TIME |

| _ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|---|
| PLACE OF DEPOSITION | | DATE AND TIME |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): |
|---|---|

**Your complete file of academic records pertaining to Richard Katz, who attended Parsons School of Design in approximately 1988-1992, d/o/b          , s.s. no.                , including but not limited to transcripts, academic advising files, records of the Office of Services for Students with Disabilities, application for admission, honors or awards, and disciplinary files.**

| PLACE   Hamburg & Golden, P.C. | DATE AND TIME |
|---|---|
| 1601 Market Street, Suite 3310 | February 10, 2016 |
| Philadelphia, PA 19103 | 10:00 a.m. |

| | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |
|---|---|
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD KATZ<br>v.<br>NATIONAL BOARD OF MEDICAL EXAMINERS, ET AL | **SUBPOENA IN A CIVIL CASE**<br>Case Number: 3:15-CV-1187 |
| --- | --- |

TO:     The College at Old Westbury – Attention Registrar
        State University of New York
        Campus Center, Room I-102
        Old Westbury, NY 11568

| _ | YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case. |
| --- | --- |

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

| _ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. |
| --- | --- |

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

| X | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): |
| --- | --- |

**Your complete file of academic records pertaining to Richard Katz, d/o/b**      **s.s. no.**
**including but not limited to transcripts, academic advising files, records of the Office of Services for Students with Disabilities, application for admission, honors or awards, and disciplinary files.**

| PLACE     Gonzalez Saggio & Harlan, LLP<br>155 Willowbrook Boulevard<br>Suite 300<br>Wayne, New Jersey 07470 | DATE AND TIME<br>February 10, 2016<br>10:00 a.m. |
| --- | --- |

|  | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. |
| --- | --- |

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael E. Sacks, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

# EXHIBIT 3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

FOR THE MIDDLE     DISTRICT OF     PENNSYLVANIA

Richard Katz

V.

National Board of Medical Examiners et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:15-CV-01187

TO:   National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3190

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

To produce all records regarding employment for J. Abram Doane, including confidential personnel files for sixteen years preceding the date of this authorization. This will further authorize you to provide employment records for J. Abram Doane to pro se plaintiff Richard Katz until two (2) years from the date below.

| PLACE   Richard Katz<br>3364 Parker Lane, East Stroudsburg, PA 18301 | DATE AND TIME<br>2/10/2016 9:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Richard Katz   Digitally signed by Richard Katz<br>DN: cn=Richard Katz, o, ou, email=cat2400@msn.com, c=US<br>Date: 2016.01.19 15:45:46 -05'00' | 1/19/2016 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard Katz
3364 Parker Lane, East Stroudsburg, PA 18301

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Case 3:15-cv-01187-RDM Document 81-1 Filed 01/29/16 Page 43 of 68

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

FOR THE MIDDLE     DISTRICT OF     PENNSYLVANIA

Richard Katz

V.

National Board of Medical Examiners et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:15-CV-01187

TO:   National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3190

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

To produce all records regarding employment for Catherine Farmer, Psy.D. including confidential personnel files for sixteen years preceding the date of this authorization. This will further authorize you to provide employment records for Catherine Farmer to pro se plaintiff Richard Katz until two (2) years from the date below.

| PLACE   Richard Katz<br>3364 Parker Lane, East Stroudsburg, PA 18301 | DATE AND TIME<br>2/10/2016 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Richard Katz    Digitally signed by Richard Katz<br>DN: cn=Richard Katz, o, ou, email=catz2400@msn.com, c=US<br>Date: 2016.01.19 15:45:46 -05'00' | DATE<br>1/19/2016 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard Katz
3364 Parker Lane, East Stroudsburg, PA 18301

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

FOR THE MIDDLE      DISTRICT OF      PENNSYLVANIA

Richard Katz

V.

National Board of Medical Examiners et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:15-CV-01187

TO: National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3190

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

To produce all records regarding employment for Gerard F. Dillon, Ph.D. including confidential personnel files for six years preceding the date of this authorization. This will further authorize you to provide employment records for Gerard F. Dillon, Ph.D. to pro se plaintiff Richard Katz until two (2) years from the date below.

| PLACE    Richard Katz<br>3364 Parker Lane, East Stroudsburg, PA 18301 | DATE AND TIME<br>2/10/2016 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Richard Katz     Digitally signed by Richard Katz<br>DN: cn=Richard Katz, o, ou, email=catz2400@msn.com, c=US<br>Date: 2016.01.19 15:45:48 -05'00' | DATE<br>1/19/2016 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard Katz
3364 Parker Lane, East Stroudsburg, PA 18301

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

FOR THE MIDDLE     DISTRICT OF     PENNSYLVANIA

Richard Katz

V.

National Board of Medical Examiners et al.

### SUBPOENA IN A CIVIL CASE

Case Number:[1]   3:15-CV-01187

TO:   National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3190

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

To produce all records regarding employment for **Maria L. Fuentes** including confidential personnel files for **Sixteen** years preceding the date of this authorization. This will further authorize you to provide employment records for **Maria L. Fuentes** to pro se plaintiff Richard Katz until two (2) years from the date below.

| PLACE   Richard Katz<br>3364 Parker Lane, East Stroudsburg, PA 18301 | DATE AND TIME<br>2/10/2016 9:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Richard Katz    Digitally signed by Richard Katz<br>DN: cn=Richard Katz, o, ou, email=wcat2400@msn.com, c=US<br>Date: 2016.01.19 15:45:46 -05'00' | DATE<br>01/20/2016 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard Katz
3364 Parker Lane, East Stroudsburg, PA 18301

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

FOR THE MIDDLE     DISTRICT OF     PENNSYLVANIA

Richard Katz

V.

National Board of Medical Examiners et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   3:15-CV-01187

TO:   National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3190

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

To produce all records regarding employment for **Gregory Baker** including confidential personnel files for **Sixteen** years preceding the date of this authorization. This will further authorize you to provide employment records for **Gregory Baker** to pro se plaintiff Richard Katz until two (2) years from the date below.

| PLACE   Richard Katz | DATE AND TIME |
|---|---|
| 3364 Parker Lane, East Stroudsburg, PA 18301 | 2/10/2016 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Richard Katz    *Digitally signed by Richard Katz DN: cn=Richard Katz, o, ou, email=rat2400@msn.com, c=US Date: 2016.01.19 15:45:46 -05'00'* | 01/20/2016 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard Katz
3364 Parker Lane, East Stroudsburg, PA 18301

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Case 3:15-cv-01187-RDM   Document 81-1   Filed 01/29/16   Page 47 of 68

# EXHIBIT 4

# HAMBURG & GOLDEN, P.C.

**Attorneys**

1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590
Facsimile: (215) 255-8583
sacksme@hamburg-golden.com

James P. Golden
Neil J. Hamburg
Michael E. Sacks
Jane C. Silver
Maureen P. Holland
Catherine Berryman

Writer's Direct Dial:
215-255-8596

January 22, 2016

Richard Katz
3364 Parker Lane
East Stroudsburg, PA 18301

      Re:  Richard Katz v. NBME and FSMB
          U.S.D.C. for the M.D.Pa., Civ. Action No. 3:15-cv-1187

Dear Richard:

I received your letter dated January 20, 2016, which accompanied two additional proposed subpoenas for the personnel files of current or former NBME employees. You have now sent proposed subpoenas for the personnel files of Catherine Farmer, Gerard Dillon, Abram Doane, Gregory Baker and Maria Fuentes. For the reasons discussed below, the NBME objects to producing the records covered in your five proposed subpoenas.

Your January 20, 2016, letter also addresses your objections to the defendants' proposed subpoenas, which you detailed in a filing with the Court on January 19, 2016, titled "Plaintiff's Objection to Defendant's Proposed Subpoena for Production of Medical Records." You followed that filing with an "attachment" on January 21, 2016, containing one of defendants' proposed subpoenas, together with Local Rule 5.2 which addresses redaction of personal identifiers in court filings.

Middle District of Pennsylvania Local Rule 26.3 requires that the parties confer and make a good faith effort to resolve differences regarding discovery before filing a discovery motion with the court. In that spirit, I want to review these issues with you in the hope that we can avoid burdening the Court with a discovery motion.

**A.    Discussion Concerning Your Objections to Defendants' Proposed Subpoenas.**

We have requested that you sign authorizations for, and we propose issuing subpoenas seeking, various records in the

Case 3:15-cv-01187-RDM-JFS Document 81-1 Filed 01/29/16 Page 49 of 68

Richard Katz
January 22, 2016
Page 2 of 4

possession of mental health providers who have treated you (or
provided psychological testing), and schools that you attended.
The question, as you touched on in your "Objection," is whether
the records sought are relevant to any issue in the case.

There are several reasons that the records sought by the
defendants are potentially relevant. One reason is that you
filed this lawsuit seeking damages from the defendants, and any
information that bears on your claims for damages is relevant.

Many courts have addressed objections by plaintiffs who
request damages, including damages for emotional distress, but
object to allowing the defendant to "discover" records that may
impact a judge or jury's assessment of what caused or
contributed to the plaintiff's emotional distress or other
damages claimed. In my experience, courts generally allow a
defendant to obtain any records that may bear on the plaintiff's
claim for damages because the plaintiff has placed his health
(or mental health) at issue by filing the lawsuit, and has
therefore opened himself up to such discovery. I am providing
you with an opinion in Hall v. Berdanier, 2013 WL 818603
(M.D.Pa. 2013), as an example of one such court ruling.

In your proposed second amended complaint, you demand
"general and special damages," "any other damages arising from
Defendants' actions," and "compensatory damages." Therefore, it
is our position that the defendants are entitled to obtain
records from your current and former mental health providers, as
well as academic institutions, because the contents of those
records may shed light on your claim for damages.

Leaving aside your claim for damages, you have asserted
claims for Negligent or Intentional Infliction of Emotional
Distress. That claim justifies discovery by defendants about
other issues in your life that may have caused or contributed to
your emotional distress, and the records of your mental health
care providers and schools may shed light on that issue.

Similarly, you assert a claim for "Impairment of Economic
Opportunity" in which you assert that the defendants have caused
your medical career to be in a "state of perpetual limbo" for
which you seek damages. Your mental health and academic records
are reasonably likely to lead to admissible evidence on the
question of other factors that may have contributed to your
medical career being in "perpetual limbo."

Richard Katz
January 22, 2016
Page 3 of 4


These are just a few of the reasons that the defendants'
proposed subpoenas are appropriate in seeking information that
is reasonably calculated to lead to admissible evidence in this
case. These reasons rebut your objection that the defendants'
subpoenas seek irrelevant or privileged information.

In your "Objection" filed with the Court you also assert
that the defendants do not need to issue subpoenas to your
medical providers because you have put certain of your medical
records on the court docket. I understand your point, but the
plaintiff does not get to determine the universe of records that
the defendant may review by unilaterally deciding what is and is
not relevant. For the reasons discussed above, the defendants
have the right to review _all_ potentially relevant records and
decide for themselves what they will use as evidence at trial.

You further assert in your Objection that I "overreached"
by contacting your providers to ask if they would accept a
subpoena by mail. I disagree. It is common practice to request
that a business, hospital or school accept service of a subpoena
by mail to avoid the cost and imposition of having a process
server deliver the subpoena personally. Given your pro se
status, I was especially careful to avoid any substantive
discussion regarding you or the case, and explicitly limited the
very short discussions to whether service by mail would be
acceptable. In my view, that is the opposite of "overreaching."

Finally, you said in your Objection that the defendants
"advertised" your name, social security number and date of birth
on the subpoenas, and thereby "careless[ly] disregard[ed]" your
personal information. I'm sure you understand that to date, the
proposed subpoenas have been shown only to you. Moreover,
assuming you either agree that the subpoenas may be served, or
the Court issues an order permitting them to be served, they
will not be "advertised," but rather will go only to the
specific recipient. Since health care institutions and schools
typically maintain records by name, date of birth and social
security number, my experience is that seeking documents without
those identifiers is not likely to yield any results. Moreover,
contrary to the assertion in your "attachment" to the Objection
filed with the Court on January 21, 2016, Local Rule 5.2 does
not require redaction of personal information in a subpoena.
That rule applies to documents filed with the Court clerk
because such information would be publicly available to anyone
reviewing a court file. That is not the case with a subpoena.

Richard Katz
January 22, 2016
Page 4 of 4

     **B.    Discussion of the Defendants' Objections to Your Proposed Subpoenas.**

     As noted at the beginning of this letter, the defendants object to your proposed subpoenas seeking the personnel files of five present or former employees of the NBME.[1] The defendants object on the grounds that the personnel files are not relevant to any issue in the case. Unlike a plaintiff who seeks damages for emotional distress or loss of a career opportunity, none of the individuals whose personnel files you seek brought a lawsuit or seeks damages from you, and therefore they have not opened themselves up to the same kind of scrutiny that you have. While the decisions made by individuals in the course of their work are at issue, the private facts that are contained in their personnel files are not. Therefore, unless you present me with a convincing argument as to the relevance of the individuals' personnel files, the NBME objects to producing those files and will not do so unless ordered by the Court.

     Please let me know if, after reviewing this letter, you will withdraw your objections to the defendants' proposed subpoenas. If not, I will file a motion with the Court.

     On a related matter, I have asked you whether you will voluntarily sign and return the authorizations for the release of medical/psychiatric, educational and vocational records that I provided to you on January 7, 2016. If you decline to sign and return the authorizations, or if you do not respond, I will ask the Court to order you to provide the authorizations so I can provide them along with the subpoenas.

     I look forward to your response to this letter.

                    Sincerely,

                    *Michael E. Sacks*

                    Michael Sacks

MES/clf
Enclosure
By regular mail and email to cat2400@msn.com (w/ encl.)
cc: Neil J. Hamburg, Esquire

---

[1]    Since you are seeking records from the NBME, rather than from a third party, using a subpoena is unnecessary. We will treat your proposed subpoenas as part of your Request for Documents.

Case 3:15-cv-01187-RDM   Document 81-1   Filed 01/29/16   Page 52 of 68

# EXHIBIT 5

2013 WL 818603
Only the Westlaw citation is currently available.
United States District Court,
M.D. Pennsylvania.

Eric HALL, Plaintiff,
v.
Eugene H. BERDANIER, Warden, et al.,
Defendants.

Civil No. 1:CV–09–1016. | March 5, 2013.

**Attorneys and Law Firms**

Eric Hall, Somerset, PA, pro se.

Frank L. Tamulonis, Jr., Zimmerman, Lieberman, Tamulonis & Crossen, Pottsville, PA, for Defendants.

**Opinion**

***MEMORANDUM***

WILLIAM W. CALDWELL, District Judge.

**I. *Introduction***

*1 On May 25, 2007, Eric Hall was transferred from the Pennsylvania Department of Corrections to the Schuylkill County Prison (SCP). On June 4, 2007, at approximately 1955 hours, Hall allegedly threw urine on Nurse Galle and CO Wowak. Officers Rempalo, Gotshall, Buchanon, Foster, Poleman, Bergan and Farrone responded to the scene and are alleged to have used excessive force against Hall. Hall received a misconduct following the incident. He was also criminally charged with two counts of aggravated assault by a prisoner. Following a March 10, 2007, jury trial, Hall was acquitted of all criminal charges.

On March 23, 2012, the court resolved Defendants' motion for summary judgment, which left the following issues for trial: (1) a First Amendment retaliation claim against COs Rempalo and Wowak; (2) an Eighth Amendment excessive-force claim against Wowak, Rempalo, Gotshall, Buchanan, Foster, Bergan, Poleman, Farrone, Emerich and Berdanier; (3) a state-law claim for assault and battery against Wowak, Rempalo and Gotshall; and (4) a state-law claim for intentional infliction of emotional distress against Wowak, Rempalo and Gotshall.

Presently before the court is the SCP Defendants' Motion in Limine (Doc. 124) to prevent Hall or his witnesses from mentioning the following in the presence of the jury: (1) Hall's acquittal of the criminal charges stemming from the June 4, 2007, incident; (2) medical testimony or opinions as to his physical or psychological injuries as a result of, or following, the June 4, 2007, incident; and (3) any alleged wrongdoing committed by the Defendants that is not related to the June 4, 2007, incident. (*Id.*) Hall only opposes one aspect of Defendants' motion-he argues that he need not present a medical expert to testify as to his injuries because he may testify as to his "first hand knowledge" of his injuries and the assault. (Doc. 133). Hall does not take a position with respect to the other issues raised by Defendants regarding prohibiting testimony as to his criminal acquittal or any wrongdoing by Defendants not related to the events of June 4, 2007. (*Id.*)

As the issue of Hall's ability to present medical or mental-health evidence is central to one of the issues in Defendants' motion in limine, the court cannot address that issue without considering the following pending and related motions: (1) Defendants' Motion to Enforce Subpoena served on Primecare requesting copies of Hall's medical records while he was housed at SCP in 2007 (Doc. 129); (2) Plaintiff's Motion to Appoint him a Medical Expert Witness to Rebut Defendants' Medical Expert (Doc. 134); and (3) a Motion to Compel Plaintiff to Execute an Authorization for the Release of his Psychiatric Records, or in the alternative, to preclude Hall from entering any evidence as to his emotional distress, mental anguish and/or psychological injuries (Doc. 144).

Based on the following, Defendants' motion in limine (Doc. 124) will be granted. Defendants motion to enforce subpoenas (Doc. 129) and motion to compel (Doc. 144) will be granted. Plaintiff's motion for a court-appointed medical expert (Doc. 134) will be denied.

**II. *Standard of Review***

*2 Under the Federal Rules of Evidence, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed.R.Evid. 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

## III. *Discussion*

### A. *Relevancy and Release of Hall's Medical and Mental–Health Records*

As relief in this action, Hall seeks monetary compensation for "pain and suffering" he endured after he was allegedly assaulted on June 4, 2007. (Doc. 1, Compl.) His injuries include physical discomfort due to his exposure to "O.C. chemical" spray, a cut to his forehead, abrasions and lacerations to the left side of his face, and loss of blood from the wounds. (*Id.,* ECF p. 6). He also seeks monetary compensation for "the intentional infliction of emotional distress." (*Id.,* ECF p. 13). Based on the allegations of the Complaint, Hall is clearly placing his physical and emotional state following the June 4, 2007, incident at issue in this case. As such, his medical and psychiatric records are relevant and therefore discoverable by Defendants. If Hall wishes to seek damages for these alleged injuries, he must allow Defendants access to his medical and mental health records.

Defendants' efforts to obtain Hall's medical records have been thwarted by his failure to sign the appropriate Health Insurance Portability and Accountability Act (HIPPA) authorizations which would allow his various health-care providers to release his personal information to defense counsel. Accordingly, Defendants are to provide Hall with the appropriate HIPPA authorizations for the release of his medical and mental-health records. Hall shall promptly sign the release forms and return them to defense counsel. The consequence of failing to sign the necessary HIPPA releases will result in the dismissal of his medical and psychological claim for damages. Hall may always elect to withdraw his medical and/or psychological claim for damages, thus excusing him from his obligation to release his medical and mental-health records.

Additionally, based on the above, Defendants' motion to enforce their subpoena to obtain Hall's medical records (Doc. 129) and motion to compel Hall's release of his medical and mental-health records (Doc. 144) is granted. Upon Defendants' receipt of Hall's HIPPA release, Primecare is to comply with Defendants' subpoena.

### B. *Medical Expert Opinions*

**\*3** Defendants seek to preclude Hall from offering any medical opinions as to his injuries on the following grounds: (1) his failure to release his medical records; (2) he is not qualified to render a medical opinion as to his injuries; and (3) he is not a qualified medical professional. (Doc. 125, Mot. in Limine Supp. Br.) Hall counters that he does not intent to offer an expert medical opinion as to his physical and mental-health injuries. Rather, Hall argues that he intends to provide lay opinion testimony pursuant to Fed.R.Evid. 701 as to his injuries and pain and suffering, for which he has "first hand knowledge." (Doc. 133, Opp. Mot. In Limine).

Fed.R.Evid. 701 deals with lay opinion testimony. It provides as follows:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed.R.Evid. 701. Hall is correct; he can testify to his own perceptions of his injuries from June 4, 2007. *U.S. v. Polishan,* 336 F.3d 234, 241 (3d Cir.2003). "In some situations in which the seriousness of injury or illness would be apparent to a lay person, expert testimony would not be required, e.g., a gunshot wound." *Boring v. Kozakiewicz,* 833 F.2d 468, 473 (3d Cir.1987).

However, while he may be able to testify as to how he incurred the physical injuries and how they made him feel (sad, frustrated, etc.), he is not competent to offer medical opinion testimony about the treatment of those injuries or any mental-health conditions (i.e. whether he suffers from post-traumatic stress or depression) as a result of the June 4, 2007, event. Accordingly, Defendants' motion in limine to prevent Hall from offering any medical testimony or opinions as to his physical or psychological injuries as a result of, or following, the June 4, 2007, incident is granted.

### C. *Hall's Request for a Court–Appointed Expert*

Hall acknowledges that he cannot render expert medical

opinions at trial, so he requests that the court hire a court-appointed medical expert pursuant to Fed.R.Evid. 706 "to rebut the defendants' experts' testimony." (Doc. 135, Mot. To Appoint Expert Br., ECF p. 2). This motion will be denied.

There is no authority to appoint and pay an expert to assist an indigent litigant in the preparation for a civil suit for damages. The statutory section dealing with in forma pauperis litigants, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid an indigent litigant. In Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir.1987), the Third Circuit held that § 1915 makes no provision for a district court to either pay or waive fees for an expert witness. Id. at 474.

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

**\*4** Id. See also Born v. Monmouth Cnty. Corr. Inst., 458 F. App'x 193, 197–98 (3d Cir.2012) (nonprecedential).

Under Fed.R.Evid. 706(a), a trial court may, on its own motion or on the motion of a party, appoint an neutral expert witness selected by the parties or of its own choosing. The court-appointed expert witness, however, answers neither to the defendant nor the plaintiff, but to the court itself. Ford v. Mercer Cnty. Corr. Ctr., 171 F. App'x 416, 420 (3d Cir.2006) (nonprecedential). "The policy behind the rule is to promote the jury's fact finding ability." Id. Thus, any court-appointed expert could not be used to assist one party or the other. Clearly, a court-appointed expert could not be employed for the specific purpose of rebutting the Defendants' experts as Hall requests. Accordingly, Hall's motion for a court-appointed expert will be denied.

We will issue an appropriate order.

## ORDER

AND NOW, this 5th day of March, 2013, based on the accompanying memorandum, it is ORDERED that:

1. The Defendants' Motion in Limine (Doc. 124) is granted.

2. Hall is prohibited from making any reference during opening or closing statements, from introducing any testimony, evidence or reference to:

(a) a not-guilty verdict entered in his criminal trial for assault by a prisoner arising from the June 4, 2007, incident which is the subject of this action;

(b) any medical testimony relating to his medical or mental-health care received for his alleged injuries stemming from the June 4, 2007, incident including but not limited to diagnosis, medical causation, impairment, continuation or permanency.

(c) any testimony or evidence of other wrongs allegedly committed by defendants, not related to the June 4, 2007, incident which is the subject of this action.

3. Defendants' Motion to Compel Plaintiff to Execute an Authorization for the release of his medical and psychiatric and psychological records (Doc. 144) is granted. If Hall fails to execute the required authorizations, he will be precluded from offering any testimony as to his alleged physical and psychological damages.

4. Within ten (10) days of Hall's receipt of the appropriate health-care authorizations forms, he is to return them to defense counsel or otherwise notify the court of his withdrawal of his damage claims as to his alleged medical and psychological injuries.

5. Defendants' Motion to Enforce Subpoenas (Doc. 129) is conditionally granted pending Hall's execution of the appropriate health-care authorization forms.

6. Hall's Motion to Appoint an Expert pursuant to Fed. R. Civ. Evid. 701 (Doc. 134) is denied.

### Parallel Citations

90 Fed. R. Evid. Serv. 1098

**Hall v. Berdanier, Not Reported in F.Supp.2d (2013)**

90 Fed. R. Evid. Serv. 1098

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT 6

2012 WL 877115
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

Kevin FUREY
v.
Police Officer Travis WOLFE, et al.

Civil Action No. 10–1820. | March 15, 2012.

**Attorneys and Law Firms**

Margaret Boyce Furey, West Conshohocken, PA, Patricia A. Heenan, Blue Bell, PA, for Plaintiff.

Jeffrey M. Kolansky, Linda D. Perkins, Jeffrey M. Scott, Archer & Greiner, Philadelphia, PA, Jeffrey S. Simons, City of Philadelphia Law Department, Philadelphia, PA, for Defendants.

**Opinion**

### *MEMORANDUM AND ORDER*[1]

[1]    The Honorable Mary A. McLaughlin has referred all discovery-related issues in this case to the undersigned.

ELIZABETH T. HEY, United States Magistrate Judge.

**\*1** In this action, Plaintiff Kevin Furey ("Plaintiff") alleges that his civil rights were violated by Police Officer Travis Wolfe ("Officer Wolfe"), the City of Philadelphia ("the City"), and Philadelphia Police Commissioner Charles Ramsey ("Commissioner Ramsey") (collectively, "Defendants"), as a result of Officer Wolfe making an off-duty arrest of Plaintiff in the early morning hours of April 5, 2008, and that he suffered physical and emotional damages as a result. Presently before the court are Plaintiff's Motion to Quash Defendants' Subpoenas to Norristown Hospital and Vicki Morrow, M.D. (Doc. 85), Defendants' response thereto filed under seal (Doc. 97), and Plaintiff's reply (Doc. 123). For the reasons that follow, the motion will be denied.

## I. *RELEVANT PROCEDURAL HISTORY*
On March 10, 2010, Plaintiff commenced this action in the Philadelphia Court of Common Pleas, and on April 23, 2010, Defendants removed it to this Court. See Doc.

1. Plaintiff alleges that his civil rights were violated pursuant to 42 U.S.C. § 1983. See Compl. at First Cause of Action. Plaintiff also alleges various state law claims against Officer Wolfe. Id. at Second Cause of Action. Among other things, Plaintiff alleges that Officer Wolfe unlawfully used force against him without probable cause to believe he had committed a crime, assaulted Plaintiff, subjected him to an unlawful arrest, and committed perjury. See id. ¶¶ 9–16. Plaintiff further alleges that Officer Wolfe's conduct was the result of policies, practices and customs and deliberate indifference on the part of the City and Commissioner Ramsey. See id. at First Cause of Action.

Most relevant for purposes of the present motion, Plaintiff alleges that he "suffered and continues to suffer ... psychological harms, pain and suffering ... which may be permanent." See Compl. ¶ 28. In addition, Plaintiff testified at his deposition that as a result of his arrest, his dormant Lyme disease was exacerbated and he suffered memory problems, cognitive dysfunction and severe emotional distress. See Doc. 97 Exh. D ("Pl.'s Dep.") at 27–28, 34–35, 38, 55–56, 61–62, 75, 107–09. Plaintiff received psychiatric treatment at Norristown Hospital and from Dr. Morrow.

On June 30, 2011, Plaintiff's counsel received copies of subpoenas addressed to Norristown Hospital and Dr. Morrow, requesting medical and billing records for Plaintiff. On July 11, Plaintiff filed a motion to quash Defendants' subpoenas, arguing that the subpoenas seek information protected from disclosure by the Federal Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 29 U.S.C. § 1181 et seq., the psychotherapist-patient privilege, and state law regarding the release of treatment records from treating psychotherapists. See Doc. 85. On July 19, 2011, Defendants filed a response to the motion under seal, arguing that Plaintiff waived any assertion of privilege by pursuing damages for emotional injury. See Doc. 97. Following a court-ordered stay of discovery, which was lifted by Order dated January 11, 2012 (see Doc. 118), Plaintiff filed a reply in support of his motion to quash or, in the alternative, seeking in camera review of the records sought. See Doc. 123.

## II. *DISCUSSION*
**\*2** Plaintiff's motion to quash implicates both his psychiatrist's records and psychiatric hospital records. I will consider each in turn, followed by Plaintiff's request for in camera review of the documents sought.

## A. Psychiatrist's Records

Plaintiff first seeks to quash Defendants' subpoena for his psychiatric medical records. Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Relevance, in turn, is "construed broadly so as to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Furthermore, evidence does not need to be admissible at trial to be discoverable, but rather it needs to be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Rule 26(b) (1) further provides that privileged matter is not discoverable. Privilege, in turn, is governed by the Federal Rules of Evidence. Rule 501 provides that, generally, the common law governs a claim of privilege. See Fed.R.Evid. 501. In Jaffee v. Redmond, 518 U.S. 1, 9–10, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the United States Supreme Court recognized the psychotherapist-patient privilege. The Court stated:

> Because we agree with the judgment of the state legislatures and the Advisory Committee that a psychotherapist-patient privilege will serve a "public good transcending the normally predominant principle of utilizing all rational means for truth," we hold that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence.

Id. at 15 (quoting Trammel v. United States, 445 U.S. 40, 50, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980)). The privilege, however, can be waived by the patient. Id. at 15 n. 14.

One way that the patient waives the privilege is by putting his mental condition into issue in the case. See, e.g., Sarko v. Penn–Del Directory Co., 170 F.R.D. 127, 130 (E.D.Pa.1997) ("Lastly, we agree that allowing a plaintiff 'to hide ... behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice.' ") (quoting Premack v. J.C.J. Ogar, Inc .., 148 F.R.D. 140, 145 (E.D.Pa.1993)); Topol v. Trs. of Univ. of Pa., 160 F.R.D. 476, 477 (E.D.Pa.1995) ("The privilege fails to shield information relevant to a patient's mental state where the patient's mental state is in issue."). When a

plaintiff seeks emotional distress damages, the plaintiff is placing his/her mental condition directly at issue, thereby waiving the psychotherapist-patient privilege. See e.g., McKinney v. Del. Cnty. Mem'l Hosp., No. 08–1054, 2009 WL 750181, at *4–5 (E.D.Pa. March 20, 2009) (Tucker, J.) (plaintiff put her mental condition directly at issue by seeking emotional distress damages and consequently waived psychotherapist-patient privilege); Lanning v. Se. Pa. Transp. Auth., Nos. 97–593, 97–1161, 1997 WL 597905, at *2 (E.D.Pa. Sept.17, 1997) (Scuderi, M.J.) (plaintiffs placed their mental condition at issue by seeking emotional distress damages). Among other damages, Plaintiff in this case is seeking emotional distress damages. See Compl. ¶ 28. Therefore, in seeking such damages, Plaintiff has put his mental condition at issue and has waived the psychotherapist-patient privilege. Plaintiff concedes as much in his Reply. See Doc. 123 at 5.

*3 Plaintiff also argues that disclosure of his psychiatrist records would violate HIPPA and various Pennsylvania statues. I disagree. Regulations issued pursuant to HIPAA allow medical records to be produced in response to a non-court issued subpoena provided that certain notice and objection requirements have been met. See 45 C.F.R. § 164.512(e)(1)(ii)-(iii). Here, there does not appear to be any issue concerning HIPPA compliance. As for the Pennsylvania statutory provisions, Plaintiff relies on 50 P.S. § 7111 relating to confidentiality of mental health records, 42 Pa.C.S. § 5944 relating to the psychotherapist-patient privilege, and 71 P.S. § 1690.108 relating to confidentiality of records under the Pennsylvania Drug and Alcohol Abuse Control Act. Id.

In Kraus v. Taylor, 710 A.2d 1142, 1144 (Pa.Super.1998), the Pennsylvania Superior Court considered a similar situation in which the plaintiff invoked the same statutory provisions in order to prevent disclosure of his mental health records in response to a subpoena. The court recognized that under both federal and Pennsylvania state law, the patient waives the psychotherapist-patient privilege when he/she places the confidential information at issue. Id. at 1145. Consequently, the court held that, despite the statutes invoked, it would be unfair and prejudicial to prevent the defendant from gaining access to the plaintiff's mental health records. Id. In so holding, the court stated:

> We cannot believe that the Pennsylvania General Assembly intended to allow a plaintiff to file a lawsuit and then deny a defendant relevant evidence, at plaintiff's ready disposal, which mitigates defendant's liability.... Rather, the General Assembly must have intended the privileges to yield before the state's compelling interest "in seeing that truth is ascertained

in legal proceedings and fairness in the adversary process."

*Id.* (quoting *Thorne v. Universal Props.,* No. 86–0333, 1987 WL 7683, at *2 (E.D.Pa. March 10, 1987)). I find the reasoning of *Kraus* to be persuasive. Therefore, I will deny Plaintiff's motion to quash the subpoena directed to his treating psychiatrist.

**B. Psychiatric Hospital Records**
Plaintiff also seeks to quash Defendants' subpoena for his psychiatric hospital records, namely his admission to Norristown State Hospital in approximately August 2009. Although the same privilege waiver arguments apply to these records as to Plaintiff's psychiatrist's records discussed in the previous section, Plaintiff makes the further argument that he did not receive psychological treatment from the hospital but rather sought treatment there only for a prescription drug treatment with his Lyme disease. *See* Doc. 123 at 3.[2] Additionally, Plaintiff states that he does not intend "to use the Norristown Hospital records in this lawsuit or as an item of damages." *Id.* at 4. Therefore, Plaintiff argues that the hospital records are privileged and not discoverable, and that he has not waived the psychotherapist-patient privilege with respect to those records. *Id.* Furthermore, Plaintiff suggests that the Court may preclude Plaintiff from using the records at trial and preclude testimony relating to Plaintiff's hospital admission in order to be fair to Defendant. *Id.*

[2]    Plaintiff testified at his deposition that he was hospitalized because he "was having an adverse reaction to a psychiatric medication," and that "I wasn't taking medication before this incident so I kind of attribute all of that to being assaulted on April 5th ...." *See* Pl.'s Dep. at 107–08.

**\*4** In *McKinney,* Judge Tucker of this court was faced with a similar argument. 2009 WL 750181, at *4. In that case, the plaintiff relied on cases that took a "narrow view" of waiver of the psychotherapist-patient privilege, which requires that plaintiff "make affirmative use of the privileged material in connection with the case" in order to waive the privilege. *Id.* (internal citations omitted). Under the so-called narrow view, the psychotherapist-patient privilege is only waived when the plaintiff/patient makes affirmative use of the privileged material by doing such things as calling the therapist as a witness and introducing communications made to the therapist into evidence. *Id.*

The court, however, held that the narrow view is

inconsistent with the approach taken by other courts in the Third Circuit, meaning there is no "affirmative use" requirement and such use is not dispositive. *McKinney,* 2009 WL 750181, at *4–5. In so holding, the court stated: "Similarly, while Plaintiff's assertion that she can and will establish emotional stress damages without resort to expert testimony is technically sound, it misses the point .... The issue ... is ... Defendants' right to defend themselves fully against Plaintiff's claims." *Id.* at *5 (citing *Sanchez v. U.S. Airways, Inc.,* 202 F.R.D. 131, 136 n. 7 (E.D.Pa.2001) ("[N]one of the cases stated ... stand for the idea that just because Plaintiffs do not intend to use expert testimony, the records related to their use of a mental health professional is inviolable.")); *see also Thorne,* 1987 WL 7683, at *2 ("If a plaintiff seeks damages for alleged emotional or psychological injuries, the defendant's case ought not be limited by the plaintiff's decision not to introduce available medical or psychological testimony that bears directly on the truth of the claim."). Consequently, in light of the above discussion, Plaintiff's argument in support of his motion to quash the subpoena directed to the psychiatric hospital on the grounds that he does not intend to rely on those records at trial is unavailing. According to Plaintiff's own deposition testimony the hospitalization related to his psychiatric treatment and the records are therefore relevant and should be produced.

**C. Plaintiff's Request for In Camera Review and/or that the Records be Kept Confidential and Destroyed**
In the alternative, Plaintiff requests that the Court conduct in camera review of Plaintiff's psychiatric records and/or, should the records be disclosed, that they be made subject to an order requiring that they be kept confidential and verifiably destroyed. *See* Doc. 123 at 6. As previously explained, Plaintiff attributes his need for mental health treatment to the incident in question and has placed his mental condition directly at issue by seeking emotional distress damages. As a result, I do not find it necessary to review the psychiatric records in camera.

**\*5** Nevertheless, Rule 26 "vests the trial judge with broad discretion to tailor discovery narrowly." *Crawford–El v. Britton,* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Specifically, a court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). In entering a protective order, the court may forbid "inquiry into certain matters" or limit "the scope of disclosure or discovery to certain matters." *Id.*

In *Mines v. City of Philadelphia,* 158 F.R.D. 337, 338–39 (E.D.Pa.1994), the defendant's psychiatric records were

subpoenaed, and the defendant asserted the psychotherapist-patient privilege. The court denied defendant's motion to quash but entered a protective order pursuant to Rule26(c). *Id.* Specifically, the protective order required the plaintiff to maintain confidentiality of the disclosed material by not disclosing the items themselves or their contents to anyone other than the court, the attorneys (and their staff) involved in the matter, and expert witnesses; not releasing the information to third-parties; requiring the plaintiff to return the documents to the defendant after seven days; and preventing the plaintiff from using the information contained in the records for purposes other than prosecuting the lawsuit. *Id.* at 339.

Although Plaintiff's motion to quash will be denied, I conclude that the psychiatric records at issue should be disclosed subject to a protective order. Specifically, Defendants shall maintain confidentiality of the records by not disclosing any portion of the contents to anyone other than the court, the attorneys (and their staff) involved in the matter, and expert witnesses; by not releasing any portion of the records to third-parties; by destroying the records at the conclusion of the litigation and certifying in writing that they have done so; and by not using the information contained in the records for

purposes other than prosecuting this lawsuit.

### III. *CONCLUSION*

Plaintiff attributes his need for mental health treatment to the incident in question and has placed his mental condition directly at issue by seeking emotional distress damages. Therefore, I will deny his motion to quash subpoenas directed to both Norristown Hospital and Dr. Morrow. However, given the sensitive nature of psychiatric records, I will make disclosure of the records subject to a protective order whereby Defendants shall maintain the confidentiality of the records by not disclosing any portion of the contents to anyone other than the court, the attorneys (and their staff) involved in the matter, and expert witnesses; by not releasing any portion of the records to third-parties; by destroying the records at the conclusion of the litigation and certifying in writing that they have done so; and by not using the information contained in the records for purposes other than prosecuting this lawsuit. An appropriate order follows.

---

**End of Document** © 2014 Thomson Reuters. No claim to original U.S. Government Works.

Case 3:15-cv-01437-RDM-JFS   Document 91-1   Filed 01/29/16   Page 62 of 68

# EXHIBIT 7

McKinney v. Delaware County Memorial Hosp., Not Reported in F.Supp.2d (2009)
21 A.D. Cases 1883

2009 WL 750181
United States District Court,
E.D. Pennsylvania.

Denise McKINNEY, Plaintiff,
v.
DELAWARE COUNTY MEMORIAL HOSPITAL,
et al., Defendants.

Civil Action No. 08–1054. | March 20, 2009.

West KeySummary

**1**    **Privileged Communications and
Confidentiality**
   Waiver of Privilege

311H Privileged Communications and Confidentiality
311HV Counselors and Mental Health Professionals
311Hk323 Waiver of Privilege

Former nurse had waived her psychotherapist-
patient privilege by placing her emotional
condition at issue in alleging emotional distress
damages. The former nurse had been
investigated for allegedly diverting prescription
medications and resigned as a result. A broad
view of the waiver of the privilege best served
the interests of parties to the litigation while
adequately addressing fairness concerns.
Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.;
Fed.Rules Evid.Rule 501, 28 U.S.C.A.

Cases that cite this headnote

**Attorneys and Law Firms**

Ralph E. Lamar, IV, Collegeville, PA, for Plaintiff.

Edward S. Mazurek, Jonathan Spells Krause, Morgan,
Lewis & Bockius, LLP, Philadelphia, PA, for Defendant.

**Opinion**

**MEMORANDUM OPINION**

TUCKER, District Judge.

**\*1** Presently before the Court are Defendants' Delaware
County Memorial Hospital (hereinafter "DCMH") and
Crozer–Keystone Health System, Inc.'s (hereinafter
"Crozer") Motion to Compel an Executed Medical
Authorization and Plaintiff's Response to Discovery
Requests Related to Her Medical Records, and Plaintiff's
Response in Opposition to. For the reasons set forth
below, the Court will grant Defendants' motion and
Plaintiff will be ordered to either produce the information
requested, or have her claims for emotional distress
damages stricken.

**I. Factual and Procedural Background**
Plaintiff Denise McKinney was employed by Defendants
for over thirty years before resigning. (Pl.'s Am. Compl. ¶
8). Ms. McKinney alleges that she was constructively
discharged from her employment with Defendants. (Pl.'s
Am. Compl. ¶ 1). The specific events that precipitated
Plaintiff's resignation are as follows. On October 25,
2005, Plaintiff met with Helene Burns, DCMH's Director
of Nursing, and Susan Delaney, DCMH's Director of
Human Resources, where she was informed that DCMH
had suspicions that she was illegally diverting a number
of Percocet pills for her own personal use. (Pl.'s Am.
Compl. ¶¶ 8–9). Plaintiff denied said allegations, but was
ordered to enroll in Pennsylvania's Impaired Nurse
Voluntary Recovery Program (hereinafter "VRP"), which
treats medical professionals addicted to prescription
drugs and/or alcohol. (Pl.'s Am. Compl. ¶¶ 11–14). In January
2006, prior to enrolling in the VRP, Plaintiff submitted to
a mental health evaluation by Karen Levin, a licensed
clinical social worker, who indicated that Plaintiff did not
have a dependency problem and was, therefore, ineligible
for the program. (Pl.'s Am. Compl. ¶ 17). Having not
enrolled in or completed the program, on February 26,
2006, Plaintiff was informed by DCMH that she could
only return to work in an administrative capacity stripped
of her patient care or supervisory duties. (Pl.'s Am.
Compl. ¶ 18).

Concurrently, beginning in October of 2005, the State was
conducting its own independent investigation into
DCHM's allegations against Plaintiff. (Pl.'s Am. Compl.
¶ 18). Unsure of how long the State's investigation might
continue and unwilling to work in an administrative
capacity with unresolved allegations of drug diversion

and abuse swirling around her, Plaintiff resigned from DCMH on March 8, 2006. (Pl.'s Am. Compl. ¶ 20). After Plaintiff's resignation, the State's investigation continued and she was required to submit to a mental and physical examination by Dr. George Woody, on August 13, 2007. (Pl.'s Am. Compl. ¶ 21). The State eventually concluded that there was insufficient evidence with which to prosecute Plaintiff and closed its file against her on December 26, 2007. (Pl.'s Am. Compl. ¶ 23).

Subsequently, Plaintiff filed the instant action in the Eastern District of Pennsylvania, citing the Court's original jurisdiction under 28 U.S.C. § 1331. Plaintiff's Amended Complaint seeks equitable relief and monetary damages for the deprivation of rights secured by the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff alleges that Defendants' actions caused her humiliation, and loss of employment and compensation. (Pl.'s Am. Compl. ¶¶ 1). In addition to other damages, Plaintiff seeks compensatory damages for her emotional distress, alleging that she "has suffered emotionally as a result of the allegations by DCMH." (Pl.'s Response at 1). Specifically, Plaintiff contends that she "was depressed and withdrew both emotionally and physically from her husband and her extended family" and that she "cries on a regular basis over the hurt Defendants' actions caused." (Pl.'s Response at 1).

**\*2** On November 26, 2008, Defendants propounded to Plaintiff its First Set of Interrogatories, in which Defendants asked Plaintiff to provide identification information for each medical provider whom she sought or received medical or psychological treatment from October 2001 to the present. (Def.'s Mem. of Law, Ex. 1 at 5). Plaintiff's response to this interrogatory was:

> Plaintiff objects to this interrogatory as she has not waived any physician patient privilege. She has only filed a garden variety request for emotional distress damages. Furthermore, without waiving said objection any treatment prior to the events in question do not reflect on plaintiff's damages and therefore are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

(Pl.'s Response at 3).

Because Plaintiff alleges emotional distress in her Amended Complaint, Defendants continued to make efforts to obtain Plaintiff's medical and psychological

records. After several failed attempts to resolve this discovery dispute and get Plaintiff to release her medical records and sign an Authorization, Defendants filed the instant motion. To date, Plaintiff has provided an executed Authorization for the release of the report taken by Dr. Woody on August 13, 2007 and has indicated, but has yet to supply, that records for medical treatment and counseling are forthcoming from all other providers *prior* to August 13, 2007. (Pl.'s Mem. of Law at 2).

## II. Discussion

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Fed.R.Civ.P. 26(b)(1).* Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). The Supreme Court has definitively held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under *Rule 501 of the Federal Rules of Evidence." Jaffee v. Redmond,* 518 U.S. 1, 15, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996).

Defendants assert that they are entitled to Plaintiff's medical and psychological history and records for two reasons. First, relying on the "broad view" of waiver, Defendants contend that because Plaintiff seeks damages for emotional distress they are entitled to discovery of Plaintiff's medical and psychological records. Second, Defendants argue that they reasonably suspected Plaintiff of illegally diverting controlled narcotics from patients for her own personal use. Thus, because Plaintiff denied these allegations, Defendants assert that they are entitled to assess the credibility of her denials by exploring her medical history for any documented history of drug abuse, or for medical conditions for which the allegedly diverted drugs might have been used by Plaintiff.

**\*3** Plaintiff, relying on the "narrow view" of waiver, objects to the production of her *current* medical history arguing that her current medical condition is not at issue.[1] In essence, Plaintiff asserts that the records for any medical treatment she has received since Dr. Woody's evaluation in August of 2007 are irrelevant because they shed no light on Plaintiff's mental condition at the time of incident in 2005 and 2006. Plaintiff argues this is particularly true where she has merely asserted a "garden variety" claim for emotional distress damages, has not seen any professional therapists for treatment, and does not intend to rely on expert testimony regarding her

WestlawNext © 2014 Thomson Reuters. No claim to original U.S. Government Works.

21 A.D. Cases 1883

emotional distress damages at trial. In addition, Plaintiff objects arguing that she has not affirmatively placed her medical condition at issue in this action.

[1]     As noted, Plaintiff has agreed to provide a release for her medical records through August 13, 2007, the date of her examination by Dr. Woody. Thus, the current discovery dispute is focused on Plaintiff's medical records from August 13, 2007 to the present date.

### A. Relevance

While apparently conceding that her medical records and history through the time of Dr. Woody's evaluation in August of 2007 are relevant, Plaintiff asserts that her *current* medical records are not. Before discussing relevance, the Court notes that Plaintiff's Amended Complaint is not clear as to whether Plaintiff is asserting a claim for continuing emotional stress damages, or if the emotional distress damages she claims are attributable to Defendants are cut off at some past date certain.[2] Regardless, Plaintiff's claim that the only time period for which her medical records are relevant is October 2005 through early 2006, (Pl.'s Mem. of Law at 2), is unavailing.[3]

[2]     Plaintiff words most of her claims in her Amended Complaint in the past tense, as if she is not making a claim for continuing emotional distress damages. Yet, Plaintiff has made no effort either in her Amended Complaint, or in any of her other submissions to the Court to appropriately limit her emotional distress damages against Defendant within a specified date certain. Hence, if Plaintiff is not claiming current or continuing emotional distress, she should cut off her claim for emotional distress damages at a specific defined earlier point and not seek emotional distress damages against Defendants going forward from that point.

[3]     For several reasons, the Court is persuaded that Plaintiff's current mental condition is genuinely in controversy in this action and should, therefore, be open for discovery. First, to the extent that Plaintiff alleges her emotional stress has a continuing impact on her mental state, then her current mental condition is in issue. Such allegations are evidenced by Plaintiff's Interrogatory Responses, in which she claims that she continues to cry "on a regular basis over the hurt Defendants' actions caused," (Pl.'s Response at 1), and that she cannot "take the stress of working in a patient care setting and be subject to the possibility that she would be falsely accused of diverting medications."

(Pl.'s Response at 3). Second, Defendants indicate that a significant part of their defense revolves around the issue of Plaintiff's alleged drug use. Thus, discovery on the issue of Plaintiff's alleged past and possibly present drug abuse is relevant. Third, the premise underlying the protection afforded to current mental health records is that disclosure might threaten the integrity of a patient's sessions with his or her doctor. Here, however, Plaintiff has indicated that she did not seek treatment for the emotional stress caused by Defendants and that she is not currently undergoing treatment, thereby undermining the lynchpin of protection for current mental health treatment records. In general, however, Plaintiff's Amended Complaint seemingly refers to her alleged disability in the past tense, largely concerning her mental state from 2005 to 2007—the time in which DCMH investigated the above referenced allegations against Plaintiff. Hence, the Court concludes that while Plaintiff's current mental state is relevant to this litigation, it is only relevant to the limited extent described above.

Defendant has argued that both Plaintiff's past and current medical records are relevant because they may disclose whether she actually suffered from emotional distress attributable to her resignation, or whether she suffered from some other unrelated emotional stress, which would mitigate Plaintiff's emotional distress claim against Defendants. Furthermore, Defendant has argued that the past and current records are both necessary to fully flesh out the extent, if any, of Plaintiff's drug use and with it any possible defense Defendants might have against this action. It is axiomatic that, at the discovery stage of litigation, the evidence sought to be obtained need only be relevant and "need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Fed .R.Civ.P. 26(b)(1).* Thus, the Court finds that Plaintiffs past and present records are relevant to this case and could lead to the discovery of admissible evidence.

### B. Privilege

Though the Court concludes that Plaintiff's medical history and records are relevant, the Court must also determine if the psychotherapist-patient privilege shields them from discovery. The Supreme Court has stated that the psychotherapist-patient privilege may be waived, *Jaffee,* 518 U.S. at 15 n. 14, however, neither they nor the Third Circuit has declared with particularity the circumstances that constitute waiver, instead leaving such determinations to be made on a case by case basis.

**\*4** Therefore, it is not surprising that Defendant cites

several cases under the broad view of waiver that indicate waiver is effectuated when a plaintiff places his or her emotional condition at issue by alleging emotional distress damages in his or her complaint. *See, e.g., Sarko v. Penn-del Directory Co.,* 170 F.R.D. 127, 130 (E.D.Pa.1997) (holding that "a party waives the privilege by placing her mental condition at issue"); *Topol v. Trustees of the Univ. of Pa.,* 160 F.R.D. 476, 477 (E.D.Pa.1995) ("Having placed her mental state in issue, plaintiff waived any applicable psychotherapist-patient privilege."). Plaintiff, alternatively, relies on several cases under the narrow view, which indicate that waiver is only effective where a plaintiff makes affirmative use of the privileged material in connection with the case. *See, e.g., Fritsch v. City of Chula Vista,* 187 F.R.D. 614 (S.D.Cal.1999) (holding that the psychotherapist-patient privilege is waived only when the plaintiff either calls his or her therapist as a witness, or introduces the substance of the communications themselves as evidence); *Hucko v. City of Oak Forest,* 185 F.R.D. 526, 531 (N.D.Ill.1999) (holding that plaintiff did not waive psychotherapist-patient privilege in seeking emotional distress damages where he did not put at issue his consultations or treatments).

Having thoroughly reviewed the case law supporting both the broad and narrow views of waiver, this Court agrees with its sister courts in the Third Circuit who have heard the same issue that the broad view of waiver best serves the interests of parties to a litigation while adequately addressing fairness concerns. *See, e.g., Lanning v. Southeastern Pennsylvania Transp. Auth.,* No. Civ.A. 97–953, 1997 WL 597905, at *2 (E.D.Pa. Sept. 17, 1997) (declaring that a "party waives the federal common law psychotherapist-patient privilege by placing his/her mental condition at issue[,]" and "[r]ather than creating a 'chilling effect'... disclosure of the information requested by defendants is required in the interest of fairness and justice."); *Topol,* 160 F.R.D. at 477 (finding that plaintiff placed her mental state in issue by seeking damages for mental and emotional suffering); *Jackson v. Chubb Corp.,* 193 F.R.D. 216, 226 (D.N.J.2000) ("In the interests of justice, the broader 'at issue' approach caters to both the plaintiff's and the defendant's respective interests in a lawsuit and embraces the reality that a party to a lawsuit must always choose which claims or defenses to pursue and which ones to forego, recognizing that the success of certain claims and defenses hinges on disclosure of confidential personal or financial information, as well as waiver of certain privileges.").

This Court agrees for several reasons. First, our Court, which recognized a federal common law psychotherapist-patient privilege prior to *Jaffe, see Mines v. City of*

*Philadelphia,* 158 F.R.D. 337 (E.D.Pa.1994); *Siegfried v. City of Easton,* 146 F.R.D. 98 (E.D.Pa.1992), has previously held that a party waives the privilege by placing their mental condition at issue. *See Topol,* 160 F.R.D. at 477; *Lanning,* 1997 WL 597905, at *2. Second, the privilege has been analogized by the Supreme Court in *Jaffee* to the attorney-client privilege, which is waived when counsel's advice is placed at issue. *See, e.g., Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 486 (3d Cir.1995); *see also Rost v. State Bd. of Psychology,* 659 A.2d 626, 629 (Pa.Cmwlth.1995) (reasoning that Pennsylvania's statutory psychotherapist-patient privilege is waived by placing communications at issue by analogy to the state's attorney-client privilege), *app. denied,* 543 Pa. 699, 670 A.2d 145 (1995). Finally, the Court agrees that allowing a plaintiff "to hide ... behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice." *Premack v. J.C.J. Ogar, Inc.,* 148 F.R.D. 140, 145 (E.D.Pa.1993).

**\*5** In seeking, however, to have this Court apply the narrow waiver doctrine to the facts of this case, Plaintiff's counsel relies heavily on the assertion that Plaintiff has only filed a "garden variety" claim for emotional distress against Defendants. (Pl.'s Mem. of Law at 1). Plaintiff's reliance on this garden variety language, however, is misplaced. Indeed, courts have consistently made a distinction between the "in controversy" requirement in the context of *Rule 35(a)* and *Rule 26(b). See, e.g., Turner v. Imperial Stores,* 161 F.R.D. 89, 95 (S.D.Cal.1995) (noting that under *Rule 35(a)* "a court will order plaintiffs to undergo mental examinations when, in addition to a claim of emotional distress, one or more of the following elements are present: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of *Rule 35(a).'* "). Notably, Defendants have moved to compel pursuant to *Rule 26(b)* because at issue here is Plaintiff's psychological and medical records—governed by *Rule 26(b)*—not compelling Plaintiff to undergo a psychiatric evaluation—governed by *Rule 35(a). See, e.g., Bowen v. Parking Auth. of City of Camden,* 214 F.R.D. 188, 195 (D.N.J.2003). Thus, while demonstrating the presence of an additional element, other than the mere filing of a claim for emotional distress damages, may be necessary to satisfy the "in controversy" prong when a Defendant moves pursuant to *Rule 35(a),* such is not necessarily the case when a Defendant moves, as here, pursuant to *Rule*

*26(b).*

Similarly, while Plaintiff's assertion that she can and will establish emotional stress damages without resort to expert testimony is technically sound, it misses the point. Obviously, Plaintiff may establish her emotional stress damages with her own or other lay testimony. The issue, however, is not how Plaintiff intends to prove her emotional distress damages, but, rather Defendants' right to defend themselves fully against Plaintiff's claims. *See Sanchez v. U.S. Airways, Inc.,* 202 F.R.D. 131, 136 n. 7 (E.D.Pa.2001) ("How the Plaintiffs decide to prosecute their claims is a tactical decision for them alone. But, the determination of relevant evidence is outside their purview ... none of the cases stated ... stand for the idea that just because Plaintiffs do not intend to use expert testimony, the records related to their use of a mental health professional is inviolable."); *Lowe v. Philadelphia Newspapers Inc.,* 101 F.R.D. 296, 298 (E.D.Pa.1983) (reasoning that defendants should have a right to inquire into a plaintiff's past for the purpose of showing that their emotional distress was caused, at least in part, by events and circumstances that were not job related). Thus, the Plaintiff's affirmative use, or not, of medical expert testimony is not dispositive. *See Thorne v. Universal Properties, Inc.,* 1987 WL 7683, at *2 (E.D.Pa. Mar.10, 1987) ("If a plaintiff seeks damages for alleged emotional or psychological injuries, the defendant's case ought not be limited by the plaintiff's decision not to introduce available medical or psychological testimony that bears directly on the truth of the claim.").

**\*6** The Court has already concluded that Plaintiff's psychological history is relevant to Plaintiff's claim that her emotional stress stems from her employment and resignation from Defendants. Indeed, Plaintiff's past and present records may show the presence of certain stress factors that pre-dated her conflict and resignation at work, or that other factors unrelated to this litigation occurred after her resignation, which may serve to mitigate or extinguish Plaintiff's emotional stress claims. Hence, in striking the appropriate balance between Plaintiff's privacy interest and the right of the Defendants to defend themselves in this action, this Court cannot allow Plaintiff to assert a claim for emotional distress damages and simultaneously disallow Defendants to discover information into the possible causes of that stress. Therefore, Defendants may take discovery from Plaintiff on these sensitive issues. The Court, however, will not allow Defendants to engage in a baseless fishing expedition against Plaintiff. *Doe v. City of Chula Vista,* 196 F.R.D. 562, 570 (S.D.Cal.1999) ("scope of discovery into this sensitive area should be limited and confined to that information that is essential to a fair trial.") As such,

the entirety of Plaintiff's medical history should not be subject to disclosure, and the scope of Defendants inquiry must be appropriately limited to whether and to what extent the alleged drug use and concurrent investigations caused Plaintiff to suffer emotional harm. *See, e.g., Bridges v. Eastman Kodak Co.,* 850 F.Supp. 216, 223 (S.D.N.Y.1994); *Doe,* 196 F.R.D. at 570.

**C. Sanctions**

In their motion, Defendants have requested sanctions against Plaintiff. However, there remains fluidity among federal courts regarding the circumstances in which psychotherapist-patient waiver is effectuated by claiming emotional distress damages in a lawsuit. Furthermore, there has been no decision by either the Supreme Court or the Third Circuit clarifying this particular issue. Thus, the Court will not impose sanctions against Plaintiff.

**Conclusion**

For the foregoing reasons, Defendants' motion will be granted. Plaintiff will be ordered to either produce her past and present medical and psychotherapy records, or have her claims for emotional distress stricken. An appropriate order follows.

**Order**

**AND NOW,** this ___ day of March, 2009, upon consideration of Defendants' Delaware County Memorial Hospital and Crozer–Keystone Health System, Inc.'s Motion to Compel an Executed Medical Authorization and Plaintiff's Response to Discovery Requests Related to Her Medical Records (Doc. 17), and Plaintiff's Response in Opposition to (Doc. 19), **IT IS HEREBY ORDERED AND DECREED** that Defendants' Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that:

　　1) Plaintiff shall supplement her discovery responses and produce the names of all past and present psychological, psychiatric and other relevant medical providers from whom Plaintiff has sought treatment within ten (10) days of the date of this Order, accompanied by a signed authorization for the release of all such records;

21 A.D. Cases 1883

**\*7** 2) Any information obtained through discovery by defense counsel concerning Plaintiff's medical records or personal history shall be treated as confidential information to be utilized in and solely for the purpose of this litigation. The information shall not be divulged to any employee or officer of Defendants without prior approval of either Plaintiff's counsel or of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply within ten (10) days of the date of this Order, her claim for emotional distress damages shall be stricken.

**IT IS FURTHER ORDERED** that the Defendants' motion for sanctions pursuant to *Fed.R.Civ.P. 37* is **DENIED.**

**Parallel Citations**

21 A.D. Cases 1883

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.