# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

**Richard Katz**

Plaintiff

Case No.: **3:15-cv-01187**

v.

**NATIONAL BOARD OF MEDICAL EXAMINERS (NBME)**
3750 Market Street
Philadelphia, PA 19104

and

**FEDERATION OF STATE MEDICAL BOARDS (FSMB)**
400 Fuller Wiser Road, Suite 300
Euless, Texas 76039-3855

Defendants

___

# Plaintiff's Objection to Defendant's Proposed Subpoena for Production of Medical Records

Pro se plaintiff Richard Katz (herein Katz) in the underlying action objects to defendants National Board of Medical Examiners and Federation of State Medical Boards second proposal of subpoenas for production of, educational and vocational records.

On March 2nd, 2016 Katz received an email from Michael Sacks Counsel for defendants informing him that the defendants intend to serve the following eleven subpoenas on or after March 9th, 2016 to the following individuals and/or entities:

• Alamance Regional Medical Center
• Andover Togs Inc.
• Education Commission for Foreign Medical Graduates (ECFMG)
• Elmhurst Hospital
• Nathan Kline Institute
• New Mexico Psychiatric Services
• Queens College
• Ross University School of Medicine
• St. Christopher's Iba Mar Diop College of Medicine
• St. Matthew's School of Medicine
• SUNY Nassau Community College
.

These subpoenas are in addition to the fourteen subpoenas of individuals and/or entities initially proposed by defendants on January 19th 2016 (listed below) that Katz objected to on January 19th 2016 on the grounds that the proposed subpoenas were overbroad, were seeking irrelevant and privileged information, that they seek information that could invade Katz's privacy and safety considering that the defendants took the liberty of advertising Katz's personal identifiers like his Social Security Number and Date of Birth directly on each subpoena.

• Holtz Psychological
• Dr. David Kreditor
• Samuel Lupardo
• SUNY Old Westbury
• New School (Parsons)
• Pocono Medical Center
• The ReDCo Group
• The Aaron Center
• St. John's University
• St. John's University (Counseling)
• St. Joseph's College
• St. Joseph's College (Counseling)
• The Center for Emotional Care
• Dr. Ubaldo Leli

And now the defendants 'fishing expedition' continues in an attempt to once again ascertain information that is not relevant to this case.

The subpoena commands the custodian of records to appear at the hearing with the following documents:

**"Your complete file of academic records pertaining to Richard Katz d.o.b. 00/00/00 and ss no. 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 (d.o.b. and s.s. no. omitted by Katz here but displayed by defendants on actual proposed subpoena) including but not limited to transcripts academic advising files, records of the Office of Services for Students with Disabilities, application for admission, honors or awards, and disciplinary files."**

**or**

**"to produce at the time place and date set forth below the following documents, electronically stored information or objects, and to permit inspection, copying, testing, or sampling of the material: All employment records concerning Richard Katz Katz d.o.b. 00/00/00 and ss no. 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 (d.o.b. and s.s. no. omitted by Katz here but displayed by defendants on actual proposed subpoena), including application for employment, training records, personnel file, performance evaluations, disciplinary actions and salary records."**

Lawyers have the power, granted by court process, to issue subpoenas involving civil cases in which they represent one or more of the parties. They do not have to go running to a judge or court clerk every time they want to force someone to turn over documents and appear for deposition or in court.[1]

However, there is an important caveat. The subpoena may only seek information that is *reasonably calculated to lead to the discovery of admissible evidence*. In other words, you can't just demand anything and everything. The information you seek has to be directly relevant to the case. Something that would lead to acceptable evidence at trial. **So-called "fishing expeditions" are strictly prohibited.**[2]

When a lawyer abuses the court's process by the misuse of subpoenas, the punishment can be a finding of contempt of court. What then? It's up to the judge. Usually it is a fine or the paying of the other side's attorney's fees. In extreme cases, a lawyer may find himself behind bars.[3]

---

[1] Houston's 'sermon-gate' and the abuse of subpoenas  By Gregg Jarrett  Published October 16, 2014 FoxNews.com http://www.foxnews.com/opinion/2014/10/16/houstons-sermon-gate-and-abuse-subpoenas.html

[2] Ibid.

[3] Ibid.

Counsel for the defendant's state in their March 2nd 2016 letter to Katz:

> I am also enclosing a series of proposed subpoenas that are based upon information disclosed at your deposition, as well as a subpoena directed to the ECFMG. As I said in my letter dated February 10, 2016, if you object to the proposed subpoenas on the same basis as your objections to the proposed subpoenas previously sent to you, as to which there are pending discovery motions (defendants' motion to overrule objections and your motion for protective order), I strongly suggest that we not file any additional motions with the Court, but rather that we agree to be guided by the Court's rulings on the pending motions. For now, it will suffice for you to advise me by letter that you object to the proposed subpoenas. With regard to the subpoena to the ECFMG, I would expect that you would not object at all.

The authority to issue a subpoena is limited. Where a subpoena is issued contrary to what is required by statute, it will not be enforced. In re Ehmer, 272 AD2d 540 (2d Dept 2000): Rickicki v Borden Chemical, 195 AD2d 986 (4th Dept 1993).

In a lawsuit involving the challenge of a will, **where an attorney (without court approval) issued numerous unfounded subpoenas to nonparty health care providers and financial institutions, the attorney was suspended for six months.** Matter of Lazroe, 25 AD3d 263 (4th Dept 2005).

**It must be questioned based on the defendants March 2nd 2016 letter to plaintiff (above excerpt), whether opposing Counsel is hiding under the auspices of Local Rule 26.3 requiring parties to confer and make a good faith effort to resolve differences regarding discovery before filing a discovery motion with the court <u>or</u> if there is an attempt to abuse the court's process by the misuse of subpoenas.**

Abuse of process encompasses entire range of procedures incident to the litigation process such as discovery proceedings, the noticing of depositions and the issuing of subpoenas.[4]

---

[4] Pellegrino Food Prods. Co. v. City of Warren, 136 F. Supp. 2d 391, 407 (W.D. Pa. 2000 - See more at: http://abuseofprocess.uslegal.com/abuse-of-process-overview/#sthash.vzz4V9D1.dpuf

**STATEMENT OF THE CASE:**

This is a disability access and discrimination case alleging that there is an administrative barrier and discriminatory policies at the National Board of Medical Examiners and the Federation of State Medical Boards. NBME and FSMB own and sponsor the United States Medical Licensing Examination® ("USMLE"), a standardized examination that is used in evaluating applicants for medical licensure in the United States and its territories. The USMLE Organization's primary place of business is in Philadelphia, PA. Katz is an individual with a disability. This barrier denies full and equal access to in violation of the Americans with Disabilities Act ("ADA").

Katz filed his original Complaint in this Court on June 18, 2015. He amended his complaint on August 12th, 2015. The defendants answer was submitted to this Court on August 28th, 2015. Katz traversed the defendants answer on September 8th, 2015. On 11/17/2015 Katz submitted to this Court a Second Amended Complaint that awaits ruling by The Honorable Joseph Saporito Jr.

**ARGUMENT:**

"The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." Theofel v. Farey-Jones, 359 F.3d 1066, 1074 (9th Cir. 2004).

When the power is misused, public confidence in the integrity of the judicial process is eroded. Therefore, the failure to [abide by the rules] also cause[s] injury to the public. Spencer v. Steinman, 179 F.R.D. 484, 489 (E.D. Pa. 1998) (internal citations and quotations omitted).

**THE DOCUMENTS AND ITEMS REQUESTED IN THE SECOND PROPOSED SUBPOENA CONTAIN IRRELEVANT AND PRIVILEGED MATTER, AND PERSONAL DEMOGRAPHIC/IDENTIFIERS, THE PRODUCTION OF WHICH WILL COMPROMISE KATZ'S SAFETY AND PRIVACY.**

**CONCLUSION:**

For the reasons stated above, Katz objects to the defendant's second proposed subpoena for production of records

Respectfully submitted,



Richard Katz
3364 Parker Lane
East Stroudsburg, PA 18301
pro se

/s/ Richard Katz_____

Richard Katz

Dated: March 6th, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served upon:

Michael Sacks
Hamburg & Golden, P.C.
1601 Market Street Suite 3310
Philadelphia PA 19103-1443

Date: March 6th, 2016

/s/ Richard Katz_____
    Richard Katz