IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD KATZ : | |
|        Plaintiff : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| NATIONAL BOARD OF MEDICAL : | NO. 3:15-cv-01187 |
| EXAMINERS : | |
| : | |
|    and : | |
| : | |
| FEDERATION OF STATE MEDICAL BOARDS : | |
|        Defendants : | |

## PLAINTIFF'S MOTION TO COMPEL RESPONSIVE ANSWERS TO

## SUPPLEMENTAL INTERROGATORIES NUMBER ONE

## AND MEMORANDUM OF LAW IN SUPPORT

Pro se plaintiff, Richard Katz (hereinafter Katz or plaintiff), pursuant to Rule 37, Fed. R. Civ. P., hereby files this Motion to Compel Responsive Answers to **Supplemental Interrogatories Number One** against the defendants, National Board of Medical Examiners (NBME) and the Federation of State Medical Boards (FSMB) (hereinafter "defendants"), and for an award of expenses, including fees, and as grounds

states:

1. Plaintiff, filed suit against defendants in June of 2015 for wrongful denial of testing accommodations on the United States Medical Licensing Exam (USMLE) in 2006 and in 2014 under the Americans with Disability Act (ADA).

2. Plaintiff served his initial Interrogatories to defendants on January 4th 2016.

3. On February 3rd, 2016, defendants provided insufficient responses to plaintiff's initial Interrogatories, respectively. The defendants made objections, provided *watered down*, *vague and evasive responses* to information that is pertinent to this case. The defendants employ such ambiguous phrases like the documentation "speaks for itself."

4. By letter dated February 14, 2016, plaintiff' addressed defendant's inadequate and incomplete interrogatory responses and submitted his Supplemental Interrogatories Number One to defendants on this date.

5. By letter dated March 4th 2016, plaintiff propounded Supplemental Interrogatories Number Two giving defendants 30 days from this date to respond.  These Interrogatories are still pending based on time allowance.

**This Motion to Compel pertains to plaintiff's Supplemental Interrogatories Number One.**

6. The defendants should now be ordered to comply with the Interrogatories discussed in detail below.

7. As discussed below, plaintiff requests this Court to award his expenses incurred in preparing this motion. Fed. R. Civ. P. 37(a)(4) / Freedom of Information Act (FOIA).

8. Plaintiff hereby certifies that he has conferred with counsel for defendants in a good faith effort to resolve the issues raised in the foregoing Motion to Compel, but has been unsuccessful.

WHEREFORE, plaintiff, respectfully requests this Court to enter an Order compelling defendants to comply with plaintiff's Motion to Compel Responsive Answers to Interrogatories Number One and for costs associated with this Motion.

Respectfully submitted,

Richard Katz
3364 Parker Lane
East Stroudsburg, PA 18301
(570) 517-9314
BY:  _/s/ Richard Katz_____
Richard Katz

**MEMORANDUM OF LAW**

**I. BACKGROUND**

Plaintiff Richard Katz is a 2004 medical school graduate with a disability, in 2005 Katz applied for exam accommodations for the United States Medical Licensing Exams (USMLE). The defendants denied this request in 2006, making a wrongful denial despite Katz's submission of reports from his caregivers substantiating his disability claims under the Americans with Disabilities Act (ADA).

In January of 2012, the defendants implemented an attempt limit to the number of times examinees can take to pass the USMLE Exams, this is currently limited to six attempts. The previous USMLE policy permitted examinees to take the USMLE Exams as many times as they needed until passing. In creating this so called 'Six Attempt Limit Rule' the defendants made NO concession in their policy development for people with documented disabilities.

In November of 2013 Katz exceeded his attempt limit on USMLE Step 1, under regular exam conditions as the defendants never granted him accommodations he sorely needed for success. The defendants then barred him from registering for the USMLE Step 1 Exam. Katz sent an Appeal to defendants on April 1st 2014 explaining recent changes to his diagnosis, new information confirming that the defendants made a wrongful denial of testing accommodations in 2006. Katz also informed defendants that their recent 'Six Attempt Limit Rule' is an administrative barrier to people with documented disabilities as promulgated by the Department of Justice (DOJ) and the Americans with Disability Act (ADA).

The defendants replied to this request with a denial on April 17, 2014 never acknowledging Katz's caregiver reports, or the recent changes to his diagnosis and treatment. The defendants even refused to acknowledge that Katz submitted an Appeal referring to it as "your letter and supporting documents."

Plaintiff currently has remaining attempts for USMLE Step 2 Clinical Skills (CS), USMLE Step 2 Clinical Knowledge (CK) and USMLE Step 3 under regular exam conditions. However he is barred from registering for USMLE Step 1 because of the 'Six Attempt Limit Rule". He will therefore never have the opportunity to be licensed as a practicing physician in the United States of America.

Because of the defendants negligence in 2006 Katz was subject to repeated studying, and subsequent failures, having to take the USMLE Exams under regular exam conditions, this took its toll on his mental and overall health. With the implementation of the 'make or break' nature of the 'Six Attempt Limit Rule', Katz had a mental breakdown in March of 2013 and had to be hospitalized for one week in the Behavioral Health Unit at Pocono Medical Center in Stroudsburg, PA.

Katz suffers from numerous conditions, including but not limited to, bipolar disorder, anxiety disorder, panic disorder, specific phobia associated with test-taking, two functional gastrointestinal disorders associated with stress, gastroesophageal reflux disease (GERD) and irritable bowel syndrome (IBS), chronic frequent exacerbation of asthma, migraine headaches, elevated blood sugar approaching a pre-diabetic state, sleep disturbance, and a chronic skin condition all stress related conditions that defendants are responsible for. Katz believes that substitutionary remedy is now in order to compensate his losses in an attempt to become whole again.

Katz propounded his first set of Interrogatories on defendants January 4th 2016. On February 3rd 2016, the defendants responded. By letter dated February 14, 2016, Katz addressed defendant's inadequate and incomplete interrogatory responses and submitted Supplemental Interrogatories Number One to defendants on this date.

It is inconceivable that the defendants have inhibited discovery efforts by refusing to produce better answers that are necessary for Katz to analyze (1) how the defendants, reached their denial decision based on the claims made in 2006 and 2014, (2) the nature of the information considered in making their decision, (3) Katz has met the requirements of an individual with a disability based on a review by the Civil Rights Section of the Department of Justice, and questions why defendants didn't arrive at the same conclusion (4) what extent the defendants can now be held responsible for derailing a medical career, causing illness, and wasting a medical graduates time for the last twelve years by the denial of valid claims.

The defendant's counsel is well aware of the requirements to produce the responses requested, but is stubbornly litigious ad nauseam, employing scorched earth and fishing expedition defense tactics, inundating plaintiff with a barrage of twenty-five or more subpoenas, most unfounded having no bearing on this case whatsoever.

## II. PLAINTIFF'S REQUESTS FOR DEFENDANT'S ANSWERS TO SUPPLEMENTAL INTERROGATORIES NUMBER ONE.

> 3a. Do YOU contend that Plaintiff did NOT document the problems he was experiencing in a writing dated July 7th, 2005 to NBME Disability Services regarding the testing conditions of the USMLE Step 1 and his subsequent failures due to his functional limitations, specifically that he was running out of time on the exam?
>
> ANSWER:
>
> Defendants acknowledge that on July 7, 2005, the NBME received plaintiff's letter dated June 27, 2005, (NBME/Katz 0205-0207) and took the letter into account in its evaluation of plaintiff's request for accommodations. The letter speaks for itself.

The information sought in interrogatory 3a is highly relevant in determining whether the defendants considered Katz's functional limitations when they denied Katz's disability request for exam accommodations in 2006. By stating that the "letter speaks for itself" glosses over material fact giving little regard to what Katz asks of defendants.

3b. Do YOU contend that Plaintiff did NOT submit a notarized Appeal and supplemental support documentation that challenged the Six Attempt Limit Rule providing proof (Dr. Garloff's letter dated February 28, 2014) that he was recently diagnosed with Bipolar Disorder, and requested that the Six Attempt Limit Rule be overturned and accommodations be granted for USMLE Step 1, Step 2 CK and Step 2 CS as well as Step 3 to NBME Disability Services on April 1st, 2014?

**ANSWER:**

Objection. Defendants object to the use of the term "appeal" with respect to plaintiff's April 1, 2014, letter addressed to the ECFMG (NBME/Katz 0079-0082). Defendants further object to plaintiff's characterization of the April 1, 2014, letter and/or the documents submitted with such letter. Subject to and without waiving such objections, defendants acknowledge that they received plaintiff's April 1, 2014, letter, which speaks for itself, together with the documents submitted with such letter, and acknowledge that plaintiff requested that the six attempt limit be "removed" so he would be able to register for USMLE Step 1.

> Education Commission for Foreign Medical Graduates (ECFMG)
> ATT: N. Emmanuel G. Cassimatis, M.D.
> President and Chief Executive Officer, ECFMG
> 3624 Market Street
> Philadelphia, PA 19104-2685
>
> April 1, 2014
>
> CONFIDENTIAL
>
> Richard Katz
> ECFMG ID: #06314751
>
> Subject: Six Attempt Limit for USMLE Examinations: USMLE STEP 1
>
> Dear ECFMG:
>
> I am writing to **appeal** the six attempt limit rule instituted by ECFMG in August of 2011. Although I am able to register for USMLE Step 2 CK as well as Step 2 CS, I am no longer able to register for USMLE Step 1 as the ECFMG website tells me that I have exceeded my attempt limit for this particular step. There are factors that contributed to my current situation that I need to address to ECFMG at this time. What follows are the facts, and where possible I have included support documentation to substantiate these facts.
>
> I was diagnosed with bipolar disorder in March of 2012

The defendants are required to explain in further detail why they refuse to recognize that Katz sent an APPEAL (stated above) on April 1st 2014 challenging the 'Six Attempt Limit Rule' for all individuals with disabilities who qualify for accommodations under the ADA. The fact that Katz on April 1st 2014 was not yet privy to the organization responsible for instituting the 'Six Attempt Limit Rule' should certainly not discount his APPEAL. Furthermore, this is testimony why the Education Commission for Foreign Medical Graduates (ECFMG) is NOT named as a defendant in this lawsuit, because they did not institute the 'Six Attempt Limit Rule.' Moreover, a certified copy of the same materials on the same date was also issued by United States Certified Mail to the defendants.

The defendants also are required to explain what they mean by "the letter, speaks for itself." This was a rather lengthy APPEAL, with supplemental materials from Katz's caregivers and other substantiating documents. What specifically about the APPEAL speaks for itself? Such glossing over and watering down material fact has hindered plaintiff's discovery efforts.

> 3c. Do YOU contend that that the Appeal was NOT forwarded by NBME Disability Services to Amy Bueno of the USMLE Secretariat's Office and that Ms. Bueno issued a denial letter to this Appeal to Plaintiff on April 17th, 2014 via email and regular mail never acknowledging Plaintiff's disability of Bipolar Disorder?
>
> **ANSWER:**
>
> Objection. Defendants object to the use of the term "appeal" with respect to plaintiff's April 1, 2014, letter addressed to the ECFMG (NBME/Katz 0079-0082). Subject to and without waiving such objection, defendants acknowledge that someone at the NBME or the ECFMG forwarded plaintiff's April 1, 2014, letter to the USMLE Secretariat, and acknowledge that Amy Buono responded by letter dated April 17, 2014 (NBME/Katz 0088), which letter speaks for itself.
>
> 3d. Do YOU contend that Plaintiff did NOT respond to NBME Disability Services' April 8th 2014 email on April 20th, 2014 explaining that a formal request for Disability Services would NOT be possible for the USMLE Step 1 as long as he was locked out from registering for the USMLE Step 1 Exam?
>
> **ANSWER:**
>
> No.

With regard to interrogatory 3c, the defendants again minimize the fact that Katz submitted an APPEAL on April 1st 2014, never responding to the last portion of interrogatory 3c probes the fact that Amy Bueno of the USMLE Secretariats Office never responded to the fact that plaintiff was first diagnosed with bipolar disorder in March of 2013. This portion of interrogatory 3c was not responded to by defendants, instead was conveniently ignored.

Interrogatory 3d is responded by defendants with a "NO". This is an inadequate response to interrogatory 3d. The defendants need to elaborate on their answer. Interrogatory 3d probes a very important point because it reveals a flawed administrative process and reveals deficiencies in the 'Six Attempt Limit Rule' for individuals with disabilities under the ADA.

> 3e. Do YOU contend that on December 18th, 2013 Plaintiff did NOT speak to Susan Conroy from NBME Disability Services about the fact that he was locked out from reregistering for USMLE Step 1 and Susan Conroy directed Plaintiff to ECFMG to discuss this matter, even though the Six Attempt Limit Rule was a policy formed by the USMLE Organization (NBME and FSMB) and NOT ECFMG?
>
> **ANSWER:**

> Objection. Defendants object to plaintiff's characterization of the suggestion by Ms. Conroy that he contact the ECFMG as occurring "even though the Six Attempt Limit Rule was a policy formed by the USMLE Organization (NBME and FSMB) and NOT ECFMG." Subject to and without waiving such objection, defendants acknowledge that plaintiff spoke with Susan Conroy of the NBME on December 18, 2013, which conversation is reflected in NBME/Katz 0127.

The defendants need to be more specific about what they object to in interrogatory 3e. Interrogatory 3e is important because it probes the murkiness of the 'Six Attempt Limit Rule' policy and its administrative derivation. The fact that Ms. Conroy from NBME Disability Services directed Katz to ECFMG an organization that has no oversight over the 'Six Attempt Limit Policy" is an important point that needs to be explored by plaintiff.

> 3f. Do YOU contend that when Plaintiff registered for the USMLE Step I exam on November 18th, 2011 that he was aware that he suffered from Bipolar Disorder?
>
> **ANSWER:**
>
> No.
>
> 3g. Do YOU contend that when Plaintiff registered for the USMLE Step I exam on March 26th, 2012 that he was aware that he suffered from Bipolar Disorder?
>
> **ANSWER:**
>
> No.
>
> 3h Do YOU contend that when Plaintiff registered for the USMLE Step I exam on December 7th, 2012 that he was aware that he suffered from Bipolar Disorder?
>
> **ANSWER:**
>
> No.

Interrogatory 3f, 3g and 3h are responded by defendants with a "NO". The defendants need to respond to the interrogatories in an acceptable answered format and explain in more detail what they mean by "NO." Their answer is evasive.

> 4a. Do YOU contend that Plaintiff did NOT submit a notarized Appeal and supplemental support documentation challenging the Six Attempt Limit Rule and provided proof (Dr. Garloff's letter dated February 28, 2014) that he was recently diagnosed with Bipolar Disorder, and requested that the Six Attempt Limit Rule be overturned and accommodations be granted for USMLE Step 1, Step 2 CK, Step 2 CS and Step 3 to NBME Disability Services on April 1st, 2014?
>
> **ANSWER:**
>
> Objection. Defendants object to the use of the term "appeal" with respect to plaintiff's April 1, 2014, letter addressed to the ECFMG (NBME/Katz 0079-0082). Defendants further object to plaintiff's characterization of the April 1, 2014, letter and/or the documents submitted with such letter. Subject to and without waiving such objections, defendants acknowledge that they received plaintiff's April 1, 2014, letter, which speaks for itself, together with the documents submitted with such letter, and acknowledge that plaintiff requested that the six attempt limit be "removed" so he would be able to register for USMLE Step 1.

Defendants again use the phrase "speaks for itself" with regard to Katz's April 1st 2014 APPEAL. This is a watered down phrase that has no meaning to plaintiff. Plaintiff inquires as to what specifically about his April 1st 2014 APPEAL 'speaks for itself.'

> 5a. Do YOU contend that Plaintiff did NOT document the problems he was experiencing in a writing dated July 7th, 2005 to NBME Disability Services regarding the testing conditions of the USMLE Step 1 and his subsequent failures due to his functional limitations, specifically that he was running out of time on the exam?
>
> **ANSWER:**
>
> Defendants acknowledge that on July 7, 2005, the NBME received plaintiff's letter dated June 27, 2005, (NBME/Katz 0205-0207) and took the letter into account in its evaluation of plaintiff's request for accommodations. The letter speaks for itself.

Defendants again use the phrase "speaks for itself" with regard to Katz's April 1st 2014 APPEAL.  This is a watered down term that has no meaning to plaintiff.  Katz inquires as to what specifically about his April 1st 2014 APPEAL 'speaks for itself.'

> 5b. Do YOU contend that Plaintiff did NOT submit a notarized Appeal and supplemental support documentation that challenged the Six Attempt Limit Rule providing proof (Dr. Garloff's letter dated February 28, 2014) that he was recently diagnosed with Bipolar Disorder, and requested that the Six Attempt Limit Rule be overturned and accommodations be granted for USMLE Step 1, Step 2 CK, Step 2 CS and Step 3 to NBME Disability Services on April 1st, 2014?
>
> **ANSWER:**
>
> Objection.  Defendants object to the use of the term "appeal" with respect to plaintiff's April 1, 2014, letter addressed to the ECFMG (NBME/Katz 0079-0082).  Defendants further object to plaintiff's characterization of the April 1, 2014, letter and/or the documents submitted with such letter.  Subject to and without waiving such objections, defendants acknowledge that they received plaintiff's April 1, 2014, letter, which speaks for itself, together with the documents submitted with such letter, and acknowledge that
>
> plaintiff requested that the six attempt limit be "removed" so he would be able to register for USMLE Step 1.

Defendants again use the phrase "speaks for itself" with regard to Katz's April 1st 2014 APPEAL.  This is a watered down term that has no meaning to plaintiff.  Katz inquires as to what specifically about his April 1st, 2014 APPEAL 'speaks for itself.'

> 5c. Please respond to the portion of question 5 that you have chosen to omit, that asked about the percentage of disability applicants that were granted accommodations for USMLE Step 1, Step 2 CK and Step 2 CS that were represented by an Attorney vs. those disability applicants that were granted accommodations who were NOT represented by an Attorney from 2014 to 2015.
>
> **ANSWER:**
>
> Objection. Defendants object on relevance grounds to Interrogatory 5c regarding requests for exam accommodations in 2014-15, since the NBME conducted no evaluation of a request for accommodations for plaintiff during that time.

Katz submitted an APPEAL to defendants on April 1st 2014 that contained medical documentation, specifically a letter from Dr. Garloff plaintiffs' psychiatrist dated March 3rd 2014, that states (see below)

Due to the changes in his diagnosis and treatment over the last year, I feel he is due all reasonable consideration for his request.

I trust you find this information to be of use and benefit.

Sincerely,

Samuel J. Garloff D.O.,
DFACMQ, FABCARP, FFSMB, FAAOE

Date 3/3/14

SJG:dr

"Due to the changes in his treatment over the last year, I feel he is due all reasonable consideration for his request."

Interrogatory 5c is extremely relevant to the fact that defendants ignored the request of Katz's psychiatrist who in his professional judgement initiated the process of reconsideration in plaintiff being evaluated for accommodations. If defendants chose to ignore this material fact than this needs to be probed by plaintiff.

> 5d. Please respond to the portions of question 5 that you have chosen to omit, regarding the percentage of disability applicants that were granted accommodations for USMLE Step 1 from 2005 to 2006 and from 2014 to 2015, for USMLE Step 2 CK and Step 2 CS from 2014 to 2015 that were represented by an Attorney vs. those disability applicants that were granted accommodations who were NOT represented by an Attorney.
>
> **ANSWER:**
>
> Objection. Defendants object on relevance grounds to Interrogatory 5d regarding requests for exam accommodations on Step 1 of the USMLE in 2005-2006, because plaintiff did not request accommodations on Step 1 at that time, but rather only requested accommodations for Step 2 CK and Step 2 CS. Defendants further object on relevance grounds to Interrogatory 5d regarding requests for accommodations on any step of the USMLE in 2014-2015 since the NBME conducted no evaluation of a request for accommodations for plaintiff during that time.

It has already been established based on defendants response to Interrogatory 3a (see ANSWER below) that the defendants received a letter from plaintiff on July 7th, 2005 dated June 27th, 2005 that discussed his functional limitations specifically that he was running out of time on the USMLE Step 1 Exam. So, it is therefore temporally very relevant.

**Defendants' response to interrogatory 3a:**

> **ANSWER:**
>
> Defendants acknowledge that on July 7, 2005, the NBME received plaintiff's letter dated June 27, 2005, (NBME/Katz 0205-0207) and took the letter into account in its evaluation of plaintiff's request for accommodations. The letter speaks for itself.

> 5e. Please respond to the fate of the 21 percent of disability applicants that were denied exam accommodations from July 1, 2005 to June 30, 2006, for USMLE Step 2 CK and Step 2 CS, and describe whether or not they challenged NBME Disability Services with an Appeal, an Attorney or if they registered under regular exam conditions, also state the pass/fail rate of these applicants?

> **ANSWER:**
>
> Objection. Defendants object to the phrase "the fate of the 21 percent ... that were denied exam accommodations" as vague, ambiguous and confusing. Defendants further object to Supplemental Interrogatory 5e as unduly burdensome and not reasonably calculated to lead to admissible evidence.

Considering that plaintiff was in this pool of disability applicants from July 1st, 2005 through June 30th, 2006, the information he requested is extremely pertinent because it quantifies the data in a scalable way, following all disability applicants through NBME Disability Services for this one year period and will see the final outcome of these applicants in question.

### III. AWARD OF REASONABLE EXPENSES INCURRED

When a motion to compel is granted, it is mandatory for the court to require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred, including attorney's fees. Fed. R. Civ. P. 37(a)(4). Defendant's evasive responses to plaintiff's interrogatories are completely improper because the discovery relates to defendant's wrong and unreasonable denial of accommodations. Further, it is untenable that defendants continue to frustrate plaintiff's discovery efforts, forcing plaintiff to file this Motion to Compel. Accordingly, this Court should award plaintiff the expenses incurred in bringing this motion.

In 1974 Congress amended[1] the Freedom of Information Act (FOIA)[2] to enhance the ability of citizens to avail themselves of the benefits and protections of the Act.[3] Among other objectives, Congress intended the amendments to "facilitate freer and more expeditious public access to government information" and "to encourage more faithful compliance with the terms and objectives of the FOIA."[4] As a means of ensuring that agencies do not withhold information unjustifiably, one provision[5] permits courts to "assess reasonable attorney fees and other litigation costs reasonably incurred"' by parties who seek information and then prevail in litigation challenging an agency's failure to disclose.

---

[1] P.L. 93-502, 88 Stat. 1561 (1974). The Freedom of Information Act (FOIA), as originally enacted, had no provision for attorney fees. Because all FOIA suits were civil suits against federal agencies or officials, the section in title 28 governing attorney fees, see 28 U.S.C. 2412(a) (1976), as amended by P.L. 96-481, 94 Stat. 2327 (1980), precluded attorney fees

[2] Congress enacted the FOIA in 1966, P.L. 89-487, 80 Stat. 250 (1966) (current version at 5 U.S.C. §§ 552-552b (1982)). The FOIA was amended in 1974, see P.L. 93-502, 88 Stat. 1561 (1974), and in 1976, see P.L. 94-409, 90 Stat. 1241 (1976).

[3] A democratic society requires an informed, intelligent electorate, and the intelligence of the electorate varies as the quantity and quality of its information varies. ... The needs of the electorate have outpaced the laws which guarantee public access to the facts in Government. H.R. No. 1497, reprinted in 1966 U.S. CODE CONG. & AD. NEWS 2418-29.

[4] S. Rep. No. 854, 93d Cong., 2d Sess. 1 (1974). In addition, the amendments were designed "to strengthen the citizen's remedy against agencies and officials who violate the Act, and to provide for closer congressional oversight of agency performance under the Act." Id.

[5] 5. 5 U.S.C. § 552(a)(4)(E) (1982).

By enacting the original FOIA, Congress intended "to establish a general philosophy of full agency disclosure"[6] and to close "loop-holes" which allow agencies to deny legitimate information to the public.[7] **By recognizing that this philosophy applies with equal force to pro se and represented parties, courts will better implement the policies Congress intended the attorney fees provision to promote.** Congress amended the FOIA not only to remove obstacles blocking the public's access to government information,[8] but also "to strengthen the citizens' remedy against agencies and officials who violate the Act.[9]  **Congress drew no lines discriminating among citizens or denying rights and remedies to those who do not retain attorneys**. Absent a clear expression of a congressional policy to deny pro se litigants an opportunity to recover an attorney fees award, courts should not impose arbitrary prohibitions against such awards.**

### IV. CONCLUSION

For the foregoing reasons, pro se plaintiff, Richard Katz, requests this honorable Court to enter an Order compelling defendants to provide better answers to its supplemental Interrogatories and to award Katz reasonable expenses incurred in having to file this Motion to Compel.

---

[6] S. Rep. No. 813, 89th Cong., 1st Sess. 3 (1965).
[7] 205. Id
[8] S. Rep. No. 854, 93d Cong., 2d Sess. 1 (1974).
[9] Id.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served upon:

**Michael Sacks**
Hamburg & Golden, P.C.
1601 Market Street Suite 3310
Philadelphia PA 19103-1443


Date: March 15th, 2016

/s/ Richard Katz_____
    Richard Katz