# Re: The Influence of the Federation of State Medical Boards (FSMB) on State Medical Boards

**Kempen** 

To: RICHARD KATZ <Cat2400@msn.com>;  Cc: Suja Amir <ar...  

Fri 3/18/2016 3:15 AM

You replied on 3/18/2016 9:16 AM.

FSMB has limited disclosure and is subject to some rules mainly from federal financial IRS 990s. You have more response demanding state agencies to report on interactions with FSMB. You can ask and must be very specific (enumerate them). Ask for email attachment PDF, as they love to charge as much AV $1.00 a page! My colleague Mrs Amir is copied and my be more helpful with specific questions! Good luck! Let me know. Be sure to involve media and PA Med Society with findings.

Sent from my iPhone

↶ Reply | ⌄    🗑 Delete   Junk | ⌄   •••                                                                         ✕

# Re: The Influence of the Federation of State Medical Boards (FSMB) on State Medical Boards


To: Kempen <kmpnpm@yahoo.com>;  Cc: RICHARD KATZ <Cat2400@msn.com>; ⌃


Sun 3/20/2016 10:24 AM

From:  Suja S. Amir (amirss@mymail.vcu.edu)
Sent:   Sun 3/20/2016 10:24 AM
To:     Kempen (kmpnpm@yahoo.com);
Cc:     RICHARD KATZ (Cat2400@msn.com);

Inbox

Sorry for the delay, in addition to work, I had family from Philly visiting.

Ok, so here's what I understand about FOIA and nonprofits. A nonprofit is a "public body". And hence are subject to FOIA. Congress created FOIA to ensure that "public business is performed in an open and public manner. Therefore, , a nonprofit which receives even minimal public support may be subject to FOIA. For Pennsylvania, you can see the state requirements here:  http://www.pacode.com/secure/data/004/chapter7/s7.164.html   Pennsylvania's FOIA aka Right to Know Act and the details of this act can be found here:  http://www.nfoic.org/pennsylvania-foia-laws   They key point, a citizen has the right to be provided with the information, now whether they will make it easy for you to obtain, charge you etc, is another issue. Keep up the great work and let us know how it goes. Let me know if you have any other questions.

All the best,



Suja S. Amir, MPA

amirss@vcu.edu

804-274-0511
*"You must accept the truth from whatever source it comes" - Maimonides*

# FOIA UPDATE: FOIA COUNSELOR: PATHS TO INFORMATION

January 1, 1981

**FOIA Update**
Vol. III, No. 1
1981

*FOIA Counselor*

PATHS TO INFORMATION

Discovery and the Freedom of Information Act are two entirely distinct means by which information may be obtained from the federal government.

Discovery is a device used by a party in litigation in order to obtain information from an entity or an individual (usually an opposing party) relating to the subject matter of a case. Discovery requests are generally limited only by traditional standards of relevancy, privilege and burden. *See, e.g.*, Rule 26 of the Federal Rules of Civil Procedure. Discovery may be sought in written form through interrogatories, or in oral form through depositions. It may also be sought through requests for the production of documents. *See* Rule 34 of the Federal Rules of Civil Procedure.

The Freedom of Information Act, on the other hand, provides a general right of access to federal records. The FOIA may be used by "any person" to seek access to "reasonably described" records maintained by any federal agency. The access afforded by the FOIA is thus often duplicative of that available through discovery.

Attempts are often made by parties in litigation to use the FOIA in place of, or in addition to, discovery. Under present law there is no statutory prohibition to the use of FOIA as a discovery tool. The Supreme Court found in *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n.10 (1975), that under existing law a requester's rights are not diminished by his or her status as a litigant.

The present use of the FOIA as a discovery tool can create problems for government attorneys in litigation. For example, government attorneys often do not realize that an opponent has duplicative access to information under the FOIA and may be exercising that right. Information obtained through the FOIA without the attorney's knowledge may take litigants by surprise when used by the opposing party. A government attorney must also be aware of a release of information under the FOIA which might prevent a later assertion of privilege.

Because of the problems which can be created by the use of the FOIA as a discovery tool, it is extremely important that agency personnel processing FOIA requests and government attorneys carefully coordinate their efforts.

Attorneys should inform agency personnel having custody of records that a related matter is in litigation and of the significance of the records to the litigation. The FOIA processors then will be able to advise the attorney of what requests have been made and of what material is contemplated to be released.

Similarly, where broad access to material is granted in discovery, subsequent assertion of FOIA exemptions for the material is usually not possible, so it is important to inform FOIA offices of discovery releases. *See, e.g., North Dakota v. Andrus*, 581 F.2d 177 (8th Cir. 1978). Notifying one another will ease problems for both

groups.

The use of the FOIA in place of discovery has concerned government litigators and policymakers for some time. The Supreme Court also voiced its disapproval of the use of the FOIA as a discovery tool in *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978), stating that this was not an intended function of the act.

The Administration's proposed Freedom of Information Improvements Act of 1981 (see pp. 3-8) addresses this concern. Proposed new subsection (a)(3)(B) would prohibit the use of the FOIA as a discovery device by a party to a judicial or adjudicatory administrative hearing or by any requester acting for such a party. This would solve the problem of FOIA requests duplicating discovery access in litigation, while leaving untouched a requester's ability to make a request for information before litigation begins. Until such a proposed modification of existing law is enacted, however, government attorneys and FOIA personnel alike should make every effort possible to coordinate their actions.

Go to: FOIA Update Home Page

**Topic(s):**
FOIA Update

**Posted in:**
Office of Information Policy

*Updated August 13, 2014*