IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

RICHARD KATZ                                   :
                        Plaintiff              :            CIVIL ACTION
                                               :
              v.                               :            NO. 3:15-cv-1187
                                               :
NATIONAL BOARD OF MEDICAL                      :            (MARIANI, J.)
EXAMINERS, et al.,                             :            (SAPORITO, M.J.)
                        Defendants             :

---

**ORDER**

AND NOW, this _____ day of _____, 2016, upon consideration of plaintiff'
"Motion to Compel Responsive Answers to Supplemental Interrogatories Number One," and the
defendants' response thereto, it is hereby ORDERED that the motion is DENIED.

_____
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 3:15-cv-1187 |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | (MARIANI, J.) |
| EXAMINERS, et al., | : | (SAPORITO, M.J.) |
| Defendants | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RESPONSIVE ANSWERS TO SUPPLEMENTAL INTERROGATORIES NO. ONE**

**I.    Introduction**

Defendants, the National Board of Medical Examiners (NBME) and the Federation of State Medical Boards (FSMB), oppose plaintiff's "Motion to Compel Responsive Answers to Supplemental Interrogatories Number One."   In the course of discovery, defendants have answered plaintiff's interrogatories, his request for documents (and supplied 273 pages of documents), his first set of supplemental interrogatories, and are in the process of answering his second set of supplemental interrogatories and his requests for admission.

Defendants have complied fully with the letter and the spirit of the discovery rules, and respectfully request that the Court review the interrogatories in question together with defendants' answers, and deny plaintiff's motion to compel.

**II.    Factual Background**

In the mid-1990s, after graduating from Parsons School of Design with a Bachelor of Fine Arts degree, and having taken no math or science courses since he was a sophomore in high school, plaintiff decided he wanted to become a doctor.  He took "post-bacc" courses at various colleges, and in approximately 2000 began attending Saint Matthew's School of Medicine in

Belize.  Plaintiff graduated from a different medical school in 2004.[1]

Like all medical students seeking to become licensed in the U.S., he began taking the United States Medical Licensing Examination (USMLE) while in medical school, and continued thereafter.  The USMLE is comprised of a series of "Steps," and is used by all state medical boards in the United States as a measure of competency for purposes of licensure.  The USMLE is a jointly owned program of the defendants, the NBME and the FSMB.

In 2005, after failing Step 1 of the USMLE 5 times, and failing Step 2 CK (Clinical Knowledge) once, plaintiff requested accommodations on STEP 2 CK and CS of the USMLE based upon documentation from medical care providers regarding a claimed disability of Attention Deficit Hyperactivity Disorder (ADHD), depression and anxiety.  The NBME evaluated plaintiff's documentation according to its regular procedures, including reviewing the information from plaintiff and his health care providers, submitting the information to an outside expert as well as its in-house experts, and in March 2006, denied plaintiff's request for accommodations.  The NBME informed plaintiff that his documentation did not establish a significant impairment of a major life activity.[2]

Plaintiff continued taking, and failing, the USMLE Steps 1 and 2.[3]  In August 2011, the USMLE adopted, for the first time, a limit of six attempts to pass any Step of the USMLE.  For examinees such as plaintiff, who had already taken one or more Steps of the USMLE, the six attempt limit was deferred for an extra year, and became effective on January 1, 2013, for

---

[1] This overview of plaintiff's educational background is based on his deposition testimony.  Plaintiff has objected to defendants obtaining records by subpoena concerning his educational background. Defendants' motion to overrule those objections is pending.
[2]  Materials that plaintiff submitted to the NBME in 2014 established that the 2005 diagnosis of ADHD was incorrect.
[3] Steps 1 and 2 of the USMLE need not be taken and passed in order.

registrations after that date.[4]  Plaintiff took Step 1 three more times after he learned of the six-attempt limit, and failed each time.  Having failed to achieve a passing score on Step 1 after nine attempts, plaintiff is now barred from registering for Step 1.

In April 2014, plaintiff wrote to the NBME and requested that the NBME "overturn" and "remove" the six-attempt limit that barred him from registering for USMLE Step 1, and that it grant him accommodations on Step 1.[5]  Because plaintiff was not registered for any step of the USMLE at that time, and because the NBME evaluates a request for accommodations only in connection with a current registration for the USMLE, the NBME informed plaintiff that his request would be held in a pending status, and has not evaluated the documentation he submitted.

In his April 2014 letter and in this lawsuit, plaintiff asserts, among other things, that he received a new diagnosis of bi-polar disorder in March 2013, and a doctor's letter that he enclosed with his letter and attached to his complaint in fact states that the previous diagnosis of ADHD – which plaintiff relied upon in his request for accommodations in 2005-2006 – was wrong.   Nevertheless, plaintiff asserts in this lawsuit that the denial of his request for accommodations in 2006, as well as the adoption of the "six attempt limit" that barred him from further registrations for Step 1, violate his rights under the Americans with Disabilities Act.[6]

## III.   Procedural Overview

Plaintiff filed this action against the NBME on June 17, 2015.  (Docket # 1)  Plaintiff filed an amended complaint naming the FSMB as a defendant on August 12, 2015.  (Docket #

---

[4]  Plaintiff repeatedly asserts that the defendants adopted the six attempt limit without any exception for individuals with disabilities.  To the contrary, the limit applies to all examinees, so those who request accommodations and receive them have up to six attempts with their accommodations, just as those who do not request (or receive) accommodations have up to six attempts without accommodations.  That is, effectively, a "level playing field."
[5]  Plaintiff actually addressed his request to the Education Commission for Foreign Medical Graduates (ECFMG), with a copy to the NBME.
[6]  Plaintiff makes additional claims in his pending motion for leave to file a second amended complaint.

23)  Defendants filed their answer and affirmative defenses on August 28, 2015.  (Docket # 33)

Plaintiff sought leave to file a second amended complaint on October 1, 2015, (Docket # 52) followed by various "supplements."  (Docket # 53-55)  Plaintiff re-filed the motion on November 17, 2015.  (Docket # 62)  On November 24, 2015, defendants opposed the motion to file a second amended complaint because the proposed amended complaint failed to comply with Local Rule 15.1, which requires a proposed amended pleading to be "complete in itself including exhibits."  (Docket # 64)  That motion is pending.[7]

On September 16, 2015, the Court issued a Scheduling Order which, among other things, required the completion of discovery on or before February 15, 2016.  (Docket # 45)  On January 29, 2016, the Court modified the scheduling order and extended discovery until March 15, 2016. (Docket # 85)

Both parties have conducted discovery.  Plaintiff served interrogatories and document requests and defendants answered them and provided responsive documents (other than those that are the subject of a pending motion for protective order).  Defendants requested documents from plaintiff and plaintiff has provided some documents.[8]  Defendants deposed plaintiff, and seek to obtain documents by subpoena concerning plaintiff's medical and psychiatric background, as well as his educational and vocational background.  Plaintiff objected to all proposed subpoenas, notwithstanding that such documents are relevant, among other things, to

---

[7]  At the present time, there are multiple motions pending, including a second motion to appoint counsel, (Docket # 66), a motion to waive costs for depositions and expert witnesses, (Docket # 71), a discovery motion filed by defendants (to overrule plaintiff's objections to proposed subpoenas, and seeking a protective order regarding certain documents sought by plaintiff), (Docket # 79), and a separate discovery motion filed by plaintiff, (Docket # 80).

[8]  Plaintiff has not produced all documents in his possession that defendants have requested.  In particular, plaintiff apparently attached recent medical records as an exhibit to his motion for leave to file a second amended complaint, and requested that he be permitted to file them under seal.  Defendants have requested that plaintiff provide the documents to them, but plaintiff has refused, saying that he checked with the Court's Chambers, and was advised not to provide the records to defendants until after the Court rules on his motion.  Defendants informed plaintiff that they would await the Court's ruling.

plaintiff's claim for damages.  Defendants have refrained from serving those subpoenas until the Court rules on the discovery motions.[9]

On February 14, 2016, plaintiff served a first set of supplemental interrogatories, Exhibit 1, which defendants answered on March 2, 2016.  Exhibit 2.  Plaintiff served a second set of supplemental interrogatories, which follow the same pattern as the first set, on March 4, 2016, and served a set of 26 requests for admission on March 6, 2016.  Defendants will answer the second set of supplemental interrogatories and the requests for admission on or before April 4, 2016, and April 6, 2016, respectively.

Dispositive motions are due on May 1, 2016.

## IV.    Plaintiff's Motion to Compel Should be Denied.

On March 15, 2016, plaintiff moved to compel "responsive answers" to his first set of supplemental interrogatories.  His motion addresses three categories of answers by defendants:

(1)    Answers in which the defendants acknowledged receiving a writing and taking it into account, but declined to agree with plaintiff's characterization of the writing and saying instead that the writing "speaks for itself";

(2)    Answers in which defendants said "no" to an interrogatory that asks "Do you contend that …"; and

(3)    Defendants' objection on the basis of relevance.

---

[9] Following plaintiff's deposition, defendants served notice of intent to serve additional subpoenas for educational, medical and vocational records pertaining to him, and suggested that if plaintiff objected on the same basis as he did to the first group of proposed subpoenas, that he simply advise defendants and that rather than file an additional motion, the parties should wait and be guided by the Court's ruling on the pending motion to overrule objections.  Plaintiff notified defendants of his objection (and filed objections on the docket), so those additional subpoenas are also being held by defendants pending the Court's ruling.

A.    **Defendants are Not Required to Adopt Plaintiff's Self-Serving Characterization of Written Documents.**

In their answers to Supplemental Interrogatories 3a, 3b, 3c, 3e, 4a, 5a and 5b, defendants followed the same general pattern in their answers.  Where the interrogatory referred to a document, and plaintiff characterized that document in a self-serving and over-simplified way, and asked whether defendants contend something in reference to that document, defendants acknowledged receiving the document and taking it into account, objected if appropriate to plaintiff's characterization of the document, and stated that the document "speaks for itself."

By responding in that manner, defendants answered the essential questions, which was to acknowledge receipt of the document and that it was taken into account in defendants' decision making, but declined to adopt plaintiff's characterization of the document, referring instead to the words of the document itself.  Given the manner in which plaintiff phrased these interrogatories, defendants' responses were entirely proper.

For example, in supplemental interrogatory 3a, plaintiff referred to a multi-page letter that he sent in 2005, along with many other documents that he submitted at that time in support of his request for accommodations, and recasts the letter as "document[ing] the problems he was experiencing … regarding the testing conditions … and his subsequent failures ***due to his functional limitations***, specifically that he was running out of time on the exam?"  (Emphasis added).  Exhibit 1, supplemental interrogatory 3a.

Defendants' answer acknowledged receiving the letter and taking it into account, but rather than accept plaintiff's self-serving, oversimplified characterization of what the letter said, referred instead to the actual terms of the letter:

3a.    Do YOU contend that Plaintiff did NOT document the problems he was experiencing in a writing dated July 7th 2005 to NBME Disability Services regarding the testing conditions of the USMLE Step 1 and his subsequent failures due to his functional limitations, specifically that he was running out of time on the exam?

  **Answer:**

   Defendants acknowledge that on July 7, 2005, the NBME received plaintiff's letter dated June 27, 2005 (NBME/Katz 0205-0207) and took the letter into account in its evaluation of plaintiff's request for accommodations.  The letter speaks for itself.

Defendants submit that this answer is entirely proper.  Defendants acknowledged receiving the letter, but are not required to accept plaintiff's oversimplified and self-serving characterization of its contents when the letter itself is available.

The other answers in the same category about which plaintiff complains follow the same pattern, except that in some instances, such as supplemental interrogatory 3b, defendants also objected to a specific phrase used by plaintiff.  In supplemental interrogatory 3b (as well as 3c, 4a and 5b), plaintiff referred to his April 1, 2014, letter as an "appeal" of a policy implemented by the USMLE in 2011.  In its answers, defendants acknowledged receipt of plaintiff's letter and the fact that plaintiff requested in that letter that the six-attempt limit be "removed" so he could register for Step 1, but objected to the term "appeal."

Defendants' objection may be a matter of semantics, but typically an "appeal" refers to a timely challenge to a specific ruling, and does not refer to a challenge to a policy of general applicability implemented years earlier.  Regardless, defendants provided a meaningful response by their acknowledgment of the letter.  Defendants are not bound to accept plaintiff's characterization of the contents of the letter or his incorrect use of the word "appeal."

**B.      Defendants' Answer of "No" to Questions Asking "Do You Contend That …" is an Adequate, Straightforward and Complete Answer.**

In supplemental interrogatories 3d, 3f, 3g and 3h, plaintiff asked questions that started with "Do you contend that…"   In response to each of these supplemental interrogatories that asked "Do you contend that …," defendants answered "No."

It is difficult to understand why plaintiff objects to such an unambiguous and complete answer to his questions, yet he does.  Plaintiff's assertion that defendants must explain in more detail what they meant by "no," and that the answer "no" is evasive should be rejected out of hand.

**C.      Defendants Stand by Their Objections to Interrogatories 5c, 5d and 5e on the Grounds that the Information Sought is Irrelevant.**

In plaintiff's initial interrogatories, he asked in interrogatory 5 what percentage of examinees who were granted accommodations on Step 1, Step 2 CK and Step 2 CS in 2005-2006 and in 2014 were represented by an attorney, compared with the percentage not represented by an attorney.   Defendants objected in part to the interrogatory and provided substantive information to the non-objectionable portion.  Specifically, defendants objected to the request on relevance grounds in so far as it asked about requests for accommodation in 2005-2006 on Step 1, because plaintiff did not request accommodations on Step 1, but rather he only requested accommodations on Step 2 CK and CS.  Defendants also objected on relevance grounds in so far as plaintiff asked about the grant of accommodations in 2014, because the NBME did not evaluate plaintiff's so-called request for accommodations in 2014, which refers to the letters plaintiff submitted that were not in connection with a current registration for any step of the

USMLE and which plaintiff knows were placed in a "pending status."[10]

Regarding the portions of Interrogatory 5 to which defendants did not object, they answered that in 2005-2006, 79 percent of examinees who were not represented by attorneys received accommodations, whereas none of the examinees who were represented by attorneys received the accommodations they requested.  Exhibit 1.

In supplemental interrogatory 5c, plaintiff again requests information on the percentage of examinees in 2014 who were represented by attorneys versus those who were unrepresented. Defendants objected on the basis of relevance because the NBME conducted no evaluation of a request for accommodations for plaintiff at that time.  Defendants stand by that objection.

Plaintiff argues in his memorandum that the question (regarding the percentages of examinees granted or not granted accommodations in 2014 depending on whether or not they were represented by attorneys) is relevant because he presented a letter from a psychiatrist that the NBME "ignored."  Plaintiff's argument makes no sense.  The question about percentages represented or unrepresented is simply irrelevant given that the NBME did not evaluate any request for accommodations for plaintiff in 2014.  Plaintiff knows (because he has cited it in his pleadings) that the NBME does not, and did not in his case, evaluate a so-called request for accommodations contained in a free-standing letter with selected documentation.  Rather, it evaluates a request for accommodations when someone is registered for the USMLE and submits a complete dossier in support of his or her request for accommodations, with all required background information and documentation.  Supplemental interrogatory 5c has no bearing on that issue.

---

[10] Plaintiff's original Interrogatory 5 and the defendants' answer are repeated in Exhibit 1.

Precisely the same logic applies to supplemental interrogatory 5d, which asks for the same type of information in relation to Step 1 of the USMLE.  As noted earlier, in 2005-2006 – the only occasion when plaintiff requested accommodations on the USMLE and submitted a complete dossier of documentation – he did so in connection with a request for accommodations on Step 2 CK and Step 2 CS.  He did not request accommodations for Step 1, and therefore comparative information regarding other people who requested accommodations on Step 1 is irrelevant.

Supplemental interrogatory 5e is different.  In that interrogatory, plaintiff asks defendants about the "fate of the 21 percent" of examinees whose requests for accommodations on Step 2 CK and CS in 2005-2006 the NBME denied.  Exhibit 1.  In response to that interrogatory the NBME objected because the answer is both irrelevant and because to trace the "fate" of those 21 percent (including whether they challenged or appealed the denials, whether or not they obtained legal representation, whether they continued to register without accommodations, and their subsequent pass/fail rate) would be unduly burdensome.  Exhibit 2.  It would take many, many hours for employees of the NBME to track down the information that plaintiff wants, and in the end it would not advance his case, which centers on whether the defendants discriminated against *him* by denying his 2005-2006 request for accommodations, and whether the six-attempt limit is discriminatory as to him.

Accordingly, the defendants stand by their objections to supplemental interrogatories 5c, 5d and 5e.

## V.    <u>Conclusion</u>

Defendants have worked cooperatively with plaintiff throughout the discovery phase of this case, which has not been simple.  Defendants have treated plaintiff with respect and have answered every discovery item that they believe in good faith should be answered.  Plaintiff apparently holds the opposite view, referring to defendants' counsel as "stubbornly litigious ad nauseam, employing scorched earth and fishing expedition defense tactics."   (Plaintiff's memorandum, page 2.)

For all the reasons discussed in this memorandum, defendants respectfully request that the Court deny plaintiff's motion.

RESPECTFULLY SUBMITTED,


/s/ Michael E. Sacks
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

**CERTIFICATE OF SERVICE**

I certify that the foregoing Opposition of Defendants, the National Board of Medical Examiners and the Federation of State Medical Boards, to Plaintiff's Motion to Compel Responsive Answers to Supplemental Interrogatories Number One is being filed electronically with the Clerk of the Court on March 28, 2016, using the electronic case filing system, which will automatically send email notifications of such filing to registered parties.  This opposition is also being served by electronic mail and regular mail upon:


        Richard Katz
        3364 Parker Lane
        East Stroudsburg, PA  18301
        cat2400@msn.com

        *Pro se*


        /s/ Michael E. Sacks
        Michael E. Sacks