# EXHIBIT 2

```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| RICHARD KATZ | : |
|  | :   CIVIL ACTION |
| v. | : |
|  | : |
| NATIONAL BOARD OF MEDICAL | :   NO. 3:15-cv-1187 |
| EXAMINERS/United States Medical | : |
| Licensing Exam (USMLE) Organization: |  |
|  | : |

**DEFENDANTS' ANSWERS TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES**

3a. Do YOU contend that Plaintiff did NOT document the problems he was experiencing in a writing dated July 7th, 2005 to NBME Disability Services regarding the testing conditions of the USMLE Step 1 and his subsequent failures due to his functional limitations, specifically that he was running out of time on the exam?

   **ANSWER:**

   Defendants acknowledge that on July 7, 2005, the NBME received plaintiff's letter dated June 27, 2005, (NBME/Katz 0205-0207) and took the letter into account in its evaluation of plaintiff's request for accommodations. The letter speaks for itself.

3b. Do YOU contend that Plaintiff did NOT submit a notarized Appeal and supplemental support documentation that challenged the Six Attempt Limit Rule providing proof (Dr. Garloff's letter dated February 28, 2014) that he was recently diagnosed with Bipolar Disorder, and requested that the Six Attempt Limit Rule be overturned and accommodations be granted for USMLE Step 1, Step 2 CK and Step 2 CS as well as Step 3 to NBME Disability Services on April 1st, 2014?

   **ANSWER:**

   Objection. Defendants object to the use of the term "appeal" with respect to plaintiff's April 1, 2014, letter

addressed to the ECFMG (NBME/Katz 0079-0082). Defendants further object to plaintiff's characterization of the April 1, 2014, letter and/or the documents submitted with such letter. Subject to and without waiving such objections, defendants acknowledge that they received plaintiff's April 1, 2014, letter, which speaks for itself, together with the documents submitted with such letter, and acknowledge that plaintiff requested that the six attempt limit be "removed" so he would be able to register for USMLE Step 1.

3c. Do YOU contend that that the Appeal was NOT forwarded by NBME Disability Services to Amy Bueno of the USMLE Secretariat's Office and that Ms. Bueno issued a denial letter to this Appeal to Plaintiff on April 17th, 2014 via email and regular mail never acknowledging Plaintiff's disability of Bipolar Disorder?

    **ANSWER:**

    Objection. Defendants object to the use of the term "appeal" with respect to plaintiff's April 1, 2014, letter addressed to the ECFMG (NBME/Katz 0079-0082). Subject to and without waiving such objection, defendants acknowledge that someone at the NBME or the ECFMG forwarded plaintiff's April 1, 2014, letter to the USMLE Secretariat, and acknowledge that Amy Buono responded by letter dated April 17, 2014 (NBME/Katz 0088), which letter speaks for itself.

3d. Do YOU contend that Plaintiff did NOT respond to NBME Disability Services' April 8th 2014 email on April 20th, 2014 explaining that a formal request for Disability Services would NOT be possible for the USMLE Step 1 as long as he was locked out from registering for the USMLE Step 1 Exam?

    **ANSWER:**

    No.

3e. Do YOU contend that on December 18th, 2013 Plaintiff did NOT speak to Susan Conroy from NBME Disability Services about the fact that he was locked out from reregistering for USMLE Step 1 and Susan Conroy directed Plaintiff to ECFMG to discuss this matter, even though the Six Attempt Limit Rule was a policy formed by the USMLE Organization (NBME and FSMB) and NOT ECFMG?

    **ANSWER:**

2

>     Objection. Defendants object to plaintiff's characterization of the suggestion by Ms. Conroy that he contact the ECFMG as occurring "even though the Six Attempt Limit Rule was a policy formed by the USMLE Organization (NBME and FSMB) and NOT ECFMG." Subject to and without waiving such objection, defendants acknowledge that plaintiff spoke with Susan Conroy of the NBME on December 18, 2013, which conversation is reflected in NBME/Katz 0127.

3f. Do YOU contend that when Plaintiff registered for the USMLE Step I exam on November 18th, 2011 that he was aware that he suffered from Bipolar Disorder?

**ANSWER:**

No.

3g. Do YOU contend that when Plaintiff registered for the USMLE Step I exam on March 26th, 2012 that he was aware that he suffered from Bipolar Disorder?

**ANSWER:**

No.

3h Do YOU contend that when Plaintiff registered for the USMLE Step I exam on December 7th, 2012 that he was aware that he suffered from Bipolar Disorder?

**ANSWER:**

No.

4a. Do YOU contend that Plaintiff did NOT submit a notarized Appeal and supplemental support documentation challenging the Six Attempt Limit Rule and provided proof (Dr. Garloff's letter dated February 28, 2014) that he was recently diagnosed with Bipolar Disorder, and requested that the Six Attempt Limit Rule be overturned and accommodations be granted for USMLE Step 1, Step 2 CK, Step 2 CS and Step 3 to NBME Disability Services on April 1st, 2014?

**ANSWER:**

>       Objection.  Defendants object to the use of the term
> "appeal" with respect to plaintiff's April 1, 2014, letter
> addressed to the ECFMG (NBME/Katz 0079-0082).  Defendants
> further object to plaintiff's characterization of the April
> 1, 2014, letter and/or the documents submitted with such
> letter.  Subject to and without waiving such objections,
> defendants acknowledge that they received plaintiff's April
> 1, 2014, letter, which speaks for itself, together with the
> documents submitted with such letter, and acknowledge that
> plaintiff requested that the six attempt limit be "removed"
> so he would be able to register for USMLE Step 1.

5a. Do YOU contend that Plaintiff did NOT document the problems he was experiencing in a writing dated July 7th, 2005 to NBME Disability Services regarding the testing conditions of the USMLE Step 1 and his subsequent failures due to his functional limitations, specifically that he was running out of time on the exam?

>    **ANSWER:**
>
>       Defendants acknowledge that on July 7, 2005, the NBME
> received plaintiff's letter dated June 27, 2005, (NBME/Katz
> 0205-0207) and took the letter into account in its
> evaluation of plaintiff's request for accommodations.  The
> letter speaks for itself.

5b. Do YOU contend that Plaintiff did NOT submit a notarized Appeal and supplemental support documentation that challenged the Six Attempt Limit Rule providing proof (Dr. Garloff's letter dated February 28, 2014) that he was recently diagnosed with Bipolar Disorder, and requested that the Six Attempt Limit Rule be overturned and accommodations be granted for USMLE Step 1, Step 2 CK, Step 2 CS and Step 3 to NBME Disability Services on April 1st, 2014?

>    **ANSWER:**
>
>       Objection.  Defendants object to the use of the term
> "appeal" with respect to plaintiff's April 1, 2014, letter
> addressed to the ECFMG (NBME/Katz 0079-0082).  Defendants
> further object to plaintiff's characterization of the April
> 1, 2014, letter and/or the documents submitted with such
> letter.  Subject to and without waiving such objections,
> defendants acknowledge that they received plaintiff's April
> 1, 2014, letter, which speaks for itself, together with the
> documents submitted with such letter, and acknowledge that

4

>plaintiff requested that the six attempt limit be "removed" so he would be able to register for USMLE Step 1.

5c. Please respond to the portion of question 5 that you have chosen to omit, that asked about the percentage of disability applicants that were granted accommodations for USMLE Step 1, Step 2 CK and Step 2 CS that were represented by an Attorney vs. those disability applicants that were granted accommodations who were NOT represented by an Attorney from 2014 to 2015.

>**ANSWER:**
>
>Objection. Defendants object on relevance grounds to Interrogatory 5c regarding requests for exam accommodations in 2014-15, since the NBME conducted no evaluation of a request for accommodations for plaintiff during that time.

5d. Please respond to the portions of question 5 that you have chosen to omit, regarding the percentage of disability applicants that were granted accommodations for USMLE Step 1 from 2005 to 2006 and from 2014 to 2015, for USMLE Step 2 CK and Step 2 CS from 2014 to 2015 that were represented by an Attorney vs. those disability applicants that were granted accommodations who were NOT represented by an Attorney.

>**ANSWER:**
>
>Objection. Defendants object on relevance grounds to Interrogatory 5d regarding requests for exam accommodations on Step 1 of the USMLE in 2005-2006, because plaintiff did not request accommodations on Step 1 at that time, but rather only requested accommodations for Step 2 CK and Step 2 CS. Defendants further object on relevance grounds to Interrogatory 5d regarding requests for accommodations on any step of the USMLE in 2014-2015 since the NBME conducted no evaluation of a request for accommodations for plaintiff during that time.

5e. Please respond to the fate of the 21 percent of disability applicants that were denied exam accommodations from July 1, 2005 to June 30, 2006, for USMLE Step 2 CK and Step 2 CS, and describe whether or not they challenged NBME Disability Services with an Appeal, an Attorney or if they registered under regular exam conditions, also state the pass/fail rate of these applicants?

5

**ANSWER:**

Objection. Defendants object to the phrase "the fate of the 21 percent ... that were denied exam accommodations" as vague, ambiguous and confusing. Defendants further object to Supplemental Interrogatory 5e as unduly burdensome and not reasonably calculated to lead to admissible evidence.

*Michael E. Sacks*
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

**CERTIFICATE OF SERVICE**

I certify that the foregoing "Answer to Plaintiff's Supplemental Interrogatories" is being served by electronic mail and regular mail upon:

>Richard Katz
>3364 Parker Lane
>East Stroudsburg, PA 18301
>cat2400@msn.com
>
>*Pro se*

March 2, 2016

>*Michael E. Sacks*
>Neil J. Hamburg
>Michael E. Sacks
>HAMBURG & GOLDEN, P.C.
>1601 Market Street, Suite 3310
>Philadelphia, PA 19103-1443
>(215) 255-8590
>
>Attorneys for Defendants,
>The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

7