IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | NO. 3:15-cv-01187 |
| EXAMINERS | : | |
| | : | |
| and | : | |
| | : | |
| FEDERATION OF STATE MEDICAL BOARDS | : | |
| Defendants | : | |

# PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES
# TO ADMISSION ANSWERS AND
# MEMORANDUM OF LAW IN SUPPORT

Pro se plaintiff, Richard Katz pursuant to PA Rule 4014, hereby files this Motion to Compel Further Responses to Admission Answers and Memorandum of Law in Support against the defendants, National Board of Medical Examiners (NBME) and the Federation of State Medical Boards (FSMB) (hereinafter "defendants"), and for an award of expenses, including fees, and as grounds

states:

1. Plaintiff, filed suit against defendants in June of 2015 for wrongful denial of testing accommodations on the United States Medical Licensing Exam (USMLE) in 2006 and in 2014 under the Americans with Disability Act (ADA).

2. Plaintiff served his Request for Admissions (RFA) to defendants on March 6th 2016 in an effort to narrow the issues in dispute before the Court, the plaintiff sent the defendants the attached RFA's marked as EXHIBIT 1.

3. On March 30, 2016 defendants provided insufficient responses to plaintiff's RFA's respectively.  The defendants RFA responses are attached as EXHIBIT 2.  The defendants made objections that are unreasonable and lacking in legal merit, provided insufficient and inadequate responses, failing to comply with Pennsylvania Rule 4014.  The plaintiff is now entitled to a more accurate and complete response to the requests listed under Memorandum of Law.

4. The defendants should now be ordered to comply with the RFA's as discussed in detail below.

5. PA Sanction Rule 4019(d), which is specially mentioned in subdivision (b), provides that if, at trial, a party is required to prove that which should have been admitted, the expenses, including counsel fees, of proving such matters may be imposed upon the respondent unless the admission was of no substantial importance, or the request could have been held objectionable, or the respondent reasonably believed he could prevail at trial on the issue, or there was other good reason for the failure to admit.

WHEREFORE, plaintiff, respectfully requests this Court to enter an Order compelling defendants to comply with plaintiff's Motion to Compel Further Responses to Admission Answers and for costs associated with this Motion under PA Sanction Rule 4019(d).

Respectfully submitted,

_____
Richard Katz
Pro se

Richard Katz
3364 Parker Lane
East Stroudsburg, PA 18301
(570) 517-9314

**MEMORANDUM OF LAW:**

## PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO ADMISSION ANSWERS

Pro se plaintiff, Richard Katz hereby move that this Honorable Court order Defendants National Board of Medical Examiners (NBME) and Federation of State Medical Boards (FSMB) to file a more accurate and complete response to the plaintiffs' Request for Admissions (RFA) or in the alternative, order that the RFA's in question be deemed admitted and in support thereof states as follows:

**Introduction:**

On March 6, 2016 in an effort to narrow the issues in dispute before the Court, the plaintiff sent the defendants RFA. On March 30 2016, the defendants submitted responses to those RFA's.

PA Rule 4014 permits only three possible responses to this request 1) admit, 2) deny **or** 3) set forth in detail the reasons why the answering party cannot truthfully admit or deny.  Some of the responses are inadequate because the defendants:

☑ provide objections that are unreasonable and lacking in legal merit

☑ provide evasive responses

☑ provide partial admissions

☑ state that they lack sufficient information to admit or deny

☑ admit part and fail to admit or deny the remainder of the request

(See Wimberly v. Derby Cycle Corp. (1997) 56 Cal. App. 4th 618 (pdf) , 633)

Because the defendants' responses are insufficient, inadequate and fail to comply with Pennsylvania Rule 4014, the plaintiff is entitled to a more accurate and complete response to the requests listed below.

## The Requests that are the Subject of this Motion:  5, 9-11, 13, 19, 24.

5. Admit or Deny that because of the 'make or break' nature of the 'Six Attempt Limit Rule,' Plaintiff was under pressure to receive a passing score for USMLE Step I on November 12th, 2013 otherwise he would be barred from registering for the USMLE Step I.

**Answer:** Objection. Defendants object to plaintiff's characterization of the USMLE Attempt Limit as "make or break," and object to the request to admit or deny **plaintiff's subjective state of mind** or the reasons therefor. Subject to and without waiving such objections, defendants admit that when plaintiff took Step 1 of the USMLE in or about November, 2013, because of his history of failing Step 1 more than six times, if he did not receive a passing score, he would be barred from registering again for Step 1.

## BASIS FOR MOTION TO COMPEL:

- ☑ defendants provide objections that are unreasonable and lacking in legal merit
- ☑ defendants provide evasive responses

The defendants make a judgement call about "PLAINTIFF'S SUBJECTIVE STATE OF MIND" in their answer to RFA #10 when it is convenient for them to do so. In ADMISSIONS # 5, and 19 they state they can't comment because of "PLAINTIFF'S SUBJECTIVE STATE OF MIND" this is not only evasive but it is also hypocritical. The defendants are required to provide admissions for RFA # 5 and 19 considering that "PLAINTIFF'S SUBJECTIVE STATE OF MIND" is a major point of contention in this case.

9. Admit or Deny that Plaintiff submitted documentation to NBME Disability Services in 2005 through 2006 to demonstrate that he is an individual with disabilities.

**Answer:** Admitted in part, denied in part. It is admitted that plaintiff submitted documentation to NBME Disability Services in 2005 – 2006 that he believed demonstrated that he was an individual with disabilities and was entitled to accommodations on the USMLE. It is denied that the documentation submitted by

plaintiff was sufficient to establish that he was an individual
with disabilities and that he was entitled to accommodations on
the USMLE.

**BASIS FOR MOTION TO COMPEL:**

☑ defendants provide evasive responses

The admission is evasive because it does not account for
plaintiff's caregivers that included two Psychiatrists and two
Psychologists who in their professional judgement stated in 2005
through 2006 that plaintiff was an individual with a disability
and qualified for exam accommodations on the USMLE.

The denial is evasive because it does not specifically state or
establish the individual(s) in the USMLE Organization who
determined that the documentation submitted by plaintiff was
inadequate to qualify for accommodations on the USMLE.  It also
does not specifically state why the defendants believe that the
documentation submitted by plaintiff was insufficient to qualify
for accommodations.

10. Admit or Deny that Plaintiff had submitted
documentation to NBME Disability Services in 2005 through 2006
and in April of 2014 that he received formal and informal
accommodations for his disabilities in the past.

**Answer:** Admitted in part, unable to either admit or
deny in part. It is admitted that plaintiff submitted
documentation to NBME Disability Services in 2005 – 2006
indicating that he had received some accommodations in the
past while attending post-baccalaureate classes at SUNY Old
Westbury, but notably such documentation was inconsistent
in that it indicated no accommodations for most of
plaintiff's academic career, including college and medical
school.

After reasonable inquiry, defendants are unable to
admit or deny Request for Admission 10 in so far as it
refers to 2014, or in so far as it refers to "informal
accommodations," since such term is unduly vague. **To the
extent plaintiff is referring to material submitted in 2014
from plaintiff's attendance at Saint Joseph's College in
2001, defendants deny that such material shows that
plaintiff received accommodations for any "disabilities."
Rather, such material appears to relate to "a situational
crisis," "relationship difficulties," and/or a "personal
situation" that caused plaintiff anxiety and led him to
seek counseling.**

**BASIS FOR MOTION TO COMPEL:**

☑ defendants provide evasive responses

☑ defendants provide partial admissions

☑ defendants state that they lack sufficient information to admit or deny

☑ defendants admit part and fail to admit or deny the remainder of the request

The defendants make a judgement call about "PLAINTIFF'S SUBJECTIVE STATE OF MIND" in their answer to RFA #10 when it is convenient for them to do so. In ADMISSIONS # 5, and 19 they state they can't comment because of "PLAINTIFF'S SUBJECTIVE STATE OF MIND" this is not only evasive but it is also hypocritical. The defendants are required to provide admissions to RFA #5 and 19 considering that "PLAINTIFF'S SUBJECTIVE STATE OF MIND" is a major point of contention in this case.

11. Admit or Deny that Plaintiff submitted a document he called an "Appeal" to ECFMG and NBME Disability Services on April 1st 2014 enclosed with documents he submitted in 2005 through 2006, and documentation substantiating a diagnosis of Bipolar Disorder dated March of 2014.

**Answer:** Admitted in part, denied in part. It is admitted that plaintiff submitted a document that he called an "Appeal" on April 1, 2014, with some of the documents he had submitted in 2005-2006, and a letter from a physician indicating that plaintiff was diagnosed with bi-polar disorder, and stating that the previous diagnosis of ADHD was incorrect. **Defendants deny that the April 4, 2014 doctor's letter "substantiated" a diagnosis of bi-polar disorder.**

**BASIS FOR MOTION TO COMPEL:**

☑ defendants provide evasive responses

The last sentence in the defendants answer is evasive and vague. The defendants do not state if they ever asked for further substantiating documentation after plaintiff's April 4, 2014 **APPEAL**  They need to state why they didn't.

13. Admit or Deny that Plaintiff was precluded from reapplying to NBME disability Services after 2006 for a diagnosis of ADHD, Anxiety Disorder, Panic Disorder, and Depression

because of a denial for these diagnosis by NBME Disability
Service in March of 2006 by NBME Disability Services.

**Answer:** Denied. Plaintiff was free to reapply for
accommodations with any subsequent registration for the
USMLE, and presumably he would have done so if he had any
additional or different information to present in support
of such request. **Defendants further deny request for
admission 13 in so far as it refers to "Panic Disorder"
since his documentation did not include that diagnosis.**

<u>**BASIS FOR MOTION TO COMPEL:**</u>

☑ defendants provide evasive responses

The defendants are evasive and are in error with regard to
plaintiffs' Panic Disorder diagnosis in January of 2006(see
defendants NBMEKatz0092 page 55/121 and pasted and boxed RED
below).  Therefore, the defendants should be compelled to respond
to RFA # 13.

Psychological Services, PC
790 New York Avenue (Suite 103)
Huntington, New York 11743
(631) 427-6669

9-531-475-1
1/14/06 Ltr-Evaluations

Fred L. Holtz, Ph.D.
Psychologist

Saturday, January 14, 2006 (Supplement to Previous Report)

To Whom It May Concern, National Board of Medical Examiners:

Richard Katz is a patient of mine under treatment for symptoms of anxiety and depression. This letter is to clarify issues regarding his present diagnoses.

Mr. Katz continues to experience symptoms of anxiety and depression (in addition to symptoms of Attention Deficit Disorder). He scored in the Moderate range on both the Beck Anxiety Inventory and the Beck Depression Inventory II.

Anxiety symptoms include:  Sudden onset of intense anxiety, sweating, fearfulness, racing heart, shakiness and racing thoughts (Panic Attacks), general anticipatory anxiety regarding future events, fear of losing control, inability to relax. These symptoms have been present for more than six months and frequently interfere with everyday functioning.

Symptoms of depression include: Negative and pessimistic thoughts, frequent lack of motivation, self-criticism, decrease in customary enjoyment of usual activities, feelings of guilt and remorse, fatigue and difficulty concentrating. Suicidal ideation is not present. These symptoms have been present for longer than six months.

The above constellation of symptoms meets the following DSM-IV criteria:

309.28 Adjustment Disorder with Mixed Anxiety and Depressed Mood

300.01 Panic Disorder without Agoraphobia

If I can be of further assistance, please contact me at the above phone number or address.

Fred L. Holtz, Ph.D.

---

19. Admit or Deny that the 'Six Attempt Limit Rule' contributed to Plaintiff having a mental breakdown requiring inpatient hospitalization at Pocono Medical Center on March 9th 2013.

**Answer:** After reasonable inquiry, defendants are unable to either admit or deny Request for Admission 19 since it involves **plaintiff's subjective state of mind.** Defendants further object because plaintiff has blocked defendants' efforts to obtain, by subpoena, complete medical records concerning plaintiff's "mental breakdown" in March 2013.

**BASIS FOR MOTION TO COMPEL:**

☑ defendants provide evasive responses
☑ defendants state that they lack sufficient information to
admit or deny

The defendants make a judgement call about "PLAINTIFF'S
SUBJECTIVE STATE OF MIND" in their answer to RFA #10 when it is
convenient for them to do so. In ADMISSIONS # 5, and 19 they
state they can't comment because of "PLAINTIFF'S SUBJECTIVE STATE
OF MIND" this is not only evasive but it is also hypocritical.
The defendants should be required to provide admissions to RFA #
5 and 19 considering that "PLAINTIFF'S SUBJECTIVE STATE OF MIND"
is a major point of contention in this case.


24. Admit or Deny that the Defendants have no complaints
or criticisms of the medical care that the Plaintiff received
from any of his doctors after his hospitalization at Pocono
Medical center in March of 2013.

**Answer:** After reasonable inquiry, defendants are unable to either
admit or deny Request for Admission 24 and state that it is not
their role or responsibility to approve of or criticize the
medical care provided to examinees. Defendants further note that
plaintiff has objected to and blocked defendants from obtaining
plaintiff's medical records related to his March 2013
hospitalization or his treatment since that time, so defendants
have seen only the very limited records that
plaintiff has chosen to supply.

**BASIS FOR MOTION TO COMPEL:**

☑ defendants provide evasive responses
☑ defendants state that they lack sufficient information to
admit or deny

Defendants have more than enough information based on medical
documentation submitted and testimony provided to them by
plaintiff at deposition to form a response to RFA #24.  Their
response is vague and evasive, moreover the defendants have
criticized plaintiff's medical care from the beginning of this
lawsuit, "purported disability ADHD" as well as the criticisms
that they outline about plaintiff's diagnosis of bipolar disorder
in RFA #11 above.  Therefore such a response of "it is not their
role or responsibility to approve of or criticize the medical
care provided to examinees" not only evades the question but is
also hypocritical.

Respectfully submitted,

_____
Richard Katz
Pro se

Richard Katz
3364 Parker Lane
East Stroudsburg, PA 18301
(570) 517-9314

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing has been served upon:

**Michael Sacks**
Hamburg & Golden, P.C.
1601 Market Street Suite 3310
Philadelphia PA 19103-1443

Date: April 10, 2016

_____
Richard Katz