# EXHIBIT 1

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

**Richard Katz**

Plaintiff

Case No.: **3:15-cv-01187**

**PROPOUNDING PARTY**: PLAINTIFF

**RESPONDING PARTY:** DEFENDANT

**SET:**  FIRST

v.

**NATIONAL BOARD OF MEDICAL EXAMINERS (NBME)**
3750 Market Street
Philadelphia, PA 19104

and

**FEDERATION OF STATE MEDICAL BOARDS (FSMB)**
400 Fuller Wiser Road, Suite 300
Euless, Texas 76039-3855

Defendants

_____

### PLAINTIFF' S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure a party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

Plaintiff demands that Defendants respond under oath to the following Request for Admissions within thirty (30) days of service hereof.

**Definitions:**

1. "Plaintiff" or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means Defendants, National Board of Medical Examiners (NBME), et al, successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, contractors and all other persons acting on behalf of Defendants, NBME et al, or successors, predecessors, divisions, and subsidiaries.

3. "Person" includes corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity.

4. "Communication" means any oral or written communication of which defendants or defendants' attorneys have knowledge, information, or belief.

**Instructions:**

Admit or deny the following requests, non-response will be deemed admittance, a response of "vague" and/or "unintelligible" is not acceptable unless responsive explanation is offered, and as these requests are directed to defendants or defendants attorney both of which are presumed to know the law – an objection response that read "calls for legal conclusions" (or similar) is therefore non sequitur and, unless responsive explanation is offered, will be deemed admitted.

### **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS**

**REQUEST FOR ADMISSION NO. 1**

Admit or Deny that the Defendants have no evidence to support the affirmative defense that the Plaintiff was contributorily negligent, or that he failed to mitigate his damages.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 2**

Admit or Deny that the Defendants have no evidence to support the affirmative defense that the Plaintiff's case is barred by the Statute of Limitations.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 3**

Admit or Deny that the Defendants have no evidence to support the affirmative defense that the Plaintiff's case fails to state a claim upon which relief can be granted.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 4**

Admit or Deny that Defendants announced in August of 2011 that a 'Six Attempt Limit Rule' would be implemented and made effective by the USMLE Organization in January of 2012.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 5**

Admit or Deny that because of the 'make or break' nature of the 'Six Attempt Limit Rule,' Plaintiff was under pressure to receive a passing score for USMLE Step I on November 12th, 2013 otherwise he would be barred from registering for the USMLE Step I.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 6**

Admit or Deny that when Plaintiff applied for exam accommodations to NBME disability services in 2005, that the defendants were aware that plaintiff suffered from mental illness from that point forward.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 7**

Admit or Deny that Plaintiff discussed his disability, the fact that he was running out of time on **USMLE Step I** in his statement to NBME Disability Services dated received by NBME Disability Services on July 7th 2005 (See Defendant File NBMEKatz 0092.pdf  - NBME/Katz 0206.)

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 8**

Admit or Deny that when Plaintiff registered for the USMLE Step I exam on November 18th 2011, March 26th 2012, and December 7th 2012 that he was not yet aware that he suffered from Bipolar Disorder.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 9**

Admit or Deny that Plaintiff submitted documentation to NBME Disability Services in 2005 through 2006 to demonstrate that he is an individual with disabilities.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 10**

Admit or Deny that Plaintiff had submitted documentation to NBME Disability Services in 2005 through 2006 and in April of 2014 that he received formal and informal accommodations for his disabilities in the past.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 11**

Admit or Deny that Plaintiff submitted a document he called an "Appeal" to ECFMG and NBME Disability Services on April 1st 2014 enclosed with documents he submitted in 2005 through 2006, and documentation substantiating a diagnosis of Bipolar Disorder dated March of 2014.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 12**

Admit or Deny that Plaintiff submitted a medical document dated April 22nd, 1981 from The New York Hospital to Defendants on April 1st, 2014 that documented that Plaintiff suffered from Neurological problems during childhood, specifically a seizure disorder.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 13**

Admit or Deny that Plaintiff was precluded from re-applying to NBME disability Services after 2006 for a diagnosis of ADHD, Anxiety Disorder, Panic Disorder, and Depression because of a denial for these diagnosis by NBME Disability Service in March of 2006 by NBME Disability Services.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 14**

Admit or Deny that Plaintiff was barred from registering for USMLE Step I after his final attempt on November 12th, 2013.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 15**

Admit or Deny that the Defendants requested a formal request for exam accommodations from Plaintiff for USMLE Step I on Tuesday April 8th 2014 at 9:49 am knowing that Plaintiff was barred from registering for USMLE Step I.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 16**

Admit or Deny that on December 18th 2013 Plaintiff spoke to Susan Conroy from NBME Disability Services about the fact that he was barred from registering for USMLE Step I.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 17**

Admit or Deny that on December 18th 2013 that Susan Conroy directed Plaintiff to ECFMG to discuss this matter.

☐ **Admit** / ☐ **Deny**

**REQUEST FOR ADMISSION NO. 18**

Admit or Deny that NO 'exception policy' currently exists for 'The Six Attempt Limit Rule' from NBME, FSMB, or the USMLE Organization for people with documented disabilities.

☐**Admit** / ☐ **Deny**

**REQUEST FOR ADMISSION NO. 19**

Admit or Deny that the 'Six Attempt Limit Rule' contributed to Plaintiff having a mental breakdown requiring inpatient hospitalization at Pocono Medical Center on March 9th 2013.

☐ **Admit** / ☐ **Deny**

**REQUEST FOR ADMISSION NO. 20**

Admit or Deny that J. Abram Doane stated in his March 13th, 2006 denial letter to Plaintiff that "we (NBME Disability Services) consulted experts in the fields of Learning Disability and Mental Disorders to assist us (NBME Disability Services) in reviewing the documentation."

☐**Admit** / ☐ **Deny**

**REQUEST FOR ADMISSION NO. 21**

Admit or Deny that the experts in the fields of Learning Disability and Mental Disorders that Mr. Doane refers to other than himself in Admission No. 20 is Catherine Farmer, and Gregory Baker.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 22**

Admit or Deny that the Plaintiff has been injured as a direct result of the defendants.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 23**

Admit or Deny if the Defendants have injured the Plaintiff economically by denying him accommodations in 2006.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 24**

Admit or Deny that the Defendants have no complaints or criticisms of the medical care that the Plaintiff received from any of his doctors after his hospitalization at Pocono Medical Center in March of 2013.

☐ **Admit /** ☐ **Deny**

**REQUEST FOR ADMISSION NO. 25**

Admit or Deny that the Defendants found Plaintiff to be a person who provided an accurate and credible testimony at deposition regarding his medical, educational and vocational history.

☐ **Admit /** ☐ **Deny**

### REQUEST FOR ADMISSION NO. 26

Admit or Deny that the Plaintiff has complied with all aspects of Pennsylvania Law and conditions precedent to bringing this action against the Defendants.

☐ **Admit /** ☐ **Deny**

Respectfully submitted,

Richard Katz
3364 Parker Lane
East Stroudsburg, PA
18301
pro se

/s/ Richard Katz_____

Richard Katz

Dated: March 6th, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served upon:

Michael Sacks

Hamburg & Golden, P.C.

1601 Market Street Suite 3310

Philadelphia PA 19103-1443

Date: March 6th, 2016

/s/ Richard Katz_____

    Richard Katz