# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| RICHARD KATZ | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | NO. 3:15-cv-1187 |
| EXAMINERS/United States Medical | : | |
| Licensing Exam (USMLE) Organization: | : | |
| | : | |

**NBME AND FSMB'S ANSWERS TO REQUESTS FOR ADMISSION**

1.  Admit or Deny that the Defendants have no evidence to support the affirmative defense that the Plaintiff was contributorily negligent, or that he failed to mitigate his damages.

**Answer:** Admitted in part, denied in part. Defendants admit they have no evidence of contributory negligence, nor did they plead contributory negligence as an affirmative defense. Defendants deny that they have no evidence to support the affirmative defense of failure to mitigate damages. Plaintiff has produced some evidence concerning his efforts to obtain employment, but defendants have not yet analyzed such information and compared it with the length of time plaintiff has been unemployed as well as other factors bearing on plaintiff's employability. Defendants further note plaintiff has objected to defendants obtaining records pursuant to subpoenas that might pertain to the issue of plaintiff's employability and/or his efforts to mitigate damages, and a motion to overrule those objections is pending.

2.  Admit or Deny that the Defendants have no evidence to support the affirmative defense that the Plaintiff's case is barred by the Statute of Limitations.

**Answer:** Denied. Defendants deny that they have no evidence to support the affirmative defense that plaintiff's case is barred by the statute of limitations.

3.    Admit or Deny that the Defendants have no evidence to support the affirmative defense that the Plaintiff's case fails to state a claim upon which relief can be granted.

**Answer:** Denied. Defendants deny that they have no evidence to support the affirmative defense that plaintiff's case fails to state a claim upon which relief may be granted.

4.    Admit or Deny that Defendants announced in August of 2011 that a 'Six Attempt Limit Rule' would be implemented and made effective by the USMLE Organization in January of 2012.

**Answer:** Admitted in part, denied in part. Defendants admit that in August 2011 the USMLE announced a "New Attempt Limit for USMLE examinations," and admit that for examinees who had not yet taken any Step of the USMLE on or before January 1, 2012, the USMLE announced that the new six attempt limit would go into effect on January 1, 2012. Defendants deny that the USMLE announced that the new six attempt limit would go into effect on January 1, 2012 for other examinees. Rather, the USMLE announced that for examinees (like plaintiff) who had taken any Step or Step component of the USMLE on or before January 1, 2012, the new six attempt limit would go into effect on January 1, 2013.

5.    Admit or Deny that because of the 'make or break' nature of the 'Six Attempt Limit Rule,' Plaintiff was under pressure to receive a passing score for USMLE Step I on November 12th, 2013 otherwise he would be barred from registering for the USMLE Step I.

**Answer:** Objection. Defendants object to plaintiff's characterization of the USMLE Attempt Limit as "make or break," and object to the request to admit or deny plaintiff's subjective state of mind or the reasons therefor. Subject to and without waiving such objections, defendants admit that when plaintiff took Step 1 of the USMLE in or about November, 2013, because of his history of failing Step 1 more than six times, if he did not receive a passing score, he would be barred from registering again for Step 1.

3

6.   Admit or Deny that when Plaintiff applied for exam accommodations to NBME disability services in 2005, that the defendants were aware that plaintiff suffered from mental illness from that point forward.

**Answer:**   Denied in part, and unable to admit or deny in part.   After reasonable inquiry, defendants are unable to either admit or deny Request for Admission 6 to the extent it refers to plaintiff suffering from "mental illness" because the term "mental illness" is a general term and any answer would be misleading in the context of this case, because simply having a "mental illness" is not determinative of whether someone requires accommodations on the USMLE.   Defendants deny that following plaintiff's request for accommodations in 2005, they were aware of anything about plaintiff's condition "from that point forward."

7.   Admit or Deny that Plaintiff discussed his disability, the fact that he was running out of time on USMLE Step I in his statement to NBME Disability Services dated received by NBME Disability Services on July 7th 2005 (See Defendant File NBMEKatz 0092.pdf — NBME/Katz 0206.)

**Answer:**   Admitted in part, denied in part. Defendants admit that in the materials that plaintiff submitted to the NBME Disability Services office in 2005-2006, he stated that he was running out of time on USMLE Step 1.   Defendants deny Request for Admission 7 in so far as it presumes that plaintiff had a "disability" at that time, since the NBME's evaluation of plaintiff's request for accommodations, by which defendants stand, found that plaintiff did not establish a significant impairment of a major life activity.

8.   Admit or Deny that when Plaintiff registered for the USMLE Step I exam on November 18th, 2011, March 26th 2012, and December 7th 2012 that he was not yet aware that he suffered from Bipolar Disorder.

**Answer:**   After reasonable inquiry based on the information it has or can readily obtain, defendants are unable to either admit or deny Request for Admission 8 because it pertains to plaintiff's subjective knowledge. Defendants admit that from the limited medical records to which they have had access, it appears that plaintiff was

4

first diagnosed with bi-polar disorder in March 2013.
Plaintiff has, however, objected to defendants obtaining
plaintiff's complete medical records by subpoena, and a
discovery motion regarding plaintiff's objections is
pending, so defendants reserve the right to modify this
answer should medical records provide different
information.


9.  Admit or Deny that Plaintiff submitted documentation
to NBME Disability Services in 2005 through 2006 to demonstrate
that he is an individual with disabilities.

**Answer:** Admitted in part, denied in part.  It is
admitted that plaintiff submitted documentation to NBME
Disability Services in 2005 — 2006 that he believed
demonstrated that he was an individual with disabilities
and was entitled to accommodations on the USMLE.  It is
denied that the documentation submitted by plaintiff was
sufficient to establish that he was an individual with
disabilities and that he was entitled to accommodations on
the USMLE.


10. Admit or Deny that Plaintiff had submitted
documentation to NBME Disability Services in 2005 through 2006
and in April of 2014 that he received formal and informal
accommodations for his disabilities in the past.

**Answer:** Admitted in part, unable to either admit or
deny in part.  It is admitted that plaintiff submitted
documentation to NBME Disability Services in 2005 — 2006
indicating that he had received some accommodations in the
past while attending post-baccalaureate classes at SUNY Old
Westbury, but notably such documentation was inconsistent
in that it indicated no accommodations for most of
plaintiff's academic career, including college and medical
school.

After reasonable inquiry, defendants are unable to
admit or deny Request for Admission 10 in so far as it
refers to 2014, or in so far as it refers to "informal
accommodations," since such term is unduly vague.  To the
extent plaintiff is referring to material submitted in 2014
from plaintiff's attendance at Saint Joseph's College in
2001, defendants deny that such material shows that
plaintiff received accommodations for any "disabilities."
Rather, such material appears to relate to "a situational

crisis," "relationship difficulties," and/or a "personal situation" that caused plaintiff anxiety and led him to seek counseling.

11. Admit or Deny that Plaintiff submitted a document he called an "Appeal" to ECFMG and NBME Disability Services on April 1st 2014 enclosed with documents he submitted in 2005 through 2006, and documentation substantiating a diagnosis of Bipolar Disorder dated March of 2014.

**Answer:** Admitted in part, denied in part. It is admitted that plaintiff submitted a document that he called an "Appeal" on April 1, 2014, with some of the documents he had submitted in 2005-2006, and a letter from a physician indicating that plaintiff was diagnosed with bi-polar disorder, and stating that the previous diagnosis of ADHD was incorrect. Defendants deny that the April 4, 2014 doctor's letter "substantiated" a diagnosis of bi-polar disorder.

12. Admit or Deny that Plaintiff submitted a medical document dated April 22nd, 1981 from The New York Hospital to Defendants on April 1st, 2014 that documented that Plaintiff suffered from Neurological problems during childhood, specifically a seizure disorder.

**Answer:** Admitted. It is admitted that such a document was one of the documents submitted by plaintiff on April 1, 2014.

13. Admit or Deny that Plaintiff was precluded from re-applying to NBME disability Services after 2006 for a diagnosis of ADHD, Anxiety Disorder, Panic Disorder, and Depression because of a denial for these diagnosis by NBME Disability Service in March of 2006 by NBME Disability Services.

**Answer:** Denied. Plaintiff was free to reapply for accommodations with any subsequent registration for the USMLE, and presumably he would have done so if he had any additional or different information to present in support of such request. Defendants further deny request for admission 13 in so far as it refers to "Panic Disorder" since his documentation did not include that diagnosis.

6

14. Admit or Deny that Plaintiff was barred from registering for USMLE Step I after his final attempt on November 12th, 2013.

Answer: Admitted. It is admitted that after failing Step 1 more than six times, and failing on his final attempt on Step 1 in November 2013, plaintiff was barred from registering for the same exam again absent an exception granted pursuant to a request from a state medical board.

15. Admit or Deny that the Defendants requested a formal request for exam accommodations from Plaintiff for USMLE Step I on Tuesday April 8th 2014 at 9:49 am knowing that Plaintiff was barred from registering for USMLE Step I.

Answer: Denied as stated. It is denied that defendants "requested" a formal request for exam accommodations from plaintiff. It is admitted that NBME Disability Services communicated with plaintiff on the date and time indicated and reiterated the requirement for a formal request for accommodations in connection with a current registration for a Step of the USMLE in order for NBME Disability Services to evaluate the request for accommodations. The same information had been provided to plaintiff in a telephone inquiry by him on December 18, 2013 (NBME/Katz 0127).

16. Admit or Deny that on December 18th 2013 Plaintiff spoke to Susan Conroy from NBME Disability Services about the fact that he was barred from registering for USMLE Step I.

Answer: Admitted.

17. Admit or Deny that on December 18th 2013 that Susan Conroy directed Plaintiff to ECFMG to discuss this matter.

Answer: Admitted.

18. Admit or Deny that NO 'exception policy' currently exists for 'The Six Attempt Limit Rule' from NBME, FSMB, or the USMLE Organization for people with documented disabilities.

    **Answer:** Denied as stated. It is admitted that there is no exception to the USMLE's six attempt limit that applies specifically to people with disabilities. However, people with disabilities who request accommodations on a Step of the USMLE and receive them have the benefit of such accommodations during all subsequent attempts on that Step of the USMLE, so an individual who receives accommodations at the time of his or her first registration would have six attempts to pass such Step, with his or her accommodations. The six attempt limit, therefore, applies equally to people with and without disabilities. Further, all examinees barred from a Step of the USMLE because they have exceeded the maximum number of attempts may petition their state medical board for one additional attempt.

19. Admit or Deny that the 'Six Attempt Limit Rule' contributed to Plaintiff having a mental breakdown requiring inpatient hospitalization at Pocono Medical Center on March 9th 2013.

    **Answer:** After reasonable inquiry, defendants are unable to either admit or deny Request for Admission 19 since it involves plaintiff's subjective state of mind. Defendants further object because plaintiff has blocked defendants' efforts to obtain, by subpoena, complete medical records concerning plaintiff's "mental breakdown" in March 2013.

20. Admit or Deny that J. Abram Doane stated in his March 13th, 2006 denial letter to Plaintiff that "we (NBME Disability Services) consulted experts in the fields of Learning Disability and Mental Disorders to assist us (NBME Disability Services) in reviewing the documentation."

    **Answer:** Admitted.

21. Admit or Deny that the experts in the fields of Learning Disability and Mental Disorders that Mr. Doane refers to other than himself in Admission No. 20 is Catherine Farmer, and Gregory Baker.

    **Answer:** Admitted.

22. Admit or Deny that the Plaintiff has been injured as a direct result of the defendants.

**Answer:**   Denied.


23. Admit or Deny if the Defendants have injured the Plaintiff economically be denying him accommodations in 2006.

 **Answer:**   Denied.   By way of further answer, defendants stand by the NBME's decision in 2006 to deny plaintiff's request for accommodations for the reasons stated in Mr. Doane's March 13, 2006 letter to plaintiff and the more complete report dated February 2, 2006, from Dr. Farmer to Mr. Doane.   Plaintiff's economic circumstances cannot be attributed to the NBME's decision, which was correct under the circumstances.


24. Admit or Deny that the Defendants have no complaints or criticisms of the medical care that the Plaintiff received from any of his doctors after his hospitalization at Pocono Medical center in March of 2013.

 **Answer:**   After reasonable inquiry, defendants are unable to either admit or deny Request for Admission 24 and state that it is not their role or responsibility to approve of or criticize the medical care provided to examinees.   Defendants further note that plaintiff has objected to and blocked defendants from obtaining plaintiff's medical records related to his March 2013 hospitalization or his treatment since that time, so defendants have seen only the very limited records that plaintiff has chosen to supply.


25. Admit or Deny that the Defendants found Plaintiff to be a person who provided an accurate and credible testimony at deposition regarding his medical, educational and vocational history.

 **Answer:**   Objection in part, unable to either admit or deny in part.   Defendants object to admitting or denying that they, through their counsel, found plaintiff credible at his deposition, since the assessment of plaintiff's credibility by counsel constitutes attorney work product

9

and is not a proper subject for a request for admission. After reasonable inquiry, defendants are unable to either admit or deny Request for Admission 25 in so far as it refers to plaintiff's accuracy, since plaintiff has objected to and blocked defendants' ability to obtain confirming information in plaintiff's medical, educational and vocational records, which defendants seek to obtain by subpoena. A motion to overrule such objections is pending.


26. Admit or Deny that the Plaintiff has complied with all aspects of Pennsylvania Law and conditions precedent to bringing this action against the Defendants.

**Answer:** Denied. Defendants deny Request for Admission 26 because defendants contend that plaintiff's claims against them are barred by the statute of limitations, and timely filing of a complaint is considered a condition precedent under the law.


*Michael E. Sacks*

Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

## CERTIFICATE OF SERVICE

I certify that the foregoing Answers to Plaintiff's Requests for Admission are being served by electronic mail and regular mail upon:


Richard Katz
3364 Parker Lane
East Stroudsburg, PA  18301
cat2400@msn.com

*Pro se*


*Michael E. Sacks*
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

March 30, 2016