IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD KATZ : | |
|         Plaintiff : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| NATIONAL BOARD OF MEDICAL : | NO. 3:15-cv-01187 |
| EXAMINERS : | |
| : | |
|         and : | |
| : | |
| FEDERATION OF STATE MEDICAL BOARDS : | |
|         Defendants : | |

## PLAINTIFF'S MOTION TO COMPEL RESPONSIVE ANSWERS TO SUPPLEMENTAL INTERROGATORIES NUMBER TWO AND MEMORANDUM OF LAW IN SUPPORT

Pro se plaintiff, Richard Katz (hereinafter Katz or plaintiff), pursuant to Rule 37, Fed. R. Civ. P., hereby files this Motion to Compel Responsive Answers to **Supplemental Interrogatories (SI) Number TWO** against the defendants, National Board of Medical Examiners (NBME) and the Federation of State Medical Boards (FSMB) (hereinafter "defendants"), and for an award of expenses, including fees, and as grounds

states:

1. Plaintiff, filed suit against defendants in June of 2015 for wrongful denial of testing accommodations on the United States Medical Licensing Exam (USMLE) in 2006 and in 2014 under the Americans with Disability Act (ADA).

2. Plaintiff served his initial Interrogatories to defendants on January 4th 2016.

3. On February 3rd, 2016, defendants provided insufficient responses to plaintiff's initial Interrogatories, respectively. The defendants made objections lacking in legal merit, provided *watered down*, *vague and evasive responses* to information that is pertinent to this case.

4. By letter dated March 4, 2016, plaintiff' addressed the defendant's inadequate and incomplete interrogatory responses and submitted his SI Number TWO to defendants on this date giving them 30 days from this date to respond. **This Motion to Compel pertains to plaintiff's SI Number TWO.**

5. The defendants should now be ordered to comply with the Interrogatories discussed in detail below.

6. As discussed below, plaintiff requests this Court to award his expenses incurred in preparing this motion. Fed. R. Civ. P. 37(a)(4) / Freedom of Information Act (FOIA).

WHEREFORE, plaintiff, respectfully requests this Court to enter an Order compelling defendants to comply with plaintiff's Motion to Compel Responsive Answers to SI Number TWO and for costs associated with this Motion.

Respectfully submitted,

Richard Katz
3364 Parker Lane
East Stroudsburg, PA 18301
(570) 517-9314

_____
        Richard Katz

**MEMORANDUM OF LAW**

**I. BACKGROUND**

Plaintiff Richard Katz is a 2004 medical school graduate with a disability, in 2005 Katz applied for exam accommodations for the United States Medical Licensing Exams (USMLE). The defendants denied this request in 2006, making a wrongful denial despite Katz's submission of reports from his caregivers substantiating his disability claims under the Americans with Disabilities Act (ADA).

In January of 2012, the defendants implemented an attempt limit to the number of times examinees can take to pass the USMLE Exams, this is currently limited to six attempts. The previous policy permitted examinees to take the USMLE Exams as many times as they needed until passing. In creating this so called 'Six Attempt Limit Rule' the defendants made NO concession in their policy development for people with documented disabilities.

In November of 2013 Katz exceeded his attempt limit on USMLE Step 1, under regular exam conditions as the defendants never granted him accommodations he sorely needed for success. The defendants then barred him from registering for the USMLE Step 1 Exam. Katz sent an Appeal to defendants on April 1st 2014 explaining recent changes to his diagnosis, new information confirming that the defendants made a wrongful denial of testing accommodations in 2006. Katz also informed defendants that their recent 'Six Attempt Limit Rule' is an administrative barrier to people with documented disabilities as promulgated by the Department of Justice (DOJ) and the Americans with Disability Act (ADA).

The defendants replied to this request with a denial on April 17, 2014 never acknowledging Katz's caregiver reports, or the recent changes to his diagnosis and treatment. The defendants even refused to acknowledge that Katz submitted an Appeal referring to it as "your letter and supporting documents."

Plaintiff currently has remaining attempts for USMLE Step 2 Clinical Skills (CS), USMLE Step 2 Clinical Knowledge (CK) and USMLE Step 3 under regular exam conditions. However he is barred from registering for USMLE Step 1 because of the 'Six Attempt Limit Rule". He will therefore never have the opportunity to be licensed as a practicing physician in the United States of America.

Because of the defendants negligence in 2006 Katz was subject to repeated studying, and subsequent failures, having to take the USMLE Exams under regular exam conditions, this took its toll on his mental and overall health.  With the implementation of the 'make or break' nature of the 'Six Attempt Limit Rule', Katz had a mental breakdown in March of 2013 and had to be hospitalized for one week in the Behavioral Health Unit at Pocono Medical Center in Stroudsburg, PA.

Katz suffers from numerous conditions, including but not limited to, bipolar disorder, anxiety disorder, panic disorder, specific phobia associated with test-taking, two functional gastrointestinal disorders associated with stress, gastroesophageal reflux disease (GERD) and irritable bowel syndrome (IBS), chronic frequent exacerbation of asthma, migraine headaches, elevated blood sugar approaching a pre-diabetic state, sleep disturbance, and a chronic skin condition all stress related conditions that defendants are  responsible for.  Katz believes that substitutionary remedy is now in order to compensate his losses in an attempt to become whole again.

It is inconceivable that the defendants have inhibited discovery efforts by refusing to produce better answers that are necessary for Katz to analyze (1) how the defendants, reached their denial decision based on the claims made in 2006 and 2014, (2) the nature of the information considered in making their decision, (3) Katz has met the requirements of an individual with a disability based on a review by the Civil Rights Section of the Department of Justice,  and questions why defendants didn't arrive at the same conclusion (4) what extent the defendants can now be held responsible for derailing a medical career, causing illness,  and wasting a medical graduates time for the last twelve years by the denial of valid claims.


**II. PLAINTIFF'S REQUESTS FOR DEFENDANT'S ANSWERS TO SI NUMBER TWO.**

**The Requests that are the Subject of this Motion: 6a, 6b, 6c, 9a, and 16b.**

6a.In November 2011 the United States Government Accountability Office (GAO) issued a Report to Congressional Requesters entitled: "HIGHER EDUCATION AND DISABILITY Improved Federal Enforcement Needed to Better Protect Students' Rights to

Testing Accommodations" (attached as PDF), NBME was one of the participant organizations in this study. Identify all documents in the defendants possession relating to this GAO review which contains information that substantiates the allegation that testing accommodation review is lacking at NBME Disability Services.

**ANSWER:** Objection. Defendants object to supplemental interrogatory ("SI") 6a as vague, ambiguous and confusing, because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and because responding to SI 6a would be unduly burdensome. Defendants further object to plaintiff's characterization of the referenced GAO report as containing information "that substantiates the allegation that testing accommodation review is lacking at NBME Disability Services," which is untrue.

**BASIS FOR MOTION TO COMPEL:**

SI 6a is clear in its stated request. It specifically probes whether the defendants have in their possession any documentation, evaluations, benchmarks etc. provided by GAO to defendants related to the 2011 GAO evaluation as published: "HIGHER EDUCATION AND DISABILITY Improved Federal Enforcement Needed to Better Protect Students' Rights to Testing Accommodations."  A copy of the published report was provided by plaintiff to defendants as an attachment to SI Number Two. The defendants are evasive in their responses and make objections that are unreasonable and lacking in legal merit.  The defendants should therefore be compelled to respond to SI 6a.


6b. GAO stated "Since we found testing companies believe their practices are already in compliance with the new regulatory requirements, it is unclear whether these changes will better protect the rights of students with disabilities" please explain NBME's position with regard to this statement.


**ANSWER:** Objection. Defendants object to SI 6b as vague, ambiguous and confusing, and because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**BASIS FOR MOTION TO COMPEL:**

SI 6b is clear in its stated request. It specifically makes inquiry about the defendants understanding of the '*new regulatory requirements*' that Attorney General Eric Holder signed on July 23, 2010 revising the DOJ's ADA regulations. The revised regulations amend the DOJ's title II regulation, 28 CFR Part 35, and the title III regulation, 28 CFR Part 36. The above referenced GAO report makes reference to the fact that testing organizations like the defendants believe their practices are already in compliance with these stated new regulatory requirements leaving the GAO uncertain about the fate of students with documented disabilities.

The fact that the defendants are confused about SI 6b is not a good sign and only confirms the GAO's concerns.  The defendants are evasive in their responses and make objections that are unreasonable and lacking in legal merit.  The defendants should therefore be compelled to respond to SI 6b.

6c. GAO stated: "In order to ensure individuals with disabilities have equal opportunity to pursue their education and career goals, it is imperative for Justice (Department Of Justice) to establish a credible enforcement presence to detect, correct, and prevent violations" please explain in detail if DOJ has initiated GAO's recommendation on NBME Disability Services outside of the NBME SETTLEMENT AGREEMENT DJ # 202-16-181.

**ANSWER:** Objection. Defendants object to SI 6c as vague, ambiguous and confusing, and because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object in so far as SI 6c implies, incorrectly, that the GAO made one or more recommendations regarding the NBME, since the GAO neither made any specific findings nor any specific recommendations regarding the NBME, but rather addressed testing companies in general. Defendants also object to plaintiff's characterization of the referenced settlement agreement as involving "enforcement" by the U.S.D.O.J. Subject to and without waiving such objections, defendants interpret SI 6c as asking whether the U.S.D.O.J. has pursued any enforcement proceedings against the NBME since the issuance of the GAO report. The answer is no.

**BASIS FOR MOTION TO COMPEL:**

The GAO report states:

"Justice Officials said that they reviewed complaints on a case-by-case basis but did not conduct systematic searches of their data to inform their overall approach to enforcement. Additionally, Justice has not initiated compliance reviews of testing companies, and its technical assistance on this subject has been limited."

The fact that the above referenced GAO report was published in November 2011 and now in 2016 the defendants admit that the DOJ has not had oversight over NBME Disability Services is concerning to say the least.  The defendants are evasive in their response and make objections that are unreasonable and lacking in legal merit.  The defendants should therefore be compelled to respond to SI 6c.

9a. Discuss the "established procedures" as mentioned above in further detail, identify the individual(s) in the NBME Organization responsible for developing these established procedures?

**ANSWER:** Objection. Defendants incorporate their objection to interrogatory 9, and object to SI 9a in so far as it seeks information on the identity of the individual(s) who developed the procedures used in evaluating requests for accommodations because such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The "established procedures" that the NBME followed with regard to the review of plaintiff's request for accommodations on Step 2 CK and CS in 2005-2006 were consistent with the summary of procedures described in the defendants' answer to interrogatory 4, and defendants incorporate that answer.

**BASIS FOR MOTION TO COMPEL:**

The defendants are evasive in their responses and make objections that are unreasonable and lacking in legal merit. The defendants should therefore be compelled to respond to SI 9a because transparency should be incorporated into their policies and procedures in order to determine if they are currently in compliance with the ADA and the new regulatory requirements as outlined above.  Moreover after further research and inquiry by plaintiff the defendants are nonprofit organizations receiving federal funding and are considered "agencies" by definition of

Freedom of Information Act (FOIA) policies. Information on the identity of the individual(s) who developed the said policies for defendants should be made available based on the rules of discovery and FOIA.

16b. If defendants answer to 16a is yes, why didn't the defendants ask for further substantiating documentation from plaintiff to document his functional limitations?

**ANSWER:** NBME Disability Services conducted a preliminary review of the information provided by plaintiff in support of his request for accommodations, and on July 15, 2005, provided guidance to plaintiff to aid him in supplementing his submission. Plaintiff subsequently provided additional information that the NBME reviewed and took into account. The NBME also had phone contacts with plaintiff and some of his caregivers thereafter. When the information in plaintiff's file was complete, the NBME conducted its review. **Plaintiff was free to re-apply for accommodations in connection with any subsequent registration for the USMLE and could have submitted additional information if there were any to present.**

**BASIS FOR MOTION TO COMPEL:**

The defendants' response is evasive and warrants further scrutiny. Thomas E. Perez, assistant attorney general for DOJ's Civil Rights Division stated in 2011 regarding a settlement agreement with defendants (see DJ# 202-16-181) that the defendants:

"In the past, demanded unnecessary or redundant documentation, burdensome and expensive repeated professional evaluations, or irrelevant evaluative testing unrelated to the ability to demonstrate one's knowledge or skills on an examination prevented individuals with appropriately documented disabilities from pursuing their chosen professions.[1]"

The defendants should be compelled to respond in more detail on what further they expected or required of plaintiff in terms of justifying the need for accommodations for the USMLE after 2006 in light of the 2011 DOJ Settlement agreement #202-16-181.

---

[1] U.S. Department of Justice Civil Rights Division. May 2011 Issue Forty Two Disability Rights Online News http://www.ada.gov/newsltr0511.htm

**III. AWARD OF REASONABLE EXPENSES INCURRED**

When a motion to compel is granted, it is mandatory for the court to require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred, including attorney's fees. Fed. R. Civ. P. 37(a)(4). The defendant's evasive responses to plaintiff's interrogatories are completely improper because the discovery relates to defendant's wrong and unreasonable denial of accommodations. Further, it is untenable that defendants continue to frustrate plaintiff's discovery efforts, forcing plaintiff to file this Motion to Compel. Accordingly, this Court should award plaintiff the expenses incurred in bringing this motion.

In 1974 Congress amended[2] the Freedom of Information Act (FOIA) to enhance the ability of citizens to avail themselves of the benefits and protections of the Act.[3] Among other objectives, Congress intended the amendments to "facilitate freer and more expeditious public access to government information" and "to encourage more faithful compliance with the terms and objectives of the FOIA."[4] As a means of ensuring that agencies do not withhold information unjustifiably, one provision[5] permits courts to "assess reasonable attorney fees and other litigation costs reasonably incurred"' by parties who seek information and then prevail in litigation challenging an agency's failure to disclose.

---

[2] P.L. 93-502, 88 Stat. 1561 (1974). The Freedom of Information Act (FOIA), as originally enacted, had no provision for attorney fees. Because all FOIA suits were civil suits against federal agencies or officials, the section in title 28 governing attorney fees, see 28 U.S.C. 2412(a) (1976), as amended by P.L. 96-481, 94 Stat. 2327 (1980), precluded attorney fees

[3] A democratic society requires an informed, intelligent electorate, and the intelligence of the electorate varies as the quantity and quality of its information varies. ... The needs of the electorate have outpaced the laws which guarantee public access to the facts in Government. H.R. No. 1497, reprinted in 1966 U.S. CODE CONG. & AD. NEWS 2418-29.

[4] S. Rep. No. 854, 93d Cong., 2d Sess. 1 (1974). In addition, the amendments were designed "to strengthen the citizen's remedy against agencies and officials who violate the Act, and to provide for closer congressional oversight of agency performance under the Act." Id.

[5] 5. 5 U.S.C. § 552(a)(4)(E) (1982).

**IV. CONCLUSION**

For the foregoing reasons, pro se plaintiff, Richard Katz, requests this honorable Court to enter an Order compelling defendants to provide better and more relevant answers to Supplemental Interrogatories (SI) Number Two and to award reasonable expenses incurred in having to file this Motion to Compel.

Respectfully submitted,

Richard Katz
3364 Parker Lane
East Stroudsburg, PA 18301
(570) 517-9314

BY: _____
       Richard Katz

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served upon:

**Michael Sacks**
Hamburg & Golden, P.C.
1601 Market Street Suite 3310
Philadelphia PA 19103-1443

Date: April 20, 2016

_____
   Richard Katz