UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD KATZ,

    Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS, et al.,

    Defendants.

CIVIL ACTION NO. 3:15-cv-01187

(MARIANI, J.)
(SAPORITO, M.J.)

FILED
WILKES BARRE
MAY 03 2016
Per_____ MS

## ORDER

This matter comes before the Court on the *pro se* plaintiff's motion for leave to file a second amended complaint (Doc. 62). The plaintiff, Richard Katz, has also submitted a complete copy of his proposed second amended complaint. (Doc. 63).

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). But even under this liberal standard, a motion for leave to amend may be denied when it is futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

1410, 1434 (3d Cir. 1997). In addition, "[a]n amendment would be futile, and leave to amend should be denied, where the statute of limitations or some other affirmative defense would compel dismissal of the claim." *Ridge v. Campbell*, 984 F. Supp. 2d 364, 372 (M.D. Pa. 2013); *see also Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001).

The defendants oppose the motion, but they do not contend that the proposed amendment is futile in any manner. Rather, they oppose the motion solely on the technical ground that the proposed second amended complaint is not "complete" insofar as it contains references to exhibits previously filed with the Court that are not attached to the proposed second amended complaint. The defendants contend that the purportedly "incomplete" second amended complaint is defective under Local Rule 15.1 and an order by this Court that cited and paraphrased the local rule. (*See* Doc. 58).

In relevant part, the local rule at issue provides that: "When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the

- 2 -

motion." L.R. 15.1(a). The defendants have identified several paragraphs of the proposed second amended complaint that refer to exhibits attached to the original complaint, but which are not attached to the proposed second amended complaint tendered by the plaintiff with his motion to amend. (*See* Doc. 64, at 4).

But it is clear upon review of the proposed second amended complaint and the cited exhibits that none of these documentary exhibits is essential to the pleading itself, but instead are merely superfluous documentation corroborating the otherwise well-pleaded facts of the paragraphs containing these references. Disregarding the unattached exhibits, the proposed second amended complaint stands complete on its own. Moreover, to the extent reference to these exhibits at the pleadings stage should become necessary or appropriate, the Court may take judicial notice of them, notwithstanding the fact that the original complaint to which they are attached is a nullity, having been superseded by the first amended complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486, 498–99 (3d Cir. 1997) (holding that "the court may take judicial notice of its own records, especially in the same case"); *Barnett v. York*

*County*, Civil Action No. 1:CV-11-0906, 2011 WL 2790467, at *6 & n.8 (M.D. Pa. June 24, 2011) (considering exhibits attached to original, superseded complaint).

Finally, with respect to the technical violation upon which the defendants' opposition relies, we join our sister court in noting that:

> While some courts have held that "under Rule 10(c) the exhibits attached to the original complaint should be considered as adopted by reference in the pleadings" even if they were not attached to the amended pleading, and others have noted that because the amended complaint supersedes the original, the exhibits must be refiled, in both instances the courts excused the purported oversight and took note of the exhibits in question. Further, given that the instant case involves a pro se plaintiff, the end result of Defendant's argument, even if meritorious, is without practical effect. At most, the Court would require Plaintiff to file an amended complaint that includes the original exhibits as attachments, an unnecessary procedural hoop that would waste resources and delay resolution of this action.

*Alexander v. United States*, Case No. 13-00678 JSC, 2013 WL 4014539, at *4 n.3 (N.D. Cal. Aug. 5, 2013) (citations omitted).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The plaintiff's motion for leave to amend the complaint (Doc. 62) is **GRANTED**;

2. The Clerk shall file the proposed document (Doc. 63) as the

- 5 -

second amended complaint in this action; and

    3.    The defendants shall respond to the second amended complaint as provided by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

Dated: May 3, 2016

*/s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge