## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD KATZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-cv-01187 |
| v. | (MARIANI, J.) |
| | (SAPORITO, M.J.) |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al., | **FILED**<br>**WILKES BARRE** |
| Defendants. | MAY 0 4 2016 |

**ORDER**        Per _MS_

This matter comes before the Court on the *pro se* plaintiff's motion to waive certain discovery and expert witness costs. (Doc. 71). The plaintiff, Richard Katz, was previously granted leave to proceed *in forma pauperis* in this action, pursuant to 28 U.S.C. § 1915. (Doc. 9). By this motion, Katz seeks an order "to waive costs of deposition—including fees associated with lay and expert witnesses and court reporter." (Doc. 71, at 1). In particular, Katz appears to request that the Court shift the cost associated with the deposition of defense witnesses Abram Doane, Catherine Farmer, and Gerard Dillon to the defendants, or that the Court finance the costs of these depositions itself. (*Id.* at 3–4). In support, Katz has submitted a copy of certain state court rules pertaining to court reporting services in state

court proceedings. (Doc. 71-1). Katz has also filed a separate document that appears to be an unexecuted expert witness fee agreement provided to him by Theresa Cerulli, M.D., a Massachusetts psychiatrist whom he appears to wish to retain as a plaintiff's expert, presumably at no cost to himself. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants). The defendants have filed no response to the motion.

Katz has been granted leave to proceed *in forma pauperis* in this action, which has permitted him to bring this action without prepayment of filing and docketing fees otherwise required to commence a federal lawsuit or appeal. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 1915(c) (authorizing payment by the United States of certain record stenographic and printing fees in connection with a civil or criminal appeal). But Katz's indigent status does not excuse him from the payment of any other litigation expenses. *See Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009); *Tabron v. Grace*, 6 F.3d 147, 158–59 (3d Cir. 1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987).

"[A]s a general rule, indigent litigants bear their own litigation

expenses . . . ." *Tabron*, 6 F.3d at 159. Indeed, although an indigent *pro se* litigant may use any of the discovery methods provided in the Federal Rules of Civil Procedure, the Court has no authority to finance or relieve a plaintiff from paying for his own discovery expenses. *See Porter*, 564 F.3d at 180 n.3; *Malik v. Lavalley*, 994 F.2d 90, 90 (2d Cir. 1993) (per curiam) (citing *Boring*, 833 F.2d at 474); *Canady v. Kreider*, 892 F. Supp. 668, 670 (M.D. Pa. 1995); *Badman v. Stark*, 139 F.R.D. 601, 604–05 (M.D. Pa. 1991).[1] The taking of a non-party deposition requires a $40 witness fee to be tendered with service of the subpoena, plus travel expenses or a mileage allowance. *See* Fed. R. Civ. P. 45(b)(1); *Badman*, 139 F.R.D. at 604; *Gregg v. Clerk of U.S. Dist. Ct.*, 160 F.R.D. 653, 654 (N.D. Fla. 1995); *see also* 28 U.S.C. § 1821 (governing witness attendance fees). The taking of an oral deposition—whether of a party or a non-party witness—would entail stenographic or court reporter expenses. *See White v. Delaware Bd. of Parole*, Civ. No. 11-386-LPS, 2013 WL 3991963, at *5 (D. Del. July 31,

---

[1] The *pro se* plaintiff has submitted a copy of certain Pennsylvania state court rules in support of his motion. But this is a *federal* civil action, governed by the Federal Rules of Civil Procedure, not the Pennsylvania Rules of Judicial Administration. Moreover, the rules proffered by the plaintiff concern the cost of transcribing court proceedings, not discovery depositions or expert witness fees.

2013). The taking of a deposition by written questions would entail that plus a deposition officer fee. *See Eggleston v. Mitchell*, Civil No. 1:12-CV-1220, 2013 WL 5351053, at *5 (M.D. Pa. Sept. 23, 2013). Likewise, there is no authority for the Court to finance or relieve a plaintiff from payment of expert witness fees. *See Boring*, 833 F.2d at 474.

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion to waive costs of deposition and expert witness fees (Doc. 71) is **DENIED**.

Dated: May ____4____, 2016

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge