## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD KATZ,

      Plaintiff,

      v.

NATIONAL BOARD OF MEDICAL
EXAMINERS, et al.,

      Defendants.

CIVIL ACTION NO. 3:15-cv-01187

(MARIANI, J.)
(SAPORITO, M.J.)

FILED
WILKES BARRE
MAY 0 4 2016

Per _____ MS

### ORDER

This matter is before the Court on the *pro se* plaintiff's motion for
issuance of subpoenas duces tecum. (Doc. 78). By this motion, the plaintiff,
Richard Katz, seeks the issuance of subpoenas commanding the production
of personnel records for five employees of defendant National Board of
Medical Examiners ("NBME"): Gregory Baker, Maria L. Fuentes,
Catherine Farmer, J. Abram Doane, and Gerard F. Dillon. (*Id.*).

The defendants have not filed a brief in response to this motion. They
have opposed the production of these materials, however, by filing their
own Rule 26(c) motion for a protective order, which will be addressed in a
separate order.

Because NBME is a party to this action, issuance of the requested

subpoenas duces tecum is not necessary for Katz to obtain the documents he seeks. The issuance of a subpoena duces tecum directed to a party is not necessarily improper. *See Badman v. Stark*, 139 F.R.D. 601, 603 (M.D. Pa. 1991); *Cooney v. Sun Shipbuilding & Drydock Co.*, 288 F. Supp. 708, 717 (E.D. Pa. 1968). But the production of documents is more appropriately obtained through the service of a request for production under Rule 34 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34; *Hammond v. Bledsoe*, Civil No. 3:CV-12-0242, 2012 WL 4050170, at *2 (M.D. Pa. Sept. 13, 2012); *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 551 (E.D. Pa. 2010). Moreover, because "[a] federal court has inherent power to protect anyone from oppressive use of process, even if no oppression is actually intended," before a subpoena may be issued, an *in forma pauperis* plaintiff must demonstrate that he has made provision for payment of the required fees and other costs of the discovery sought by subpoena. *See Badman*, 139 F.R.D. 604–05; *see also Eggleston v. Mitchell*, Civil No. 1:12-CV-1220, 2013 Wl 5351053, at *6 (M.D. Pa. Sept. 23, 2013). Katz has not done so here.

Nevertheless, the defendants appear to have construed Katz's motion for the issuance of subpoenas duces tecum as a request for production of

documents under Rule 34, moving for a protective order under Rule 26(c), and we shall do likewise. *See generally Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants). In light of this treatment of the motion as a Rule 34 request, Katz's request for the issuance of subpoenas duces tecum is now moot.

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion for issuance of subpoenas duces tecum (Doc. 78) is **DENIED as MOOT**.

Dated: May __4__, 2016

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge