```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| RICHARD KATZ | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 3:15-cv-1187 |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | (MARIANI, J.) |
| EXAMINERS, et al., | : | (SAPORITO, M.J.) |
| | : | |
| Defendants | : | |

**ORDER**

AND NOW, this _____ day of _____, 2016, upon consideration of plaintiff' "Motion to Compel Responsive Answers to Supplemental Interrogatories Number Two," and the defendants' response thereto, it is hereby ORDERED that the motion is DENIED.

_____
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| RICHARD KATZ : | |
| : | |
| Plaintiff : | CIVIL ACTION |
| : | |
| v. : | NO. 3:15-cv-1187 |
| : | |
| NATIONAL BOARD OF MEDICAL : | (MARIANI, J.) |
| EXAMINERS, et al., : | (SAPORITO, M.J.) |
| : | |
| Defendants : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSIVE ANSWERS TO SUPPLEMENTAL INTERROGATORIES NUMBER TWO**

**I.   Introduction**

Defendants, the National Board of Medical Examiners (NBME) and the Federation of State Medical Boards (FSMB), oppose plaintiff's Motion to Compel Responsive Answers to Supplemental Interrogatories Number Two (Docket No. 99). In the course of discovery, defendants have answered plaintiff's interrogatories, his request for documents (and supplied 280 pages of documents), his first set of supplemental interrogatories, his second set of supplemental interrogatories and his requests for admission.

On March 28, 2016, defendants opposed plaintiff's "Motion to Compel Responsive Answers to Supplemental Interrogatories Number One," and submitted a detailed memorandum of law. Defendants incorporate that memorandum of law here. On April 25, 2016, defendants filed their opposition to plaintiff's motion to compel more responsive answers to his requests for admission.

The Court should reject plaintiff's motion regarding defendants' answers to his second set of supplemental interrogatories.[1] In their answers, defendants objected to plaintiff's vague and irrelevant interrogatories, while providing specific and responsive answers to his interrogatories where appropriate. Defendants have complied fully with the letter and the spirit of the discovery rules and respectfully request that the Court review the supplemental interrogatories, along with defendants' answers, and deny plaintiff's motion to compel.

In the following section, defendants respond very briefly regarding each of the five supplemental interrogatories that plaintiff targets in his motion.

**II. Discussion**

    **A.  Supplemental Interrogatory 6a.**

Defendants stand by their objections to Supplemental Interrogatory 6a. Plaintiff's question regarding the referenced GAO report is vague, ambiguous and confusing, it seeks irrelevant information, and responding would be unduly burdensome. Moreover, plaintiff's premise in the interrogatory, that either the GAO report or documents in possession of the NBME "substantiate the allegation that testing accommodation

---

[1]  Plaintiff's motion includes Exhibit 1, his "second interrogatory requests for supplemental answers from defendants," containing the original interrogatories, defendants' answers, and plaintiff's supplemental interrogatories, and Exhibit 2, defendants' answers to his second set of supplemental interrogatories.

2

review is lacking at NBME Disability Services" is untrue and misleading.

**B.   Supplemental Interrogatory 6b.**

Defendants stand by their objections to Supplemental Interrogatory 6b. The question, asking for the NBME's "position with regard to [a] statement" by the GAO in a report the GAO issued is not reasonably calculated to lead to evidence that would be probative or admissible in this case.

**C.   Supplemental Interrogatory 6c.**

Defendants stand by their objections and answer to Supplemental Interrogatory 6c. Defendants provided a specific answer to the only portion of Supplemental Interrogatory 6c that asked a specific question, namely whether the Department of Justice has initiated any enforcement proceedings against the NBME since the issuance of the referenced GAO report. The answer, as defendants stated, is no.

Plaintiff's comments on page four of his memorandum to the effect that defendants' answer (that the NBME has not been the target of enforcement proceedings since the issuance of the GAO report) is an "admission" that the DOJ "has not had oversight over NBME Disability Services" which is "concerning to say the least" is an absurd and unfounded inference.

3

D.  **Supplemental Interrogatory 9a.**

Defendants stand by their objections and answer to Supplemental Interrogatory 9a.  In Supplemental Interrogatory 9a, plaintiff asked for more detail about defendants' reference to having processed plaintiff's 2005-2006 request for accommodations according to "established procedures."  In response, defendants said that they processed plaintiff's request for accommodations consistent with the summary of steps that defendants provided in their answer to plaintiff's Interrogatory no. 4.  The steps themselves provide the relevant information.  Quoting from defendants' answer to Interrogatory 4:

- a) The NBME published information and Guidelines to request testing accommodations in the USMLE Bulletin of Information (BOI) and at the USMLE website www.usmle.org.

- b) A candidate who believed he or she had a disability that required accommodation on the USMLE would review the published information and submit a Request for Accommodation together with supporting documentation in connection with his or her Step exam registration.

- c) NBME Disability Services office would conduct a preliminary audit of the request and supporting documentation submitted by the candidate and advise the candidate of any missing information; the candidate would have the opportunity to supplement the documentation supporting his or her request for accommodation.

- d) NBME might send the request and supporting documentation to one or more outside consultants for review.

      e)    the Manager of the NBME's Disability Services office would review the outside consultants' written review and recommendations, if applicable, and determine whether to grant an accommodation.

      f)    NBME Disability Services would notify the candidate of the decision in writing. If accommodations were approved, NBME Disability Services would notify the test vendor of the approved accommodations to be provided for the Step examination.

In his motion, plaintiff asserts that defendants gave an evasive response, that defendants should be compelled to identify the individual or individuals who developed the quoted procedures, and further claims that the Freedom of Information Act, which applies to federal governmental agencies, supports his claim.

Defendants submit that the identity of the individual(s) who developed the generic procedures summarized above has no bearing on the issues in the case, the answer was not evasive, and FOIA is inapplicable.

**E.    Supplemental Interrogatory 16b.**

In Supplemental Interrogatory 16b, plaintiff asked, in effect, why the NBME did not ask for more documentation if it thought that plaintiff's documentation was inadequate. Defendants answered, with respect to 2005-2006, by describing the steps the NBME took in seeking as much documentation as plaintiff would or could provide.

In his motion, plaintiff asserts that defendants' answer was evasive, and in an absurd twist he claims that defendants

5

should be compelled to describe what they expected *after 2006* (that is, after defendants reviewed plaintiff's documentation and denied his request for accommodations) *"in light of the 2011 DOJ Settlement agreement #202-16-181,"* which involved an unrelated individual. Plaintiff's argument makes no sense, and the Court should reject it.

**III. Conclusion**

For all the foregoing reasons, defendants stand by their Answers to Plaintiff's Supplemental Interrogatories Number Two. Defendants objected where appropriate, provided specific answers where appropriate, and in all respects complied with the letter and the spirit of the discovery rules. Defendants respectfully request that the Court deny plaintiff's motion.

RESPECTFULLY SUBMITTED,

/s/ Michael E. Sacks
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

**CERTIFICATE OF SERVICE**

I certify that the foregoing Opposition of Defendants, the National Board of Medical Examiners and the Federation of State Medical Boards, to Plaintiff's Motion to Compel Responsive Answers to Supplemental Interrogatories Number Two is being filed electronically with the Clerk of the Court on May 6, 2016, using the electronic case filing system, which will automatically send email notifications of such filing to registered parties. This motion is also being served by electronic mail and regular mail upon:

>Richard Katz
>3364 Parker Lane
>East Stroudsburg, PA  18301
>cat2400@msn.com
>
>*Pro se*

>/s/ Michael E. Sacks
>Michael E. Sacks