## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD KATZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-cv-01187 |
| v. | (MARIANI, J.)<br>(SAPORITO, M.J.) |
| NATIONAL BOARD OF MEDICAL EXAMINERS, et al., | |
| Defendants. | |

*FILED*
*WILKES BARRE*
MAY 1 0 2016

Per____ MS

## MEMORANDUM

In this action, the *pro se* plaintiff, Richard Katz, asserts disability access and discrimination claims against the defendants, National Board of Medical Examiners ("NBME") and Federation of State Medical Boards ("FSMB"). Together, these defendants are responsible for administering the United States Medical Licensing Examination ("USMLE"), a national standardized multiple-choice test that enables graduates of foreign medical schools to become licensed to practice medicine in the United States. Katz is a 2004 graduate of one such school. He claims that the defendants discriminated against him in violation of Title III of the Americans with Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act ("Section 504") when they denied his request for testing

accommodations originally in 2006, and then again in 2014 when they denied his request for the waiver of a six-attempt limit on testing. In addition, Katz has asserted various state law contract and tort claims against these defendants. Katz seeks preliminary and permanent injunctive relief, as well as compensatory and punitive damages, based on both pecuniary harm and emotional distress that he claims to have suffered as a result of the defendants' conduct.

This matter is now before the Court on competing motions involving the very same discovery issues, as well as several "objections" to this discovery filed by the *pro se* plaintiff.

## I.   PROCEDURAL BACKGROUND

On January 7, 2016, the defendants served a Rule 34 request for production of documents on Katz, together with authorizations for the release of Katz's medical, psychiatric, education, and work records. The defendants requested that Katz sign and return the authorizations so they could request these records from the various third-parties who held them.

On January 19, 2016, the defendants advised Katz that they planned to serve subpoenas duces tecum on several third-parties to obtain copies of Katz's medical, psychiatric, and education records. These third-party

subpoena recipients included: Holtz Psychological; Dr. David Kreditor; Samuel Lupardo; SUNY Old Westbury; The New School (Parsons School of Design); Pocono Medical Center; The ReDCo Group; The Aaron Center; St. John's University; St. John's University (Counseling); St. Joseph's College; St. Joseph's College (Counseling); The Center for Emotional Care; and Dr. Ubaldo Leli.

Later that same day, Katz sent three proposed subpoenas to the defendants, seeking the confidential personnel files of three current or former NBME employees. One day later, Katz sent two additional proposed subpoenas seeking confidential personnel files for two more current or former NBME employees.

Also on January 19, 2016, Katz filed an "objection" to the subpoenas with the Court, suggesting that the subpoenas improperly disclosed his personal identifiers (his social security number and date of birth) to the recipients, and that the information sought was irrelevant and privileged. (Doc. 74; *see also* Doc. 75). On January 26, 2016, Katz filed an "addendum" to his objection, detailing a January 25, 2016, meet-and-confer telephone call between Katz and defense counsel, elaborating on the grounds for Katz's objection, and requesting that the Court issue a protective order.

(Doc. 77). In addition to the defendants' proposed subpoenas, the parties discussed Katz's request for the production of NBME personnel records. (*Id.*). Although the filing of discovery objections with the Court is generally prohibited under Local Rule 5.4,[1] the Court will construe Katz's "objection" and "addendum" together as a motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants).

On January 28, 2016, the defendants filed a motion to compel and for a protective order, requesting that the Court overrule Katz's objections to their subpoenas, direct him to sign and return the requested records-release authorization forms, and enter a protective order barring the requested disclosure of confidential personnel files by NBME pursuant to the five proposed subpoenas served on the defendants by Katz. (Doc. 79;

---

[1] Moreover, an objection to a Rule 45 subpoena duces tecum may only be filed by the "person commanded to produce documents." *See* Fed. R. Civ. P. 45(d)(2)(B). A party, however, may move for a protective order under Rule 26(c) to bar or otherwise limit discovery sought via third-party subpoena. *See generally Waste Conversion, Inc. v. Rollins Envtl. Servs. (NJ), Inc.*, 893 F.2d 605, 611 (3d Cir. 1990) (en banc).

*see also* Doc. 79-2). Later that same day, Katz filed his own motion for a protective order, seeking an order barring disclosure of his medical records pursuant to the defendants' proposed third-party subpoenas. (Doc. 80). On January 30, 2016, Katz filed a brief in opposition to the defendants' motion. (Doc. 86).

On March 2, 2016, the defendants advised Katz that they planned to serve several more subpoenas duces tecum on third-parties to obtain copies of Katz's medical, psychiatric, and education records. These third-party subpoena recipients included: Alamance Regional Medical Center; Andover Togs Inc.; Education Commission for Foreign Medical Graduates; Elmhurst Hospital; Nathan Kline Institute; New Mexico Psychiatric Services; Queens College; Ross University School of Medicine; St. Christopher's Iba Mar Diop College of Medicine; St. Matthew's School of Medicine; and SUNY Nassau Community College. On March 6, 2016, Katz filed an "objection" to these subpoenas with the Court, suggesting that the information sought was irrelevant and privileged. (Doc. 90). As with his earlier objection, the Court will construe Katz's "objection" to this second set of subpoenas as a motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See generally Mala*, 704 F.3d at

244–46.

## II. DISCUSSION

The instant discovery dispute involves four issues: (1) whether the defendants' third-party subpoenas improperly disclose Katz's social security number and date of birth; (2) whether the defendants' third-party subpoenas should be quashed or otherwise limited because they seek irrelevant or privileged information; (3) whether the plaintiff should be compelled to sign authorizations enabling the defendants to obtain copies of his medical, psychiatric, education, and work files from third-party subpoena recipients; and (4) whether the plaintiff's request for the production of the confidential personnel records of five current or former NBME employees should be barred on relevance grounds.

### A. Personal Identifiers

Katz objects to the defendants' inclusion of his social security number and date of birth on the face of the several third-party subpoenas the defendants have proposed to serve. Although his concerns about privacy and potential identity theft are understandable, reference to these personal identifiers is a necessary element of a third-party subpoena for institutional records concerning an individual such as those sought by the

defendants, permitting the institution to properly and accurately identify the individual whose records are sought.

Moreover, Katz's concerns about *public* disclosure of his social security number and date of birth are unfounded. Discovery materials such as these subpoenas duces tecum and any materials produced in response thereto are generally not filed in the public court record, but only in the private files of the parties, their counsel, and the third-party recipients and their counsel. *See generally* L.R. 5.4 (prohibiting the filing of discovery materials except when necessary for resolution of discovery motions or for appellate purposes). To the extent the filing of such materials in the court's record should later become necessary, both the federal and local rules require redaction of any social security numbers or dates of birth found in the documents. *See generally* Fed. R. Civ. P. 5.2(a); L.R. 5.2(d).[2] Alternatively, when necessary, unredacted documents

---

[2] In support of his motion, Katz has cited and attached a copy of this Court's Standing Order No. 04-4, which adopted Local Rule 5.2 in October 2004. In his objections and motion papers, Katz appears to be under the mistaken impression that reference to his social security number and date of birth on the face of the proposed subpoenas is in violation of Local Rule 5.2. But this local rule does not prohibit the use of personal identifiers such as these in discovery or in private correspondence related to the litigation. The rule requires redaction of personal identifiers only in
*(continued on next page)*

containing sensitive matter such as social security numbers and dates of
birth may be filed under seal, and thus shielded from public disclosure. *See
generally* Fed. R. Civ. P. 5.2(d); L.R. 5.2(e).

Accordingly, Katz's objection with respect to the defendants' use of
his personal identifiers in third-party subpoenas is **OVERRULED**.

## B. Relevance and Confidentiality

Katz objects to the defendants' proposed third-party subpoenas
seeking production of his medical, psychiatric, education, and work
records. In particular, he is concerned that these records include sensitive
information that is confidential in nature, and that public disclosure will
cause him embarrassment. He further argues that much of the requested
material is not relevant to this case,[3] and that some of the caregivers, from
whom medical records are requested, may no longer maintain patient files
for him due to the passage of time.[4] Katz has characterized the defendants'

---

documents that are *filed* in the case record, which is accessible to the
public over the internet and in-person at the Clerk's office.

[3] Katz does not, however, specify what particular categories of
records are relevant or not, nor why.

[4] To the extent the subpoena recipients no longer maintain, or never
possessed, responsive records concerning the plaintiff, they may of course
simply say so in their responses to the subpoenas. One cannot produce
records that one does not possess. *See Dipietro v. Jefferson Bank*, 144
*(continued on next page)*

proposed subpoenas as a "fishing expedition."

The Court does not agree with the plaintiff's characterization of these proposed subpoenas as a "fishing expedition." Katz has filed a civil lawsuit claiming discrimination under the Americans with Disabilities Act and the Rehabilitation Act, claiming that he is a member of a protected category by virtue of suffering from a mental impairment, bipolar disorder, with a previous misdiagnosis of attention-deficit/hyperactivity disorder. He has also asserted various state-law tort claims, including negligent and intentional infliction of emotional distress and tortious interference with prospective employment.[5] (*See* Doc. 63). He seeks compensatory damages based on "mental anguish," "subver[sion] [of] his self-esteem and sense of self-worth," and the indirect impact of the defendants' alleged conduct on his "overall health." (*Id.* at 11). He claims that the defendants' alleged conduct caused him to suffer a nervous breakdown, which required his hospitalization for a week in 2013, and "persistent and recurring severe abdominal pain due to emotional distress," which led to an emergency-

---

F.R.D. 279, 281 (E.D. Pa. 1992).

    [5] The *pro se* plaintiff has labeled this cause of action as "impairment of economic opportunity," which the Court has liberally construed as a claim of tortious interference with a prospective employment relationship.

room visit in 2015 and ongoing treatment by a gastroenterologist. (*Id.*). He claims that the stress he attributes to the defendants' alleged conduct has exacerbated a pre-existing asthma condition and caused him to suffer "frequent headaches, high blood sugar approaching a pre-diabetic state, skin conditions for which he sees a [d]ermatologist monthly since 2013, depression, anxiety[,] and sleep disturbance." (*Id.*). He also seeks compensatory damages for lost income as a physician—due to the defendants' alleged conduct, Katz has been unable to obtain his medical license and engage in the practice of medicine. (*Id.*).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). "[A] party cannot inject [his] psychological treatment, conditions or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues." *Adams v. Ardcor*, 196 F.R.D. 339, 343 (E.D. Wis. 2000). Any psychotherapist-, psychiatrist-, or physician-patient privilege that might have existed has been waived by Katz's placement of his physical and mental condition at issue in this case. *See Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997);

- 10 -

*Topol v. Tr. of Univ. of Pa.*, 160 F.R.D. 476, 477 (E.D. Pa. 1995). "[A]llowing a plaintiff 'to hide . . . behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice.'" *Sarko*, 170 F.R.D. at 130 (quoting another source). Katz's medical and psychiatric records concerning diagnosis and treatment of his alleged mental impairment are clearly relevant to his ADA and Section 504 claims. *See id.* at 130–31. His medical and psychiatric records are likewise clearly relevant to his intentional infliction of emotional distress claim and his claims for compensatory damages. *See Hall v. Berdanier*, Civil No. 1:CV-09-1016, 2013 WL 818603, at *2 (M.D. Pa. Mar. 5, 2013); *Topol*, 160 F.R.D. at 477. His academic and employment records are clearly relevant to his claims for lost income and diminished employment opportunities. *See Hood v. Burke County Sch. Dist.*, CV 115-159, 2016 WL 427102, at *3 (S.D. Ga. Feb. 3, 2016); *Cherkaoui v. City of Quincy*, Civil Action No. 14-cv-10571-LTS, 2015 WL 4504937, at *3 (D. Mass. July 23, 2015); *Steshenko v. McKay*, No. C 09-05543, 2012 WL 6680298, at *1 (N.D. Cal. Dec. 21, 2012); *Matthews v. Waukesha County*, No. 10-C-440, 2012 WL 695669, at *11 (E.D. Wis. Mar. 1, 2012).

Katz further contends that he is entitled to a protective order that forbids the defendants from disclosing information acquired from the subpoenaed records, because disclosure of information gleaned from the subpoenaed records may tend to embarrass him. *See generally* Fed. R. Civ. P. 26(c); *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Katz does not argue that his potential embarrassment requires that discovery of these records be barred altogether, merely that the documents be kept confidential. In response, the defendants have offered to mark any records received in response to a subpoena "Confidential," and to agree that documents so-marked would be used only in this litigation. (Doc. 79-2, at 8). The Court agrees that this is an appropriate measure to safeguard the plaintiff's concerns.

According, Katz's objection with respect to the defendants' use of the proposed third-party subpoenas duces tecum to obtain copies of his medical, psychiatric, education, and work records is **OVERRULED**, subject to the protective measures described in the preceding paragraph.

## C. Authorization Forms

The defendants have furnished Katz with several pre-printed forms that would authorize the various third-party subpoena recipients to

release the requested records to the defendants. Katz has refused to sign these authorizations, standing on his general objections to the subpoenas, which are overruled by this Order. The requested medical, psychiatric, education, and work records are clearly relevant and discoverable. Accordingly, Katz shall be **COMPELLED** to promptly sign the requested authorization forms and return them to defense counsel for service along with the various proposed subpoenas duces tecum. *See Grove v. Aetna Cas. & Sur. Co.*, 855 F. Supp. 113, 116 (W.D. Pa. 1993) (Smith, J.); *see also Hall*, 2013 WL 818603, at *2; *Matthews*, 2012 WL 695669, at *11.

### D. NBME Employee Personnel Records

The defendants have objected to Katz's Rule 34 request for the production of the confidential personnel records of five current or former NBME employees, each of whom apparently had some contact with Katz or his request for testing accommodations. The defendants contend that the confidential personnel files of these five employees are simply not relevant to this litigation.

The Court agrees. Katz's claims are based on the defendants' alleged failure to adequately accommodate his alleged disability. First, Katz claims that the NBME unlawfully denied his 2006 request for extra time

to complete the USMLE. Second, Katz claims that the NBME unlawfully denied his 2014 request for waiver of an institutional policy—the so-called "six attempt limit"—that barred him from sitting for the USMLE due to his several unsuccessful attempts to pass the exam. Although he has identified five NBME employees involved in these decisions denying his request for testing accommodations, he has articulated no reason whatsoever why the confidential personnel files of these NBME employees are relevant to institutional decisions based on *Katz's* application file.

Accordingly, the defendants' objection with respect to Katz's request for the production of the confidential personnel records of five current or former NBME employees is **SUSTAINED**.

An appropriate Order follows.

Dated: May __10__, 2016

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge