UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD KATZ,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:15-cv-01187<br><br>(MARIANI, J.)<br>(SAPORITO, M.J.)<br><br>FILED<br>WILKES BARRE<br>MAY 12 2016<br>Per _____ |

### ORDER

This civil action was commenced upon the filing of a *pro se* complaint by the plaintiff, Richard Katz on June 17, 2015. (Doc. 1). On August 12, 2015, Katz filed an amended complaint, which was filed as a matter of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure. (Doc. 23). On May 3, 2016, the Court granted leave to amend and filed a second amended complaint that had been tendered by Katz. (Doc. 107). In his second amended complaint, Katz seeks declaratory and injunctive relief, as well as compensatory and punitive damages, for alleged discrimination by a licensing examination provider under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12189, and for alleged discrimination by the provider of a federally financed program or activity

under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants).

Before the Court is Katz's second motion requesting the appointment of counsel to represent him in this matter.[1] (Doc. 66). Although the motion itself does not explicitly reference the statutory basis for this application, the Court liberally construes the motion as one for appointment of counsel pursuant to 42 U.S.C. § 12188(a)(1) (authorizing appointment of counsel for claims under Title III of the ADA) and 29 U.S.C. § 794a(a)(2) (authorizing appointment of counsel for claims under Section 504 of the Rehabilitation Act).

Both of these statutes, § 12188(a)(1) and § 794a(a)(2), explicitly incorporate by reference the remedies and procedures set forth in 42 U.S.C. § 2000a-3(a), which provides that:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may

---

[1] Katz's first motion for appointment of counsel was denied without prejudice for failure to demonstrate diligence in searching for private counsel. (Doc. 43).

> authorize the commencement of the civil action without
> the payment of fees, costs, or security.

42 U.S.C. § 2000a-3(a); *see also* 28 C.F.R. § 36.501(a) (Justice Department regulations implementing Title III of the ADA).

Although neither the Third Circuit nor this Court has set out the applicable legal standard for this exercise of discretion in a reported decision considering the appointment of counsel under § 12188(a)(1) or § 794a(a)(2), the Third Circuit has considered the identical statutory language of 42 U.S.C. § 2000e-5(f)(1), which authorizes the appointment of counsel in cases involving claims under Title VII of the Civil Rights Act of 1964. *See Mentor v. Hillside Bd. of Educ.*, 428 Fed. App'x 221, 223–24 (3d Cir. 2011); *see also* 42 U.S.C. § 2000e-5(f)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."). In *Mentor*, the Third Circuit adopted the test set forth in *Ficken v. Alvarez*, 146 F.3d 978, 979–80 (D.C. Cir. 1998), and *Poindexter v. F.B.I.*, 737 F.2d 1173, 1185 (D.C. Cir. 1984).[2] *Mentor*, 428 Fed. App'x at

---

[2] The Third Circuit also explicitly rejected application of the standard
*(continued on next page)*

223–24 (citing *Ficken*); *Ficken*, 146 F.3d at 979–80 (quoting *Poindexter*); *see also Spurio v. Choice Sec. Sys., Inc.*, 880 F. Supp. 402, 403 (E.D. Pa. 1995) (applying the *Poindexter* factors to an application for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1)).

Under *Ficken* and *Poindexter*, a court must consider the following factors: "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." *Ficken*, 146 F.3d at 979–80; *Poindexter*, 737 F.2d at 1185; *Spurio*, 880 F. Supp. at 403. "While these factors ordinarily should be considered by the trial court, this list is not necessarily exclusive." *Poindexter*, 737 F.2d at 1185 (footnote omitted).

Katz has satisfied the first factor, the Court having previously found him to be indigent and having granted him leave to proceed *in forma pauperis*. *See Poindexter*, 737 F.2d at 1186. He also appears to have satisfied the third factor, having proffered evidence that he contacted no

---

set forth in *Tabron v. Grace*, 6 F.3d 147, 155–58 (3d Cir. 1993), which pertains to the appointment of counsel under 28 U.S.C. § 1915(e)(1). *See Mentor*, 428 Fed. App'x at 223 (characterizing the district court's analysis under *Tabron* as "error"). The plaintiff's relatively extensive discussion of the *Tabron* factors in his motion papers is inapposite.

fewer than 43 attorneys in an unsuccessful effort to retain private counsel.

The second factor, the merits of the plaintiff's case, weighs against the appointment of counsel. His ADA and Rehabilitation Act claims appear to be barred by the applicable statute of limitations. *See generally Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008) (adopting a two-year statute of limitations for ADA and Rehabilitation Act claims in Pennsylvania). His state-law tort claims are similarly barred. *See* 42 Pa. Cons. Stat. Ann. § 5524. His contract claim, based solely on an alleged breach of the covenant of good faith and fair dealing without reference to any express contractual duty imposed upon the defendants, is meritless on its face.[3] *See generally Diodato v. Wells Fargo Ins. Servs., USA, Inc.*, 44 F. Supp. 3d 541, 560 (M.D. Pa. 2014); *Hanaway v. Parkesburg Grp., LP*, 132 A.3d 461, 471–72 (Pa. Super. Ct. 2015).

The fourth factor, the plaintiff's capacity to present the case adequately without aid of counsel, also weighs against the appointment of

---

[3] The second amended complaint fails to allege any express terms of a contract between the plaintiff and the defendants that impose a duty to provide him with the testing accommodations he requested. "[A] good faith and fair dealing claim 'must always be grounded in a specific provision of a contract' rather than some abstract or perceived social policy." *Diodato*, 44 F. Supp. 3d at 560.

counsel. In his pleadings and motion papers, Katz has clearly demonstrated an ability to adequately present his own case. Moreover, this case appears likely to turn on legal issues alone, with little need for factual investigation beyond that already undertaken, and little or no need for credibility determinations or expert testimony.[4] The Court's duty to construe *pro se* pleadings liberally, see *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with the plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel at this time.

Accordingly, **IT IS HEREBY ORDERED** that the plaintiff's second motion to appoint counsel (Doc. 66) is **DENIED**, and his related motion for a hearing on this issue (Doc. 67) is **DENIED** as moot. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of the plaintiff.

Dated: May  12 , 2016

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[4] As noted in the preceding paragraph, the statute of limitations appears to be dispositive of most of Katz's claims. If his claims should survive the pending motion for summary judgment filed by the defendants, which relies primarily on a statute of limitations defense, it may be appropriate to revisit the issue of appointment of counsel at that time.