UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD KATZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:15-cv-01187<br><br>(MARIANI, J.)<br>(SAPORITO, M.J.) |

## ORDER

This matter is before the Court on the *pro se* plaintiff's motion to determine the sufficiency of the defendants' answers and objections to certain requests for admission. (Doc. 98; *see also* Doc. 98-1; Doc. 98-2). In his motion papers, the plaintiff, Richard Katz, contends that the defendants' answers to certain requests for admission were "insufficient and inadequate," and their objections were "unreasonable and lacking in legal merit." (Doc. 98, at 1). Katz seeks an order pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure compelling the defendants to serve amended answers to these requests.[1] The defendants have filed a brief in

---

[1] In his motion papers, Katz relies extensively and exclusively on a Pennsylvania state court rule. But this is a *federal* civil action, governed
*(continued on next page)*

opposition to the motion. (Doc. 100).

We have reviewed the motion papers and attached exhibits submitted by both sides. We find that the defendants' objections are justified and their answers are sufficient. *See* Fed. R. Civ. P. 36(a)(6). The plaintiff's motion is without merit.

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion to determine the sufficiency of the defendant's answers and objections to certain requests for admission (Doc. 98) is **DENIED**. The parties shall bear their own costs incurred in connection with this motion, as an award of expenses to the defendants would be unjust in light of the plaintiff's indigence. *See* Fed. R. Civ. P. 37(a)(5); *see also* Fed. R. Civ. P. 36(a)(6).

Dated: May __12__, 2016

*[signature]*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

by the Federal Rules of Civil Procedure. We have construed his motion as one seeking relief under Rule 36(a)(6), the appropriate corollary to the cited state court rule. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants).