IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 3:15-cv-1187 |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | (MARIANI, J.) |
| EXAMINERS, et al., | : | (SAPORITO, M.J.) |
| | : | |
| Defendants | : | |

**THE NATIONAL BOARD OF MEDICAL EXAMINERS AND THE
FEDERATION OF STATE MEDICAL BOARDS' ANSWER
TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

The National Board of Medical Examiners and the Federation of State Medical Boards, for their answer to plaintiff Richard Katz's statement of facts:

1. Deny each and every assertion of fact in paragraph 1, deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants, except admit that plaintiff graduated medical school in 2004 and applied for accommodations on the USMLE Step 1 in 2005.

2. Deny each and every assertion of fact in paragraph 2, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

3. Deny each and every assertion of fact in paragraph 3, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, deny that licensure was or is required or necessary for Dr. Farmer's work, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court

from granting summary judgment to defendants, except admit that Dr. Farmer was the primary evaluator of plaintiff's request for accommodations in 2006. Dr. Farmer's curriculum vitae accompanies her affidavit, defendants' Exhibit 21.

4. Deny each and every assertion of fact in paragraph 4, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, deny that plaintiff's statement creates any an issue of disputed fact that would prevent the Court from granting summary judgment to defendants, and state that Dr. Farmer's curriculum vitae accompanies her affidavit, defendants' Exhibit 21.

5. Deny each and every assertion of fact in paragraph 5, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

6. Admit the averments of paragraph 6; deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

7. Deny each and every assertion of fact in paragraph 7, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

8. Deny each and every assertion of fact in paragraph 8, deny plaintiff's characterization of documents, writings and records that speak for themselves, deny the need to respond to conclusions of law, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

9. Deny each and every assertion of fact in paragraph 9, deny plaintiff's characterization of documents, writings and records that speak for themselves, deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

10. Deny each and every assertion of fact in paragraph 10, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

11. Deny each and every assertion of fact in paragraph 11, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

12. Deny each and every assertion of fact in paragraph 12, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

13. Deny the need to respond to conclusions of law.

14. Deny the need to respond to conclusions of law.

15. Deny each and every assertion of fact in paragraph 15, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

16. Deny each and every assertion of fact in paragraph 16, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants, except admit that plaintiff failed Step 1 for the ninth time in November 2013.

17. Deny each and every assertion of fact in paragraph 17, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

18. Deny each and every assertion of fact in paragraph 18, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

19. Deny each and every assertion of fact in paragraph 19, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants, except admit that plaintiff has remaining attempts at USMLE Step 2 CK and Step 2 CS and is barred from further registrations for Step 1 by the six attempt limit.

20. Deny each and every assertion of fact in paragraph 20, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that

would prevent the Court from granting summary judgment to defendants, except admit that plaintiff was hospitalized in March 2013.

21. Lack knowledge and information sufficient to form a belief as to the truth of every assertion of fact in paragraph 21, deny plaintiff's characterization of documents, writings and records that speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

22. Lack knowledge and information sufficient to form a belief as to the truth of every assertion of fact in paragraph 22, deny plaintiff's characterization of documents, writings and records that speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

23. Lack knowledge and information sufficient to form a belief as to the truth of every assertion of fact in paragraph 23, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

24. Deny each and every assertion of fact in paragraph 24, deny plaintiff's characterization of documents, writings and records that have been produced in full and which speak for themselves, deny the need to respond to conclusions of law, and deny that plaintiff's statement creates any issue of disputed fact that would prevent the Court from granting summary judgment to defendants.

**RESPECTFULLY SUBMITTED,**

/s/ Neil J. Hamburg
Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

## CERTIFICATE OF SERVICE

I certify that the foregoing Answer to Plaintiff's Statement of Facts is being filed electronically with the Clerk of the Court on July 28, 2016, using the electronic case filing system, which will automatically send email notifications of such filing to registered parties. The motion is also being served by regular mail upon:

      Richard Katz
      3364 Parker Lane
      East Stroudsburg, PA  18301
      cat2400@msn.com

      *Pro se*

      /s/ Neil J. Hamburg
      Neil J. Hamburg