# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD KATZ : | |
| Plaintiff : | |
| : | |
| : | |
| v. : | CIVIL ACTION |
| : | |
| NATIONAL BOARD OF MEDICAL : | NO. 3:15-cv-01187 |
| EXAMINERS : | |
| : | **(MARIANI, J.)** |
| and : | **(SAPORITO, M.J.)** |
| : | |
| FEDERATION OF STATE MEDICAL BOARDS : | |
| Defendants : | |

**AFFIDAVIT OF PRO SE PLAINTIFF RICHARD KATZ APPLICATION OF OPPOSITION TO DEFENDANT'S NATIONAL BOARD OF MEDICAL EXAMINERS (NBME) AND FEDERATION OF STATE MEDICAL BOARDS (FSMB) MOTION FOR SUMMARY JUDGMENT**

_____
Richard Katz
*pro se*
3364 Parker Lane
East Stroudsburg, PA 18301
Telephone: 570-517-9314

Richard Katz, being duly sworn, hereby deposes and says:

1. I am a pro se Plaintiff in the above captioned action and am fully familiar with the facts concerning this matter.  I respectfully submit this affidavit in support of application for opposition to Defendants Amended Motion for Summary Judgment pending the completion of additional discovery in this action pursuant to Federal Rule of Civil Procedure 56(d).

2. Plaintiff makes this application without waiving the right to oppose Defendant's motion on any grounds including, without limitation, its argument that the evidence in documents already obtained raises genuine, triable issues of material fact sufficient to defeat Defendant's motion, or that Defendants fail as a matter of law to carry their initial, threshold burden for purposes of summary judgment under Fed. R. Civ. P. 56 based on the numerous procedural and substantive deficiencies in their Motion.

3. Plaintiff requests additional discovery pursuant to Rule 56(d) about the arguments, and the allegations of fact upon which such arguments are premised, that Defendants have advanced as grounds for summary judgment regarding the following issues:

- FOIA documents via a Right-to-Know request submitted by Plaintiff for all communications between NBME and FSMB regarding the 'Six attempt Limit Rule' currently being processed by Rebecca Fuhrman Open Records Officer for Department of State Office of Chief Counsel Commonwealth of Pennsylvania, Harrisburg, PA. (communications attached) since April 4, 2016.

- Further information regarding the open investigation of Defendants by The United States Department of Justice (hereinafter Justice) Civil Rights Division into Defendants demands for unnecessary or redundant documentation, burdensome and expensive repeated professional evaluations, irrelevant evaluative testing unrelated to the ability to demonstrate one's knowledge or skills on the USMLE.  This fact requires further  investigation by Plaintiff after very recent information obtained by Nabina Sinha Trial Attorney for Justice. The Defendants are aware that they are under investigation this was not accounted for or considered in Plaintiff's Requests for Admissions or his Interrogatories.

- Plaintiff requests the depositions of Catherine Farmer, J. Abram Doane and Gerard F. Dillon regarding their qualifications, affiliations, role, pertaining to the internal NBME policies and procedures and compliance and/or lack of ADA policy as promulgated by Justice in the denial of Plaintiff's 2005-2006 and 2014 accommodations request for his USMLE Exams.  Plaintiff will make his own arrangements and will find a way to manage the costs despite his *forma pauperis* status.

I. ARGUMENT

4**.** Courts have routinely interpreted Rule 56(d) to provide that when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion or deny the motion in its entirety.  Summary judgment "ordinarily" is proper only after the plaintiff has been given adequate time for discovery.  **"The purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery** *Dickens v. Whole Foods Mkt. Group, Inc.,* **2003 WL 21486821, at \*2 n. 5 (D.D.C. 2003) (citing** *Celotex Corp.,* **477 U.S. At 326).**

5. In Klayman v. Judicial Watch, Inc., Civ. No. 06-670, 2007 WL 1034937 (D.D.C. Apr 3, 2007), the Court held that a party seeking the protection of Rule 56(d) "must state by affidavit the reasons why he is unable to present the necessary opposing material." Id, at \* 6 (citation omitted). "The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion." Id. (citation omitted).  The non-moving party "must also show a reasonable basis to suggest that discovery might reveal triable issues of fact." Id. (citation omitted).

6. Plaintiff's discovery requests are based entirely on information obtained from documents made available by Defendants affidavits of Catherine Farmer and Gerard F. Dillon in their summary judgment motion.

II. **FACTS SOUGHT BY PLAINTIFF AND HOW THEY ARE TO BE OBTAINED**

7. Plaintiff is entitled to discovery responsive to Plaintiff's Requests for Production of Documents pursuant to Rule 56(d). A copy of Plaintiff's Requests for Production of Documents is described below.

   **A. Request For Documents**

8. March 22, 2016 FOIA Request to Custodian of Records Pennsylvania Board of Medicine or Documents Concerning NBME, FSMB and "Six Attempt Limit Rule." (Attached).

   **B. Deposition Discovery**

9. Plaintiff has not had an opportunity to take a deposition in this matter due to financial constraints and his forma pauperis status. **Yet depositions are 'widely thought to be the most important step of the formal discovery process, " Subrin et al., Civil Procedure: Doctrine, Practice, and Content 350 (2000), and the testimony of qualified deponents can be an efficient and effective means of resolving differing interpretations of written documents.'**

10. Plaintiff requests a deposition of Catherine Farmer, J. Abram Doane and Gerard F. Dillon in order to confirm information contained in the documents produced in support of Plaintiff's opposition Defendants motion for summary judgment and to discover information responsive to the topics identified in Plaintiff's request for documents.

III. **EFFORTS BY PLAINTIFF TO OBTAIN DISCOVERY AND WHY THOSE EFFORTS WERE UNSUCCESSFUL**

11. On January 8, 2016 Plaintiff submitted MOTION TO WAIVE COSTS OF DEPOSITION - FOR LAY AND EXPERT WITNESS FEES, AND COURT REPORTER FEES (DKT#71). On May 4, 2016 the Court denied this request (DKT#110). Plaintiff therefore requests additional time for discovery to explore the option of Federal Rule of Civil Procedure 31. Depositions by Written Questions as the Court discusses in their May 4, 2016 Order (below).

> Case 3:15-cv-01187-RDM-JFS   Document 110   Filed 05/04/16   Page 4 of 4
>
> 2013). The taking of a deposition by written questions would entail that plus a deposition officer fee. *See Eggleston v. Mitchell*, Civil No. 1:12-CV-1220, 2013 WL 5351053, at *5 (M.D. Pa. Sept. 23, 2013). Likewise, there is no authority for the Court to finance or relieve a plaintiff from payment of expert witness fees. *See Boring*, 833 F.2d at 474.
>
> Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion to waive costs of deposition and expert witness fees (Doc. 71) is **DENIED**.
>
> Dated: May __4__, 2016         _____
>                                JOSEPH F. SAPORITO, JR.
>                                United States Magistrate Judge

## IV. WHY THIS EVIDENCE CREATES A GENUINE ISSUE OF FACT

12. J. Abram Doane (NBME Compliance Officer from 2003-2006) is an important witness in this case, however there has been limited discussion and document production for this individual by defendants. Plaintiff has only been provided a resume during the discovery process and correspondence between Doane and Katz from 2005 through 2006. More information needs to be obtained from this individual, this was the justification for Plaintiffs' request of the NBME personnel files (DKT#77) for Doane and four other

NBME employees via subpoena but such efforts were denied by the Court (DKT# 116) on May 10, 2016.

After careful analysis of the record to date the misrepresentations made by Doane are documented in black and white and speak for itself as a violation of Plaintiff's due process rights and the ADA.  Another issue is that the Defendants have not discussed the fact that Catherine Farmer was employed by NBME in various capacities from 1993 to 2016, and **was NOT an objective "external consultant" in 2006 as stated.  The NBME leveraged  themselves with an internally affiliated evaluator, successfully passing her off as an outside "expert(s)" to get around ADA compliance issues and to control for accommodation requests.  They were successful because Doane knew that accommodation applicants would never get to see the NBME "expert(s)" review(s) denying accommodation as this was never made available to the applicant.**

13. The term **"external consultant"** is a misnomer. The correct term is **"internally affiliated consultant."** Farmer was NOT an "Expert" as she only graduated as a Psy.D. In 2004 and held/holds NO professional license to practice.  One year later she was evaluating Plaintiff  for accommodations on the USMLE.  **There  is no such thing as an EXPERT Psy.D. after one year of practice!**  *Especially one holding NO LICENSE!* An EXPERT is a LICENSED qualified authority in their respective field.  **Plaintiff questions why the defendants in their summary judgment motion employ the phrase "external consultant" and abandon J. Abram Doane's 2006 "Experts" designation?**  Considering that the USMLE Test Accommodations Guidelines posted on the defendants' website states; **"Documentation submitted in support of a request may be referred to <u>experts</u> in the appropriate area of disability <u>for a fair and impartial review.</u>**

14. The documents already in Plaintiff's possession indicate that: Doane was Manager of Disability/ADA Compliance for NBME from July 2003 through July 2006. He then became a *Consultant* for NBME Office of General Counsel on July 2006 until leaving the NBME organization in July 2008. He was the sole decision maker of NBME disability applicants petition for accommodations on the USMLE. His consulting 'external evaluator' and so-called "expert(s)" Catherine Farmer (currently occupying Doane's role as Manager of Disability/ADA Compliance for NBME since his departure in 2006) has been internally affiliated with the NBME Organization since 1993 working in various capacities.

15. There are reasonable grounds to believe that the further discovery requested herein will assist Plaintiff to create genuine, triable issues of material fact.

16. Accordingly, each of the Rule 56(d) discovery requests for production of documents and depositions are targeted, relevant, and necessary for clarifying the facts adduced to date, and thus likely to assist Plaintiff in raising genuine, triable issues of material fact.

I declare, under pains of perjury, that the above is true and correct to the best of my knowledge.

_____
Richard Katz
pro se

Sworn to and subscribed before me on this 13th day of July, 2016.

_____
Notary Public
My Commission Expires: 7-1-20

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DEBORAH A. RATH, Notary Public
Pocono Township, Monroe County
My Commission Expires July 1, 2020

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DEBORAH A. RATH, Notary Public
Pocono Township, Monroe County
My Commission Expires July 1, 2020

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DEBORAH A. RATH, Notary Public
Pocono Township, Monroe County
My Commission Expires July 1, 2020