IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 3:15-cv-1187 |
| v. | : | |
| | : | |
| NATIONAL BOARD OF MEDICAL | : | (MARIANI, J.) |
| EXAMINERS, et al., | : | (SAPORITO, M.J.) |
| | : | |
| Defendants | : | |

**THE NATIONAL BOARD OF MEDICAL EXAMINERS AND THE FEDERATION
OF STATE MEDICAL BOARDS' RESPONSE TO PLAINTIFF'S REPLY &
OBJECTIONS TO MAGISTRATE JUDGE JOSEPH F. SAPORITO, JR.'S
<u>NOVEMBER 30, 2016, REPORT AND RECOMMENDATION</u>**

**INTRODUCTION**

Defendants, the National Board of Medical Examiners (NBME) and the Federation of

State Medical Boards (FSMB), submit this response to plaintiff Richard Katz's objections to

Magistrate Judge Saporito's November 30, 2016, Report and Recommendation regarding

defendants' motion for summary judgment. Magistrate Judge Saporito correctly analyzed the

issues and reached the right result.

Defendants NBME and FSMB incorporate and rely upon their amended motion for

summary judgment with statement of undisputed facts and memorandum of law (Docket Nos.

126-128), as well as their reply memorandum of law (Docket No. 196).

Defendants focus this response primarily on plaintiff's objections to Judge Saporito's

analysis of the statute of limitations, which is the central issue in the Report and

Recommendation and in the motion for summary judgment.[1]   For the reasons that follow,

---

[1] Local Rule of Civil Procedure 72.3 permits a party to "specifically identify the portions of the
proposed findings, recommendations or report to which objection is made and the basis for such
objections." Plaintiff objects not only to specific proposed findings and recommendations, but

defendants respectfully submit that Judge Saporito correctly found that plaintiff's claims are barred by the applicable statute of limitations.

    **A.**    **Judge Saporito Correctly Determined the Statute of Limitations Applicable to Disability Claims and Correctly Rejected Plaintiff's Equitable Tolling, Continuing Violation and Discovery Rule Arguments.**

        **1.**    **The Court Should Reject Plaintiff's Assertion that the Defendants Improperly Interpret the ADA to Deny Accommodations to Disabled Individuals.**

Plaintiff begins his discussion with a general critique of the defendants, claiming – with no support – that the NBME has interpreted the ADA "to severely limit who is covered," and has disregarded the "spirit and intent" of the ADA as well as "scientific evidence" demonstrating the need for accommodations. (Plaintiff's Objections, p. 12). The defendants addressed this erroneous assertion in their initial motion papers, their amended motion papers, and in their reply memorandum.

In contrast to plaintiff's unsupported assertion that the NBME has or had a predisposition to deny requests for accommodations, the defendants submitted actual evidence. Dr. Catherine Farmer, the NBME's Director of Disability Services, states in her affidavit that in 2005-2006, when plaintiff submitted his request for accommodations, the NBME granted approximately 75 percent of the requests it received. (Farmer affidavit, Docket No. 105, Ex. 22). That fact is uncontroverted, and belies the implication that defendants are or were predisposed to deny plaintiff's or anyone else's request for accommodations.

---

also to issues that the Judge Saporito did not address in his Report and Recommendation. These issues will be touched upon only briefly. Defendants' failure to respond to any specific statement, argument or objection made by plaintiff should not be construed as acquiescence or agreement with any point plaintiff makes in his objections.

**2.    The Court Should Reject Plaintiff's Claim for Equitable Tolling Based Upon the Erroneous Assertion that the Defendants Actively Misled Him.**

Judge Saporito did not address plaintiff's equitable tolling argument, implicitly rejecting it. Plaintiff, however, raises the issue again in his objections, arguing that the NBME misled him in 2006 when it said, in the letter denying his request for accommodations, that it had consulted with "experts." Plaintiff repeatedly states Dr. Catherine Farmer should not be considered an expert because she is not a licensed psychologist.

Defendants did not mislead plaintiff, either intentionally or inadvertently. Defendants addressed this argument in detail in their reply memorandum, section B.2., pages 6 to 8 (Docket No. 196). Dr. Farmer, a doctorate level psychologist, was and is an expert with respect to reviewing requests for accommodation based on claimed cognitive or mental disabilities. Licensure is irrelevant, since Dr. Farmer does not treat patients as a clinical psychologist or bill insurance companies, and no law or regulation requires that a person employed to review requests for accommodation be licensed.

Moreover, the use of the plural term experts was correct, since Dr. Farmer was an outside consultant when she performed the detailed review in February 2006, and Abram Doane, then the NBME's in-house Manager of Disability Services, was also an experienced reviewer with appropriate (Master's Degree level) credentials. Mr. Doane reviewed and agreed with Dr. Farmer's detailed rationale for recommending against granting plaintiff's request for accommodations, and he explained those reasons in his March 2006 letter to plaintiff. As defendants noted in their reply memorandum, both Dr. Farmer and Mr. Doane would qualify as experts under Federal Rule of Evidence 702 because each is "qualified … by knowledge, skill, experience, training, or education ..."

Defendants discussed in their Reply Memorandum the heavy burden a plaintiff must carry to establish equitable tolling based on having been misled by the defendant.  Ruehl v. Viacom Inc., 500 F.3d 375 (3d Cir. 2007), is particularly instructive.  In Ruehl, the plaintiff presented a far more compelling argument for equitable tolling based upon misleading information than plaintiff presents here, but the Court still found that equitable tolling did not apply.  In Ruehl, the plaintiff showed that the defendant actively misled him by getting him to sign a release of age discrimination claims even though the defendant had not complied with the Older Workers Benefit Protection Act requirements that are intended to allow an employee to determine if he or she was part of a pattern of age discrimination.  Despite the evidence of concealment, the Third Circuit in Ruehl rejected equitable tolling because the deception did not cause the plaintiff's failure to timely file his lawsuit.  Plaintiff's claim in this case, that the NBME misled him by using the term "experts," and his claim that if he had known who reviewed his request for accommodations he would have sued in 2006, is absurd.

> **3.   The Court Should Also Reject Plaintiff's Claim of Equitable Tolling Based on Mental Incapacity.**

Plaintiff also asserts in his objections that the Court should have applied the doctrine of equitable tolling based upon his alleged mental incapacity.[2]  Defendants addressed this issue in Section B.1. of their reply memorandum, pages 3 to 6.  As defendants explained, courts are extremely reluctant to impose equitable tolling based upon supposed mental incapacity, and in this Circuit the bar is significantly higher than the 'reasonable person' approach for which plaintiff argues in his objections.  (See plaintiff's Objections, p. 11).

---

[2]   Judge Saporito did not address plaintiff's equitable tolling based on mental incapacity argument, implicitly rejecting it.  Judge Saporito accurately recited the time-line facts that justify rejecting equitable tolling based on mental incapacity on pages 16-17 of the Report and Recommendation.

In <u>Lake v. Arnold</u>, 232 F.3d 360 (3d Cir. 2000), where the mentally retarded plaintiff was permanently sterilized without her knowledge or consent at age 16 at the direction of her guardian father, the Third Circuit cited the special circumstance – absent in this case – of the defendants depriving the plaintiff of her rights *because of* her mental disability.

In contrast, plaintiff in this case knew on and after March 2006 that the NBME had denied his request for accommodations as well as the reasons for the denial, and had a complete understanding of the six attempt limit from the time it was announced in 2011, taking the Step 1 exam additional times, including in 2013, his final eligible year. Moreover, the evidence shows that during the time plaintiff claims to have been mentally incapacitated to such an extent that he allegedly could not comply with the statute of limitations on challenging the six attempt limit (2011, 2012, 2013, 2014 and 2015), he applied for numerous scientific and other jobs. (Plaintiff's Exhibit 26).

Simply put, the Court should reject plaintiff's objection that Judge Saporito erred in not applying equitable tolling based on his mental incapacity.

**4.    The Court Should Reject Plaintiff's Objection Regarding the Discovery Rule.**

Plaintiff further argues that the "delayed discovery exception" applies to his claim that the NBME violated the ADA in 2006 when it denied his request for accommodations. Plaintiff alleges that he obtained documents in discovery in this case that made him "better able to examine what took place in 2005-2006." (Plaintiff's Objections, p. 11). Presumably plaintiff is referring again to the information as to *who* reviewed his request for accommodations in 2005-2006. Notably, however, plaintiff received a full explanation in 2006 as to *why* the NBME denied his request for accommodations, and he did not learn any new information on that issue. Under these facts, the discovery rule provides no relief.

**5.     The Court Should Reject Plaintiff's Objection that the Magistrate Judge Erred In Not Finding a Continuing Violation.**

Plaintiff also argues, with respect to the statute of limitations, that the defendants subjected him to a "continuing violation," referring to the supposed ADA violation in 2006 and the failure to grant a waiver of the six-attempt limit in 2014.  (Plaintiff's objections, p. 11).[3]  As Judge Saporito aptly noted, however, a continuing violation claim requires "continual unlawful acts."  Report and Recommendation, p. 18.  There was nothing "continuing" about the two events plaintiff tries to connect, separated as they were by eight years.  In 2006, the NBME Office of Disability Services reviewed plaintiff's documentation and denied his request for accommodations on the merits.  In 2014, several years after adopting the six attempt limit, the USMLE Secretariat responded to plaintiff by informing him that it could not grant a waiver of the limit unless a state medical board requested it to do so.  Accordingly, the two events were not only separated by eight years, they were different in kind, and could not constitute a continuing violation.

**B.     The Court Should Reject Plaintiff's Objection to Judge Saporito's Decision Not to Appoint Counsel.**

In his Report and Recommendation, Judge Saporito did not discuss his earlier decision to deny plaintiff's request for counsel.  Plaintiff moved for the appointment of counsel twice, and Judge Saporito denied the motion for the second time on May 12, 2016 (Docket No. 118).  Judge Saporito's decision of May 12, 2016, was reviewable within 14 days under Local Rule 72.2, which covers appeals from magistrate judges' decisions on non-dispositive issues.  Plaintiff did not appeal under Local Rule 72.2.

---

[3]     Defendants addressed the continuing violation argument on pages 9-10 of their reply memorandum.

Further, Judge Saporito's decision against appointing counsel was well reasoned and within his discretion.  His decision to deny appointment of counsel because plaintiff has shown the capacity to understand and competently present legal arguments is well supported.

**C.    The Court Should Reject Plaintiff's Objection Concerning His Alleged Need for Additional Discovery.**

Judge Saporito did not discuss in the Report and Recommendation plaintiff's request for additional discovery, implicitly rejecting the request.  Defendants addressed this issue in their reply memorandum, page 10.  In his objections, plaintiff focuses on his alleged need for so-called FOIA discovery with the Pennsylvania Medical Board.  In his affidavit, filed with his opposition to the motion for summary judgment and included as an exhibit to his objections, plaintiff also claimed that he needed additional discovery so that he could take the depositions of Catherine Farmer, Gerard Dillon and Abram Doane.  The Court should reject plaintiff's objection.

As defendants noted in their reply memorandum, this is not a case where the plaintiff was "railroaded" in discovery, or where the defendant has filed a motion for summary judgment before the parties engaged in discovery.  Defendants identified Dr. Farmer, Dr. Dillon and Mr. Doane in their initial disclosures, and answered all of plaintiff's many iterations of interrogatories, requests for documents and requests for admission over a period of months.  Plaintiff could have taken oral depositions or depositions by written interrogatories during the parties' lengthy discovery period, but failed to do so.

With regard to the so-called FOIA discovery, plaintiff attaches to his Objections a letter he wrote to the Pennsylvania Board of Medicine on March 22, 2016, and follow up responses from the Pennsylvania Department of State's "Right-to-Know Law Office."  Plaintiff's so-called FOIA discovery was *ex parte*.  He did not ask the Court's permission to contact the Medical

Board, nor did he need to do so.  To the extent that plaintiff contends he might discover relevant information through that channel, he could have contacted the Pennsylvania Medical Board with a right-to-know request months earlier during the long discovery period.

For all these reasons, plaintiff has had ample opportunity to complete discovery, and the Court should reject his claim that he needs more time to take additional discovery.

    **D.**    **The Court Should Reject Plaintiff's Objection to Judge Saporito's *Sua Sponte* Dismisssal of Plaintiff's Claims for Criminal Obstruction of Justice and Breach of Contract .**

Judge Saporito's recommendation to dismiss plaintiff's criminal obstruction of justice claim was correct.  Defendants addressed this issue in their amended memorandum of law at page 24 (Docket No 128), noting that the criminal statute plaintiff cited, covering witness tampering, had no applicability whatsoever to this civil action.   In his Report and Recommendation, Judge Saporito took a different approach, which is 100 percent correct and dispositive of the issue, namely that there is no private right of action under the criminal obstruction of justice statute.  For either reason, the Court should reject plaintiff's objection.

Judge Saporito also correctly recommended dismissal of plaintiff's claim for breach of contract as frivolous.  Defendants addressed this issue in their amended memorandum of law at pages 23-24 (Docket No 128).  The relationship between plaintiff and the defendants was not contractual, and plaintiff could not point to any contractual duty that defendants breached.  Judge Saporito correctly rejected plaintiff's claim that defendants violated a duty of good faith and fair dealing in the absence of a contract to which the duty of good faith could attach.  Accordingly, the Court should reject plaintiff's objection to the recommendation regarding his breach of contract claim.

E.   **The Court Should Reject Plaintiff's Objection that Judge Saporito Failed to "Link" the Defendants' Supposed Previous Civil Rights Violations to the Justice Department's Investigation of His Case.**

Plaintiff has repeatedly tried to inject into this case the fact that he has communicated with the Justice Department about the NBME's denial of his request for accommodations.  In his objections to the Report and Recommendation, plaintiff argues that Judge Saporito should have linked the defendants' supposed "prior civil rights violations" to the Justice Department's investigation of his case.[4]

Plaintiff's reference to "prior civil rights violations" apparently relates to Yale Medical School graduate Frederick Romberg, with whom the NBME entered into an administrative resolution regarding accommodations, and to whom plaintiff compares himself.  Defendants have consistently said that plaintiff's attempt to invoke the Romberg matter is incomplete, misleading, and has no bearing on this case.  (Defendants' amended memorandum of law, p. 27; defendants' reply memorandum, p. 9).  Judge Saporito properly chose not to draw any inferences or conclusions from plaintiff's sketchy, one-sided version of the Romberg matter, or about the DOJ investigation into plaintiff's case.  Those matters are not before this Court and are not relevant to plaintiff's claims.

---

[4]  Defendants note that the DOJ only recently requested plaintiff's file from the NBME and the reasons for denying his request for accommodations.  The NBME responded to the DOJ's inquiry.  Nothing further has happened.

**CONCLUSION**

For all the foregoing reasons, and those more fully set forth in the defendants' amended motion for summary judgment, memorandum of law and reply memorandum, the Court should reject plaintiff's objections to Magistrate Judge Saporito's Report and Recommendation, and enter summary judgment in favor of defendants.

**RESPECTFULLY SUBMITTED,**

/s/ Michael E. Sacks
NEIL J. HAMBURG
MICHAEL E. SACKS
HAMBURG & GOLDEN, P.C.
Pa. I.D. Nos. 32175, 39774
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590
hamburgnj@hamburg-golden.com
sacksme@hamburg-golden.com

Attorneys for Defendants,
The National Board of Medical Examiners and the Federation of State Medical Boards of the United States

**CERTIFICATE OF SERVICE**

I certify that the foregoing Response to Plaintiff's Reply and Objections to Magistrate Judge Saporito's November 30, 2016, Report and Recommendation is being filed electronically with the Clerk of the Court on December 30, 2016, using the electronic case filing system, which will automatically send email notifications of such filing to registered parties.  The motion is also being served by regular mail upon:


Richard Katz
3364 Parker Lane
East Stroudsburg, PA  18301
cat2400@msn.com

*Pro se*


/s/ Michael E. Sacks
Michael E. Sacks