# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Richard Katz** <br> Plaintiff, *pro se* <br> **v.** <br> **National Board of Medical Examiners (NBME)** <br> And <br> **The Federation of State Medical Boards (FSMB)** <br> Defendants. | Civil Action No. **3:15-cv-01187** <br><br> PLAINTIFF'S ADDENDUM TO HIS December 31, 2016 REPLY (DOCKET # 203): **Continuing Violations Doctrine.** <br><br> (MARIANI, J.) <br> (SAPORITO, M.J.) |

The continuing violations doctrine is an "equitable exception to the timely filing requirement." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (internal quotations marks omitted) (quoting West v. Phila. Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995)). The focus of the continuing Violations doctrine is on affirmative acts of the defendants that are unlawful. Id. at 293. Courts consider two factors in determining whether to apply the continuing violations doctrine: (1) whether the violations were related in subject matter and (2) whether the acts were recurring. Id. at 292. In considering the frequency of the acts, courts have NOT set a standard for how close the acts must occur to amount to a continuing violation. The first type of continuing violation (PURE TYPE) takes a series of related and asserted **wrongful acts, decisions, or <u>failures to act</u>** (each of which may or may not be sufficient on its own to form the basis for a separate claim) occurring both within and outside of the limitations period prior to suit, and aggregates them into a single unit for limitations purposes. If this form of the continuing violations doctrine applies, the limitations period on a claim does not necessarily begin to run as soon as its essential elements

1

first fall into place, or when the plaintiff becomes aware that he or she has the makings of a valid cause of action. **Instead, a claim subject to this approach will continue to build and absorb new wrongful acts for so long as the defendant perpetuates its misconduct. The statute of limitations will start to run upon the entirety of this accumulated malfeasance only when the defendant's misbehavior draws to a close.[1]**

The second type of continuing violation (MODIFIED TYPE) dissects misbehavior, instead of aggregating it. This branch of the continuing violations doctrine regards the perpetuation of, or (in some cases) failure to redress prior misconduct as wrongful and actionable in its own right, giving rise to a series of separate and fresh claims accruing within the limitations period on a day-by-day, act-by-act, or similarly parsed basis.[2]  This type of continuing violation occupies the conceptual gray area between misconduct recognized as giving rise to multiple related but independent claims even without application of the continuing violations doctrine and activity **that may comprise multiple acts or omissions, but which is understood as producing only a single claim.[3]  If the second form of continuing violation exists, a plaintiff may identify as independently wrongful, and then sue and recover upon, what might otherwise represent the mere consequences or effects of misconduct occurring long ago, as to which any claim would be time-barred.[4]**

Katz's claims of duress are related to the same subject matter over a period of years as they all deal with a continuing violation after he applied and was inappropriately denied accommodations by NBME Disability Services in 2006 for his disabilities.  Katz asserts that the failure to accommodate his disabilities in 2006 was unlawful, as he was misled by NBME Disability Services about the number of "EXPERT" reviewers evaluating his file and the credentials of the "so-called Expert(s). **This information was not made available to Katz until receiving Exhibits 4 and 5 from defendant's dated August 28, 2015 during discovery of this lawsuit.**

---

[1] See O'Rourke v. City of' Providence, 235 F.3d 713, 730 (1st Cir. 2001).
[2] See, e.g., Heard v. Sheahan, 253 E3d 316,318 (7th Cir. 2001) ("a series of wrongful acts creates a series of claims"); Rapf v. Suffolk County, 755 F.2d 282, 292 (2d Cir. 1985) (discussing how a continuing nuisance consists of a series of claims, accruing on a day-by-day basis).
[3] Graham, Kyle, The Continuing Violations Doctrine. Copyright Gonzaga Law Review, Vol. 43, No. 2, 2008. Available at SSRN: https://ssrn.com/abstract=1133232
[4] Ibid.

The frequency of the defendants alleged misleading behavior rises to the level required by the continuing violations doctrine. Magistrate Judge Saporito states in his November 30, 2016 R & R that Katz **(EXHIBIT A)**;

> "In July 2005, Katz registered for another iteration of the USMLE Step 2 Clinical Knowledge exam, but this time he submitted a formal request for test accommodations. On the form application, he marked boxes indicating that his request was based on the following mental health conditions: anxiety disorder; attention deficit hyperactivity disorder ("ADHD"); and **mood disorder / depression**. He requested additional break time and additional time to complete the exam. Katz also submitted documentation in support of his request for test accommodations.
>
> Katz spoke with NBME staff on several occasions over the following months, seeking out and submitting additional documentation at the request of NBME. In February 2006, an NBME psychologist internally recommended denial of Katz's request for test accommodations. On March 13, 2006, NBME denied Katz's request for test accommodations.
>
> Over the next several years, Katz made further attempts to pass parts of the exam, without accommodations. In September 2006, Katz sat for and failed the USMLE Step 2 Clinical Knowledge exam for a second time. In March 2007, he sat for and failed the USMLE Step 2 Clinical Skills exam. In November 2010, he sat for and failed the USMLE Step 2 Clinical Knowledge exam for a third time. In August 2011, he sat for and failed the USMLE Step 2 Clinical Skills exam for a second time."

Consider the following discussion of the continuing violation doctrine by the Seventh Circuits' Judge Posner in Limestone Dev. v. Village of Lemont, 520 F.3d 797, 801 (7th Cir. 2008) (citations omitted), a RICO case:

> "Like too many legal doctrines, the 'continuing violation' doctrine is misnamed. Suppose that year after year, for ten years, your employer pays you less than the minimum wage. That is a continuing violation. But it does not entitle you to wait until year 15 (assuming for the sake of illustration that the statute of limitations is five years) and then sue not only for the wages you should have received in year 10 but also for the wages you should have received in years 1 through 9**. The statute of limitations begins to run upon injury (or, as is standardly [sic] the case with federal claims, upon discovery of the injury) and is not tolled by subsequent injuries.**

3

> **"The office of the misnamed doctrine is to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought. It is thus a doctrine not about a continuing, but about a cumulative, violation."**

Katz can point to his continued distress of a continued violation as each unsuccessful attempt on the USMLE sunk him deeper into a hole financially, delayed his career as a physician, destroyed his self-esteem, reaching the pinnacle of running out of mental resources and having a nervous breakdown in March of 2013 requiring hospitalization.  Katz initiated this lawsuit June 17, 2015. (Docket Doc. 1) approximately 19 months after his last attempt on the USMLE Step I and is well within the two -year statute of limitations.

**On March 30, 2016 Katz received the following DEFENDANTS' ANSWERS TO PLAINTIFF'S SECOND SET OF SUPPLEMENTAL INTERROGATORIES**, Katz respectfully directs the Court to interrogatory 16b as **EXHIBIT B.**

**16b**. "……why didn't the defendants ask for further substantiating documentation from plaintiff to document his functional limitations?"

**DEFENDANTS' ANSWER:**

"…………Plaintiff was free to re-apply for accommodations in connection with any subsequent registration for the USMLE and could have submitted additional information if there were any to present. "

**Magistrate Judge Saporito states in his November 30, 2016 R & R that;**

> **"On the form application, he (Katz) marked boxes indicating that his request was based on the following mental health conditions: anxiety disorder; attention deficit hyperactivity disorder ("ADHD"); and <u>mood disorder</u> / <u>depression.</u>  He requested additional break time and additional time to complete the exam. Katz also submitted documentation in support of his request for test accommodations."**

Katz identified his mood disorder / depression to defendants on July 7, 2005 (**EXHIBIT C**), and substantiated it along with his other psychiatric comorbidities with scientific evidence from his psychiatrists and psychologists.  **After 2006 there was nothing further to report to NBME Disability Services and Katz continued to be set back financially, vocationally, and mentally from each successive USMLE attempt and subsequent failure until having a nervous breakdown in March or 2013 (cumulative).**

4

Katz provided a legal analogy and experimental study that went unrecognized by the Magistrate Judge. He respectfully refers the District Court to Exhibit 20 of his MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO AMENDED MOTION FOR SUMMARY JUDGMENT attached here as **EXHIBIT D** for the Courts convenience.

**The point is that if nothing new was available to report to defendants Katz would be left having to mentally compensate for the defendants' failures to accommodate him in 2006 (EXHIBIT E).** As such, Katz can use the continuing violations doctrine to circumvent the statute of limitations as he was NOT aware of the effects of the cumulative emotional distress as it occurred over time until hospitalization and titration of a new medication regimen.

Assuming a claim may be cast as continuing, the inquiry then should incorporate consideration of- whether treating the claim as continuing in nature will promote equity or efficiency interests more effectively than the application of other accrual and tolling options would. This analysis most often will lead courts to reject both forms of the doctrine; and employ another rule instead. This result is perfectly understandable, since judicious application of the traditional accrual rule, the discovery rule, and equitable tolling principles will address most of the fairness and efficiency concerns implicated by a statute of limitations defense. **But exceptions exist, such as where the defendant's misconduct places the plaintiff under his or her prolonged control, or where malfeasance affects a broad swath of potential claimants. In these and a handful of other situations, either the PURE or the MODIFIED version of the continuing violations doctrine may represent the optimal means of producing fair and efficient outcomes.**[5]

                                                        **RESPECTFULLY SUBMITTED,**

                                                        *[signature]*

                                                        **Richard Katz**
                                                        3364 Parker Lane
                                                        East Stroudsburg, PA 18301
                                                       Pro se

---

[5] Ibid.

5

## CERTIFICATE OF SERVICE

I certify that the foregoing Addendum, is being filed electronically with the Clerk of Court on January 4, 2017 using the electronic case filing system, which will automatically send email notifications of such filing to registered parties.

**Michael E. Sacks**

HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590
sacksme@hamburg-golden.com
Attorneys for Defendants,

_____

**Richard Katz**
3364 Parker Lane
East Stroudsburg, PA 18301
Pro se