THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD KATZ,

    Plaintiff,

v.

NATIONAL BOARD OF MEDICAL
EXAMINERS, et al.,

    Defendants.

3:15-CV-1187
(JUDGE MARIANI)

FILED
SCRANTON

FEB 0 7 2017

PER _____
    DEPUTY CLERK

## ORDER

AND NOW, THIS 7th DAY OF FEBRUARY, 2017, upon *de novo* review of Magistrate Judge Saporito's Report & Recommendation, (Doc. 199), **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation ("R&R"), (Doc. 199), is **ADOPTED** for the reasons discussed therein, except as modified below.

2. Plaintiff's Objections, (Doc. 201), are **OVERRULED**. Plaintiff's relevant objections concern whether the continuing violations doctrine is applicable and whether there were any grounds for tolling the statute of limitations. The R&R adequately addresses why the continuing violations doctrine does not apply. (Doc. 199 at 18-19). With that in mind, the last affirmative act that could be the basis for Plaintiff's claims[1] is the passage of the six-attempt limit rule, which accrued, at the latest,

---

[1] Plaintiff's claim of unfair and deceptive practices under the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 *et seq.*, which has a six year statute of limitations, seems to be entirely based on the "deceptive conduct" of Defendants use of the words "experts" to describe a non-licensed psychologist who reviewed Plaintiff request for testing accommodations in 2006. This claim would therefore be time-bared in 2012.

when it took effect for Plaintiff on January 1, 2013. The Defendants' denial of Plaintiff's request for a waiver is not an independent act of discrimination, but merely Plaintiff's attempt to remedy the act of alleged discrimination that had already occurred. See *Delaware State College v. Ricks*, 449 U.S. 250, 260-61, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980). Therefore, the denial of the waiver request is not the date that the claims accrued as Plaintiff suggests.

As for tolling, Plaintiff argues two points: (1) Plaintiff's mental status should allow for tolling because he was incapable of rational thought or deliberate decision making due to his bipolar disorder until April of 2014; (2) Defendants' statement that Plaintiff's request for accommodations was reviewed by "experts" was deceptive and prohibited him from discovering his claims. (Doc. 201 at 11, 14-18). Both arguments are without merit. First, while the Court does not doubt the seriousness of Plaintiff's bipolar disorder, Plaintiff's mental illness does not rise to the level of extraordinary as required to toll the statute of limitations on the basis of mental illness. See *Kach v. Hose*, 589 F.3d 626, 643-45 (3d Cir. 2009). During the time of Plaintiff's disability, Plaintiff was able to finish medical school, apply for the required examinations for his medical license on multiple occasions, and apply for other jobs. Second, even assuming the use of the word "experts" by Defendants was deceptive and wrongful, Plaintiff was aware that he was denied the accommodations he believed he was entitled to under the law.

3. Defendants' Motion for Summary Judgment, (Doc. 105), in light of the fact that it was filed a day before Plaintiff filed his Second Amended Complaint, (Doc. 107), is **DISMISSED AS MOOT.**

4. Plaintiff's Obstruction of Justice claim, (Doc. 107 at ¶¶ 25-36), is **DISMISSED WITH PREJUDICE** as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

5. Plaintiff's Breach of Contract claim, (Doc. 107 at ¶ 24), is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

6. Defendants' Amended Motion for Summary Judgment, (Doc. 126), is **GRANTED** with respect to all of Plaintiff's remaining claims.[3] Judgment is hereby entered **IN FAVOR OF** Defendants and **AGAINST** Plaintiff on these claims.

7. The Clerk of the Court is directed to **CLOSE** this case.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge

---

[2] Plaintiff argues that given his status as a *pro se* litigant, he should be allowed to amend this claim. (Doc. 201 at 10). The Court, however, finds that because there are no facts to suggest the presence of a contract between Plaintiff and Defendants, any such attempt to amend this claim would be futile. Therefore, the Court does not grant leave to amend. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001) ("[L]eave to amend need not be granted when amending the complaint would clearly be futile").

[3] The remaining claims are (1) discrimination in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12189, (Doc. 107 at ¶¶ 16-23); (2) unfair and deceptive practices under the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 *et seq.*, (Doc. 107 at ¶¶ 37-41); (3) negligent or intentional infliction of emotional distress, (Doc. 107 at ¶¶ 42-44); (4) tortious interference with a prospective employment relationship, (Doc. 107 at ¶¶ 45-53); (5) fraudulent misrepresentation, (Doc. 107 at ¶ 54); and (6) discrimination under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, (Doc. 107 at ¶¶ 63-67).

3