IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ : | | |
|       Plaintiff : | CIVIL ACTION | |
| : | | |
| v. : | | |
| : | Middle District | |
| NATIONAL BOARD OF MEDICAL : | NO. 3:15-cv-1187 | |
| EXAMINERS : | | |
| : | U.S. Court of Appeals | |
|     and : | NO. 17-1329 | |
| : | | |
| FEDERATION OF STATE MEDICAL BOARDS : | | |
|       Defendants : | | |

## Motion for Order to Seal Records

**I. Relief Requested.**

COMES NOW the pro se plaintiff Richard Katz, and respectfully requests the Court to seal the following record in this proceeding: document entitled Sealed Data.

**II. Statement of Facts.**

Magistrate Judge JOSEPH F. SAPORITO's May 10, 2016 MEMORANDUM OF LAW appears during a routine internet google search of plaintiff's name and is viewable by the public. It appears on Leagle.com and Justia.websites[1][2][3] This memorandum contains highly sensitive information regarding the pro se plaintiff's medical and psychiatric history. It should be noted this case is now in the United States Court of Appeals Case # 17-1329.

**III. Statement of Issues.**

---

[1] http://www.leagle.com/decision/In%20FDCO%2020160531A14/KATZ%20v.%20NATIONAL%20BOARD%20OF%20MEDICAL%20EXAMINERS

[2] http://www.leagle.com/decision/In%20FDCO%2020160531A14/KATZ%20v.%20NATIONAL%20BOARD%20OF%20MEDICAL%20EXAMINERS

[3] https://docs.justia.com/cases/federal/district-courts/pennsylvania/pamdce/3:2015cv01187/103503/117

Is sealing of the Sealed Data justified by compelling privacy concerns that outweigh the public interest in access to the court record?

**IV. Evidence Relied Upon.**

This Motion is based upon the Court docket and documents contained herein.

**V. Authority.**

After a hearing on the motion to seal, the court may order court files and records to be sealed if the court makes and enters written findings that the specific sealing or redaction is justified by compelling privacy or safety concerns that outweigh the public interest in access to the court record. GR 15(c). Here compelling circumstances exist that require sealing the Sealed Data; failure to do so would result in the disclosure of protected health care information. Redaction of the Sealed Data will not suffice to protect the information from disclosure.

Disclosure of the identity of plaintiff would result in the disclosure of protected health care information. Similarly, it is not possible to redact the Sealed Data in a way that would protect the identity of plaintiff.

The Washington legislature has found that: "Health care information is personal and sensitive information that if improperly used or released may do significant harm to a patient's interests in privacy, health care, or other interests." RCW 70.02.005(1). Health care providers are generally prohibited from disclosing health care information without the patient's written authorization. Further, the federal Privacy Rule implementing the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Public Law 104-191, defines and limits the circumstances in which protected health information may be disclosed. 45 C.F.R. § 164.502(a). Health information generally may be disclosed if it is de-identified so "there is no reasonable basis to believe that the information can be used to identify an individual". 45 C.F.R.§ 164.514(a).

The protection of the identity of individuals whose health care is the subject of this action is justified by compelling privacy concerns that outweigh the public's interest in access to the record. Accordingly

Richard Katz requests that the document entitled Sealed Data which identifies plaintiff be sealed, that the Order to Seal Records be effective the date the Order is signed by the Court, and that the document be treated as confidential and not available to persons other than the parties, their counsel of record, if necessary to carry out the terms of any order issued in this case, and other designated individuals as the Court deems appropriate, or as mutually agreed upon by the parties to this action.

DATED this ___28th_____ day of ____February_, 2017_____.

Respectfully submitted,

/s/ Richard Katz_____

    Richard Katz, pro se
    3364 Parker Lane,
    East Stroudsburg, PA
    18301
    (570) 517-9314

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been electronically served upon:

**Michael Sacks**
Hamburg & Golden, P.C.
1601 Market Street Suite 3310
Philadelphia PA 19103-1443

Date: February 28th, 2017

/s/ Richard Katz_____

    Richard Katz, pro se