At Part_____ of the Middle District Court for the State of Pennsylvania, held in and for the County of Lackawanna, held at the Courthouse, 235 N Washington Ave, Scranton Pennsylvania, 18503, on the ____ day of April 2019

**MIDDLE DISTRICT COURT OF THE STATE OF PENNSYLVANIA**

| | |
|---|---|
| Dr. RICHARD KATZ,<br><br>      Plaintiff,<br><br>      v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS (NBME) ET AL<br><br><br>      Defendants. | Case No. 3-15-cv- 1187<br><br>**ORDER TO SHOW CAUSE** |

    Upon the annexed Affirmation of Dr. Richard Katz, dated April 20, 2019, the accompanying Memorandum of Law, and all other papers herein, let cause be shown before this Court on the_____ of April 2019, at _____ a.m./p.m., or as soon thereafter as the matter may be heard, at this Court at 235 N. Washington Ave Scranton PA 18503, why an Order should not be entered.

    1.  Deeming Plaintiffs use of the pseudonym "John Doe," and the caption "John Doe v. National Board of Medical Examiners (NBME) et al to be proper;

    **2.**  Permitting Plaintiff to proceed in this action post-hoc under the pseudonym "John Doe," and with the caption "John Doe v. National Board of Medical Examiners (NBME);"

   3. Directing the parties, their attorneys, and agents to refrain from publishing Plaintiff's true-identity;

   4. Directing that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other document relating to the action refer to Plaintiff by the pseudonym "John Doe," and bear the caption 'John Doe v. National Board of Medical Examiners (NBME) et al," and directing the County Clerk to enter and record all papers in the action under the title "John Doe v. National Board of Medical Examiners (NBME) et al;" and

   5. Granting such other and further relief as may be just and proper; and it is further

   ORDERED that service of a copy of this Order and the papers upon which it is based, by _____ upon National Board of Medical Examiners (NBME) et al, on or before the _____ day of April 2019, shall be deemed good and sufficient service.

Dated: Scranton,
    Pennsylvania

April ____, 2019

              **SO ORDERED:**

              _____

MIDDLE DISTRICT COURT OF THE STATE OF
PENNSYLVANIA
------------------------------------------------------------------x
Dr. RICHARD KATZ                                         :

                Plaintiff,                      :         Civil No. 3:15-$_{cv}$-1187

             v.                                                      **AFFIRMATION**

NATIONAL BOARD OF MEDICAL EXAMINERS    :
:(NBME)

               Defendants.                   :
------------------------------------------------------------------X

Dr. Richard Katz pro se affirms under penalty of perjury that:

1. I am the plaintiff in Dr. Richard Katz v. National Board of Medical Examiners (NBME). I hereby submit this affirmation in support for an order directing Plaintiff to proceed under and be referred to in all papers by a pseudonym.

2. Plaintiff is an individual living with mental illness. This Action stemmed from Defendants' illegal discrimination of plaintiff's mental illness under the guidelines of the Americans with Disabilities Act (ADA).

3. Plaintiff filed this Action in June 2015 parallel to an ongoing investigation by the U.S. Department of Justice Civil Rights Division for multiple complaints of discrimination committed by NBME.

4. Plaintiff seeks post-hoc revision of the record as he is a person with mental illness, and because such disclosure undermines Plaintiff's statutory right to privacy.

5. Courts have found that cases involving plaintiff's sexual history, claims of sexual harassment or discrimination, and discussions of the plaintiff's **medical conditions** allow for the use of pseudonyms.

6. The stigmatization that individuals with mental illnesses experience often results in "decreased life opportunities and a loss of independent functioning over and above the impairments related to mental disorders themselves." There is still significant evidence that "the label 'mentally ill' makes it more difficult to obtain work and housing, and to gain acceptance from peers and co-workers, regardless of the individual's behavior." Thus, despite the improved understanding of the causes, manifestations, and treatments for mental illness in the scientific community, being labeled "mentally ill" continues to have significant negative connotations and consequences in professional and social life.

7. In the area of health information regulations, health records are generally considered to be confidential. The federal government and many state governments have passed legislation to ensure this confidentiality. One of the most well-known and widely applicable health information privacy statutes is the Health Insurance Portability and Accountability Act (HIPAA), enacted by the Congress in 1996. The HIPAA Privacy Rule "gives . . . [individuals] rights over . . . [their] health information and sets rules and limits on who can look at and receive . . . [this] health information."

8. In the 1960s, the Supreme Court recognized the right to privacy under the Constitution, jurisdictions allowing plaintiffs to proceed anonymously cite reasons associated with recognized privacy rights under the Constitution. In general, these jurisdictions first recognize that plaintiffs may want to remain anonymous due to fears of "public stigma, personal safety, and economic retribution." Second, they acknowledge that the information plaintiffs will have to disclose may be "too intimate to disclose publicly." Third, and most importantly, these jurisdictions appreciate that plaintiffs may forgo their meritorious claims because they fear revealing their private information.

9. Rule 10(a) of the Federal Rules of Civil Procedure requires that, among other things, "[e]very pleading . . . must name all the parties." Despite this rule, the courts have recognized that in certain circumstances, it is appropriate to allow a party to proceed anonymously.

8. The treatment of a plaintiff's ability to proceed anonymously provides protection in the form of anonymity for many groups that need it in federal civil litigation, with mental illness being one of them. Plaintiff respectfully submits that nothing more is needed to justify the use of a pseudonym here.

9. No previous application has been made for the relief requested herein.

WHEREFORE, Plaintiff respectfully requests that he be referred to by only the pseudonym in all papers filed in this Action post-hoc.

Dated, April 20, 2019

                                                                                        /s/ Richard Katz, MD
                                                                                            Richard Katz, MD

MIDDLE DISTRICT COURT

OF THE STATE OF PENNSYLVANIA

............................................................................... x

Dr. RICHARD KATZ,

                        Plaintiff,           Case No. 3-15-cv- 1187

             v.                    **ORDER DIRECTING**

NATIONAL BOARD OF MEDICAL    **PLAINTIFF BE REFERRED**
EXAMINERS (NBME) et al.          **TO BY A PSEUDONYM**

,

                       Defendants.

............................................................................................

        Upon reading the affirmation of Dr. Richard Katz, made on the 20 day of April 2019, and appearing that Plaintiffs use of the pseudonym "John Doe" and the caption "John Doe v. National Board of Medical Examiners (NBME) et al." is proper,

        NOW, upon application of Plaintiff, it is

        ORDERED, that Plaintiff is granted leave to proceed in this action under the pseudonym "John Doe," and that the caption shall remain "John Doe v. National Board of Medical Examiners (NBME) et al.

1

ORDERED, that the parties, their attorneys, and agents shall refrain from publishing Plaintiff's true identity;

ORDERED, that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other documents relating to the action shall refer to Plaintiff by the pseudonym "John Doe" and shall bear the caption "John Doe v. National Board of Medical Examiners (NBME) et al." and the County Clerk shall enter and record all papers in the action under the title "John Doe v. National Board of Medical Examiners (NBME) et al."

ORDERED, that a copy of this Order together with a copy of the affirmation of Dr. Richard Katz shall be mailed to all counsel of record in this action.

ENTER:

_____

MIDDLE DISTRICT COURT OF THE STATE OF
PENNSYLVANIA

| | |
|---|---|
| Dr. RICHARD KATZ, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL BOARD OF MEDICAL EXAMINERS (NBME) et al., <br><br> Defendants. | Case No. 3-15-cv- 1187 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HIS APPLICATION FOR AN ORDER TO SHOW CAUSE PERMITTING
PLAINTIFF TO PROCEED UNDER A PSEUDONYM POST-HOC**

1

**Preliminary Statement**

Plaintiff respectfully submits this memorandum of law in support of his application for an Order to Show Cause for an order permitting plaintiff to proceed under a pseudonym post-hoc. Plaintiff, is an individual with mental illness, seeking leave to proceed under the pseudonym "John Doe," against National Board of Medical Examiners (NBME) et al. ("Defendants"),

**The public availability of plaintiff's mental health information has caused emotional and economic harm. This has affected mental health as well as job prospects, and his ability to provide for his family.** Plaintiffs suffering from mental illness—or who have mental health issues in their past which litigation will reveal—make up a group of individuals that are vulnerable and should therefore be afforded the protection of proceeding anonymously.

The public has an interest in protecting the privacy of litigants so that plaintiffs are not deterred from pursuing otherwise valid claims. Private parties—the litigants themselves—have an interest in proceeding anonymously in order to protect the confidentiality of their health information.

Additionally, mental illness is still stigmatized in society, and revealing this sensitive information has negative effects on a plaintiff's social and professional life, as well as on continued mental well-being.  Plaintiffs with mental health issues have a significant interest in protecting this highly sensitive information, as there are still stigmas in our society associated with mental illness**. Additionally, having to make this private information public may be a stressful life event that could re-trigger a plaintiff's mental illness or negatively affect rehabilitative process.** These privacy implications are even greater today given the increased accessibility of information, including judicial opinions, through the Internet for which plaintiff has fallen victim.

Accordingly, plaintiff respectfully submits this memorandum of law in support of his application, by Order to Show Cause, to proceed in the Action pseudonymously post-hoc.

**Statement of Facts**

The following facts, relevant to the instant application, are taken from the allegations contained in the record and from the accompanying Affirmation of Richard Katz, MD.

Plaintiff is a medical graduate who suffers with mental illness. Information about one's mental health status is highly personal and private. Disclosure of can lead to tremendous stigma, harassment, and discrimination.

Plaintiff has fallen victim to monetized "legal websites" (EXHIBIT A) publishing articles about the above captioned lawsuit. Although most of these legal websites have been responsive to requests for removal other unsavory websites like Leagle.com have not been responsive without a court order. There have been multiple reports on the Internet of Leagle.com practices to the Better Business Bureau and entire websites dedicated to the victims of Leagle.com due to the publishing of sensitive information and personal identifiers that have damaged people like plaintiff professionally and otherwise on the Internet for the world to see. A third party publishing such sensitive mental health information violates an individuals' right to privacy.

Statistics report that up to 80% of hiring managers perform an internet search on potential job candidates and up to 95% run background checks including Civil background checks. Plaintiff is living testimony to this as no company has committed to hiring him because sensitive mental health information being discovered by Hiring Managers using his name / area of medical specialty on general google search or work-related background check.

4

<u>Argument</u>

Suppose you are a plaintiff with a civil claim against another party involving your struggle with bipolar disorder, the details of which will necessarily be revealed in the course of litigation. You have only revealed the fact that you suffer from mental illness to your immediate family, your medical providers, and your attorney, and you fear that making the specifics of your mental illness public may jeopardize your personal and professional relationships. You filed a motion to proceed anonymously, but the court has denied it, so you are left with two options: divulge your highly sensitive mental health information or abandon your claim in order to protect your privacy. This is the predicament faced by civil litigants suffering from mental illness under the current laws for proceeding anonymously.

The federal government and many state governments have passed legislation to ensure confidentiality. One of the most well-known and widely applicable health information privacy statutes is the Health Insurance Portability and Accountability Act (HIPAA), enacted by the Congress in 1996. The HIPAA Privacy Rule "gives . . . [individuals] rights over . . . [their] health information and sets rules and limits on who can look at and receive . . . [this] health information.

To date, many states have passed such additional health information privacy statutes that are "more protective of the records of mental patients than they have been of medical records generally." For example, the Indiana legislature, passed Indiana Code section 16-39-3-10 regarding the confidentiality of mental health information that reflects this common practice. Indiana Code section 16-39-3-10 states, "If a patient's mental health record or testimony related to a patient's mental health is offered or admitted into evidence in a legal proceeding, the court shall maintain the record or transcript of the testimony as a confidential court record."

The Indiana Code addresses the release of mental health records in investigations and legal proceedings, recognizing the privacy interest at stake and the need for confidentiality as well as the concern that disclosure of these records may have negative repercussions on a patient's mental health rehabilitation. These federal and state statutes clearly recognize that health information—especially information relating to mental health—is considered an important individual privacy interest that should be guarded by the government.

Accordingly, the government generally affords health information special protection and takes steps to keep such information confidential.

With the growing acceptance of permitting individuals with mental illness to proceed anonymously, and the clear policy of the federal government to protect the confidentiality of that information, plaintiff respectfully submits that nothing more is needed to justify the use of a pseudonym here. There are, however, additional justifications for permitting plaintiff to use a pseudonym, and taken together with the strong public policy in favor of confidentiality, these justifications satisfy the more generic test for permitting a party to proceed anonymously.

As courts recognize, individuals in a variety of contexts, such as those involving sexual assault, sexual harassment, and drug use, have a strong interest in keeping their identity out of publicly-filed documents. In such cases, the individual's right to privacy must be balanced against the rights of the opposing party and of the public at large, and "plaintiffs' anonymity should be permitted where a substantial privacy interest is involved." *Doe v. New York Univ.,* 6 Misc. 3d 866, 879 (Sup. Ct. N.Y. Cty. 2004) (internal quotation omitted). As that court explained, the factors considered include: (1) "whether the justification asserted by the requesting party is merely to avoid

the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;" (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;" (3) "whether the action is against a governmental or private party;" and (4) "the risk of unfairness to the opposing from allowing an action against it to proceed anonymously." *Id.* (internal quotations omitted). *See also Doe v. Szul Jewelry Inc.,* 2008 WL 2157893 (N.Y. Sup. Ct. 2008) (same).

Applying these factors, it is clear plaintiff should be permitted to proceed under a pseudonym here. The first factor -- plaintiff's justification for the request and the strength of his privacy interests -- tips strongly in plaintiff's favor. Plaintiff is not seeking to avoid mere embarrassment, but rather, to avoid social stigmatization, a serious harm. *See New York Univ.,* 6 Misc. 3d at 879. Because of this very real threat, plaintiff has kept his mental illness status confidential, revealing the information to only a small, select group of individuals. Plaintiff has deliberately tried to withhold the information from the broader public.

Moreover, where, as here, "the injury litigated against would occur as a result of the disclosure of the plaintiffs' identity," it is particularly appropriate to permit the use of a pseudonym.

8

The remaining factors also favor granting plaintiff's request. The risk of harm to plaintiff is not speculative -- as a result of disclosure of plaintiff's mental health status, plaintiff suffered emotional abuse, and mental anguish as well as financial consequences.

Finally, Defendants will suffer no unfairness. Defendants, in fact, consented to plaintiff request to seal the record which was denied thrice by the Court.

It also bears noting that allowing plaintiff to proceed under a pseudonym will not prejudice the public's interest in open judicial proceedings. As such, plaintiff's request to proceed anonymously strikes the appropriate balance of preserving plaintiff's privacy interests while allowing the public to know the nature of this complaint against Defendants.

**Conclusion**

For the foregoing reasons, this Court should grant plaintiffs application for leave to proceed in this Action under the pseudonym "John Doe," and should further order that all papers filed in the action, and all judgments, orders, decisions, notices to the court, and any other documents relating to the action shall refer to plaintiff by the pseudonym "John Doe," shall not contain any identifying information, and shall bear the caption "John Doe v. National Board of Medical Examiners (NBME)  et al.."


Dated:                                                                  Respectfully Submitted,
    April 20, 2019




                                                By:

                                                  /s/ Richard Katz, MD
                                                    Richard Katz, MD

                                                *Pro se*

**CERTIFICATE OF SERVICE**

I certify that the foregoing ORDER, AFFIRMATION, and MEMORANDUM is being filed electronically with the Clerk of Court on April 20, 2019 using the electronic case filing system, which will automatically send email notifications of such filing to registered parties.

Neil J. Hamburg
Michael E. Sacks
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590
Attorneys for Defendants,