IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ,<br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS<br>and<br>FEDERATION OF STATE MEDICAL BOARDS,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br>NO. 3:15-cv-1187 |

**ORDER**

AND NOW, this ___ day of ____, 2019, upon consideration of plaintiff Richard Katz's "Application for an Order to Show Cause Permitting Plaintiff to Proceed Under a Pseudonym Post-Hoc," and the defendants' opposition thereto, it is hereby ORDERED that plaintiff's application is DENIED.

BY THE COURT:

_________________________
MARIANI, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KATZ,<br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS<br>and<br>FEDERATION OF STATE MEDICAL BOARDS,<br>Defendants. | : | CIVIL ACTION<br><br>NO. 3:15-cv-1187 |

**OPPOSITION OF DEFENDANTS, THE NATIONAL BOARD OF MEDICAL EXAMINERS AND THE FEDERATION OF STATE MEDICAL BOARDS, TO PLAINTIFF'S "APPLICATION FOR AN ORDER TO SHOW CAUSE PERMITTING PLAINTIFF TO PROCEED UNDER A PSEUDONYM POST-HOC"**

## I. Introduction

The National Board of Medical Examiners ("NBME"), and the Federation of State Medical Boards ("FSMB"), oppose plaintiff Richard Katz's application for an order to retroactively change the caption to refer to him under the pseudonym "John Doe."

In contrast to the situation in which a plaintiff moves at the beginning of a case to proceed under a pseudonym to ***preserve*** his or her anonymity, Katz filed this case under his real name, he has litigated this case publicly through the Third Circuit, he attempted to file a petition for certiorari with the United States Supreme Court, and he has accumulated a formidable record on the internet having litigated this case publicly. Now, Katz seeks to impose anonymity retroactively after publicly losing his case at every step.

Katz previously asked this Court to seal the entire case, which the Court denied (Docket no. 37), but the parties made multiple filings under seal to protect Katz's privacy in specific mental health records, and those records remain under seal.

For the reasons set forth below, the Court should deny Katz's application to "proceed under a pseudonym post-hoc."

**II. Overview and Procedural History**

Katz filed this lawsuit on June 17, 2015, claiming that the defendants had violated his rights under the federal disability laws. On November 30, 2016, following substantial discovery, Magistrate Judge Joseph F. Saporito, Jr. submitted a Report and Recommendation, which this Court adopted on February 7, 2017, granting summary judgment in favor of the NBME and FSMB.

Katz appealed the grant of summary judgment, and the Third Circuit affirmed on September 25, 2018. 751 Fed. Appx. 231 (3d Cir. 2018). Plaintiff attempted to file a petition for certiorari in the United States Supreme Court, but he filed late. On March 4, 2019, the Supreme Court denied Katz's request to file his petition for writ of certiorari out of time. 139 S. Ct. 1307. With that ruling from the Supreme Court, the case concluded.

Katz did not seek leave of court to proceed under a pseudonym when he filed his complaint in 2015, as plaintiffs often do when they have concerns like those Katz expresses in his application. Rather, he filed under his own name, and the case has been open to

the public for almost four years since he initiated the litigation. In August 2015, Katz moved to seal the entire case (Docket no. 28), and on September 3, 2015, the Court denied Katz's motion without prejudice, noting that the parties could request to file specific documents under seal during the course of the lawsuit. (Docket no. 37.) In an opinion supporting its order, the Court said in part:

> Although Katz himself has put his health and his medical records at issue in this lawsuit, he is nonetheless entitled to the Court's protection of sensitive medical information, the confidentiality of which is recognized by federal law. . . . But the generalized prospect of such harm is insufficient to justify the preemptive sealing of the entire case record and all future filings regardless of whether they reference any protected health information. . . . To the extent it is necessary for documents containing such protected health information to be filed in this case, a motion to seal particular documents is appropriate, but a blanket order sealing the entire case from public inspection is not. See id.

Order, September 3, 2015, citations omitted. (Docket no. 37). On January 29, 2016, the Court denied Katz's request for reconsideration of the Order denying Katz's motion to seal. (Docket no. 84.)

The defendants have been cognizant throughout the litigation of Katz's privacy interest in his mental health records. In their answers to the complaint and amended complaints and in their motions for summary judgment, defendants followed the Court's suggestion and moved to file under seal any sensitive mental health documents pertaining to plaintiff. Plaintiff followed the same

procedure. The Court granted all such motions and the documents that were filed under seal because they contained sensitive mental health information remain under seal today.

**III. Discussion**

The traditional rule favoring openness of court proceedings and court records prevails unless a party requesting to file under a pseudonym demonstrates that his or her interest in privacy or security outweighs the principle of open courts. Doe v. Megless, 654 F.3d 404 (3d Cir. 2011); Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D.Pa.1997); Doe v. Evans, 202 F.R.D. 173 (E.D.Pa. 2001). Public access to judicial proceedings is a bedrock principle, and allowing a party to proceed anonymously "runs afoul of the public's common law right of access to judicial proceedings." Doe v. Megless, 654 F.3d 404, 408, citing Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000).

In Doe v. Megless, the Court of Appeals approved a balancing test first used in this circuit in Doe v. Provident Life and Acc. Ins. Co., supra, to assess whether to grant a party's request to file a lawsuit anonymously. Quoting from Provident Life, the Court of Appeals stated:

The factors in favor of anonymity included:

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality

> of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

*Id.* at 467–68. On the other side of the scale, factors disfavoring anonymity included:

> "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

654 F.3d 404, 409.

Significantly, the very first factor in the balancing test is the "extent to which the identity of the litigant has been kept confidential." As the District Court noted in Megless, "A court is more likely to grant pseudonymity if a party's anonymity has been preserved." 2010 WL 3076246, *3 (E.D. Pa. 2010). In this case, Katz filed this case using his real name, and did not seek anonymity until after the case was over and he lost.

The fact that plaintiff did not preserve his anonymity in the litigation weighs heavily against granting the relief he requests.

After four years of litigation and more than two-hundred electronic docket filings, granting the relief plaintiff seeks would be burdensome not only for the Courts but also for the defendants and third parties such as legal resource companies that maintain data bases of court filings and opinions.

Plaintiff states on page 4 of his memorandum of law that an “unsavory” legal website refused to remove an “article” related to the lawsuit, but the attachment he includes as an exhibit to his application is not an article, but rather a reprint of Judge Saporito’s May 10, 2016, opinion resolving discovery disputes (Docket no. 116), which is a matter of public interest for litigants conducting similar discovery in other cases.

Importantly, the Court has already considered plaintiff’s argument that he needs to protect his privacy concerning his mental health condition and mental health records and has already struck a balance between the public’s right to know and plaintiff’s privacy interests. The Court determined that rather than sealing the entire case, it would – and has in fact – permitted the filing under seal of sensitive mental health information and records. Every bit of information that the parties requested to file under seal has been filed under seal, and remains under seal indefinitely.

There is no legal or policy based reason that this Court should grant plaintiff’s current request at this late juncture.

**IV. Conclusion**

For all the foregoing reasons, the defendants respectfully request that the Court deny plaintiff's application to proceed under pseudonym post hoc.

RESPECTFULLY SUBMITTED

Dated: May 6, 2019

/s/ Michael E. Sacks
NEIL J. HAMBURG
MICHAEL E. SACKS
ID. NO. 32175, 39774
HAMBURG & GOLDEN, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
(215) 255-8590

Attorneys for Defendants
National Board of Medical
Examiners and Federation of
State Medical Boards

**CERTIFICATE OF SERVICE**

I certify that the foregoing Opposition to Plaintiff's Application For Rule to Show Cause Permitting Plaintiff to Proceed Under a Pseudonym Post Hoc has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System.  I am also serving a copy of the foregoing by regular mail upon:

        Richard Katz
        3364 Parker Lane
        East Stroudsburg, PA  18301

        *Pro se*

Date:  May 6, 2019                  /s/ Michael E. Sacks
                                         MICHAEL E. SACKS